UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ATICO INTERNATIONAL USA, INC., a Delaware corporation, and WALGREEN CO., an Illinois corporation,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>LUV N' CARE, LTD., a Louisiana corporation, and ADMAR INTERNATIONAL, INC., a Delaware corporation,<br><br>　　　　　Defendants. | CASE NO.: 09-60397-CIV-COHN/SELTZER |

**PLAINTIFFS' RESPONSE OPPOSING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT**

Plaintiffs ATICO INTERNATIONAL USA, INC., (Atico) and WALGREEN CO. (Walgreens), collectively "Plaintiffs," oppose Defendants' LUV N' CARE, LTD. and ADMAR INTERNATIONAL, INC., collectively "defendants," Motion for Extension of Time to Respond to Plaintiffs' Complaint.  Defendants have failed to show good cause why they should be given more time to Answer the Complaint when their lead litigation counsel already has two cases pending and their motion gives *no* reason why lead counsel cannot respond.  Defendants have historically delayed both other pending cases.  Plaintiffs' claims include state law claims related to the baseless cases filed by defendants in other jurisdictions and their interference with Plaintiffs' business relationships.  Delay, including unnecessary delay in answering the Complaint, continues to prejudice Plaintiffs.

1. Defendants admit they filed lawsuits in Texas and New York asserting infringement of alleged trade dress rights regarding products similar to those at issue in this case. Docket No. (DE) 4 (Defendants Motion for Extension) at ¶ 4.

2. The Texas defendant is a company called Royal King Baby Product Co., Ltd. DE 4 at ¶ 4; Ex. A (Complaint in Texas case) at 1. Royal King is a Thai manufacturer of drinking cups for babies and young children that are generically called "sippy cups." See Ex. A and Exhibits thereto. Defendants' lead counsel in the Texas case is the Law Offices of Morris E. Cohen, P.C. Morris Cohen and Rochelle Weisburg are lead, and sole, counsel.[1] See Ex. A at 1.

3. The New York defendants are Plaintiff Walgreens and KMart Corp. Ex. B at 1. Walgreens and KMart are U.S. companies that sell sippy cups. See Ex. B and Exhibits thereto. Defendants' lead counsel in the New York case is the Law Offices of Morris E. Cohen, P.C. Morris Cohen and Rochelle Weisburg are lead counsel. See Ex. B at 1.

4. Similar products and trade dress claims are asserted in the cases defendants filed in Texas and New York. Compare Ex. A and Ex. B. The Texas defendant, Royal King, supplies the products that the New York defendants are accused of infringing. Royal King directly supplies products-at-issue to KMart. Plaintiff Atico supplies Royal King products-at-issue to Plaintiff Walgreens. Walgreens sells only Atico's products. On information and belief, defendants knew all this when they filed both the New York and Texas cases. As stated in the Complaint, Plaintiffs believe defendants' cases were filed solely for purposes of damaging plaintiffs' business relationships. DE 1.

5. On Thursday, April 26, 2009, Rochelle Weisburg, defendants' lead counsel in the Texas and New York cases contacted Plaintiffs' counsel through the Feldman Gale firm to

---

[1] The Texas Complaint also names one of defendants' in-house counsel, Joe Guerriero. See Ex. A at 1. He has not played any substantive role that we are aware of in either the Texas or NY case, where he also is named as counsel on the Complaint. See Ex. B at 1.

discuss both the New York case and this case. See Exs. C, D. That was *five* business days ago and apparently two days before local counsel in the Florida case was retained. DE 4 at ¶ 3.

6. Defendants' litigation counsel in their similar Texas and New York actions has not presented the Court with any conflict that would prevent their preparation of the Answer in this action, let alone one that could constitute good cause under Fed. R. Civ. P. 6.

7. Defendants' local counsel has not represented that defendants' lead counsel in the other actions is not involved in this action. Indeed, Plaintiffs' counsel requested confirmation that defendants' lead counsel would not appear in this case. Ex. E. Under those circumstances, for example, a courtesy extension might have been reasonable. That email is cited specifically in defendants' motion, including the specific reason the undersigned would have granted an extension – that the Feldman Gale law firm were the only lawyers representing defendants in this case. See DE 4 at ¶ 8. The response received, "Boy oh boy," was from lead counsel, not local counsel, and was not substantive.[2] Nor does the motion address the request. See DE 4. Obviously, defendants' lead counsel in the other two cases is handling this case, too.

8. Defendants' lead counsel has consistently delayed the New York action. For example, they have yet to provide any substantive discovery responses in that case. See, *e.g.*, Exs. F, G (nonresponsive discovery responses). Nor have they served any discovery requests upon Walgreens. Yet, they have no problem writing substantively *about* the New York case. For example, Walgreens' recently requested a pre-motion hearing in the New York case, seeking permission to file a motion for judgment on the pleadings, Fed. R. Civ. P. 12(c). See Ex. H.[3] Defendants' lead counsel spent considerable time preparing a response directed to the claims.

---

[2] Defendants' lead counsel responded "Boy oh boy," but we do not know if the response was meant for us. Ex. E. Defendants' local counsel did not respond at all. They just filed the motion.
[3] Plaintiff Walgreens subsequently filed a pre-hearing request letter for a motion to dismiss if the New York judge does not grant the motion for judgment. Ex. I.

See Ex. J.  Defendants' local Florida counsel did not participate in the New York filing.  See *id.* Notably, the letter they submitted in New York came at the heels of requests for more delay of the pre-motion hearing requested there.  See Ex. D.

9. Defendants also have delayed the Texas action.  For example, they have engaged in the same discovery antics there, as shown by Texas Defendant Royal King's discovery deficiency letter.  See Ex. K.

10. Defendants' delay of the other actions illustrates how important it is to move this Florida case where Plaintiffs can control the timing and discovery of defendants' ill-founded claims in other states that interfere with Plaintiffs' business relationships – including those with the Texas defendant.

11. Defendants apparently believe there are "mirroring and potentially overlapping claims" in the Texas, New York and Florida actions.  DE 4 at ¶ 4-5.[4]  That's not accurate.  The Florida case contains Florida state law claims that the New York (and ultimately Texas) cases are baseless and are being perpetuated solely to interfere with Plaintiffs' and others' business relationships.  DE 1.  When the New York Court grants judgment or dismissal of that action, the true grit of Plaintiffs' cases here will be readily apparent.  And the need for prompt determination will be paramount.

12. Defendants appear to have forum-shopped Texas for the benefit of Fifth Circuit trade dress law while they try to delay the New York action because of damning Second Circuit trade dress law.  They are trying to delay New York to get a judgment against a foreign

---

[4] Plaintiff Walgreens acknowledges that a couple of the products at issue in the New York and Texas actions defendants brought may overlap and that a couple of the products in the New York and Florida actions may overlap. That is a far cry from having any duplicity to the cases.  Otherwise, defendants could have brought all three of the Texas and New York cases in Texas, or they could all be consolidated here.  Either way, since discovery is a self-executing process, discovery could proceed while the New York court determines that any overlapping claim elements are baseless, at which point only the Florida case would survive as to Walgreens and Atico.

defendant in Texas that they will undoubtedly try to enforce in New York. That delay has caused the necessity of filing the instant action. Now they are trying to delay this case, too. Plaintiffs believe the New York court will render judgment on the merits because defendants' pleading there, if proved, would result in adjudication for Walgreens. See, *e.g.*, Ex. H. But if the case is dismissed (see Ex. I) because the Complaint there is so facially defective, then this case should proceed. Either way, this case should not stall because the prejudice to Plaintiffs that defendants' delay has caused continues to accrue.

13. Fed. R. Civ. P. 6 requires <u>good cause</u> be shown to justify an extension of time to Answer the Complaint: "When an act may or must be done within a specified time, the court may, *for good cause*, extend the time…." (Emphasis added). Unquestionably, the Answer must be given within the specified time of 20 days. Fed. R. Civ. P. 12(a)(1)(A)(i). But no good cause exists to justify the Court's permitting an extension in this case.

14. Defendants do not even use the words "good cause" in their Motion, let alone argue that good cause exists. They cannot. None exists. Their lead counsel has ample time, energy, resources, *and experience* to Answer Plaintiffs' Complaint. Lead counsel simply does not need any time and *local counsel*'s alleged need is not substantiated and does not justify granting an extension. Any delay in answering the Florida Complaint prejudices Plaintiffs, who deserve to have this matter quickly resolved and should not have to endure defendants' unfair and deceptive trade practices, forum shopping, and dilatory litigation conduct in this or any other jurisdiction.

For these reasons, Plaintiffs respectfully submit that this Court should require the Answer be filed on the due dates of April 8 and 9, 2009. See DE 4 at ¶ 2. No good cause has been argued or presented as to why defendants cannot timely file its Answer to the Complaint.

| | | |
|---|---|---|
| April 1, 2009 | By: | s/Alan M. Weisberg |
| | | Alan M. Weisberg, Esq. (Florida Bar #  0479349) |
| | | Email:  aweisberg@cwiplaw.com |
| | | Jeff H. Kamenetsky, Esq. (FL. Bar # 114571) |
| | | Email:  jkamenetsky@cwiplaw.com |
| | | CHRISTOPHER & WEISBERG, P.A. |
| | | 200 East Las Olas Boulevard, Ste 2040 |
| | | Fort Lauderdale, Florida 33301 |
| | | Telephone:  (954) 828-1488 |
| | | Facsimile: (954) 828-9122 |

*Attorneys for Plaintiffs Atico International USA, Inc. and Walgreen Co.*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 1, 2009, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to local counsel for defendants. Same was served electronically and by U.S. mail on defendants' lead counsel:

Morris E. Cohen, Esq.
Rochelle M. Weisburg, Esq.
Law Office of Morris E. Cohen, P.C.
One Penn Plaza, Suite 2527
New York, New York 10119
212-244-4111 (phone)
212-563-7108 (fax)
rweisburg@ipcalses.com
mcohen@ipcases.com

                                                s/Alan Weisberg
                                                Alan M. Weisberg, Esq.

148958