**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Luv n' care, Ltd. and Admar Intl, Inc. | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **CASE NO. 08 CIV 4457 (DC)** |
| | ) | |
| Walgreen Co. and Kmart Corp. | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

**LUV N CARE, LTD AND ADMAR INTL, INC.'S RESPONSES DATED**
**FEBRUARY 23, 2009 TO WALGREEN'S RULE 34 REQUESTS FOR**
**DOCUMENTS AND THINGS NOS. 1 THROUGH 47**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and all applicable

law, Plaintiffs Luv n' care, Ltd. and Admar Intl. Ltd. (collectively ,"Plaintiffs") hereby

responds and objects to Walgreen Co.'s ( "Defendant") First Request for Production of

Documents and Things Nos. 1 through 47 as follows:

**GENERAL OBJECTIONS**

1.  The answers herein are made on the basis of information and writings presently

available to and located by Plaintiffs upon reasonable investigation of its records

and inquiry of its present employees and agents. Plaintiffs reserve the right to

modify their answers and objections herein with such additional information as it

may subsequently discover. Furthermore, these answers and objections are made

by Plaintiffs without prejudice to its using or relying at trial on subsequently

discovered documents and information or on documents and information omitted

from these answers or objections, as a result of good faith oversight, error, or mistake.

2. The answers herein are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and to any and all other objections on the grounds which would require the exclusion from evidence of any statement herein, if any question was asked of, or any statement contained herein was made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved so that these may be made at trial.

3. To the extent that any document request or part thereof calls for information, legal analysis or reasoning, writings, communications, or anything else protected from disclosure by the work product doctrine or the attorney-client privilege, or any other privilege, Plaintiffs hereby object to each and every such request.

4. Plaintiffs object to any request, or part thereof, which purports to require it to conduct an investigation beyond its own records, present officers, agents, employees, and representatives, as unduly burdensome and oppressive.

5. Plaintiffs object to the document requests to the extent that they are not reasonably limited in time, and are therefore overbroad and burdensome.

6. Plaintiff object to the document requests to the extent that any definitions or instructions which are purportedly incorporated into each document request renders it vague, ambiguous, unintelligible, overbroad and/or burdensome and purports to place upon Plaintiffs burdens not imposed by the applicable rules of

court and other applicable law. Plaintiffs' answers herein shall be in accordance with his obligations under applicable law.

7. Plaintiffs' objects to Defendant's requests to the extent they are unreasonably cumulative or duplicative, seek information that may be obtained from another source that is more convenient, less burdensome or less expensive; or seek documents that are already in Defendant's possession, custody or control.

8. Plaintiffs' object to each and every document request in its entirety to the extent that it calls for an opinion or contention that relates to fact or the application of law to fact before completion of specific discovery relating to those facts. Plaintiffs reserve the right to supplement its responses upon completion of relevant facts relating to the subject of the document requests herein.

9. Plaintiffs object to Defendant' s document requests to the extent that it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court or that are inconsistent therewith.

10. Plaintiffs object to each and every request in its entirety to the extent it seeks to obtain any confidential or proprietary information before an appropriate Stipulated Protective Order is entered by the Court in this matter. Until entry of such protective order any information provided of a confidential nature is being given on a strictly attorneys' eyes only basis.

11. Plaintiffs' further objects to each and every discovery request to the extent it is premature in view of the ongoing nature of discovery.

12. Plaintiffs' further reserves the right to supplement these answers as this matter and/or discovery continues and/or as further information comes to his attention.

13. Plaintiffs specifically incorporate each and every objection listed above into each and every answer made below, as though set forth in full.

## RESPONSES TO DOCUMENT REQUESTS

REQUEST NO. 1

Produce all documents relating to or describing Admar's corporate management team, including but not limited to organization charges.

RESPONSE NO. 1

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Plaintiffs further states that they do not have documents responsive to that request.

REQUEST NO. 2

Produce all documents relating to or describing Luv n' Care's corporate management team, including but not limited to organization charges.

RESPONSE NO. 2

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Plaintiffs further states that they do not have documents responsive to that request.

REQUEST NO. 3

Produce all documents relating to the organization, formation, ownership and incorporation of Admar.

RESPONSE NO. 3

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

. REQUEST NO. 4

Produce all documents relating to the organization, formation, ownership and incorporation of Luv n' Care.

RESPONSE NO. 4

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 5

Produce all documents that record, refer to, support, or relate to the sales by or for you of the Asserted Products or Asserted Designs including, without limitation, all purchase orders, invoices, receipts, contracts, agreements, and/or sales summaries.

RESPONSE NO. 5

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous and burdensome.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

## REQUEST NO. 6

Produce all documents relating to the placement of any advertising by or for you in connection with the Asserted Products that is distributed nationally including, without limitation, any invoices related to the placement of such advertising and of copy of each advertisement placed.

## RESPONSE NO. 6

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Subject to the foregoing, Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

Plaintiffs further note, upon information and belief, that certain of Plaintiffs vendors have advertised Plaintiffs products over the years. Plaintiffs however do not have any control over such third party information.

## REQUEST NO. 7

Produce all documents which record, refer to, support, refute or relate to any licenses, assignments, agreements, contracts, or arrangements between you and any third-party which relate in any manner to the Asserted Products or Asserted Designs.

## RESPONSE NO. 7

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 8

Produce all documents supporting your allegation in Paragraph 13 of the Complaint regarding the time, funds, and effort expended in designing and developing "esthetically appealing and attractive product design and packaging for Plaintiffs' goods".

RESPONSE NO. 8

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 9

Produce all documents which record, refer to, support, or relate to your decision to adopt and use the Asserted Designs including, without limitation, any investigation or search related to the availability for adoption, licensing, use, intended use, exploitation, and/or intended exploitation of the asserted designs.

RESPONSE NO. 9

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous and burdensome.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 10

Produce all documents previously produced by you in any other litigation concerning the same or like subject matter as in this litigation.

RESPONSE NO. 10

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, vague, ambiguous and burdensome.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 11

Produce all documents which record, refer to, support, or relate to any dispute or litigation involving any of the Asserted Products or Asserted Designs.

RESPONSE NO. 11

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous, burdensome and vague in nature, and to the extent it requests privileged information.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 12

Produce all documents which record, refer to, support, or relate to Walgreens.

RESPONSE NO. 12

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is vague, overbroad, vague ambiguous burdensome and vague in nature and to the extent it requests privileged information.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 13

Produce all documents which record, refer to, support, or relate to Kmart Corporation.

RESPONSE NO. 13

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is vague, overbroad, ambiguous burdensome and vague in nature and to the extent it requests privileged information.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 14

Produce all documents which record, refer to, support, or relate to Royal King Baby Product Co. Ltd.

RESPONSE NO. 14

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, vague, ambiguous burdensome and vague in nature and to the extent it requests privileged information.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 15

Produce all documents that support or refute any allegations, count, claim or fact in the Complaint filed in this action.

RESPONSE NO. 15

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature and to the extent it requests privileged information.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

## REQUEST NO. 16

Produce all documents which refer, relate to, or are in any way concerned with your attendance at trade shows or conferences at which your have promoted the Asserted Products including, without limitation, all documents displayed or distributed at such trade shows or conferences.

## RESPONSE NO. 16

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

## REQUEST NO. 17

Produce all documents which record, refer to, or relate to your advertising or promotional expenditures, or expected advertising or promotional expenditures, for the Asserted Products.

## RESPONSE NO. 17

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature and to the extent it requests privileged information.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 18

Produce all documents which record, refer to, support, refute, or relate to the amount of sales (Actual and/or projected) by calendar quarter of the Asserted Products sold by or for you.

RESPONSE NO. 18

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 19

Produce all documents which record, refer to, support, or relate to any inquiry, investigation, evaluation, analysis, or survey conducted by you or any person acting for you regarding any issues involved in this proceeding including the date conducted, the name, address and title of each person who conducted it, the purpose for which it was conducted, and the findings or conclusions made.

RESPONSE NO. 19

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 20

Produce all documents which record or refer, or relate to any permission authorization, or license by you, or by any third party acting for or on Plaintiffs behalf, to use the Asserted Products.

RESPONSE NO. 20

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 21

Produce any statements or opinions of any expert obtained by you or any person acting for you that are related to any claim or defense in this proceeding or that are likely to lead to the identification of information related to a claim or defense.

RESPONSE NO. 21

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature and to the extent it requests privileged information.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 22

Produce all documents which record, refer to, support, refute, or relate to your allegation in Paragraph 15 of the Complaint that "As a result of Plaintiffs' design efforts and promotional activities, Plaintiffs' products, packaging, and trademarks have all become widely known throughout the Untied States and worldwide and associated with Plaintiffs."

RESPONSE NO. 22

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

## REQUEST NO. 23

Produce all documents which record, refer to, support, or relate to your allegation in Paragraph 21 of the Complaint that "Defendants have regularly bought products from Plaintiff Luv n' Care."

## RESPONSE NO. 23

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature

Plaintiffs, note that Walgreen's has documents in its possession that would be responsive to the within request. Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

## REQUEST NO. 24

Produce all documents which record, refer to, support, refute, or related to your allegation in Paragraph 28 of the Complaint that "Defendants bad faith activities have caused deception in the marketplace, and extensive damage to Plaintiffs, their business and their reputation.

## RESPONSE NO. 24

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 25

Produce all documents which record, refer to, support, refute, or relate to your allegation in Paragraph 64 of the Complaint that "[t]he trade and purchasing public are likely to bee misled into believing that the unauthorized copies shown in Exhibit A-E originate with or are otherwise authorized by, sponsored by, licensed by, or associated with Plaintiffs."

RESPONSE NO. 25

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

. REQUEST NO. 26

Produce all documents which record, or refer or relate to the channel of trade through which Plaintiffs market the Asserted Products.

RESPONSE NO. 26

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.


REQUEST NO. 27

Produce all documents which record, refer to, support, or relate to evidence or allegations that the Asserted Products or the Asserted Designs are recognized in the marketplace and are associated with you.

RESPONSE NO. 27

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 28

Produce all documents relating to any patents issued or any patent applications filed in connection with the Asserted Products or the Asserted Designs, including the

patent numbers of any issued patents, whether domestic or foreign, related to the

Asserted Products or the Asserted Designs.

RESPONSE NO. 28

Plaintiffs specifically incorporate each and every objection listed in the General

Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome

and vague in nature.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-

privileged documents relevant to the subject matter of the present action to the extent that

such documents exist.

REQUEST NO. 29

Produce all documents you intend to introduce at trial.

RESPONSE NO. 29

Plaintiffs specifically incorporate each and every objection listed in the General

Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome

and vague in nature. Moreover, Plaintiffs have not yet determined the documents and things

which will be relied upon, referred to, or which is prepared or considered in connection with a

trial. Responsive documents will be produced in accordance with appropriate deadlines. Subject

to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents

relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 30

Produce all documents considered or reviewed, supporting, refuting, or otherwise

related or referring to your responses to Defendants Walgreens' Interrogatories.

RESPONSE NO. 30

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 31

Produce all documents relating to any monetary damages alleged to have been caused by Defendant Walgreens' conduct.

RESPONSE NO. 31

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature.

Plaintiffs note that Walgreen's has not provided discovery responsive to this request and as such Plaintiffs reserve all rights to properly respond to the within request at a future date once the necessary information is provided to Plaintiffs. Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 32

Produce all documents supporting the factual bases for your allegations that the Asserted Products are "famous throughout the country and the world"

RESPONSE NO. 32

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 33

Produce all documents supporting the factual bases for your allegations that the Asserted Products or Asserted Designs have acquired secondary meaning.

RESPONSE NO. 33

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 34

Produce all documents that record, refer to, support, or relate to each feature of the "Gripper Cup" as identified in the Complaint and shown in Exhibit B that you allege is protectable under trade dress or trademark law.

RESPONSE NO. 34

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature. Plaintiffs are unable to determine what Walgreen's has requested in Request 34 and as such are unable to respond at this time.

REQUEST NO. 35

Produce all documents that record, refer to, support, or relate to each feature of the "No-Spill Cup" as identified in the Complaint and shown in Exhibit C that you allege is protectable under trade dress or trademark law.

RESPONSE NO. 35

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature. Plaintiffs are unable to determine what Walgreen's has requested in Request 35 and as such are unable to respond at this time.

REQUEST NO. 36

Produce all documents supporting the factual basis for any allegations that any person has been confused, mistaken or deceived by any Accused Product, including all documents regarding any instance where a person or entity has been confused, mistaken,

or deceived as to whether any of the Accused Products advertised or sold by the
Defendant were those of Plaintiffs.

RESPONSE NO. 36

Plaintiffs specifically incorporate each and every objection listed in the General
Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome
and vague in nature.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-
privileged documents relevant to the subject matter of the present action to the extent that
such documents exist.

REQUEST NO. 37

Produce all documents that record, refer to, support, or relate to each feature of
the "Gripper Cup" that you allege to be functional features.

RESPONSE NO. 37

Plaintiffs specifically incorporate each and every objection listed in the General
Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome
and vague in nature.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-
privileged documents relevant to the subject matter of the present action to the extent that
such documents exist.

REQUEST NO. 38

Produce all documents that record, refer to, support, or relate to each feature of the "No-Spill Cup" that you allege to be functional features.

RESPONSE NO. 38

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 39

Produce all documents that record, refer to, support, or relate to the date that you first became aware of Defendant's sales or offers for sale of the Accursed Products, and describe in detail the circumstances made under which you first became aware of Defendant's sales of the Accused Products.

RESPONSE NO. 39

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 40

Produce all documents supporting the factual bases for your allegations in the Complaint that Defendant is "intentionally using Plaintiff's product designs and packaging to trade off of Plaintiffs' reputation and goodwill to create deception in the marketplace."

RESPONSE NO. 40

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 41

Produce all documents supporting the factual bases for your allegations in the Complaint that Defendant's actions "are causing, and continue to cause, actual dilution of the distinctive quality of Plaintiffs' mark, including blurring and tarnishment of Plaintiffs' mark."

RESPONSE NO. 41

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

## REQUEST NO. 42

Produce all documents supporting the factual bases for your allegations that Defendant has misappropriated the results of Plaintiffs' labor, skill and expenditures in Plaintiffs' creation of their products, packaging and marks.

## RESPONSE NO. 42

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

## REQUEST NO. 43

Produce all documents supporting the factual based for your allegations that Defendant has "engaged in bad faith misappropriation of the labors of Plaintiffs which is likely to cause confusion, and to deceive purchasers as to the origin of the goods."

## RESPONSE NO. 43

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 44

Produce all documents supporting the factual bases for your allegations that Defendant's alleged misappropriation and infringement has created a likelihood of injury to Plaintiffs' business reputation and dilution of the distinctive quality of Plaintiff's products and packaging.

RESPONSE NO. 44

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 45

Produce all documents supporting the factual bases for your allegations in the Complaint that Defendant has "willfully intended to trade on Plaintiffs' reputation and to cause dilution of Plaintiff's mark."

RESPONSE NO. 45

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 46

Produce all documents supporting the factual bases for your allegations that Defendant has engaged in deceptive trade practices.

RESPONSE NO. 46

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full.

Further, Plaintiffs object to the request because it is overbroad, ambiguous burdensome and vague in nature.

Subject to the foregoing objections, Plaintiffs will reasonably provide non-privileged documents relevant to the subject matter of the present action to the extent that such documents exist.

REQUEST NO. 47

Produce all documents describing in detail the corporate relationship between Luv n' Care and Admar.

RESPONSE NO. 47

Plaintiffs specifically incorporate each and every objection listed in the General

Objections above into this response as though set forth in full.

Plaintiffs further states that they do not have documents responsive to that request.


Dated:  February  23, 2009

Law Offices of Morris E. Cohen


/s/ROCHELLE R. WEISBURG
Morris E. Cohen
Rochelle R. Weisburg
One Penn Plaza, Suite 2527
New York, New York 10119
Telephone: (212) 244-4111 x226
Facsimile: (212) 563-7108
mcohen@ipcases.com (email)
ATTORNEYS FOR PLAINTIFFS LUV N'
CARE, LTD. AND  ADMAR INTL., INC.

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2009 a true and correct copy of the foregoing

**LUV N CARE, LTD AND ADMAR INTL, INC.'S RESPONSES DATED**

**FEBRUARY 23, 2009 TO WALGREEN'S RULE 34 REQUESTS FOR**

**DOCUMENTS AND THINGS NOS. 1 THROUGH 47** was served via electronic mail on

counsel of record for Defendant at the following address:

ATTORNEYS FOR DEFENDANT,
WALGREEN CO.
Jeffrey Kamenetsky Esq.
Christopher & Weisberg, P.A.
200 East Las Olas Boulevard, Suite 2040
Fort Lauderdale, Florida 33301
T-(954) 828-1488
F- (954)828-9122
Email- J Kamenetsky@cwiplaw.com

By: /s/Rochelle R. Weisburg

Rochelle R. Weisburg