IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Luv n' care, Ltd. and Admar Intl, Inc. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 08 CIV 4457 (DC) |
| ) | |
| Walgreen Co. and Kmart Corp. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**LUV N CARE, LTD AND ADMAR INTL, INC.'S RESPONSES DATED FEBRUARY 23, 2009
TO WALGREEN'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and all applicable law, Luv n' care, Ltd. and Admar Intl, Inc. (collectively " Plaintiffs") responds and objects to Defendant Walgreen Inc' s First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

1. The answers herein are made on the basis of information and writings presently available to and located by Plaintiffs upon reasonable investigation of its records and inquiry of its present employees and agents. Plaintiffs reserve the right to modify their answers and objections herein with such additional information as it may subsequently discover. Furthermore, these answers and objections are made by Plaintiff without prejudice to its using or relying at trial on subsequently discovered documents and information or on documents and information omitted from these answers or objections, as a result of good faith oversight, error, or mistake.

3288937

2. The answers herein are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and to any and all other objections on the grounds which would require the exclusion from evidence of any statement herein, if any question was asked of, or any statement contained herein was made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved so that these may be made at trial.

3. To the extent that any interrogatory or part thereof calls for information, legal analysis or reasoning, writings, communications, or anything else protected from disclosure by the work product doctrine or the attorney-client privilege, or any other privilege, Plaintiffs hereby object to each and every such request.

4. Plaintiffs objects to any request, or part thereof, which purports to require it to conduct an investigation beyond its own records, present officers, agents, employees, and representatives, as unduly burdensome and oppressive.

5. Plaintiffs object to the interrogatories to the extent that they are not reasonably limited in time, and are therefore overbroad and burdensome.

6. Plaintiffs object to the interrogatories to the extent that any definitions or instructions which are purportedly incorporated into each interrogatory renders it vague, ambiguous, unintelligible, overbroad and/or burdensome and purports to place upon Plaintiffs burdens not imposed by the applicable rules of court and other applicable law. Plaintiffs answers herein shall be in accordance with his obligations under applicable law.

7. Plaintiffs object to Walgreen's requests to the extent they are unreasonably cumulative or duplicative, seek information that may be obtained from another source that is more

convenient, less burdensome or less expensive; or seek documents that are already in Walgreen's possession, custody or control.

8. Plaintiffs object to each and every interrogatory in its entirety to the extent that it calls for an opinion or contention that relates to fact or the application of law to fact before completion of specific discovery relating to those facts. Plaintiffs reserve the right to supplement its responses upon completion of relevant facts relating to the subject of the interrogatories herein.

9. Plaintiffs object to Walgreen's interrogatories to the extent that they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court or that are inconsistent therewith.

10. Luv n' care further objects to Plaintiff's request for response to more interrogatories, including subparts, than permissible by law.

11. Plaintiffs' further objects to each and every interrogatory to the extent it is premature in view of the ongoing nature of discovery.

12. Plaintiffs object to each and every request in its entirety to the extent it seeks to obtain any confidential or proprietary information before an appropriate Stipulated Protective Order is entered by the Court in this matter. Until entry of such protective order any information provided of a confidential nature is being given on a strictly attorneys' eyes only basis.

13. Plaintiffs' further reserves the right to supplement these answers as this matter and/or discovery continues and/or as further information comes to his attention.

14. Plaintiffs specifically incorporate each and every objection listed above into each and every answer made below, as though set forth in full.

## RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 1:

Identify each person having knowledge of information relevant to the subject matter of this action and identify all documents related to your response to this interrogatory, including the location and custodian of this document.

RESPONSE TO INTERROGATORY NO. 1

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full. Plaintiffs particularly object to this interrogatory to the extent it requests confidential information prior to entry of a suitable protective order in this matter. Moreover, Plaintiffs particularly objects to this interrogatory as premature as discovery is at an early stage and is ongoing. Accordingly, Plaintiffs reserve the right to supplement this response at an appropriate time.

Subject to the forgoing objections, Plaintiffs state that the following persons have information related to this litigation:

Mr. N. Edward Hakim
3030 Aurora Avenue, 2nd floor
Monroe, Louisiana 71201

Mr. Joseph Hakim
3030 Aurora Avenue, 2nd floor
Monroe, Louisiana 71201

Scott Carlson
3030 Aurora Avenue, 2nd floor
Monroe, Louisiana 71201

Nathan Samosh
257 Monmouth Road, Suite B5
Oakhurst, New Jersey 07755

Steve Pickering
3030 Aurora Avenue, 2nd floor
Monroe, Louisiana 71201

INTERROGATORY NO. 2:

Identify each person having knowledge of information relevant to the computation of each category of damages alleged and identify all documents relating to your response to this interrogatory, including the identification of pertinent insurance agreements and the location of the custodian of these documents.

RESPONSE TO INTERROGATORY NO. 2

Plaintiffs specifically incorporate each and every objection listed in the General Objections above into this response as though set forth in full. Plaintiffs particularly object to this interrogatory to the extent it requests confidential information prior to entry of a suitable protective order in this matter. Moreover, Plaintiffs particularly objects to this interrogatory as premature as discovery is at an early stage and is ongoing. Accordingly, Plaintiffs reserve the right to supplement this response at an appropriate time.

Subject to the forgoing objections, Plaintiffs state that the following persons have information related to Interrogatory 2:

Steve Pickering
3030 Aurora Avenue, 2nd floor
Monroe, Louisiana 71201

E.L. "Bubba" Via, Jr.
c/o Johnson Via & Via, LLC
1001 N. 7th Street
Monroe, Louisiana 71201


Dated: February 23, 2009

                              Law Offices of Morris E. Cohen


                              /S/ ROCHELLE R. WEISBURG
                              Morris E. Cohen
                              Rochelle R. Weisburg
                              One Penn Plaza, Suite 2527
                              New York, New York 10119
                              Telephone: (212) 244-4111 x226
                              Facsimile: (212) 563-7108
                              mcohen@ipcases.com (email)
                       ATTORNEYS FOR PLAINTIFFS LUV N'
CARE, LTD.        AND ADMAR INTL., INC.

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2009 , a true and correct copy of the foregoing **LUV N' CARE, LTD'S RESPONSES AND OBJECTIONS TO WALGREENS FIRST SET OF INTERROGATORIES** was served via electronic mail on counsel of record for Defendant at the following address:

ATTORNEYS FOR DEFENDANT,
WALGREEN CO.
Jeffrey Kamenetsky Esq.
Christopher & Weisberg, P.A.
200 East Las Olas Boulevard, Suite 2040
Fort Lauderdale, Florida 33301
T-(954) 828-1488
F- (954)828-9122
Email- J Kamenetsky@cwiplaw.com

Dated: February 23, 2009        By:    /s/ Rochelle R. Weisburg

                                       Rochelle R. Weisburg