

CHRISTOPHER & WEISBERG, P.A.
ATTORNEYS AT LAW

March 13, 2009

**By FEDERAL EXPRESS AND FACSIMILE (212.805.7906)**

The Honorable Denny Chin
United States District Judge
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street, Room 1020
New York, New York 10007-312

    Re:   *Luv N' Care, Ltd. et al. v. Walgreen Co. et al.*, Civil Action No. 08 CIV 4457
           Walgreens Pre-Motion Hearing Request

Dear Judge Chin:

    Our firm represents defendant Walgreen Co. (Walgreens) in the above-identified action. Walgreens requests Your Honor's permission to file a Motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). Walgreens submits this letter to comply with Your Honor's Individual Practice Rule 2(A). Walgreens requests the Court's audience on this pre-motion hearing request at Your Honor's earliest convenience.

    Plaintiffs sell cups that babies and young children sip liquids from. Docket No. (DE) 1 at ¶¶ 9-12. So do lots of other market participants, including Walgreens. Anyone with children today, including average consumers for plaintiffs' and defendants' products at issue in this lawsuit, genericize these products by calling them "sippy cups."[1]

    The Supreme Court and Congress direct that trade dress infringement under the Lanham Act lies only where plaintiffs demonstrate each product and design asserted against Walgreens is not functional. *See Traffix Devices, Inc. v. Marketing Displays, Inc.* 532 U.S. 23, 28-29 (2001); *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 210 (2000); 15 U.S.C. §§ 1125(a)(3) and (c)(4).[2] Plaintiffs assert "trade dress" in a group of childrens' cups with closing lids and sipping spouts (DE 1 at Exs. A-D) and a comb (DE 1 at Ex. E). These asserted products and designs could not be more functional. Plaintiffs know this. Their Complaint incessantly harps on the functionality of their products and omits entirely any allegation their products or designs are not functional, never mind identifying any non-functional components. Examples of plaintiffs'

---

[1] On March 11, 2009, we used the search terms "sippy cups" using Google's search engine. Google returned "about 873,000" results.

[2] "Functionality is statutorily presumed; a party seeking trade dress protection under the Lanham Act thus bears 'the burden of proving that the matter sought to be protected is not functional.'" *Imig, Inc. v Electrolux Home Care Products, Ltd.*, 2008-1 Trade Cas. (CCH) P76, 134 (S.D.N.Y. 2008) (Orenstein, J; citing 15 U.S.C. § 1125(a)(3)).

Hon. Denny Chin
March 13, 2009
Page 2

functional language in their Complaint include "no-spill," "drinking cup," "sipper," "gripper," "flip-It," and "comb and brush." DE 1 at ¶¶ 31, 40, 45, 50, 54.

Were plaintiffs to successfully prove these and the other facts they pled, they will have proven that their unregistered trade dress is *not protectable* and no facts alleged in the complaint could make it protectable. "[A]ccepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party" justifies judgment on the pleadings where, as here, "plaintiff[s] fail[] to provide factual allegations sufficient 'to raise a right to relief above the speculative level.'" *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999); *Stella v. Potter*, 297 Fed. Appx. 43, 44-45 (2d Cir. 2008) (*citing, Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008)). Applying this Second Circuit precedent, plaintiffs' own pleading justifies granting judgment for Walgreens.

Walgreens also has no fair notice of what plaintiffs' actual claims are, since they did not identify any non-functional attributes of their asserted products. With only functionality pled and no non-functionality pled, Walgreens has absolutely no notice, let alone "fair notice" required by Supreme Court precedent, of what plaintiffs' true claims are and the grounds upon which they rest. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The exhibits to the complaint depict functional items and plaintiffs provide no notice of a single product, product component, or product design that is not functional. Lack of fair notice constitutes another reason Walgreens should not have to defend this baseless lawsuit and judgment is presently appropriate.

Further, plaintiffs' "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "The pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action." *Id.*; *see also Stella*, 297 Fed. Appx. at 44-45; *Goldstein*, 516 F.3d at 56. Plaintiffs' Complaint fails this standard also. Plaintiffs pled function and should not be heard to now argue non-functionality for the same attributes of their asserted products that they already pled are functional.

For at least these reasons, Walgreens respectfully submits that judgment in its favor is appropriate. Because plaintiffs' state law claims derive solely from the allegations related to violations of Federal law, the state law Counts should also be adjudicated against plaintiffs. *See, e.g., Hard Rock Cafe Int'l (USA) Inc. v. Morton*, 1999 WL 717995, *32 (S.D.N.Y.) ("Because the language of Section 43(c) of the Lanham Act mirrors the traditional New York dilution analysis, courts apply the same analysis to dilution claims under the Lanham Act and New York state law.") Accordingly, Walgreens' proposed motion could dispose of this case if joined by defendant KMart Corp. and would result in judgment for Walgreens if defendant KMart does not join.

Hon. Denny Chin
March 13, 2009
Page 3

    Walgreens respectfully requests that it be permitted to move for Judgment on the Pleadings under Rule 12(c).

Sincerely,

CHRISTOPHER & WEISBERG, P.A.

By: _____
Alan M. Weisberg (No. AW9062)
Jeffrey H. Kamenetsky (*pro hac vice*)
CHRISTOPHER & WEISBERG, P.A.
200 East Las Olas Boulevard, Suite 2040
Fort Lauderdale, Florida 33301
Telephone: (954) 828-1488
aweisberg@cwiplaw.com

***Attorneys for Defendant and Counterclaim Plaintiff Walgreen Co.***

Hon. Denny Chin
March 13, 2009
Page 4

## CERTIFICATE OF SERVICE

I CERTIFY a true and correct copy of the foregoing document is being deposited with the United States Postal Service in First Class postage-paid envelopes on March 13, 2009 to:

| | |
|---|---|
| Morris E. Cohen, Esq.<br>Rochelle R. Weisburg, Esq.<br>Law Office of Morris E. Cohen, P.C.<br>One Penn Plaza, Suite 2527<br>New York, NY 10119<br>(212) 244-4111<br>*Courtesy electronic mail dispatched March 13, 2009* | Joe D. Guerriero, Esq.<br>Luv n' care, Ltd.<br>3030 Aurora Avenue<br>Monroe, LA 71201 |
| Scott A. Daniels, Esq.<br>Daniels Patent Law PLLC<br>43 Centre Street<br>Concord, NH 03301<br>*Courtesy electronic mail dispatched March 13, 2009* | Neal E. Friedman, Esq.<br>Davis Bujold & Daniels<br>112 Pleasant St.<br>Concord, NH 03301 |
| Ralph K. Wood, Esq.<br>Law Office of Ralph Wood<br>399 Knollwood Rd., Suite 310<br>White Plains, NY 10603 | |

_____
Jeffrey H. Kamenetsky
113988

**CHRISTOPHER & WEISBERG, P.A.**
Attorneys at Law