

## CHRISTOPHER & WEISBERG, P.A.
ATTORNEYS AT LAW

March 25, 2008

**By FEDERAL EXPRESS and FACSIMILE (212.805.7906)**

The Honorable Denny Chin
United States District Judge
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street, Room 1020
New York, New York 10007-1312

    Re:    *Luv N' Care, Ltd. et al. v. Walgreen Co. et al.*, Civil Action No. 08 CIV 4457
            Walgreens Pre-Motion Hearing Request

Dear Judge Chin:

    Our firm represents defendant Walgreen Co. (Walgreens) in the above-identified action. On March 13, 2009, Walgreens requested Your Honor's permission to file a Motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). The Court scheduled that pre-motion conference for Monday, March 30, 2009 at 12:30 p.m.

    Walgreens also presents for Your Honor's consideration at the Rule 12(c) pre-motion hearing, if appropriate, or at a separate pre-motion hearing this request for permission to file a separate Motion to dismiss the Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Walgreens incorporates its March 13, 2009 letter, which we attach for the Court's convenience.

    As explained in that letter, plaintiffs assert "trade dress" protection in a group of childrens' cups with closing lids and sipping spouts (DE 1 at Exs. A-D) and a comb (DE 1 at Ex. E). "Functionality is statutorily presumed; a party seeking trade dress protection under the Lanham Act thus bears 'the burden of proving that the matter sought to be protected is not functional.'" *Imig, Inc. v Electrolux Home Care Products, Ltd.*, 2008-1 Trade Cas. (CCH) P76, 134 (S.D.N.Y. 2008) (Orenstein, J; citing 15 U.S.C. § 1125(a)(3)). The Supreme Court and Congress direct that trade dress infringement under the Lanham Act lies only where plaintiffs demonstrate each product and design asserted against Walgreens is not functional. *See Traffix Devices, Inc. v. Marketing Displays, Inc.* 532 U.S. 23, 28-29 (2001); *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 210 (2000); 15 U.S.C. §§ 1125(a)(3) and (c)(4). As such, plaintiffs should have pled the essential element of their trade dress claim that their asserted products or designs are not functional. Failing that pleading, their Complaint fails to state a claim.

Hon. Denny Chin
March 25, 2009
Page 2

    Since judgment on the pleadings is appropriate, Walgreens submits that the pleadings cannot be amended around this fatal deficiency. Out of an abundance of caution, however, Walgreens and its supplier filed and served a declaratory judgment action in the United States District Court for the Southern District of Florida, Civil Action No. 09-60397-Civ-Cohn/Seltzer. That action seeks disposition of the claims against Walgreens pending before this Court and for other claims that Walgreens and its supplier have against plaintiffs as a result of their baseless action here (including Florida unfair competition claims). We attach a copy of the Florida Complaint.[1] Should Rule 12(c) judgment issue as Walgreens believes is appropriate, both cases would end as to defendant Walgreens and its supplier. Should the Court find, on the other hand, that dismissal of the present action is appropriate without prejudice, then any *actual* rights plaintiffs claim but failed to properly plead can be pursued in Florida.

    For these reasons and reasons in Walgreens' March 13, 2009 letter to Your Honor, Walgreens respectfully submits that judgment in its favor is appropriate or, at a minimum, this case should be dismissed with prejudice. Should dismissal without prejudice as to Walgreens be deemed appropriate since plaintiffs' Complaint fails to state a claim upon which relief can be granted, then no prejudice to plaintiffs would result, since the case can be pursued in Florida.

    Walgreens respectfully requests that it be permitted to move for Judgment on the Pleadings under Rule 12(c) and, separately, for dismissal under Rule 12(b)(6). Walgreens requests consideration of the Rule 12(c) motion before consideration of the Rule 12(b)(6) motion but is willing to file the separate motions contemporaneously as the Court directs.

Sincerely,

CHRISTOPHER & WEISBERG, P.A.

By: _____
Jeffrey H. Kamenetsky

2 Attachments (March 13, 2009 pre-motion hearing letter request; Florida Complaint (without Exhibit))

---

[1] Walgreens omits the Exhibit to the Florida Complaint since the only exhibit is plaintiffs' Complaint here.

CHRISTOPHER & WEISBERG, P.A.
Attorneys at Law

Hon. Denny Chin
March 25, 2009
Page 3

## CERTIFICATE OF SERVICE

I CERTIFY a true and correct copy of the foregoing document is being deposited with the United States Postal Service in First Class postage-paid envelopes on March 25, 2009 to:

| | |
|---|---|
| Morris E. Cohen, Esq.<br>Rochelle R. Weisburg, Esq.<br>Law Office of Morris E. Cohen, P.C.<br>One Penn Plaza, Suite 2527<br>New York, NY 10119<br>(212) 244-4111 | Joe D. Guerriero, Esq.<br>Luv n' care, Ltd.<br>3030 Aurora Avenue<br>Monroe, LA 71201 |
| Scott A. Daniels, Esq.<br>Daniels Patent Law PLLC<br>43 Centre Street<br>Concord, NH 03301 | |
| Ralph K. Wood, Esq.<br>Law Office of Ralph Wood<br>399 Knollwood Rd., Suite 310<br>White Plains, NY 10603 | |

_____
Jeffrey H. Kamenetsky
147987



# CHRISTOPHER & WEISBERG, P.A.
ATTORNEYS AT LAW

March 13, 2009

**By FEDERAL EXPRESS AND FACSIMILE (212.805.7906)**

The Honorable Denny Chin
United States District Judge
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street, Room 1020
New York, New York 10007-312

    Re:    *Luv N' Care, Ltd. et al. v. Walgreen Co. et al.*, Civil Action No. 08 CIV 4457
            Walgreens Pre-Motion Hearing Request

Dear Judge Chin:

    Our firm represents defendant Walgreen Co. (Walgreens) in the above-identified action. Walgreens requests Your Honor's permission to file a Motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). Walgreens submits this letter to comply with Your Honor's Individual Practice Rule 2(A). Walgreens requests the Court's audience on this pre-motion hearing request at Your Honor's earliest convenience.

    Plaintiffs sell cups that babies and young children sip liquids from. Docket No. (DE) 1 at ¶¶ 9-12. So do lots of other market participants, including Walgreens. Anyone with children today, including average consumers for plaintiffs' and defendants' products at issue in this lawsuit, genericize these products by calling them "sippy cups."[1]

    The Supreme Court and Congress direct that trade dress infringement under the Lanham Act lies only where plaintiffs demonstrate each product and design asserted against Walgreens is not functional. *See Traffix Devices, Inc. v. Marketing Displays, Inc.* 532 U.S. 23, 28-29 (2001); *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 210 (2000); 15 U.S.C. §§ 1125(a)(3) and (c)(4).[2] Plaintiffs assert "trade dress" in a group of childrens' cups with closing lids and sipping spouts (DE 1 at Exs. A-D) and a comb (DE 1 at Ex. E). These asserted products and designs could not be more functional. Plaintiffs know this. Their Complaint incessantly harps on the functionality of their products and omits entirely any allegation their products or designs are not functional, never mind identifying any non-functional components. Examples of plaintiffs'

---

[1] On March 11, 2009, we used the search terms "sippy cups" using Google's search engine. Google returned "about 873,000" results.

[2] "Functionality is statutorily presumed; a party seeking trade dress protection under the Lanham Act thus bears 'the burden of proving that the matter sought to be protected is not functional.'" *Imig, Inc. v Electrolux Home Care Products, Ltd.*, 2008-1 Trade Cas. (CCH) P76, 134 (S.D.N.Y. 2008) (Orenstein, J; citing 15 U.S.C. § 1125(a)(3)).

Hon. Denny Chin
March 13, 2009
Page 2

functional language in their Complaint include "no-spill," "drinking cup," "sipper," "gripper," "flip-It," and "comb and brush." DE 1 at ¶¶ 31, 40, 45, 50, 54.

Were plaintiffs to successfully prove these and the other facts they pled, they will have proven that their unregistered trade dress is *not protectable* and no facts alleged in the complaint could make it protectable. "[A]ccepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party" justifies judgment on the pleadings where, as here, "plaintiff[s] fail[] to provide factual allegations sufficient 'to raise a right to relief above the speculative level.'" *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999); *Stella v. Potter*, 297 Fed. Appx. 43, 44-45 (2d Cir. 2008) (*citing, Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008)). Applying this Second Circuit precedent, plaintiffs' own pleading justifies granting judgment for Walgreens.

Walgreens also has no fair notice of what plaintiffs' actual claims are, since they did not identify any non-functional attributes of their asserted products. With only functionality pled and no non-functionality pled, Walgreens has absolutely no notice, let alone "fair notice" required by Supreme Court precedent, of what plaintiffs' true claims are and the grounds upon which they rest. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The exhibits to the complaint depict functional items and plaintiffs provide no notice of a single product, product component, or product design that is not functional. Lack of fair notice constitutes another reason Walgreens should not have to defend this baseless lawsuit and judgment is presently appropriate.

Further, plaintiffs' "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "The pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action." *Id.*; *see also Stella*, 297 Fed. Appx. at 44-45; *Goldstein*, 516 F.3d at 56. Plaintiffs' Complaint fails this standard also. Plaintiffs pled function and should not be heard to now argue non-functionality for the same attributes of their asserted products that they already pled are functional.

For at least these reasons, Walgreens respectfully submits that judgment in its favor is appropriate. Because plaintiffs' state law claims derive solely from the allegations related to violations of Federal law, the state law Counts should also be adjudicated against plaintiffs. *See, e.g., Hard Rock Cafe Int'l (USA) Inc. v. Morton*, 1999 WL 717995, *32 (S.D.N.Y.) ("Because the language of Section 43(c) of the Lanham Act mirrors the traditional New York dilution analysis, courts apply the same analysis to dilution claims under the Lanham Act and New York state law.") Accordingly, Walgreens' proposed motion could dispose of this case if joined by defendant KMart Corp. and would result in judgment for Walgreens if defendant KMart does not join.

Hon. Denny Chin
March 13, 2009
Page 3

     Walgreens respectfully requests that it be permitted to move for Judgment on the Pleadings under Rule 12(c).

                            Sincerely,

                            CHRISTOPHER & WEISBERG, P.A.

By: _____
     Alan M. Weisberg (No. AW9062)
     Jeffrey H. Kamenetsky (*pro hac vice*)
     CHRISTOPHER & WEISBERG, P.A.
     200 East Las Olas Boulevard, Suite 2040
     Fort Lauderdale, Florida 33301
     Telephone: (954) 828-1488
     aweisberg@cwiplaw.com

***Attorneys for Defendant and Counterclaim Plaintiff Walgreen Co.***

Hon. Denny Chin
March 13, 2009
Page 4

## CERTIFICATE OF SERVICE

I CERTIFY a true and correct copy of the foregoing document is being deposited with the United States Postal Service in First Class postage-paid envelopes on March 13, 2009 to:

| | |
|---|---|
| Morris E. Cohen, Esq.<br>Rochelle R. Weisburg, Esq.<br>Law Office of Morris E. Cohen, P.C.<br>One Penn Plaza, Suite 2527<br>New York, NY 10119<br>(212) 244-4111<br>*Courtesy electronic mail dispatched March 13, 2009* | Joe D. Guerriero, Esq.<br>Luv n' care, Ltd.<br>3030 Aurora Avenue<br>Monroe, LA 71201 |
| Scott A. Daniels, Esq.<br>Daniels Patent Law PLLC<br>43 Centre Street<br>Concord, NH 03301<br>*Courtesy electronic mail dispatched March 13, 2009* | Neal E. Friedman, Esq.<br>Davis Bujold & Daniels<br>112 Pleasant St.<br>Concord, NH 03301 |
| Ralph K. Wood, Esq.<br>Law Office of Ralph Wood<br>399 Knollwood Rd., Suite 310<br>White Plains, NY 10603 | |

Jeffrey H. Kamenetsky
113988

CHRISTOPHER & WEISBERG, P.A.
Attorneys at Law

FILED by __MB__ D.C.
ELECTRONIC
Mar. 13, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **09-60397-Civ-COHN/SELTZER**

ATICO INTERNATIONAL USA, INC., a
Delaware corporation, and WALGREEN CO.,
an Illinois corporation,

    Plaintiffs,

v.

LUV N' CARE, LTD., a Louisiana corporation,
and ADMAR INTERNATIONAL, INC., a
Delaware corporation,

    Defendants.
_____/

**COMPLAINT FOR DECLARATORY
JUDGMENT AND
STATE LAW VIOLATIONS**

**JURY DEMAND**

## COMPLAINT

Plaintiffs ATICO International USA, Inc. (Atico) and Walgreen Co. (Walgreens), collectively "plaintiffs," allege for their Complaint seeking declaratory judgments against defendants Luv N' Care, Ltd. and Admar International, Inc. (collectively, "defendants"):

### PARTIES

1. Atico is a Delaware corporation having a principal place of business at 501 South Andrews Avenue in Fort Lauderdale, Florida.

2. Walgreens is an Illinois corporation having a principal place of business at 200 Wilmot Road in Deerfield, Illinois.

3. Defendant Luv N' Care, Ltd. is a Louisiana corporation having a principal place of business at 3030 Aurora Avenue in Monroe, Louisiana.

4. Defendant Admar International, Inc. (Admar) is a Delaware corporation having a principal place of business at 3030 Aurora Avenue in Monroe, Louisiana.

## JURISDICTION AND VENUE

5. Atico and Walgreens bring this action under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202 for declaratory judgment based on United States trademark law, including Section 43 of the Lanham Act (15 U.S.C. § 1125), and Florida state law, including unfair competition and unfair and deceptive trade practices laws.

6. Defendants sued plaintiffs in the United States District Court for the Southern District of New York, Civil Action No. 08-4457 (the New York suit), alleging infringement of alleged unregistered trade dress and violations of state law based on those claims. A true and correct copy of the Complaint and Exhibits from the New York suit is attached as Exhibit A.

7. Defendant Luv N' Care holds itself out as "one of the leading baby product companies in the world today. It enjoys a widespread reputation throughout the United States…as a result of the popular products that it has …commercialized in interstate…commerce for use by babies and young children." Ex. A at ¶ 9. It is subject to personal jurisdiction in Florida.

8. On information and belief, defendant Admar "is the owner of United States Trademark Registration No. 2,335,700 for the trademark NUBY®" that defendant Luv N' Care uses to sell the interstate-commercialized products described in Paragraph 9. Ex. A at ¶¶ 10-12.

9. In the New York suit, both defendants claim to have designed, promoted and commercialized products, including the products at suit in this Complaint and the New York suit, throughout the United States. *E.g.* Ex. A at ¶¶ 14-18. They necessarily must have done so in

2

Florida, directing their accused conduct into this forum, seeking Floridians as customers, and availing themselves of Florida law.

10. Since this conduct includes the use of unregistered trade dress that defendants improperly assert as intellectual property against residents of this and other jurisdictions, they have also committed specific torts within Florida. Specifically, they have at least improperly claimed trade dress protection throughout the United States and by abusing process in other states that affects the rights of Florida residents.

11. This Court has specific and general personal jurisdiction over defendants, including under Florida's long arm statute, F.S. 48.193.

12. The amount in controversy exceeds $75,000.00.

13. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338(a), 2201 and 2202 for declaratory judgment based on United States trademark law, including Section 43 of the Lanham Act (15 U.S.C. § 1125).

14. This Court has jurisdiction over the claims based on state law under 28 U.S.C. § 1367.

15. Venue is proper in this district under 28 U.S.C. §§ 1391(a) and (b).

## FACTUAL BACKGROUND

16. Atico sells, offers for sale and distributes high-quality, popular products for use by babies and young children and their parents. These products include at least two of the products accused in the New York suit (see Ex. A at ¶¶ 38-49).

17. Both of those products may be generically referred to as "sippy cups."

18. Atico supplies Walgreens with these two products.

19. Atico's products compete with defendants' products.

3

20. Atico is Walgreens' second largest supplier of baby products.

21. Walgreens purchases sippy cups from Atico's competitors, including Gerber, Playtex and Avent, just not plaintiff Luv N' Care's sippy cups.

22. Walgreens chose Atico's competing products because they offer consumers better value than other products available on the market and believes Atico's products to be at least as good as competing products.

23. Walgreens' believes its privately-branded products to be of at least comparable quality to nationally-branded, similar products.

24. Atico's competing products that Walgreens sells offer consumers better value than defendants' competing products.

25. On information and belief, Atico's competing products are also of superior quality to other products available on the market, including plaintiffs' products.

26. For example, a teething child will quickly cause defendants' asserted products to leak, while Atico's products do not suffer such commercial defects.

27. Prudent business practices include selecting products of superior quality that offer consumers better value for selling on shelves at retail.

28. This is especially true for retail sales of semi-disposable items like products for children.

29. Walgreens conducts prudent business practices.

30. Walgreens' sales of Atico's products have been more successful than its attempts to sell defendants' products.

31. Walgreens attributes this success to at least the better consumer value associated with Atico's products that look different from defendants' products.

32. That is, Walgreens made a successful, prudent business decision by buying products from Atico.

33. Atico's competing products also look different from defendants' competing products.

34. Other competing products, like Munchkin, Babies R' Us, Gerber, Playtex and Avent, look different from defendants' asserted trade dress even if they may have certain similar functional features.

35. Defendants sued Walgreens in the New York suit because they were unhappy with Walgreens' and Atico's successful and proper competition.

36. Defendants sued Walgreens in the New York suit because they are unable to compete with Atico's products that have superior quality and better consumer value.

37. On information and belief, defendants do not sell any products that Atico sells.

38. In the New York suit, defendants claim defendant Walgreens sells a "cheap knockoff" of defendants' products acquired from a company in Thailand. Ex. A at ¶ 22.

39. Walgreens does not sell cheap knockoffs.

40. Rather, Atico's products are superior in quality and a better value than defendants' asserted products.

41. On information and belief, defendants knew that Atico supplied Walgreens with the products accused in the New York suit.

42. In the New York suit, defendants claim their products and designs are entitled to unregistered trade dress protection, that their trade dress has acquired secondary meaning, that plaintiffs' products are confusing consumers as to their source, that defendants' trade dress is being diluted and tarnished, that plaintiffs are willfully infringing the improperly asserted and

nonexistent trade dress, and that plaintiffs have engaged in Federal unfair competition. Ex. A at ¶¶ 17-18, 62-66, 75-94.

43. On information and belief, defendants' assert no Federally-registered trade dress. See <www.uspto.gov> (visited March 10, 2009).

44. The trade dress asserted in the New York suit is unregistered.

45. Defendants' alleged trade dress has not attained secondary meaning.

46. Defendants cite no evidence in their Complaint in the New York suit that their unregistered trade dress has secondary meaning.

47. Other market participants besides Walgreens and Atico have sold competing products so similar to defendants' that the average consumer would not know the source of any particular product that competes with defendants' products.

48. In the New York suit, defendants do not claim their products are non-functional. See generally Ex. A.

49. Two out of three components of our Federal Government, the Supreme Court precedent and the Congress, require a plaintiff claiming trade dress infringement to demonstrate the alleged trade dress is non-functional. *See, e.g., Traffix Devices, Inc. v. Marketing Displays, Inc.* 532 U.S. 23, 28-29 (2001); 15 U.S.C. §§ 1125(a)(3) and (c)(4).

50. Defendants did not plead in their Complaint in the New York suit that their alleged trade dress is non-functional.

51. Defendants pled in the New York suit allegations describing their products with functional language. See, *e.g.*, Ex. A at ¶¶ 31, 40, 45, 50, 54.

52. On information and belief, defendants have marked their asserted products in the New York suit with U.S. or foreign patent numbers.

53. On information and belief, defendants believe one or more U.S. or foreign patents cover attributes of their asserted products in the New York suit with U.S. or foreign patent numbers.

54. Defendants know their alleged trade dress to be functional.

55. Each Exhibit attached to Ex. A has functional components.

56. Defendants do not have protectable trade dress in their products or designs.

57. Defendants intentionally filed a Complaint in New York improperly asserting that their products or designs are protected trade dress.

58. On information and belief, defendants filed the New York suit intending that it would damage the business relationship between Walgreens and Atico.

59. Atico's products supplied to Walgreens that are accused in the New York suit do not and cannot infringe any alleged trade dress asserted in the New York suit.

60. Atico is offering to Walgreens a new product design shown in Ex. B.

61. The products shown in Ex. B do not and cannot infringe any alleged trade dress asserted in the New York suit.

## COUNT I – DECLARATORY JUDGMENT

62. Atico incorporates paragraphs 1-61.

63. Plaintiffs are under direct threat of suit and Walgreens has been sued.

64. An actual and justiciable case and controversy exists between plaintiffs and defendants as to whether defendants have any trade dress in the products identified in the New York action.

65. Declaratory judgment that no trade dress exists in or on the products asserted in the New York suit is appropriate.

66. An actual and justiciable case and controversy exists between plaintiffs and defendants as to whether any alleged but unregistered trade dress asserted in the New York suit has acquired secondary meaning.

67. Declaratory judgment that the alleged but unregistered trade dress asserted in the New York suit has not acquired secondary meaning is appropriate.

68. An actual and justiciable case and controversy exists between plaintiffs and defendants as to whether defendants' alleged but unregistered trade dress asserted in the products identified in the New York suit is functional.

69. Declaratory judgment that any alleged but unregistered trade dress asserted in the New York suit is functional is appropriate.

70. An actual and justiciable case and controversy exists between plaintiffs and defendants as to whether Atico's products cause consumer confusion with defendants alleged but unregistered trade dress asserted in the products identified in the New York suit.

71. Declaratory judgment that no consumer confusion exists between Atico's products supplied to Walgreens and any alleged but unregistered trade dress asserted in the New York suit is appropriate.

72. An actual and justiciable case and controversy exists between plaintiffs and defendants as to whether Atico's products dilute defendants' alleged but unregistered trade dress asserted in the products identified in the New York suit.

73. Declaratory judgment that no dilution results from Atico's supply of products to Walgreens or Walgreens' sales of same is appropriate.

74. An actual and justiciable case and controversy exists between plaintiffs and defendants as to whether Atico's products tarnish defendants' alleged but unregistered trade

dress asserted in the products identified in the New York suit, if trade dress tarnishment is even a viable cause of action.

75. Declaratory judgment that no tarnishment results from Atico's supply of products to Walgreens or Walgreens' sales of same is appropriate.

76. An actual and justiciable case and controversy exists between plaintiffs and defendants as to whether Walgreens has unfairly competed under Federal law with defendants.

77. Declaratory judgment that plaintiffs have not unfairly competed under Federal law with defendants is appropriate.

78. An actual and justiciable case and controversy exists between plaintiffs and defendants as to whether any of plaintiffs' alleged conduct constitutes willful infringement of any rights of defendants that are pled in the New York suit.

79. Declaratory judgment that plaintiffs have not willfully infringed any right asserted (albeit improperly) in the New York suit.

80. Plaintiffs have been and continue to be injured and damaged at least by defendants' claiming that Walgreens infringed and infringes nonexistent trade dress asserted by defendants in the New York suit.

81. Absent a declaration of nonexistence, invalidity, unenforceability, noninfringement, no confusion, no dilution, no tarnishment, and no Federal unfair competition, plaintiffs will continue to be damaged.

82. Damage to plaintiffs will continue to accrue unless or until defendants' improper conduct is enjoined.

## COUNT II – TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP

83. Plaintiffs incorporate paragraphs 1-82.

9

84. Atico and Walgreens have an existing business relationship.

85. On information and belief, defendants know of the relationship between Atico and Walgreens.

86. By filing the New York Suit, defendants have intentionally and unjustifiably interfered with the business relationship between Atico and Walgreens.

87. Plaintiffs have suffered damages as a result of defendants' intentional interference with the relationship between Atico and Walgreens.

88. Defendants' conduct constitutes intentional interference with a business relationship. *See Gossard v. Adia Servs.*, 723 So. 2d 182, 185 (Fla. 1998).

89. Damage to plaintiffs will continue to accrue unless or until defendants' improper conduct is enjoined.

## COUNT III – FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FLA. STAT. §§501.201 TO 501.213)

90. Plaintiffs incorporate paragraphs 1-89.

91. Defendants' action of filing the New York suit constitutes unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Florida Statute §501.204.

92. Defendants willfully filed the New York suit and knew or should have known that this action was unlawful and would damage Walgreens.

93. Plaintiffs have been damaged directly and proximately by defendants' unlawful actions.

94. Plaintiffs are entitled to recover actual damages, plus reasonable attorneys' fees and costs for defendants' violation of the Florida Deceptive and Unfair Trade Practices Act.

95. Damage to plaintiffs will continue to accrue unless or until defendants' improper conduct is enjoined.

## JURY DEMAND

96. ATICO requests trial by a jury for all issues so triable.

## PRAYER FOR RELIEF

Plaintiffs request the Court enter one or more orders:

A. Under 15 U.S.C. §1116, enjoining defendants, their agents and employees, and all persons acting in concert with them, from attempting to preclude plaintiffs' importing, making, distributing, using, selling, offering to sell, or marketing of any of the alleged infringing products through litigation or other means;

B. Awarding plaintiffs their costs of suit, including reasonable attorneys' fees, under the Lanham Act and all other applicable laws;

C. Awarding plaintiffs damages for defendants' deceptive and unfair trade practice, including all costs and fees to Atico associated with defending the New York suit as well as the present suit;

D. Awarding plaintiffs damages for defendants' tortious interference with plaintiffs' business relationship, including all costs and fees to Atico associated with defending the New York suit as well as the present suit;

E. Awarding plaintiffs prejudgment interest;

F. Awarding plaintiffs postjudgment interest;

G. Requiring defendants to give any applicable postjudgment equitable accounting for the period of damages established at trial;

H. Declaring plaintiffs' officers vicariously liable for plaintiffs' improper conduct alleged in this Complaint;

I. Granting such other relief consistent with the requests made in this Complaint; and

J. Granting such further relief as this Court deems appropriate.

Dated: March 13, 2009

Respectfully Submitted,

Jeffrey H. Kamenetsky, Esq.
jkamenetsky@cwiplaw.com
Florida Bar No. 044179
CHRISTOPHER & WEISBERG, P.A.
200 East Las Olas Boulevard, Suite 2040
Fort Lauderdale, Florida 33301
(954) 828-1488 (Telephone)
(954) 828-9122 (Facsimile)

*Attorneys for Plaintiffs Atico International USA, Inc. and Walgreen Co.*

146126