

March 24, 2009

Morris Cohen
Law Office of Morris E. Cohen, PC
One Penn Plaza, Suite 2527
New York, NY 10119

RE: *Luv N' Care, Ltd. And Admar International, Inc. Vs. Royal King Infant Product Co. LTD.,* United States District Court For The Eastern District Of Texas Marshall Division, Case No.: 2:08-CV-163 (TJW) (CE)

Dear Morris:

We are writing in response to Plaintiffs' wholly inadequate responses to Defendant Royal King Infant Products Co.'s First Set of Interrogatories. Plaintiffs' responses and document production thus far avoid the main issues of the case notably what features of the asserted Luv N' Care products are protectable and have secondary meaning as required to support an assertion of trade dress protection.

Initially, Plaintiffs' responses are improper to the extent that Plaintiffs' answers cite Rule 33(d) and refer generically to Plaintiffs' document production (which numbers over 100,000 pages). Several prerequisites exist for invocation of Rule 33(d), none of which have been satisfied by Plaintiffs. First, a party can rely on Rule 33(d) only if there is some burden involved in compiling or extracting the requested information, above and beyond the simple task of referring to the records in order to answer the interrogatories. *Pascale v. G.D. Searle & Co.*, 90 F.R.D. 55, 60 (D.R.I. 1981). Second, the burden of deriving or ascertaining the answer must be substantially the same for the party serving the interrogatory and the party being served. *In re Fine Paper Antitrust Litigation*, 685 F.2d 810, 823 (3d Cir. 1982); *Sabel v. Mead Johnson & Co.*, 110 F.R.D. 553, 556 (D. Mass. 1986). If such prerequisites exist, please explain in detail why you believe they exist. Even if such prerequisites do exist, Rule 33(d) provides that a party must "specify the records from which the answer may be derived or ascertained . . . in sufficient detail to permit the interrogating party to locate and to identify, <u>as readily as can the party served</u>, the records from which the answer may be ascertained." (emphasis added). Therefore, "[i]t is an abuse of the [Rule 33(d)] option to merely direct the interrogating party to a mass of business records." *Campagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 44 (S.D.N.Y. 1984) (internal quotations omitted); *Oleson v. KMart Corp.*, 175 F.R.D. 560, 564 (D. Kan. 1997) (alteration in original) (citations and quotations omitted) ("Under the guise of Fed.R.Civ.P. 33(d) [a party] may not simply refer generically to past or future production of documents."). Therefore, please provide the requested information in the text of each Interrogatory or provide the bates numbers of the documents from which each answer can be derived. The latter option is permissible only if the above-identified prerequisites exist. If you disagree with the requirement to provide Bates numbers, please provide such authority in advance of our required meet and confer (requested below) so that we can have a meaningful discussion.

In regards to Plaintiffs' response to Defendant's Interrogatories Nos. 1 and 2, as best we understand your objection, Plaintiffs' cannot identify the trade dress in their own products because Defendant has allegedly not produced enough discovery, "[d]efendant RK's failure to provide proper discovery as required by this Court's Order has hampered and continues to hamper Plaintiffs' ability to adequate[ly] respond to discovery matters and prepare its case." None of the Defendant's material, document, response or other information has any bearing, or effect in any manner whatsoever, on the trade dress Plaintiffs so casually

assert in their Complaint. The idea that Defendant's discovery places some burden on Plaintiffs in compiling this information and responding to these interrogatories is at best a token argument and unsupportable by any rationale. Therefore, please provide the requested information and an appropriate response to these interrogatories.

Plaintiffs' same response and objection to Interrogatory No. 3 is also entirely without merit since again Defendant's discovery production has nothing whatsoever to do with Plaintiffs' own licensing, packaging and trademark usage on and with its own products asserted in this litigation. Again, this is a baseless, token objection and Plaintiffs must provide the requested information as the text of each Interrogatory or provide the bates numbers of the documents from which each answer can be derived.

No document references were made or even attempted in your response to Interrogatory No. 4 and Interrogatories 5 and 6 continue the sublimation of Plaintiffs' duty to appropriately answer the interrogatories stating simply "Plaintiffs' further reserve the right to supplement their response to this Interrogatory Request upon receipt of responsive discovery from Defendant's." Clearly Defendant's discovery has no bearing or effect upon whether or not Plaintiffs' Marks are inherently distinctive or have acquired distinctiveness.

With respect to Interrogatories Nos. 8-10 not only have Plaintiffs failed to identify any documents in their production but consistently recite that answering the Interrogatories is "unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it relates to products not pertaining to the subject matter of this lawsuit." Defendant has only requested the information for the asserted Marks in this litigation. Each of the Defendant's requests specifically asks for the requested information "For each Asserted Mark…" The fact that Plaintiffs have themselves asserted a burdensome number of products in this litigation, identified in the Complaint as Exhibits A-N, is immaterial and not a reasonable argument to circumvent an appropriate response to Defendant's interrogatories. Furthermore, these requests relate specifically to purchasers, classes of purchasers and targeted consumer groups and markets all of which are particularly relevant to the determination of whether or not these products have attained the necessary secondary meaning in the marketplace. Again these responses are baseless objections and Plaintiffs must provide the requested information as the text of each Interrogatory or provide the bates numbers of the documents from which each answer can be derived.

Plaintiffs' continued objections regarding lack of discovery from Defendant also has no bearing on the response to Interrogatory No. 12 requesting instances of actual confusion or mistake between Plaintiffs' and Defendant's products. Defendant looks forward to the necessary supplementation as indicated in Plaintiffs' response. Plaintiffs' response in No. 13 is similarly inadequate where Plaintiffs are seeking damages based on sales of Defendant's products which is entirely related to Plaintiffs' time and penetration in the marketplace.

Plaintiffs' response and objections to Interrogatory 15 is similarly non-responsive where Plaintiffs have specifically shown in its own complaint in Exhibits A-N the allegedly infringing Royal King product to which the Complaint alleges trade dress infringement. There is no other discovery, documents or material which would reasonably impact the requested product and mark characteristics of Plaintiffs' asserted marks in comparison with the allegedly infringing mark(s) of the Defendant marks referred to by the Plaintiffs in Exhibits A-N. Defendant looks forward to the necessary supplementation as indicated in Plaintiffs' response.

Plaintiffs' same cursory response and objection to Interrogatory No. 16 is also entirely without merit since again Defendant's discovery production has nothing to do with Plaintiffs' production of any facts establishing the necessary fame of Plaintiffs' own products in the market for each asserted mark as it relates to the required elements for showing dilution. This response is again insufficient and Plaintiffs must provide the requested information as the text of each Interrogatory or provide the bates numbers of the documents from which each answer can be derived.

Plaintiffs' allegedly could not answer Defendant's Interrogatory No. 17 because they allegedly had not received sufficient discovery from Defendant. Defendant has supplemented its discovery responses. Accordingly, Plaintiffs must supplement their response and provide the dollar amount of damages sought, the method of calculating such damages, and the documents upon which such a calculation is based.

In reply to Defendant's Interrogatory No. 18 which simply and quite clearly requests any research, testing or study showing the presence or absence of confusion with Royal King products and/or secondary meaning in regards to Plaintiffs' asserted marks the Plaintiff has responded, "Further, Plaintiffs' object to the request because it is overbroad, vague, ambiguous, burdensome, and premature." What is overbroad or ambiguous by such a request the Defendant cannot imagine. Either Plaintiffs have completed, or are completing, such studies and research or they have not. Such requested information is directed specifically to the elements of the causes of action the Plaintiffs are asserting in its Complaint and therefore cannot be "overbroad" in any context.

How Defendant's specific request in Interrogatory No. 23 for the federally registered trademark number of "VARI-FLO®" can be "overbroad", is again a mere ruse to avoid answering the interrogatory. If it is not a federally registered mark, Plaintiffs should simply explain why such a mark is asserted with the ® symbol attached thereto.

Plaintiffs' answers to the interrogatories not mentioned specifically above are also insufficient where the objections rely on Defendant's allegedly insufficient document production because they indicate that any answers to Plaintiffs' assertions in the complaint are based entirely on the Plaintiffs' fishing expedition for facts and evidence to support its baseless allegations.

**Please provide a time before Wednesday, April 1, 2009 for a meet and confer on these issues. Pursuant to the Local Rules, the parties' local counsel will need to attend the meet and confer. We request supplemental responses to the Interrogatories that are complete, meaningful, and substantive no later than Wednesday, April 8, 2009.**

Finally, Plaintiffs' responses set forth numerous objections. Please confirm that Plaintiffs are not withholding any requested information on a ground other than privilege, and please produce a privilege log to the extent that any information is being withheld based on a claim of privilege.

If you have any questions before then, please do not hesitate to contact me.

Yours sincerely,
Daniels Patent Law, PLLC

Scott A. Daniels

SAD:

cc: Jonathan Pierce *(Via Email)*