UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-60397-CIV-COHN/SELTZER

ATICO INTERNATIONAL USA, INC.,
a Delaware corporation, and WALGREEN
CO., an Illinois corporation[1]

        Plaintiffs,

vs.

LUV N' CARE, LTD., a Louisiana corporation,
and ADMAR INTERNATIONAL, INC., a
Delaware corporation,

        Defendants.

_____/

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendants Luv N' Care, Ltd. ("Luv N' Care") and Admar International ("Admar"), (hereinafter, collectively, "Defendants"), pursuant to this Court's Order (D.E.# 8) hereby file their response in opposition to Plaintiff's Motion for Reconsideration of Order Granting Defendants' Motion for Extension of Time to Respond to Plaintiff's Complaint, and state as follows:

## MEMORANDUM

## I.    INTRODUCTION

In an incredible showing of a lack of professional courtesy and civility, Plaintiff's counsel refuses to agree to the undersigned counsel having an extension of time to respond to the Complaint in this action.  This refusal apparently stems from the ridiculous assertion that the

---

[1]  As of last night, Walgreen Co. filed a Notice of Voluntary Dismissal pursuant to Fed.R.Civ.P. 41(a).  (D.E.# 10).

undersigned might be a mere scribe and mailbox drop for Defendants' other counsel in related cases pending in other courts with whom Plaintiff's counsel believes it has a "sour" relationship. Additionally, Plaintiff's notion that Defendants' counsel from other suits could quickly "answer" the Complaint before this Court (Pltf.'s Opp. at ¶ 6, 14) is in complete disregard of Defendants' right to file a motion under Fed.R.Civ.P. 12, rather than an *answer*, and is in contravention of undersigned counsel's obligation to conduct a reasonable investigation of the facts and law applicable to Plaintiff's Complaint.

Nevertheless, this Court should deny Plaintiff's motion for reconsideration for the following reasons:

1.    Plaintiff's counsel has ***agreed*** that it would give undersigned counsel the requested extension—so long as we, the undersigned, agreed not to associate with Defendants' other counsel in the New York and Texas actions.  Thus, clearly Plaintiff's are not objecting to the notion of an extension of time, but merely to the counsel to whom the extension is granted. *See* D.E.# 6-6, at p. 2.

2.    Based upon a review of the Complaint and Plaintiff's opposition and reconsideration papers, this action is, at a minimum, a "second-filed action" under the doctrine of federal comity, or "first-to-file" doctrine.  Undersigned counsel, as lead counsel in this action, would like to conduct the proper review and investigation of all of the related cases to better understand the interaction among the pending actions.  Counsel, therefore, needs time to conduct this inquiry and analysis.  This basis alone, constitutes "good cause" for the requested extension of time.

3.    Moreover, Plaintiff's express statements show Plaintiff's clear intent to directly "control the timing and discovery" in this action, and indirectly control the timing and discovery

in the New York action.  *See* Pltf.s' Opp., D.E.# 6 at ¶ 10.[2]  Plaintiff's counsel complains about discovery delays in the New York action as a basis for denying the requested relief in this action; however such complaints are best directed to the judges presiding over the New York action, not this Court.

4.      Plaintiff's counsel's conduct and statements in this new case demonstrate a personal animosity for and attack upon Defendants' New York counsel and their integrity.  *See e.g.*, Pltf.s' Opp., D.E.# 6 at ¶¶ 8-9; D.E.# 6-6 at p. 2.  Such actions should not be countenanced.

5.      Plaintiff's counsels' private "sniping" in other cases involving Defendants' other counsel should not be condoned or encouraged, and a denial of Defendants' requested extension of time, or a grant of Plaintiff's request for reconsideration, may in fact convey such a message; and

6.      Plaintiff has entirely failed to show that it is entitled to reconsideration of this Court's Order (D.E.#5) in so much as it has failed to show any controlling law, evidence, clear and harmful error, or manifest injustice that justifies reconsideration of this Court's Order (D.E.#5).  *See* Section III, *infra*.

## II.      BACKGROUND

### A.      The Related Cases.

In April 2008, Luv N' Care and Admar filed suit (Case no. 2:08-cv-163) against Royal King Baby Product Co. Ltd. in the Eastern District of Texas (hereinafter, the "Texas Suit").  *See* Pltf.'s Opp., D.E. # 6, at Ex. A.  Atico International USA, Inc. ("Atico"), a Plaintiff before this Court, is a customer or distributor of Royal King products, obtaining the products at issue from

---

[2]  Plaintiffs state that: "Defendants' delay of the other actions illustrates how important it is to move this Florida case **where Plaintiffs can control the timing and discovery of defendants' ill-founded claims in other states**. . . ."  D.E.# 6, at ¶ 10 (emphasis added).

Royal King and reselling them to Walgreen Co..  Pltf.s' Opp., D.E. # 6, at ¶ 4;[3] *see* Compl., at ¶ 16-18.

In May 2008, Luv N' Care and Admar filed suit (Case no. 08-civ-4457) against Walgreen Co. and Kmart Corp. in the Southern District of New York.  *See* Compl., D.E.# 1, Ex. A. Walgreen Co. obtains the products at issue in that case thru Atico.  *See* Compl., at ¶ 18-20, 30-36.  Defendants' lead counsel in this action, Feldman Gale, P.A., has not participated in either the New York Suit[4] or the Texas Suit.

According to the Plaintiff in the action pending before this Court, the Texas Suit and New York Suit both involve claims for "infringement of alleged trade dress rights regarding products similar to those at issue in this case."  Pltf.'s Opp., D.E. # 6, at ¶¶ 1 and 6.  Nevertheless, nearly a year after commencement of the New York and Texas Suits, Walgreen Co. and Atico International USA, Inc. filed this second or third action with this Court.  *See* Compl., D.E.# 1, filed March 13, 2009.

Plaintiff's[5] claims in this Court include: declaratory judgment as to whether the Defendants have trade dress rights in the products identified in the New York Suit, whether Atico's products infringe, dilute and/or tarnish the Defendants' trade dress, whether Walgreens has unfairly competed with the Defendants by selling the products that are the subject of the New York Suit (Count I), Compl. at ¶¶ 62-82; tortious interference with a business relationship by reason of Defendants' filing the New York suit (Count II), Compl. at ¶¶ 83-89; and Florida

---

[3]   Plaintiff's state that: "Plaintiff Atico supplies Royal King products-at-issue to Plaintiff Walgreens. Walgreens sells only Atico's products."  D.E.# 6, at ¶ 4.

[4]   In contrast, Plaintiff's counsel here, Christopher & Weisberg, P.A., is representing Walgreens and the real party in interest, Atico, in the New York Suit, presumably on a theory of indemnification. *See* Pltf.s' Opp., D.E.# 6-9 and 6-10; Compl., at p. 11, ¶ C.

[5]   See note 1.

deceptive and unfair trade practices by reason of filing the New York Suit (Count III), Compl. at ¶¶ 90-95.

Plaintiff admits that "[s]imilar products and trade dress claims are asserted in the cases defendants filed in Texas and New York." Pltf.'s Opp., D.E. # 6, at ¶ 4. Plaintiff describes the difference between this action and the Texas and New York Suits as merely being that, in this case, Plaintiff has added "Florida state law claims that the New York (and ultimately Texas) cases are baseless and are being perpetuated solely to interfere with Plaintiff's and others' business relationships". Pltf.'s Opp., D.E. # 6, at ¶ 11. However, such claims are subject to being dismissed pursuant to the litigation immunity doctrine, as will be more fully set forth in a motion under Rule 12. *See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co*., 639 So.2d 606, 608 (Fla. 1994) (finding that absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior such as tortious interference with a business relationship).

Notably, among the many forms of relief Plaintiff requests from *this Court*, is a prayer for "all costs and fees **to Atico** associated with defending **the New York suit** as well as the present suit." Compl., at p. 11, ¶ C. Such a request demonstrates that, regardless of whether Atico is a named party in the New York Suit, Atico is the real party in interest in that New York Suit.

    B.    **Procedural History in this Case.**

On March 31, 2009, Defendants filed their Motion for Extension of Time to Respond to Plaintiff's Complaint. D.E.# 4. In such motion, Defendants' counsel provided good cause for the granting of the requested extension, including but not limited to the need to perform a

reasonable investigation into the law and facts relating to Plaintiff's claims prior to framing a response to the Complaint—as required by Fed.R.Civ.P. 11. *See* D.E.# 4, at ¶¶ 3-6.

Defendants' lead counsel and, currently, only counsel of record in this matter is Feldman Gale, P.A.. Although Defendants' New York counsel and Defendants' General Counsel will be making application to appear in this Court pro hac vice, they are currently not admitted to practice before this Court. Regardless, Feldman Gale, P.A. is lead counsel (and not a mere mailbox drop).

On April 1, 2009, this Court issued its Order granting Defendants' motion for extension of time, setting May 1, 2009 as Defendants' deadline to respond to the Complaint. D.E.# 5. Nearly a half an hour after the parties received notice of the Court's order via the CM/ECF system, Plaintiff filed its opposition to Defendants' motion for extension of time, including eleven (11) exhibits. D.E.# 6 and D.E.# 6-2 thru 6-12. Several of Plaintiff's exhibits violate the Local Rules of this Court, as they are comprised of letter communications between the parties' counsel and of discovery responses from other related cases, which are not necessary to consideration of Defendants' motion for extension of time to respond to the Complaint in this action. *See* S.D. Fla. L.R. 7.7 and 26.1.B., respectively). Nevertheless, Plaintiff does so as an invitation to this Court to invade the province of the New York Court and determine whether Defendants have met their obligations in that related action.

In their opposition memorandum, Plaintiff vaguely alleges that they will "continue" to suffer prejudice should the Defendants' deadline to respond to the Complaint in this action be extended. Pltf.s' Opp., D.E. # 6, at p. 1 and ¶ 12. However, Plaintiff fails to describe the

prejudice or provide any facts in support of its use of that 'magic word.'[6]

Instead, Plaintiff merely repeats the word "prejudice," and simply provides its <u>opinion</u> that Defendants' New York and Texas Suits are "baseless" and being delayed by the Defendants. *See* Pltf.s' Opp., D.E.# 6, at ¶ 8-10.  Plaintiff's opinions are not supported by any finding of either the New York or Texas courts.[7]

Finally, Plaintiff's claim that their discovery efforts have been thwarted by Defendants' New York counsel.  Yet, the undersigned is informed by New York counsel that approximately 193,498 pages of documents have been produced by Defendants to Plaintiffs in that action and are continuing to produce documents.[8]

Plaintiff's Motion for Reconsideration incorporates Plaintiff's Opposition to Defendants' Motion for Extension of Time.  Pltfs' Mot. For Reconsideration, D.E.# 7, at p.1.

## III.    STANDARD FOR MOTION FOR RECONSIDERATION

### A.    Reconsideration is an Extraordinary Remedy Requiring Facts or Law of a Strongly Convincing Nature

Federal Rule of Civil Procedure 59 provides an opportunity for litigants to request that a court alter or amend a judgment it has entered within ten days after the entry of such judgment. Fed.R.Civ.P. 59(e).  "Rule 59(e) does not set forth any specific grounds for relief, and the district

---

[6]  Plaintiff essentially argues that because Defendants did not use the magic words "good cause" in their motion, they, thereby, have not argued that good cause exists.  Pltf.s' Opp. at ¶ 14.

[7]  Moreover, Plaintiff's repetitive allegations of delay are entirely insensitive and discourteous to the fact that, over the past six (6) months, Defendants have been faced with extenuating circumstances, including major illnesses of key individuals within their company which were followed by the death of the mother of the principals in Defendants' family-owned and operated company.

[8]   Surely, this Court is not interested in the status of discovery in the New York action. However, due to the multiple Plaintiff's multiple cries of "delay," the Defendants' felt it appropriate to apprise the Court of this information.  Nevertheless, if Plaintiff's feel aggrieved by alleged discovery abuses in the New York action, they should file the appropriate motion in that court.

court has considerable discretion in whether to reconsider an issue." *Williams v. Cruise Ships Catering and Service International, N.V.*, 320 F.Supp.2d 1347, 1358 (S.D.Fla. 2004).

However, "there must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law **of a strongly convincing nature** to induce the court to reverse its prior decision." *Association For Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 477 (S.D.Fla. 2002) (emphasis added); *Thibeaux v. Doherty*, Slip Copy, 2009 WL 674362, *1 (S.D.Fla. Mar. 13, 2009) (J. Cohn).   This significant hurdle exists because, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. School Board of Hillsborough County,* 149 F.R.D. 235, 235 (M.D. Fla. 1993)).

"'The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'"   *Z.K. Marine Inc. v. M/V Archigetis*, 808 F.Supp. 1561, (S.D.Fla. 1992) (quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3rd Cir.1985)). Accordingly, there are three major grounds upon which reconsideration may be justified: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.   *Assoc. For Disabled Americans*, 211 F.R.D. at 477.

### B.      The Court Must Disregard Harmless Errors

It is well-established under the Federal Rules of Civil Procedure that:

> Unless justice requires otherwise, no error in admitting or excluding evidence--or any other error by the court or a party--is ground. . .for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

Fed.R.Civ.P. 61; *see Parker v. Astrue*, slip copy, 2008 WL 4346710, *11 (N.D.Fla. Sept. 18, 2008) (The court can disregard any errors or defects that do not affect any party's substantial

rights.); *see also Richdel, Inc. v. Sunspool Corp.*, 714 F.2d 1573, 1580 (Fed. Cir. 1983) (citing the nearly identical appellate 'harmless error' rule 28 U.S.C. § 2111); *Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 948 (Fed.Cir. 2000) (citing 'harmless error' rule at 28 U.S.C. § 2111). Therefore, even if, *arguendo*, it was error for this Court to have granted Defendants an extension of time to respond to the Complaint, then the Plaintiff still must show that such error had a harmful effect on its substantial rights.  Fed.R.Civ.P. 61.  If Plaintiff cannot show harm to its substantial rights, then this Court's "must" disregard the purported error.  *Id*.

## IV.    ARGUMENT

### A.    Pursuant to the Doctrine of Federal Comity, This Court Should Not Accept Plaintiff's Invitation to Determine Issues Properly Left to the New York and Texas Courts from Which They Emanate

This Court is well-aware that the doctrine of federal comity, otherwise known as the "first-to-file" rule, counsels against taking jurisdiction of or proceeding with a second-filed action, let alone intruding into another court's management of the timing and discovery of a first-filed action.  *See Colorall Technologies Int'l, Inc. v. Plait,* 2005 WL 4655380  at *6 (S.D. Fla. 2005) (Cohn, J.); *Philibert v. Ethicon, Inc.,* 2005 WL 525330, *1 (S.D. Fla. 2005) (Cohn, J.) (granting motion to stay proceedings in second-filed action).   However, Plaintiff's arguments and opinions on the issues of delay in, and lack of merit of, the New York and Texas Suits—which Plaintiff offers as purported fact throughout its opposition to Defendants' motion for extension of time and incorporate into its motion for reconsideration—encourage this Court ignore the doctrine of federal comity and make exactly such an invasion into the province of the New York and Texas courts.

Neither the New York nor the Texas court has determined that Luv N' Care and/or Admar have delayed the progress of those actions.  Therefore, were this Court to grant Plaintiff's motion for reconsideration it would necessarily be determining issues that are properly left to the

Courts in which they arise, New York and Texas.  At a minimum, Defendants' should be granted the time to evaluate this case and the other pending, related cases to determine whether a motion to stay is appropriate or desired in this action.

> **B.** **Plaintiff Has Failed to Set Forth Facts or Law of a Strongly Convincing Nature to Justify Reconsideration**

Even if the Court made a procedural error in expediently granting Defendants' motion for extension of time, such alleged error was harmless and must be disregarded under Fed.R.Civ.P. 61.  Plaintiff has failed to provide facts that show that providing Defendants with an extension of time to respond to the Complaint will do harm to Plaintiff's substantial rights. *See id*.; *Parker*, 2008 WL 4346710, *11.

Moreover, Plaintiff has set forth mere opinion and speculation rather than strongly convincing facts or law, as required by this Court.  *See Thibeaux*, 2009 WL 674362, *1 (S.D.Fla. Mar. 13, 2009) (J. Cohn).  Through its assertion of only self-serving opinion, Plaintiff has failed to show: any intervening change in controlling law; the availability of new evidence; or any manifest injustice.   Accordingly, Plaintiff is not entitled to the extraordinary remedy of reconsideration.  *See Burger King Corp*., 181 F.Supp.2d at 1370.

## CONCLUSION

In light of the foregoing, the Defendants respectfully request that this Court deny Plaintiff's motion for reconsideration and uphold its Order (D.E.# 5) granting the Defendants' requested extension of time to respond to the Complaint to and including May 1, 2009.

Dated:  April 3, 2009.                         Respectfully submitted,
                                               FELDMAN GALE, P.A.
                                               One Biscayne Tower, 30th Floor
                                               2 South Biscayne Boulevard
                                               Miami, Florida 33131-4332
                                               Telephone:  305-358-5001
                                               Facsimile:  305-358-3309

By: ____/s  Susan J. Latham_____
       James A. Gale / 371726
       E-mail: JGale@FeldmanGale.com
       Susan J. Latham / 687391
       E-mail: SLatham@FeldmanGale.com
       ***Attorneys for Defendants Luv N' Care, Ltd.***
       ***and Admar International, Inc.***

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 3rd day of April 2009, I electronically filed the foregoing document with the Clerk of the Court using its CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified either via transmission of Notices of Electronic Filing generated by this Court's CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

       _____/s  Susan J. Latham_____
       SUSAN J. LATHAM

## SERVICE LIST

***Atico International USA, Inc. v. Luv N' Care, Ltd.,  et al.***
Case No. 09-60397-CIV-COHN/SELTZER
United States District Court, Southern District of Florida

Jeffrey H. Kamenetsky and
Jason R. Buratti
Christopher & Weisberg, P.A.
200 East Las Olas Blvd., Suite 2040
Ft. Lauderdale, FL 33301
Phone: 954-828-1488
Facsimile: 954-828-9122
*Via CM/ECF.*