UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ATICO INTERNATIONAL USA, INC., a
Delaware corporation, and WALGREEN CO.,
an Illinois corporation,

    Plaintiffs,

v.

LUV N' CARE, LTD., a Louisiana corporation,
and ADMAR INTERNATIONAL, INC., a
Delaware corporation,

    Defendants.

CASE NO.: 09-60397-CIV-COHN/SELTZER

## PLAINTIFFS' REPLY TO DEFENDANTS RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiff ATICO INTERNATIONAL USA, INC. (Atico) replies to Defendants' LUV N' CARE, LTD.'s and ADMAR INTERNATIONAL, INC.'s (collectively "defendants") Opposition to Plaintiffs' Motion for Reconsideration of Order Granting Defendants' Motion for Extension of Time to Respond to Plaintiffs' Complaint, Docket No. (DE) 12.[1]

Atico objected to the requested extension because delay unfairly and prejudicially impairs Atico's business relationships. See, *e.g.*, DE 6 at ¶¶ 7-10; DE 7 (incorporating DE 6 as the basis for motion for reconsideration). Defendants do not dispute this. See DE 12.

Atico moved for reconsideration because of this prejudice associated with delay. See generally DE 6; DE 7. Defendants do not dispute this. See DE 12. The Court did not know this new evidence or its manifestly unjust result. So Atico brought the matter before the court in a

---

[1] Walgreen Co. is no longer a plaintiff. DE 11.

proper motion for reconsideration. Defendants' argument to the contrary should be rejected. See DE 12 at 8-10.

Originally, defendants argued they needed the extension to investigate the Texas and New York cases. See DE 4. Defendants' eleven-page response reflects a detailed investigation of those cases, this case, and even advances legal theories. Defendants admit their New York lead counsel will join them in the Florida case, DE 12 at 6, and do not deny that the New York counsel "has ample time, energy, resources, *and experience*" to meet the Answer deadline, DE 6 at ¶ 14 (incorporated into the Motion at DE 7).[2] No reason for an extension exists, even if more time was needed in the first place.

Why request more time? More manifest injustice – defendants reveal the dilatory purpose of their original motion for an extension (DE 4):

> Plaintiffs' notion that Defendants' counsel from other suits could quickly "answer" the Complaint before this Court…is in complete disregard of defendants' right to file a motion under Fed.R.Civ.P. 12, rather than an *answer*….

DE 12 at 2 (emphasis original). The deadline to answer the Complaint *is the same* as the deadline to file a pre-Answer motion. *See* Fed. R. Civ. P. 12(a)(1), 12(b); *Brisk v. Miami Beach,* 709 F. Supp. 1146, 1147 (S.D. Fl. 1989). Even though it is reasonable to assert that defendants' original request sought strategic delay to avoid answering the Complaint, Atico submits simply that, whatever the reason, the stated basis for the extension has abated – the investigation is reflected by the Response to the instant Motion. It would effect further manifest injustice on

---

[2] Atico has not "*agreed* that it would give" an extension. DE 12 at 2 (emphasis original). Atico *offered* to agree to the extension on the condition that new counsel did not have the benefit of New York counsel's time, energy, resources and experience. Defendants statement – and their brief – demonstrate that they do have that benefit and have themselves conducted their investigation. Defendants' admission that New York counsel will be in this case violates the condition for the offer to agree, so the offer must be deemed rejected.

2

Atico to award defendants their strategic delay when new evidence and their own motion demonstrate no extension was warranted in the first place.

Atico's Motion for Reconsideration presented new information (delay and prejudice that the Court was not advised of in Defendants' motion for an extension) and manifest injustice (prejudice to business relationships), not to mention new manifest injustice (dilatory motions practice and extension requests to increase the Rule 12 pre-answer motion window as a function of legal strategy), that counsel in favor of granting the instant Motion for Reconsideration. The granting of the original motion for an extension prejudices Atico's substantial rights by at least giving defendants more time than the rules allow for to file motions and by delaying unnecessarily Atico's resolution of its claims of unfair competition and interferences with its business relationships. These benefits to defendants have prejudicial effects to Atico that are not harmless as defendants submit. See DE 12 at 9-10.

Accordingly, Atico submits the Court may grant this Motion, vacate its Order extending the deadline for answering the Complaint, and deny the Motion for an extension.[3]

---

[3] Several items in defendants' brief, while immaterial, require response.

Defendants argued Atico (and then-plaintiff Walgreens) objected to an extension because of relationships with New York counsel, which arguments include numerous unfair accusations. First, nothing in Atico's opening brief or opposition to the motion to extension (or anything else) should have led to a conclusion that any attorney animosity exists, at least not on Atico's side. Second, Atico agrees with the statements in defendants' brief that such attacks should not be "countenanced," "condoned," or "encouraged." DE 12 at ¶¶ 4-5. Atico respectfully submits that substantial "commentary" in defendants' brief needs no direct address, including commentary immediately preceding the suggestion of impropriety, *e.g.*, DE 12 at 1 ("incredible showing of a lack of professional courtesy and civility"), 2 ("mere scribe or mailbox drop"; "'sour' relationship"; "Plaintiffs are…merely [objecting] to the counsel to whom the extension is granted"), 3 ("personal animosity"; "attack upon Defendants' New York counsel and their integrity"; "private 'sniping'"), and commentary that follows, *e.g.*, DE 12 at 7 n. 7 ("insensitive and discourteous").

Third, Defendants' counsel had every opportunity to prevent briefing of both this Motion and their motion for an extension, including prior to filing their eleven-page opposition. Atico previously offered defendants their extension if they simply said the Feldman Gale firm was lead counsel.[3] Defendants could have told Atico's counsel that they were lead counsel (1) on the initial Rule 7.1 conference call in which New York/Texas lead counsel participated last week, (2) in response to Atico's email following the call, in response to Atico's email requesting to know whether defendants' lead New York counsel's "Boy oh boy" email was properly directed, (4) before they filed their Motion for an extension, (5) after the Motion for reconsideration was filed, and (6) before they filed their Response to the Motion for Reconsideration. All they had to do was call. Defendants seek to punish Atico with delay and unfairly

3

For these reasons and reasons stated in Atico's opening brief and Response in Opposition to Defendants' Motion for an Extension, Plaintiffs respectfully submit that this Court should vacate its Order Granting Defendants' Motion for an Extension, deny Defendants' Motion for an Extension, and require the Answer be filed on the due dates of April 8 and 9, 2009.  See DE 4 at ¶ 2.

April 1, 2009                            By:    s/Alan M. Weisberg
                                                Alan M. Weisberg, Esq. (Florida Bar #  0479349)
                                                Email:  aweisberg@cwiplaw.com
                                                Jeff H. Kamenetsky, Esq. (FL. Bar # 114571)
                                                Email: jkamenetsky@cwiplaw.com
                                                CHRISTOPHER & WEISBERG, P.A.
                                                200 East Las Olas Boulevard, Ste 2040
                                                Fort Lauderdale, Florida 33301
                                                Telephone:  (954) 828-1488
                                                Facsimile: (954) 828-9122

                                                *Attorneys for Plaintiffs Atico International USA, Inc. and Walgreen Co.*

---

point the finger at Atico's counsel when no blame should have been levied in the first place.  Finally, to the extent a defendants intended to request a short extension as a professional courtesy (DE 12 at 1), three weeks is excessive and defendants have not sought or requested less.  They just do not need it.

Separately, defendants begin in their motion to build other legal theories (*e.g.*, "first-filed," "mirroring and overlapping," and "comity") that Atico does not agree with but that are irrelevant to this Motion.  Atico will address these arguments if they come in appropriate motions.

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2009, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to local counsel for defendants. Same was provided electronically on defendants' lead counsel as a courtesy:

Morris E. Cohen, Esq.
Rochelle M. Weisburg, Esq.
Law Office of Morris E. Cohen, P.C.
One Penn Plaza, Suite 2527
New York, New York 10119
212-244-4111 (phone)
212-563-7108 (fax)
rweisburg@ipcalses.com
mcohen@ipcases.com

                                                  s/Alan Weisberg
                                                  Alan M. Weisberg, Esq.

149719