UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-60397-CIV-COHN/SELTZER

ATICO INTERNATIONAL USA, INC., a
Delaware corporation, and WALGREEN
CO., an Illinois corporation,

    Plaintiffs,

v.

LUV N' CARE, LTD., a Louisiana corporation,
and ADMAR INTERNATIONAL, INC., a
Delaware corporation,

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS CAUSE is before the Court upon the Plaintiff Atico International USA, Inc.'s ("Atico") Motion for Reconsideration of Order Granting Defendants' Motion for Extension of Time to Respond to Plaintiffs' Complaint [DE 7] ("Motion for Reconsideration"). The Court has considered the Motion for Reconsideration, Defendants' Response [DE 12], Plaintiff's Reply [DE 13], and is otherwise advised in the premises.

On April 1, 2009, the Court granted Defendants' Motion for Extension of Time and provided Defendants with an additional twenty-two days to answer or otherwise respond to the Complaint.[1] Thereafter, Plaintiffs moved for reconsideration arguing that Defendants did not show good cause why they could not timely file their Answer to the Complaint and "the delay prejudices Plaintiffs." (Motion for Reconsideration, DE 7, p. 2.)

---

[1] The Court granted the Motion prior to the filing of a response because the Court was under the assumption that the parties had reached an agreement concerning the extension.

There are three grounds which justify the filing of a motion for reconsideration: "1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice." Williams v. Cruise Ships Catering & Service Int'l, N.V., 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004); Reyher v. Equitable Life Assur. Soc., 900 F. Supp. 428, 430 (M.D. Fla. 1995). A motion for reconsideration "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Reyher, 900 F. Supp. at 430. (internal quotations omitted).

It is clear there is no intervening change in controlling law. The Court may, for good cause, extend the time to answer the Complaint. See Fed.R.Civ.P. 6(b)(1). Nor does Plaintiff assert that reconsideration is necessary to correct clear error or to prevent manifest injustice. Rather, Plaintiff presented more information, new evidence, that was not originally available to the Court when it issued the Order. However, this information does not change the Court's prior determination. The Court still finds that Defendants have provided good cause for the extension. It is therefore

**ORDERED AND ADJUDGED** that Plaintiff Atico International USA, Inc.'s ("Atico") Motion for Reconsideration of Order Granting Defendants' Motion for Extension of Time to Respond to Plaintiffs' Complaint [DE 7] is **DENIED**.[2]

---

[2] The Court notes the already contentious tone of this litigation. The Court expects counsel to cooperate and to fully comply with the applicable rules in all proceedings in this cause. See S.D. Fla. L.R. 11.1.C (incorporating the Rules Regulating The Florida Bar into Local Rules); Preamble, Guidelines for Professional Conduct, Florida Bar Rules (noting that attorneys have a "duty of courtesy and cooperation with fellow professionals for the efficient administration of our system of justice and the respect of the public it serves").

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida on this 8th day of April, 2009.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies furnished to all counsel of record on CM/ECF.