UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-60397-CIV-COHN/SELTZER

**ATICO INTERNATIONAL USA, INC.,**
a Delaware corporation, and **WALGREEN
CO.**, an Illinois corporation[1]

      Plaintiffs,

vs.

**LUV N' CARE, LTD.**, a Louisiana corporation,
and **ADMAR INTERNATIONAL, INC.**, a
Delaware corporation,

      Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S COMPLAINT

Defendants, Luv N' Care, Ltd. ("Luv N' Care") and Admar International ("Admar"), (collectively, the "Defendants"), by and through their undersigned counsel, hereby move for dismissal, with prejudice, of Counts II and III of Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6), and in support thereof, respectfully state as follows:

**I.**    **INTRODUCTION**

Counts II and III of the Complaint [D.E. #1] filed by Atico International USA, Inc. (hereinafter, "Atico") fail to state a claim against Defendants upon which relief can be granted because: (1) Defendants are immune from liability for any harm associated with their filing of the New York Suit; and (2) Plaintiff is neither within the class of persons protected by the Florida Deceptive and Unfair Trade Practices Act nor has it suffered any actual, actionable damages under the Act, and (3) Plaintiff's trademark infringement related claims are not cognizable under FDUTPA. Under such circumstances, Atico's claim for tortious interference with a business relationship and its claim under Florida's Deceptive and Unfair Trade Practices Act should be dismissed with prejudice.

---

[1] Walgreen Co. filed a Notice of Voluntary Dismissal pursuant to Fed.R.Civ.P. 41(a), (D.E.# 10), and is, therefore, no longer a Plaintiff in this action.

CASE NO. 09-60132-CIV-COHN/SELTZER

## II. FACTUAL BACKGROUND RELEVANT TO DISMISSAL

### A. Plaintiff's Complaint—Counts II and III.

Plaintiff's Complaint alleges three (3) causes of action against the Defendants. The first, is a claim for declaratory judgment that Atico has not infringed, diluted and/or tarnished Defendants' trade dress and for declaratory judgment that it has not unfairly competed with Defendants. Compl., Count I at ¶¶62-82. Defendants address Plaintiff's declaratory judgment claims (Count I) in their Answer and Affirmative Defenses filed concurrently herewith. Plaintiff's Count II is a claim for tortious interference with a business relationship. Compl., Count II, at ¶¶83-89. Finally, Plaintiff's Count III is a claim under Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-501.213, (hereinafter "FDUTPA"). Compl., Count III, at ¶¶ 90-95.

To support Count II, its claim for tortious interference with a business relationship, Plaintiff alleged, on mere information and belief, that Defendants "knew that Atico supplied Walgreens with the products accused in the New York suit."[2] Compl., at ¶41, 85. Likewise, Plaintiff set forth its mere belief that Defendants "filed the New York Suit intending that it would damage the business relationship between Walgreens and Atico."[3] Compl., at ¶58, 86. However, other than the mere filing of the New York Suit, Plaintiff sets forth <u>no other basis</u> for its claim of tortious interference with its business relationship with Walgreen. *See* Compl., at ¶¶83-89.

Nevertheless, the Plaintiff alleges that it has suffered damages to its relationship with Walgreen as a result of Defendants' filing of the New York Suit. Compl., at ¶87. Yet, Plaintiff admits that it has an existing business relationship with Walgreen under which it is continuing to offer products to Walgreen. Compl., at ¶¶ 60, 84.

Finally, to support Count III, its claim under FDUTPA, Plaintiff merely alleges that Defendants' unfair or deceptive act was their filing of the New York Suit against

---

[2] The action being referred to as the "New York Suit" is Case no. 08-civ-4457, styled *Luv N' Care, Ltd. and Admar Int'l, Inc. v. Walgreen Co. and Kmart Corp*. *See* Compl., Ex. A.
[3] Due to its reliance on the New York Suit throughout its Complaint, the Plaintiff attached a copy of the prior New York Suit to the Complaint as Exhibit "A."

2

CASE NO. 09-60132-CIV-COHN/SELTZER

Walgreen.  Compl., at ¶91.

### III.    LEGAL STANDARD FOR DISMISSAL

Dismissal is appropriate under Fed.R.Civ.P. 12(b)(6) where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action.  *Nietzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827 (1989); *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006); *Marshall Cty Bd. of Educ. v. Marshall Cty Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).  Conclusory allegations or legal conclusions masquerading as factual allegations cannot prevent a motion to dismiss.  *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp.*, 711 F.2d 989, 995 (11th Cir. 1983); *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2nd Cir. 2002); *ECash Technologies, Inc. v. Guagliardo*, 210 F.Supp.2d 1138, 1143 (C.D.Cal. 2001); *Bell v. Harley-Davidson Motor Co.*, 2007 WL 935588 (S.D.Cal. March, 6, 2007) (slip copy).  Plaintiff's complaint must set forth a prima facie case "and enough data must be pleaded so that each element of the alleged claim can be properly identified."  *Quality Foods*, 711 F.2d at 995.

"Factual allegations must be enough to raise a right to relief above the speculative level. . ."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Plaintiff must state a claim that is plausible not merely possible.  *Bell Atlantic*, 127 S.Ct. at 1965-66.  Naked assertions merely get the complaint close to stating a claim, "but without some further factual enhancement it stops short of the line between possibility and plausibility of entitlement to relief." *Bell Atlantic*, 127 S.Ct. at 1966.

Additionally, a court should not ignore facts plaintiff alleged that undermine the cause of action.  *Goerlich v. Davis*, 1991 WL 195772, *1 (N.D.Ill.).  A claim need not be obviously unsupportable or based on an outlandish legal theory in order to be dismissed. *Nietzke v. Williams*, 490 U.S. 319, 328, 109 S.Ct. 1827 (1989) ("Nothing in Rule 12(b)(6) confines its sweeps to claims of law that are obviously insupportable.").  A court may dismiss a claim even where it presents "a close but ultimately unavailing" legal theory.  *Id*.

In determining whether to dismiss an action, a court may consider "facts alleged

3

in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice." *Bell*, 2007 WL 935588, *1; *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2nd Cir. 1991); *ECash Technologies*, 210 F.Supp.2d at 1144; *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773-74 (2nd Cir. 1991).

Here, the facts alleged in Atico's Complaint and the documents referenced and relied on by Atico therein, including the New York Suit, which is attached as Exhibit A, present clear, dispositive issues of law upon which this Court may dismiss Atico's Count II and Count III against Defendants with prejudice pursuant to Fed.R.Civ.P. 12(b)(6).

## IV. ARGUMENT

### A. The Doctrine of Litigation Immunity Applies To Bar Plaintiff's Claim for Tortious Interference with a Business Relationship and its Claim for Violation of FDUTPA

In Counts II and III of the Complaint, Plaintiff alleges that the Defendants have tortiously interfered with its business relationship with Walgreen and have violated FDUTPA, Fla. Stat. §§ 501.201-501.213.  Compl., at ¶¶83-89 and ¶¶ 90-95.  Plaintiff bases both of these claims solely upon the fact that the Defendants filed the New York Suit against Walgreen. Compl., at ¶¶58, 86, and 91.

These Counts are barred in their entirety by litigation immunity.  The litigation immunity doctrine is well-established in Florida and provides that absolute immunity must be afforded to acts occurring during or emanating from litigation, regardless of whether the act involves a defamatory statement or other tortious behavior, such as tortious interference with a business relationship:

> "Absolute immunity must be afforded to ***any act*** occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior ... so long as the act has ***some relation*** to the proceeding."

*Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole,* 950 So. 2d 380, 383 (Fla. 2007); *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So.2d 606, 608 (Fla. 1994); *Green Leaf Nursery v. E.I. DuPont de Nemours &*

*Co.,* 341 F.3d 1292, 1302-1303 (11th Cir. 2003) (emphasis added).[4] Litigation immunity applies to both statutory and common-law causes of action. *Echevarria,* 950 So. 2d at 384 ("We see no reason why this rationale would be limited by whether the misconduct constitutes a common-law tort or a statutory violation. The litigation privilege applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin."); *Gaisser v. Portfolio Recovery Associates, LLC*, 571 F. Supp.2d 1273, 1279 (S.D. Fla. 2008).[5]

It is self-evident that the filing of a lawsuit is an act occurring during the course of judicial proceeding. In fact, the Third DCA reached this *direct holding* in *Boca Investors Group v. Potash,* 835 So. 2d 273, 274-275 (Fla. 3d DCA 2002). In *Boca Investors,* the plaintiff was a developer who wanted to build additional units on Fisher Island. Certain Fisher Island residents opposed to new development filed lawsuits against the developer. The plaintiff then sued the residents for tortious interference because the plaintiff filed these lawsuits. However, the plaintiff's tortious interference claims were barred by litigation immunity:

> Boca Investors filed its tortious interference with a business relationship suit to recover damages suffered as ***a result of defendants' filing three lawsuits that disrupted Boca Investors' efforts to purchase Fisher Island property.*** Defendants moved for judgment on the pleadings based on absolute litigation privilege. The trial court granted the motion based on *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.,* 639 So. 2d 606 (Fla. 1994).
>
> \*   \*   \*   \*
>
> Here, as in *Levin,* all of the acts alleged in support of the tortious interference claim bear a relationship to the proceedings instituted by

---

[4] Florida's litigation privilege applies to state-law claims adjudicated in federal court. *Jackson v. Bellsouth Telecommunications*, 372 F.3d 1250, 1275 (11th Cir. 2004).

[5] Although litigation immunity is an affirmative defense, it can be considered on a motion to dismiss when, as in the instant case, it is apparent from the face of the complaint. *Atlas v. Stolberg,* 694 So. 2d 772, 772 (Fla. 4th DCA 1997) ("We affirm as to all issues. Appellees are immune under the principles of *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Insurance Co.,* 639 So. 2d 606 (Fla. 1994). Appellees may raise this affirmative defense in a motion to dismiss as it appears on the face of the complaint."); *Doe v. America Online, Inc.,* 718 So. 2d 385, 388 (Fla. 4th DCA 1998).

>   defendants. "The privilege arises upon the doing of any act necessarily preliminary to judicial proceedings." ***Accordingly, those acts must be afforded absolute immunity.*** We, therefore, affirm the judgment. In addition, we also affirm the denial of the motion to amend the complaint to add a statutory anti-trust claim. Such a claim is also based on statements covered by the litigation privilege.

*Id.* (emphasis added & citations omitted); *Microsoft Corp. v. Big Boy Distribution LLC*, 589 F. Supp.2d 1308, 1322 (S.D. Fla. 2008) ("Additionally, the court agrees that Big Boys' tortious interference claim is barred by Florida's litigation privilege to the extent this claim is predicated on Microsoft's conduct in pursuing its legal remedies through this lawsuit and another lawsuit filed against eDirect, one of Big Boys' customers/ suppliers, for related activities.").

Accordingly, Plaintiff cannot maintain its claim for tortious interference with a business relationship[6] or its FDUTPA claim on the basis of Defendants' filing of the New York Suit. Nevertheless, Plaintiff has failed to set forth any other factual basis for such claims. Therefore, the Court should dismiss Counts II and III with prejudice.

### B. Defendants' Conduct Is Not Actionable Under FDUTPA

As mentioned above, Atico alleges, in Count III of the Complaint, that Defendants have violated FDUTPA, Fla. Stat. §§ 501.201-501.213. Compl. ¶¶ 90-95. An action under FDUTPA exists only where the defendant committed an unfair or unconscionable act "in the conduct of any trade or commerce." Fla.Stat. § 501.204; *see*

---

[6] To recover for tortious interference, a plaintiff must prove: (1) the existence of a business relationship under which it has legal rights; (2) knowledge by defendant of such relationship; (3) an intentional and unjustified interference with such relationship by defendant; and (4) damage to plaintiff as a result of the breach of the relationship. *Babbit Electronics, Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1177 (11th Cir 1994). Application of the litigation immunity doctrine prevents Atico from establishing the third element in as much as any interference is deemed privileged—or justified, rather than unjustified. *See Levin, Middlebrooks*, 639 So.2d at 608. Moreover, Plaintiff's failure to plead any facts elevating its allegation that it has been damaged by the alleged tortious interference above the speculative level defeats the fourth element of this claim. *See Bell Atlantic*, 127 S.Ct. at 1966 (naked assertions merely get the complaint close to stating a claim but, without further factual enhancement, it stops short of the line of plausibility for entitlement to relief.); *Quality Foods*, 711 F.2d at 995 (conclusory allegations masquerading as facts cannot prevent a motion to dismiss).

Fla. Stat. § 501.203(8). Here, Plaintiff impermissibly bases its FDUTPA claim on the mere fact that Defendants filed the New York Suit against Walgreen. Compl., at ¶91. However, even if such conduct were not protected by the litigation privilege, under no conception of commerce could the filing of a lawsuit be deemed "the conduct of any trade or commerce." Fla. Stat. §501.204(1).

Moreover, Plaintiff has no cognizable damage under FDUTPA. FDUTPA expressly excludes claims "for damage to property other than the property that is the subject of the consumer transaction." Fla. Stat. § 501.212(3). Under FDUTPA, the plaintiff may recover only "actual damages" (*i.e.,* damages attributable to the diminished value of the goods or services received); FDUTPA does not authorize recovery of consequential damages to other property attributable to the consumer's use of the goods or services. *Schauer v. Morse Operations, Inc.*, 2009 WL 18674, *4 (Fla. 4th DCA, Jan. 5, 2009); *see* Fla.Stat. §501.211(2) (allowing recovery of only *actual* damages).

Plaintiff never describes the damage it alleges having suffered. *See Bell Atlantic*, 127 S.Ct. at 1966 (naked assertions merely get the complaint close to stating a claim but, without further factual enhancement, it stops short of the line of plausibility for entitlement to relief.); *Quality Foods*, 711 F.2d at 995 (conclusory allegations masquerading as facts cannot prevent a motion to dismiss). Therefore, because Plaintiff has not alleged any cognizable damage to property resulting from any trade or commerce conducted by Defendants, this Court should dismiss Plaintiff's Count III claims under FDUTPA with prejudice and award Defendants their attorneys fees and costs in having to defend against this claim.

      **C.**    **Plaintiff Has Improperly Pleaded Count II and Count III in Shotgun Fashion Making it Impossible for Defendants to Respond**

The Eleventh Circuit has recognized that "unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Comm. College*, 77 F.3d 364, 367 (11th Cir. 1996). Such recognition logically flows from the

requirement of Federal Rule of Civil Procedure 10 that: "[e]ach claim founded upon a separate transaction or occurrence …shall be separated in a separate count…whenever a separation facilitates the clear presentation of the matters set forth." Fed.R.Civ.P. 10(b).

Accordingly, a plaintiffs' failure to identify its claims with sufficient clarity to enable defendants to frame their responsive pleading is improper and constitutes "shotgun" pleading. *Beckwith v. BellSouth Telecommunications Inc.*, 146 Fed.Appx. 368, 371, 2005 WL 2012667 (11th Cir. 2005); *Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001). For example, when a plaintiff forms its complaint by incorporating by reference every antecedent allegation into each count, it renders the complaint incomprehensible and makes it impossible for defendants to determine who is supposed to have done what with respect to each count. *Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001); *Ferdinand v. Caribbean Air Mail, Inc.,* 2002 WL 190718 * 1 (S.D. Fla. 2002) ("The Eleventh Circuit has interpreted Rule 10(b) of the Federal Rules of Civil Procedure as not allowing the incorporation of all the factual allegations of all prior counts into each subsequent count").

Shotgun complaints are widely disfavored in this Circuit. *Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001) (noting that "shotgun" pleadings have been "condemned repeatedly, beginning at least as early as 1991."); *see Byrne*, 261 F.3d. at 1129-34; *Anderson*, 77 F.3d at 366 ("with the shotgun pleading out of the way, the trial judge [would] be relieved of the cumbersome task of sifting through myriad claims, many of which may be foreclosed by various defenses."). Similarly, where a plaintiff fails to allege the separate acts and counts attributable to each defendant in separate paragraphs and counts but rather attributes conduct to the "defendants" collectively and without specificity, the complaint is also defective. *Veltmann v. Walpole Pharmacy, Inc.,* 928 F.Supp. 1161, 1163-64 (M.D. Fla. 1996); *Gen-Probe, Inc. v. Amoco Corp*., 926 F.Supp. 948, 962 (S.D. Cal. 1996) (pursuant to FRCP 10(b) "Each count should distinguish and identify which allegations relate to which claims, and which defendants.").

District courts and defendants are not required to sift through the facts and decide for themselves which are material to the particular cause of action asserted. *Beckwith*,

146 Fed.Appx. at 371.  Accordingly, in the Eleventh Circuit, district courts may dismiss a shotgun pleading.  *Id*.

Here, the Plaintiff has impermissibly incorporated by reference every antecedent allegation into each count.  For example, Atico alleges in paragraph 83 of Count II that: "Plaintiffs incorporate paragraphs 1-82."  Likewise, in paragraph 90 of Count III, the Atico alleges that: "Plaintiffs incorporate paragraphs 1-89."  This is classic shotgun pleading, which makes Counts II and III incomprehensible and makes it impossible for the Defendants to form a response thereto.  Accordingly, this Court should dismiss Counts II and III of Plaintiff's Complaint.

**V.  CONCLUSION**

Based upon the foregoing, this Court should dismiss Counts II and III of Atico's Complaint with prejudice based on the litigation immunity doctrine and the contours of FDUTPA or, at a minimum, dismiss without prejudice based on Atico having filed a "shotgun" pleading.

Dated: April 15, 2009                          Respectfully submitted,
                                               **FELDMAN GALE, P.A.**
                                               One Biscayne Tower, 30th Floor
                                               2 South Biscayne Boulevard
                                               Miami, Florida 33131
                                               Telephone:  305-358-5001
                                               Facsimile:  305-358-3309

                                               By: /s/ *Susan J. Latham*_____
                                                   James A. Gale / 371726
                                                   E-mail: JGale@FeldmanGale.com
                                                   Susan J. Latham / 687391
                                                   E-mail: SLatham@FeldmanGale.com
                                                   ***Attorneys for Defendants Luv N' Care, Ltd. and Admar International, Inc.***

CASE NO. 09-60132-CIV-COHN/SELTZER

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 15th day of April 2009, I electronically filed the foregoing document with the Clerk of the Court using its CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified either via transmission of Notices of Electronic Filing generated by this Court's CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

/s/ *Susan J. Latham* _____
SUSAN J. LATHAM

## SERVICE LIST

*Atico International USA, Inc. v. Luv N' Care, Ltd., et al.*
Case No. 09-60397-CIV-COHN/SELTZER
United States District Court, Southern District of Florida

Alan Weisberg
aweisberg@cwiplaw.com
Jeffrey H. Kamenetsky
jkamenetsky@cwiplaw.com
Christopher & Weisberg, P.A.
200 East Las Olas Blvd., Suite 2040
Ft. Lauderdale, FL 33301
Phone: 954-828-1488
Facsimile: 954-828-9122
*Via CM/ECF*.