## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-60397-CIV-COHN/SELTZER

**ATICO INTERNATIONAL USA, INC.,**
**a Delaware corporation, and WALGREEN**
**CO., an Illinois corporation[1]**

   **Plaintiffs,**

**vs.**

**LUV N' CARE, LTD., a Louisiana corporation,**
**and ADMAR INTERNATIONAL, INC., a**
**Delaware corporation,**

   **Defendants.**
_____/

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COUNT I OF PLAINTIFF'S COMPLAINT

   Defendants, Luv N' Care, Ltd. ("Luv N' Care") and Admar International ("Admar"), (collectively, the "Defendants"), in response to the Count I of the Complaint[2] of Atico International USA, Inc. (hereinafter, "Atico") hereby file this Answer and Affirmative Defenses to Count I and state as follows:

### PARTIES

   1.  Defendants are without knowledge as to the allegations in Paragraph 1 of the Complaint, and therefore, deny same.

   2.  Defendants are without knowledge as to the allegations in Paragraph 2 of the Complaint, and therefore, deny same.

---

[1] Walgreen Co. filed a Notice of Voluntary Dismissal pursuant to Fed.R.Civ.P. 41(a), (D.E.# 10), and is, therefore, no longer a Plaintiff in this action.
[2] Defendants have contemporaneously filed a Motion to Dismiss Counts II and III of Plaintiff's Complaint.

3.      Defendants admit the allegations of Paragraph 3 of the Complaint.

4.      Defendants admit the allegations of Paragraph 4 of the Complaint.

<u>**JURISDICTION AND VENUE**</u>

5.      Defendants admit that Plaintiff is alleging and asserting certain claims for relief under federal and state law, but deny that Plaintiff is entitled to relief under such laws.  All other allegations of Paragraph 5 of the Complaint are denied.

6.      Defendants admit that they sued Walgreen Co. in the New York Suit. Defendants admit that Exhibit A to Plaintiff's Complaint is a true and correct copy of the New York Complaint and Exhibits in the New York Suit.  Defendants also affirmatively allege that Plaintiff, Atico, is the real party in interest in the New York action.  All other allegations of Paragraph 6 are denied.

7.      Luv N Care admits that it made the quoted statement set forth in Exhibit A.  Luv N Care admits that it is subject to the personal jurisdiction of this Court.  The Defendants deny the remaining allegations of Paragraph 7 of the Complaint.

8.      Defendants admit the allegations of Paragraph 8 of the Complaint.

9.      Defendants admit that in the New York Suit they have both claimed to have designed, promoted and commercialized products, including the products at suit in Plaintiff's Complaint and the New York Suit.  Luv N' Care admits that it has done so throughout the United States.  Admar denies that it has promoted and commercialized the products at issue throughout the United States.  Defendants deny all other allegations in Paragraph 9 of the Complaint.

10.     Defendants admit that the trade dress at issue in the New York Suit

2

and in Plaintiff's Complaint is unregistered.  Defendants deny all other allegations in Paragraph 10 of the Complaint.

11.     Luv N' Care admits that this Court has personal jurisdiction over it. Admar denies that this Court has personal jurisdiction over it.  Defendants deny all other allegations of Paragraph 11 of the Complaint.

12.     Defendants are without knowledge as to the allegations in Paragraph 12 of the Complaint and therefore, deny same.

13.     Defendants deny the allegations in Paragraph 13 of the Complaint.

14.     Defendants deny the allegations in Paragraph 14 of the Complaint.

15.     Defendants deny all allegations in Paragraph 15 of the Complaint. However, Defendants may agree to venue in this Court *if* the New York Suit is transferred to this Court and all of the parties thereto can properly be brought before this Court.[3]

## FACTUAL BACKGROUND

16.     Defendants are without knowledge as to the allegations in Paragraph 16 of the Complaint, and therefore, deny same.

17.     Defendants are without knowledge as to the allegations in Paragraph 17 of the Complaint, and therefore, deny same.

18.     Defendants are without knowledge as to the allegations in Paragraph 18 of the Complaint, and therefore, deny same.

---

[3]  Plaintiffs in the New York Suit (Defendants in this action) have made a request to Judge Chin of the Southern District of New York to transfer the New York Suit to this Court.

19.     Defendants are without knowledge as to the allegations in Paragraph 19 of the Complaint, and therefore, deny same.

20.     Defendants are without knowledge as to the allegations in Paragraph 20 of the Complaint, and therefore, deny same.

21.     Defendants are without knowledge as to the allegations in Paragraph 21 of the Complaint, and therefore, deny same.

22.     Defendants are without knowledge as to the allegations in Paragraph 22 of the Complaint, and therefore, deny same.

23.     Defendants are without knowledge as to the allegations in Paragraph 23 of the Complaint, and therefore, deny same.

24.     Defendants are without knowledge as to the allegations in Paragraph 24 of the Complaint, and therefore, deny same.

25.     Defendants are without knowledge as to the allegations in Paragraph 25 of the Complaint, and therefore, deny same.

26.     Defendants are without knowledge as to the allegations in Paragraph 26 of the Complaint, and therefore, deny same.

27.     Defendants are without knowledge as to the allegations in Paragraph 27 of the Complaint, and therefore, deny same.

28.     Defendants are without knowledge as to the allegations in Paragraph 28 of the Complaint, and therefore, deny same.

29.     Defendants are without knowledge as to the allegations in Paragraph 29 of the Complaint, and therefore, deny same.

30.     Defendants are without knowledge as to the allegations in Paragraph 30 of the Complaint, and therefore, deny same.

31.     Defendants are without knowledge as to the allegations in Paragraph 31 of the Complaint, and therefore, deny same

32.     Defendants are without knowledge as to the allegations in Paragraph 32 of the Complaint, and therefore, deny same

33.     Defendants are without knowledge as to the allegations in Paragraph 33 of the Complaint, and therefore, deny same.

34.     Defendants are without knowledge as to the allegations in Paragraph 34 of the Complaint, and therefore, deny same.

35.     Defendants deny the allegations in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations of Paragraph 36 of the Complaint.

37.     Defendants are without knowledge as to the allegations in Paragraph 37 of the Complaint, and therefore, deny same.

38.     Defendant's admit the allegations of Paragraph 38 of the Complaint.

39.     Defendants are without knowledge as to all products sold by Walgreens and, therefore, deny the allegations in Paragraph 39 of the Complaint.

40.     Defendants are without knowledge as to the allegations in Paragraph 40 the Complaint and, therefore, deny same.

41.     Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     Defendants admit that in the New York Suit, they claim that, *inter alia*, their unregistered products and designs are entitled to trade dress protection and have

5

acquired secondary meaning, and other claims as set forth in Exhibit A to the Complaint. Defendants deny all other allegations in Paragraph 42 of the Compliant.

43.     Defendants admit that they have not asserted federally-registered trade dress in the New York Suit; however, Defendants have asserted a federally registered trademark in the New York Suit.  Defendants deny all other allegations in Paragraph 43 of the Complaint.

44.     Defendants admit the allegations of Paragraph 44 of the Complaint.

45.     Defendants deny the allegations of Paragraph 45 of the Compliant.

46.     Defendants deny the allegations of Paragraph 46 of the Complaint.

47.     Defendants are without knowledge as to the allegations in Paragraph 47 of the Complaint, and therefore, deny same.

48.     Defendants deny the allegations of Paragraph 48 of the Complaint.

49.     Defendants deny the allegations of Paragraph 49 of the Complaint because they call for the interpretation of legal authority and assert an erroneous legal conclusion.

50.     Defendants deny the allegations in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations in Paragraph 51of the Complaint.

52.     Defendants are without knowledge as to the allegations in Paragraph 52 of the Complaint, and therefore, deny same.

53.     Defendants are without knowledge as to the allegations in Paragraph 53 of the Complaint, and therefore, deny same.

54.     Defendants deny the allegations in Paragraph 54 of the Complaint.

55.     Defendants are without knowledge as to the allegations in Paragraph 55 of

6

the Complaint, and therefore, deny same.

56.     Defendants deny the allegations of Paragraph 56 of the Complaint.

57.     Defendants deny the allegations of Paragraph 57 of the Complaint.

58.     Defendants deny the allegations of Paragraph 58 of the Complaint.

59.     Defendants are without knowledge as to the allegations in Paragraph 59 of the Complaint, and therefore, deny same.

60.     Defendants are without knowledge as to the allegations in Paragraph 60 of the Complaint, and therefore, deny same.

61.     Defendants are without knowledge as to the allegations in Paragraph 61 of the Complaint, and therefore, deny same.

## Count I - DECLARATORY JUDGMENT

62.     Defendants incorporate their responses to paragraphs 1-61 as set forth above.

63.      Defendants admit that Walgreen has been sued. Defendants are without knowledge as to the remaining allegations in Paragraph 63 of the Complaint.

64.     Defendants are without knowledge as to the allegations in Paragraph 64 of the Complaint, and therefore, deny same.

65.     Defendants deny the allegations in Paragraph 65 of the Complaint.

66.     Defendants are without knowledge as to the allegations in Paragraph 66 of the Complaint, and therefore, deny same.

67.     Defendants deny the allegations in Paragraph 67 of the Complaint.

68.     Defendants are without knowledge as to the allegations in Paragraph 68 of

the Complaint, and therefore, deny same.

69.     Defendants deny the allegations of Paragraph 69 of the Complaint.

70.     Defendants are without knowledge as to the allegations in Paragraph 70 of the Complaint, and therefore, deny same.

71.     Defendants deny the allegations in Paragraph 71 of the Complaint.

72.     Defendants are without knowledge as to the allegations in Paragraph 72 of the Complaint, and therefore, deny same.

73.     Defendants deny the allegations in Paragraph 73 of the Complaint.

74.     Defendants are without knowledge as to the allegations in Paragraph 74 of the Complaint, and therefore, deny same.

75.     Defendants deny the allegations in Paragraph 75 of the Complaint.

76.     Defendants are without knowledge as to the allegations in Paragraph 76 of the Complaint, and therefore, deny same.

77.     Defendants deny the allegations in Paragraph 77 of the Complaint.

78.     Defendants are without knowledge as to the allegations in Paragraph 78 of the Complaint, and therefore, deny same.

79.     Defendants are without knowledge as to the allegations in Paragraph 79 of the Complaint, and therefore, deny same.

80.     Defendants deny the allegations of Paragraph 80 of the Complaint.

81.     Defendants deny the allegations of Paragraph 81 of the Complaint.

82.     Defendants deny the allegations of Paragraph 82 of the Complaint.

## COUNT II – TORTIOUS INTERFERENCE
## WITH A BUSINESS RELATIONSHIP

83.     Defendants incorporate their responses to paragraphs 1-82 as set forth above.

Defendants do not answer Paragraph 84 through 89 because, pursuant to Fed.R.Civ.P. 12, Defendants have filed a motion to dismiss Count II. Therefore, Defendants are not obligated to Answer Count II at this time. However, should the Court deny Defendants' motion to dismiss, Defendants hereby reserve the right to assert any and all denials and defenses that they may have against this claim.

## COUNT III – FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT,
## (FLA. STAT. §§501.201 TO 501.213)

Defendants do not answer Paragraphs 90 through 95 because, pursuant to Fed.R.Civ.P. 12, Defendants have filed a motion to dismiss Count III. Therefore, Defendants are not obligated to Answer Count III at this time. However, should the Court deny Defendants' motion to dismiss, Defendants hereby reserve the right to assert any and all denials and defenses they may have against this claim.

96.     Defendants recognize Plaintiff's request to a trial by Jury, but deny its entitlement to same.

97.     Defendants deny any and all allegations in the Compliant that have not been responded to or specifically admitted.

**WHEREFORE** Defendants respectfully request that this Court dismiss Plaintiff's Complaint with prejudice, award Defendants their reasonable attorney fees and any other relief that this Court deems appropriate.

9

**AFFIRMATIVE DEFENSES TO COUNT I**

### First Affirmative Defense

Atico has failed to show any operative facts showing that Defendants had taken any action directly against Atico and/or made any direct threat of instituting proceedings against Atico in relation to the intellectual property at issue.

### Second Affirmative Defense

Atico lacks standing to maintain this cause of action.

### Third Affirmative Defense

Atico's claims are barred by virtue of delay and/or the doctrine of laches.

### Fourth Affirmative Defense

Atico's Complaint fails to state a claim upon which relief can be granted.

### Fifth Affirmative Defense

Atico's claims are barred because Atico has acquiesced to Defendants' assertion of intellectual property rights in the trade dress at issue herein.

### Sixth Affirmative Defense

Atico's claims are barred because Atico intentionally copied Defendants' trade dress at issue herein and is, thereby, barred by the doctrine of unclean hands.

### Seventh Affirmative Defense

Atico is estopped from maintaining its asserted causes of action.

### Eighth Affirmative Defense

Upon information and belief, Atico's claims are barred because Atico is using the subject intellectual property to trade in goods that are in violation of United States

10

regulations and are, thereby, illegal products.  Accordingly, Atico's claim is barred by the doctrine of unclean hands.

### Ninth Affirmative Defense

Plaintiff has engaged in improper forum shopping and has filed this action in violation of the "first to file doctrine."

### Tenth Affirmative Defense

This Court lacks subject matter jurisdiction over Plaintiff's claim.

### Eleventh Affirmative Defense

This Court lacks personal jurisdiction over Admar.

### Twelfth Affirmative Defense

Venue is improper pursuant to 28 U.S.C. § 1391 and 28 U.S.C.§ 1404.

### Thirteenth Affirmative Defense

Plaintiff has failed to join an indispensible party under Fed.R.Civ.P. 19.

### Fourteenth Affirmative Defense

Plaintiff has failed to state a cause of action because Plaintiff has pled a shotgun pleading.

### Fifteenth Affirmative Defense

Defendants reserve their rights to state additional affirmative defenses relating to Counts I, II and III in the event such counts are upheld.

Dated: April 15, 2009                    Respectfully submitted,

                                         **FELDMAN GALE, P.A.**
                                         One Biscayne Tower, 30th Floor
                                         2 South Biscayne Boulevard
                                         Miami, Florida 33131
                                         Telephone:  305-358-5001
                                         Facsimile:  305-358-3309


                                         By:__/s  *Susan J. Latham*_____
                                              James A. Gale / 371726
                                              E-mail: JGale@FeldmanGale.com
                                              Susan J. Latham / 687391
                                              E-mail: SLatham@FeldmanGale.com
                                              *Attorneys for Defendants Luv N' Care,*
                                              *Ltd.  and Admar International, Inc.*



<u>**CERTIFICATE OF SERVICE**</u>

        I HEREBY certify that on this 15th day of April 2009, I electronically filed the
foregoing document with the Clerk of the Court using its CM/ECF system.  I also certify
that the foregoing document is being served this day on all counsel of record or pro se
parties identified on the attached service list in the manner specified either via
transmission of Notices of Electronic Filing generated by this Court's CM/ECF system or
in some other authorized manner for those counsel or parties who are not authorized to
electronically receive Notices of Electronic Filing.


                                         __/s__*Susan J. Latham*_____
                                              SUSAN J. LATHAM

12

<u>**SERVICE LIST**</u>

*Atico International USA, Inc. v. Luv N' Care, Ltd.,  et al.*
Case No. 09-60397-CIV-COHN/SELTZER
United States District Court, Southern District of Florida

Alan Weisberg
aweisberg@cwiplaw.com
Jeffrey H. Kamenetsky
jkamenetsky@cwiplaw.com
Christopher & Weisberg, P.A.
200 East Las Olas Blvd., Suite 2040
Ft. Lauderdale, FL 33301
Phone: 954-828-1488
Facsimile: 954-828-9122
*Via CM/ECF.*

13