UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60397-CIV-COHN/SELTZER

ATICO INTERNATIONAL USA, INC., a
Delaware Corporation, and WALGREEN
CO., an Illinois Corporation,

    Plaintiffs,

vs.

LUV N' CARE, LTD., a Louisiana
Corporation, and ADMAR INTERNATIONAL,
INC., a Delaware Corporation,

    Defendants.
_____/

## ORDER REQUIRING MEDIATION

Trial having been set in this matter for April 12, 2010, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16.2, it is hereby

**ORDERED AND ADJUDGED as follows:**

1. All parties are required to participate in mediation.

2. Plaintiff's counsel, or another attorney agreed upon by all counsel of record and any unrepresented parties, shall be responsible for scheduling the mediation conference. The parties are encouraged to avail themselves of the service of any mediator on the List of Certified Mediators, maintained in the office of the Clerk of the Court, but may select any other mediator. **The parties shall agree upon a mediator within fifteen days from the date hereof.** If there is no agreement, lead counsel shall promptly notify the Clerk in writing and the Clerk shall designate a mediator from the List of Certified Mediators, which designation shall be made on a blind rotation basis.

3. A place, date, and time for mediation convenient to the mediator, counsel of record, and unrepresented parties shall be established.

4. Pursuant to Local Rule 16.2.E, **the appearance of counsel and each party or a representative of each party with full authority to enter into a full and complete compromise and settlement is mandatory.** If insurance is involved, an adjuster with authority up to the policy limits or the most recent demand, whichever is lower, shall attend.

5. All proceedings of the mediation shall be confidential and privileged.

6. At least ten days prior to the mediation date, each party shall present to the mediator a confidential brief written summary of the case identifying issues to be resolved.

7. The Court may impose sanctions against parties and/or counsel who do not comply with the attendance or settlement authority requirements herein or who otherwise violate the terms of this Order. The mediator shall report non-attendance and may recommend imposition of sanctions by the Court for non-attendance.

8. The mediator shall be compensated in accordance with the standing order of the Court entered pursuant to Rule 16.2.B.6, or on such basis as may be agreed in writing by the parties and the mediator selected by the parties. The cost of mediation shall be shared equally by the parties unless otherwise ordered by the Court. All payments shall be remitted to the mediator within forty-five days of the date of the bill. Notice to the mediator of cancellation or settlement prior to the scheduled mediation conference must be given at least three full business days in advance. Failure to do so will result in imposition of a fee for two hours.

9. If a full or partial settlement is reached in this case, counsel shall promptly notify the Court of the settlement in accordance with Local Rule 16.2.F., by the filing of a

notice of settlement signed by counsel of record within ten days of the mediation conference. Thereafter the parties shall forthwith submit an appropriate pleading concluding the case.

10. Within five days following the mediation conference, the mediator shall file a Mediation Report indicating whether all required parties were present. The report shall also indicate whether the case settled (in full or part), was adjourned, or whether the mediator declared an impasse.

11. **If mediation is not conducted, the case may be stricken from the trial calendar, and other sanctions may be imposed.**

DONE AND ORDERED at Fort Lauderdale Florida this 14th day of April 2009.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished to:

Honorable James I. Cohn
United States District Judge

All counsel of record and
any unrepresented parties