UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ATICO INTERNATIONAL USA, INC., a
Delaware corporation, and WALGREEN CO.,
an Illinois corporation,

        Plaintiffs,

v.

LUV N' CARE, LTD., a Louisiana corporation,
and ADMAR INTERNATIONAL, INC., a
Delaware corporation,

        Defendants.

CASE NO.: 09-60397-CIV-COHN/SELTZER

## ATICO'S MOTION FOR LEAVE TO AMEND COUNT I OF ITS COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

Plaintiff ATICO INTERNATIONAL USA, INC., (Atico) moves to amend Counts I, II and III of its original Complaint. Counts II and III (which now appear as Counts VII and VIII of the Amended Complaint) are the subject of a Motion to Dismiss (DE. 18) and may be amended as of right because Defendant has not yet answered them. Fed. R. Civ. P. 15(a). Counts I, II and III arise out of a set of common facts. Atico submits all three counts may therefore be amended and seeks leave to amend Count I since it has been answered. Exhibit A attached to this Motion is Atico's Amended Complaint. The following Memorandum supports this Motion.

### MEMORANDUM

**A.  Counts II and III may be amended by right**

Rule 15(a) "provides that '[a] party may amend its pleading once as a matter of course before being served with a responsive pleading.'" *Farrell v. G.M.A.C.,* 2008 U.S. Dist. LEXIS

31065, 9-10 (M.D. Fla. 2008). Defendants did not answer Counts II and III.[1] Atico amends those Counts by right. Atico respectfully submits amendment of Count I should be freely given, since Count I arises from the same facts as unanswered Counts II and III.

### B. Leave to amend Count I should be freely given with discretion

Leave to amend a Complaint shall "be freely given when justice so requires." Fed. R. Civ. P. 15(a). In interpreting Fed. R. Civ. P. 15(a), the U.S. Supreme Court, has held that "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.... If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claim on the merits. In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, *etc*. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 226 (1962). Liberal amendment standards facilitate the "Federal Rules' overall goal of resolving disputes, insofar as possible, on the merits in a single judicial proceeding." *Boeing Co. v. Shipman,* 411 F.2d 365, 374 (5th Cir. 1969); *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999); *Foman*, 371 U.S. at 182.

"Courts have interpreted [Rule 15] provisions liberally, in line with Federal Rules' overall goal of resolving disputes, insofar as possible, on the merits and in a single judicial proceeding." *Breckenridge Creste Apartments, Ltd. v. Citicorp Mortgage, Inc*., 826 F. Supp. 460, 463 (N.D. Ga. 1993) (*quoting, Spartan Grain & Mill Co. v. Ayers*, 517 F.2d 214, 220 (5th Cir. 1975)). "District courts have only **limited discretion to deny a party leave to amend** the pleadings[; t]hus, the Court is constrained to allow a plaintiff leave to amend unless there is a

---

[1] In the Amended Complaint (Ex. A), Counts II and III are now Counts VIII and IX.

2

substantial countervailing reason." *Grayson v. K Mart Corporation*, 79 F.3d 1086, 1110 (11th Cir. 1996) (emphasis added).

"In exercising its discretion with regard to the amendment of pleadings 'a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities.' Thus, Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). "Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires. The United States Supreme Court has emphasized that this mandate is to be heeded. As this mandate is to be heeded, there must be a justifying reason, for a court to deny leave to amend." *Gill v. Kostroff*, 2000 U.S. Dist. LEXIS 1153 (M.D. Fla. 2000), *see also Halliburton & Assoc. v. Henderson, Few & Co.,* 774 F.2d 441, 443 (11th Cir. 1985) (stating that a "substantial reason" is needed).

Here, defendants have not answered two of the three original Counts. DE. 19. Further, all of the Counts arise from overlapping, alleged facts. See generally Ex. A. The new factual amendments are also consistent with the facts alleged in the original Complaint. See, *e.g.*, Ex. A (incorporation paragraphs of Counts I-VII). Defendants also cannot reasonably complain they are surprised by the amendments. For example, many new allegations are based on defendants' own conduct. Ex. A at ¶¶ 43-48. And new counts stem from the same bad acts complained of originally. Ex. A at ¶¶ 84-104. Under the liberal rubric applied to this discretionary decision, the Court should find that the timing and content of Atico's Amended Complaint and the instant

Motion to Amend justify granting this Motion, especially since leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15 (a).

### C. Policy considerations compel permitting amendment

The policy underscoring Rule 15(a)'s liberal amendment provisions also supports permitting the amendment and is strongest when applied, as here, to a first motion to amend in a single case. *See Thompson v. New York Life Ins. Co.*, 644 F. 2d 439, 444 (5th Cir. 1981) ("This policy is certainly strongest where the motion challenged is the first motion to amend"). Plaintiffs' first motion to amend comes soon after the first appearance of any defendant. Additionally, granting the instant motion will not lead to undue delay or prejudice to the defendants, or futility of the amendment. *See McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999); *Foman*, 371 U.S. at 182. The mere passage of time between an original filing and an attempted amendment is not a sufficient reason for denial of the motion. *See Spartan Grain & Mill Company v. Ayers,* 517 F. 2d 214, 220 (5th Cir.1975). Defendants have not completely answered the Complaint. Discovery has not yet commenced. Trial is not scheduled until next year. DE. 20. No reason exists for the court to use its discretion to deny Atico's instant Motion. Indeed, this is Atico's first motion for leave to amend; little time has passed since the original Complaint was filed; and denial of such a request is generally disfavored. *See Grayson v. KMart Corporation*, 79 F.3d at 1110 ("District courts have only limited discretion to deny a party leave to amend the pleadings….").

### D. Defendants will not be prejudiced by the amendments

In *Foman*, the Supreme Court explained a court should only deny leave to amend a pleading when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile.

4

*See* 371 U.S. at 182. "The grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* "[I]f the court is persuaded that no prejudice will accrue, the amendment should be allowed[. E]ven if some prejudice would result to the adverse party if the motion to amend were granted, that prejudice must still be balanced against the hardship to the moving party if it is denied.  Having to defend the merits of the case cannot be called undue prejudice." *Chambers v. Wood*, 1996 U.S. Dist. LEXIS 22745, 4 (D. Minn. 1996) (cites omitted).  No exception to the freely-given Rule 15(a) standard applies here.

No delay or prejudice will result from allowing Atico to amend Count I of its Complaint. Initially, defendants submitted themselves to the jurisdiction of this Court when they answered the Complaint on April 15, 2009.  DE 19.  Counts II and III may be amended by right, since defendants refused to answer them.[2]  Defendants are obviously aware that they did not answer Counts II and III of the original Complaint.

On the other hand, not permitting an amendment to its Complaint may prejudice Atico. Defendants intentionally interfered with Atico's business relationships.  Defendants conduct establishes other claims and related Counts.  Atico should be permitted to vet its claims out in a single case based on the same and similar conduct.

Not permitting the amendment will also unnecessarily burden the judiciary, since Atico would be forced to bring its new Counts in a separate case. *See* Fed. R. Civ. P. 1.  Finally, Atico's proposed amendments are not futile and do not stem from bad faith or dilatory motive.  There is no danger of undue delay or prejudice to the Defendants.  Defendants will face no significant burden in

---

[2] That refusal is without merit, but is more appropriately addressed in a substantive opposition to their pending Motion to Dismiss Counts II and III.

5

responding to Plaintiff's Amended Complaint because, for example, they claimed to have very little knowledge about anything in the original Complaint when they answered Count I. *See* generally DE 19.

The amendments also are not futile. The amendments add additional facts and claims that specify defendants' conduct and additional products that are material to reducing litigation in other jurisdictions and that cover all of Atico's potential claims against defendants. These include new facts that also support previously- and newly-pled Counts. Absent amendment, more litigation likely would result.

### E. Granting leave to amend the Complaint moots Defendants' Motion to Dismiss

Defendants filed a Motion to Dismiss Counts II and III. DE 18. Counts II and III have been amended by right. Defendants' Motion to Dismiss Counts II and III is therefore moot. Atico will request an extension of time to file its Response to defendants' Motion to Dismiss to avoid unnecessary litigation of that Motion, even though its substance is without merit. But that is an issue for another paper.

### CONCLUSION

For the foregoing reasons, Atico's motion for leave to amend should be granted, and the proposed Amended Complaint attached as Exhibit A should be deemed filed as of the date of the filing of this motion.

### Local Rule 7.1(A)(3) Certification

Atico certifies its counsel attempted to confer with Defendants' counsel in a good faith attempt to resolve this sole issue raised by this motion, namely, whether Atico should be permitted to amend its Complaint. On Thursday, April 30, 2009, Atico's counsel requested, by email, and in a telephone conference, whether defendants would oppose a Motion for Leave to Amend the Complaint. As its basis, Atico explained it had new information and new claims to

6

present.  Defendants' counsel requested until Noon today to respond as to whether they would oppose.  At approximately 10:45 a.m., defendants' counsel stated in an email that they would not take a position without seeing the papers.  Atico's counsel was in meetings with its client until about 3:00 p.m. (at which time it reviewed the 10:45 a.m. email) and the Amended Complaint was not complete until after just before this filing.  Atico believes its explanation that additional factual allegations and claims are included is sufficient at this stage of the litigation – *where defendant has pending a motion to dismiss the Counts to be amended* – and meets the meet and confer requirement.  That is, for its part, Atico submits it has met the Local Rule 7.1(A)(3) requirement that:

> counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute.

Local Rule 7.1(A)(3).  Defendants' counsel will disagree.

Dated:  May 4, 2009          By:     s/ Jeffrey H. Kamenetsky
                                     Jeffrey H. Kamenetsky, Esq. (FL. Bar # 114571)
                                     Email:  jkamenetsky@cwiplaw.com
                                     Alan M. Weisberg, Esq. (FL. Bar # 047349)
                                     CHRISTOPHER & WEISBERG, P.A.
                                     200 East Las Olas Boulevard, Ste 2040
                                     Fort Lauderdale, Florida 33301
                                     Telephone: (954) 828-1488
                                     Facsimile: (954) 828-9122

                                     *Attorneys for Plaintiff Atico International USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2009, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system.

s/ Jeffrey H. Kamenetsky
Jeffrey H. Kamenetsky, Esq.

153919