**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 09-60397-CIV-COHN/SELTZER

ATICO INTERNATIONAL USA, INC.,
a Delaware corporation,

       Plaintiff,

v.

LUV N' CARE, LTD., a Louisiana Corporation,
and ADMAR INTERNATIONAL, INC.,
a Delaware Corporation,

       Defendants.
_____/

LUV N' CARE, LTD., a Louisiana Corporation,
and ADMAR INTERNATIONAL, INC.,
a Delaware Corporation,

       Counterclaim and
       Third Party Plaintiffs,

v.

ATICO INTERNATIONAL USA, INC.,
a Delaware Corporation, Counterclaim Defendant
and WALGREEN CO., an Illinois Corporation
Third Party Defendant.
_____/

**THIRD PARTY DEFENDANT WALGREEN CO.'S MOTION TO DISMISS,
OR, IN THE ALTERNATIVE, STAY LUV N' CARE, LTD.'S AND
ADMAR INTERNATIONAL, INC.'S THIRD PARTY COMPLAINT**

Third Party Defendant Walgreen Co. ("Walgreen"), by and through its undersigned counsel, hereby moves for dismissal, with prejudice, of the Third Party Complaint of Luv N' Care, Ltd. ("LNC") and Admar International, Inc. ("Admar") (collectively, "the LNC Parties"), and, in support thereof, respectfully states as follows:

**I.      INTRODUCTION**

The Third Party Complaint is nothing more than an improper attempt by the LNC Parties to seek yet another do-over of their claims.  The LNC Parties have been litigating the same issues against Walgreen for more than a year in New York.  They have asked the New York court to grant summary judgment of infringement.  Walgreen has also cross-moved for summary judgment that the LNC Parties have no protectable trade dress.  No doubt recognizing serious shortcomings in their case in New York, hours after Walgreen filed its summary judgment motion, the LNC Parties sought a first do-over in that forum by seeking leave to amend their Complaint or, alternatively, to transfer the action *that they brought in New York*, to this Court.  Now, without waiting for the New York court to rule on *any* of the pending motions, and rightfully fearful of an imminent "game over" in New York, the LNC Parties attempt to short-circuit the New York proceedings and get a second do-over by filing the instant Third Party Complaint as an insurance policy against decisions that *they have not even waited for the New York court to make*.  The Federal Rules of Civil Procedure do not, however, provide the reset button that the LNC Parties so desperately seek.

There can be no doubt that the Third Party Complaint asks this Court to address issues that are virtually indistinguishable from those already pending before the New York court and those that the LNC Parties and Walgreen have asked the New York court to resolve on summary judgment.  In fact, the LNC Parties admit as much.  In the interests of comity, conservation of judicial resources, and comprehensive resolution of litigation, federal district courts are loathe to permit duplicative litigation or to allow a plaintiff to harass a defendant by repeatedly litigating the same claim.  Indeed, this is not even a situation that warrants a Third-Party Complaint.  Thus, there are several reasons why this Court should dismiss the Third Party Complaint:

- The Third Party Complaint represents the LNC Parties' effort to unilaterally grant their own motions, circumventing the Federal Rules of Civil Procedure by pulling the jurisdictional rug out from under the New York court and depriving that court of its prerogative to decide procedural motions pending before it.

- The Third Party Complaint seeks to avoid the preclusive effect of the New York court's decision on the parties' pending summary judgment motions.

- The Third Party Complaint violates the rule against claim-splitting by presenting claims that the LNC Parties belatedly attempted to introduce before the New York court.

In short, for this Court to entertain the Third Party Complaint would be "a truly monumental waste of scarce judicial resources" (*see* Section III.B.1., *supra*) and would permit the LNC Parties to bend the Federal Rules of Civil Procedure to their own will. Accordingly, the Third Party Complaint should be dismissed with prejudice, or, in the alternative, stayed, pending resolution of the New York litigation. Walgreen further requests the Court grant its fees incurred in responding to this duplicative Third-Party Complaint.

## II.     FACTUAL BACKGROUND

The LNC Parties initiated a multi-jurisdictional dispute when they sued the manufacturer of the products at issue, Royal King of Thailand ("Royal King"), in the Eastern District of Texas, Civil Action No. 08-163 ("the Texas litigation"), and then a month later sued the retailer of those same products, Walgreen, in the Southern District of New York, 08-CIV 4457 ("the New York litigation"). Tex. Dkt. # 1;[1] Declaration of Jeffrey Kamenetsky, Esq. ("Kamenetsky Decl."), Ex. A. The instant case ("the Florida litigation") originated when Atico, the intermediary that sourced the goods from the manufacturer to Walgreen, sued the LNC Parties for, *inter alia*, interference with Atico's contractual relations with Walgreen and a declaration of non-

---

[1] To minimize the submission of papers to this Court, Walgreen has cited certain pleadings by reference to the appropriate case and Docket Number (*e.g.*, Tex. Dkt. #, NY Dkt. #, or Fla. Dkt. #) rather than including them as exhibits. Should the Court desire to review any of these pleadings, Walgreen will provide copies upon request.

infringement as to two newly redesigned products that were not at issue in the New York litigation. Fla. Dkt. # 1.

Despite having full opportunities to litigate against Royal King and Walgreen in the Texas and New York litigations, respectively, the LNC Parties failed to conduct any meaningful discovery in either case. Moreover, despite having learned of Atico's role in supplying Royal King products to Walgreen during discovery in the New York litigation, the LNC Parties failed to take any action with regard to Atico before discovery closed. Instead, more than a month after the close of discovery in the New York litigation, and only after learning that Walgreen was moving for summary judgment of non-infringement because the LNC Parties have no protectable trade dress, the LNC Parties cross-moved for summary judgment of infringement. NY Dkt. # 43 (Walgreen's Supporting Memorandum of Law); NY Dkt. # 49 (The LNC Parties' Supporting Memorandum of Law). Simultaneously, the LNC Parties filed a Motion for Leave to Amend the Complaint or, Alternatively, for Transfer ("Motion to Amend or Transfer"), accompanied by a proposed First Amended Complaint, asking the New York court to either permit the LNC Parties to amend their Complaint to add Atico as a party or transfer the New York litigation to Florida. Kamenetsky Decl., Exs. B and C.

Walgreen opposed the Motion to Amend or Transfer as untimely based on the fact that the LNC Parties were not diligent in pursuing their litigation claims, delayed unreasonably in seeking the amendment, and offered no "good cause" to justify their untimely amendment.[2] Walgreen also opposed the Motion to Amend or Transfer on the basis that is manifestly unjust to provide the LNC Parties a "do-over" in any forum when the LNC Parties have brought two prior

---

[2]  The present Third Party Complaint is more of the same. The LNC Parties filed the present motion without leave of court as required by Fed. R. Civ. P. 14(a)(1) for Third Party Complaints filed more than 10 days after the original answer. If this Court were to require Plaintiffs to refile the present Third Party Complaint, they would now have to meet the same "good cause" requirement – which they could not do.

lawsuits, failed to conduct any meaningful discovery in either case, and waited until Walgreen moved for summary judgment on the merits before attempting to remove their claims from *the forum of their own choosing*.  NY Dkt. # 68.

The New York court has not yet ruled on the merits of the parties' dispositive summary judgment motions or the Motion to Amend or, Alternatively, Transfer.  Nonetheless, by filing the Third Party Complaint, Kamenetsky Decl., Ex. D., the LNC Parties seek to unilaterally remove their claims from the New York court and foist jurisdiction upon this Court over the very same issues, effectively depriving the New York court of its prerogative to hear and decide cases pending before it and asking this Court to substitute its judgment for that of the court that the LNC Parties' initially selected.

### III.   ARGUMENT

The LNC Parties' Third Party Complaint is, for all intents and purposes, identical to their claims in the New York litigation.  Indeed, these two lawsuits present common parties and relief requested, and any differences in the issues presented are inconsequential.  Moreover, the use of a Third Party Complaint to bring in Walgreen is improper.  As such, the instant Third Party Complaint is duplicative of the New York litigation and violative of the rule against claim-splitting, and this Court should accordingly dismiss the Third Party Complaint.

#### A.   Because The LNC Parties' Third Party Complaint Is Duplicative Of The New York Litigation, Only The New York Litigation Should Proceed.

"'As between federal district courts . . . the general principle is to avoid duplicative litigation.'"  *Miccosukee Tribe of Indians of Florida v. South Florida Water Mgmt. Dist.*, 559 F.3d 1191, 1196 (11th Cir. 2009); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) (both quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).  "This doctrine 'rest[s] on considerations of '[w]ise judicial

administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'"  *I.A. Durbin, Inc.*, 793 F.2d at 1551.  This principle of federal comity also ensures that federal district courts of concurrent jurisdiction and equal rank do not interfere with each other's affairs or impinge upon each other's authority.  *E.g.*, *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-29 (5th Cir. 1985).

The threshold question, therefore, is whether the instant Third Party Complaint is duplicative of the New York litigation such that only one of the two suits should proceed.  Suits are duplicative "if the parties, issues and available relief do not significantly differ between the two actions."  *I.A. Durbin*, *Inc.*, 793 F.2d at 1551.  Applying this standard, it is undebatable that the instant litigation is duplicative of the New York litigation.

First, there is commonality of parties as between the Third Party Complaint in the instant litigation and the New York litigation.  Second, the LNC Parties seek common relief – damages and injunctive relief – in both suits.  Finally, there is substantial similarity between the issues presented by the instant Third Party Complaint and the New York litigation.  The LNC Parties' allegations in both lawsuits relate to the same accused products and acts.  Indeed, for all intents and purposes, the allegations in the LNC Parties' proposed First Amended Complaint are identical to those in the instant Third Party Complaint, containing only inconsequential differences.[3]  Kamenetsky Decl., Ex. A at ¶¶ 82-112; Kamenetsky Decl., Ex. C at ¶¶ 123-156; Kamenetsky Decl., Ex. D at 123-149.

The LNC Parties' own argument in connection with their Motion to Amend or Transfer resolves any remaining doubt as to the duplicative nature of the claims in the New York and

---

[3]  To aid the Court in comparing the claims in the New York litigation and the instant case, Exhibit E to the Kamenetsky Decl. is a red-line comparison of the relevant paragraphs of the proposed First Amended Complaint (Kamenetsky Decl., Ex. C) and the Third Party Complaint (Kamenetsky Decl., Ex. D).

present suits. The LNC Parties characterize their proposed First Amended Complaint as "not rais[ing] any new claims but, rather, simply provid[ing] more detailed pleading as to the facts and elements of their existing claims."[4]  Kamenetsky Decl., Ex. B, at 3.  This is tantamount to admitting that the LNC Parties are asking this Court to hear *the very same claims that the LNC Parties filed in May 2008 in the New York litigation*.

Federal comity dictates that only one of the duplicative actions should proceed.  Like most circuits, the Eleventh Circuit applies the "first-filed" rule when examining issues of duplicative litigation.  Under the first-filed rule, there is a strong presumption favoring the forum in which the suit was first filed.  *E.g.*, *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005); *Merrill Lynch, Pierce, Fenner & Smith v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982).  Any exceptions to the first-filed rule must be based on "compelling circumstances." *Manuel*, 430 F.3d at 1135; *Merrill Lynch*, 675 F.2d at 1174 ("In absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case.").  The burden of establishing "compelling circumstances" falls upon the party objecting to jurisdiction in the first-filed forum.  *Manuel*, 430 F.3d at 1135.

With respect to the LNC Parties' duplicative claims, the first-filed forum is the Southern District of New York, as both the LNC Parties' Complaint and proposed First Amended Complaint precede the instant Third Party Complaint.  Nor can the LNC Parties carry the burden of establishing "compelling circumstances" that would warrant this Court making an exception to the first-filed rule.  Indeed, because the LNC Parties chose to avail themselves of the Southern District of New York, any objections they have to that jurisdiction must fall on deaf ears.  This

---

[4] Walgreen disagrees with this characterization of the proposed First Amended Complaint and opposes the Motion to Amend or Transfer based, *inter alia*, on the prejudicial revision of alleged trade dress after the close of discovery and the addition of trade dress packaging claims for the same products that were previously accused of infringement. NY Dkt. # 68 at 8-10. Either way, the result here is the same – the instant Third Party Complaint duplicates the New York litigation and, therefore, should not proceed.

Court should therefore decline to hear the LNC Parties' claims and instead allow them to proceed in New York subject to the New York court's case management procedures.

### B. This Court Should Exercise Its Discretion To Dismiss, Rather Than Stay, The Duplicative Claims.

Having established that it is the New York litigation, not the instant litigation, that should move forward, the only remaining question is whether this Court should dismiss the Third Party Complaint or stay it pending resolution of the New York litigation, where discovery recently closed and the parties' cross-motions for summary judgment are fully briefed. While the decision to dismiss or stay litigation in order to avoid multi-district duplicative litigation is committed to the district court's discretion, *I.A. Durbin*, *Inc.*, 793 F.2d at 1551-52, the present circumstances strongly favor dismissal.

#### 1. The LNC Parties Are Attempting To Circumvent The Federal Rules Of Civil Procedure And Thereby Usurp The Authority Of The New York Court.

The LNC Parties' motive for filing this duplicative lawsuit is transparent – they recognize that they have failed to prosecute the New York and Texas litigations, they fear that the New York court will accordingly rule against them, and they hope to wipe the slate clean and start anew in this Court. Indeed, by filing the Third Party Complaint, the LNC Parties have effectively granted their own motion, foisting jurisdiction upon this Court and depriving the New York court of its prerogative to decide several pending motions. The Federal Rules of Civil Procedure do not, however, permit the do-over that the LNC Parties desire.

Courts routinely dismiss later-filed duplicative actions when they are attempts to circumvent the Federal Rules of Civil Procedure. For example, in *Fawcett v. Ditkowsky*, the plaintiffs proffered an amended complaint in the first-filed action several months after the close of discovery. 1992 WL 186065, at *1 (N.D. Ill. July 27, 1992). Before the court could rule on

the plaintiffs' motion to amend, plaintiffs filed a second complaint that "track[ed] the earlier complaint word-for-word to a great extent. . . ." *Id.*  In dismissing the duplicative second-filed complaint, the court announced that to do otherwise "would be for all practical purposes to announce to [the first-filed court] that [it] is incapable of ruling on a Motion brought before [it]. We shall not in effect grant, on [the first-filed court's] behalf, the Motion to Amend . . . ." *Id.* at *4.  The court further criticized plaintiffs' actions as "an end-run around Federal Rule of Civil Procedure 15" and "a truly monumental waste of scarce judicial resources." *Id.* at *3.[5]

The LNC Parties are behaving no differently than the *Fawcett* plaintiffs.  Just as in *Fawcett*, the LNC Parties' Motion to Amend or Transfer was filed after the close of discovery in the New York litigation.  Just as in *Fawcett*, the Third Party Complaint tracks the proposed First Amended Complaint almost verbatim.  Just as in *Fawcett*, the LNC Parties seek to pluck a motion from the first-filed court and "reinvent the wheel by conducting full-blown proceedings" in this Court. *Id.* at *3.  Just as in *Fawcett*, this Court is presented with nothing more than an insurance policy against an adverse decision by the first-filed court holding the LNC Parties accountable for their failure to prosecute the New York and Texas litigations and requiring them to hew to the Federal Rules of Civil Procedure.  Therefore, just as in *Fawcett*, this Court should

---

[5] *See also Friends of the Earth, Inc. v. Crown Central Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996) ("When a plaintiff files a second complaint alleging the same cause of action as a prior, pending related action, the second complaint may be dismissed . . . . *This rule finds particular application where, as here, the plaintiff files the second complaint to achieve procedural advantage by circumventing the rules pertaining to the amendment of complaints*.") (quotations omitted; emphasis added); *Clarke v. City of New York*, 1999 WL 608857, at *15 (E.D.N.Y. July 22, 1999) (noting that a new complaint, arising out of the same events as the original complaint, and presented without the permission required by Fed. R. Civ. P. 15(a), would be subject to dismissal); *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1144-45 (E.D. Cal. 1999) (dismissing the duplicative later-filed suit after plaintiff failed to seek leave to amend in the first-filed suit).

decline the invitation to substitute its judgment for that of the New York court with respect to the Motion to Amend or Transfer and dismiss the Third Party Complaint with prejudice.[6]

### 2. The LNC Parties Are Attempting To Buy An Insurance Policy To Avoid The Binding Effect Of Asking The New York Court To Reach The Merits Of Their Claims.

The LNC Parties have already decided that the New York court is the proper forum to decide their claims – *they* selected that forum and *they* moved for summary judgment of infringement there *prior to filing suit in this Court*. The LNC Parties cannot, however, have their day in court in New York and, just in case they dislike the result there, preserve a second bite at the apple in this Court.

Whenever possible, the district courts seek to avoid "piecemeal resolution of issues that call for a uniform result." *West Gulf Maritime Ass'n*, 751 F.2d at 729 (citing *Colorado River*, 424 U.S. at 818-20). As such, district courts typically dismiss actions "where the issues presented can be resolved in an earlier-filed action pending in another district court." *Id.* "[W]hen two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and *no purpose would be served by proceeding with a second action*." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (emphasis added).

This is precisely the situation presented here. In fact, not only is the New York court the first court to have acquired jurisdiction over the LNC Parties' claims, it is the court that the LNC Parties affirmatively chose to hear their claims – it was the LNC Parties that initiated suit and moved for summary judgment of infringement in the Southern District of New York. In ruling

---

[6] As yet another example of the LNC Parties' total disregard for the Federal Rules of Civil Procedure and the authority of the federal district courts, Walgreen respectfully points out that the LNC Parties filed the instant Third Party Complaint against Walgreen after the deadline set by Fed. R. Civ. P. 14(a)(1) without asking leave of this Court. *See Carneys Point Metal Processing, Inc. v. Reco Constructors*, 2006 U.S. Dist. LEXIS 17554, at *6 (E.D. Pa. Apr. 6, 2006) (finding that an answer to an amended complaint functions as an "original answer" only if the amended complaint sets forth new theories of liability).

on the parties' cross-motions for summary judgment, the New York court will necessarily decide *the very same issues* that the LNC Parties have asked this Court to consider.[7]

Having chosen to avail themselves of the Southern District of New York with respect to the merits of their claims, the LNC Parties should be bound by the decisions of that court. Indeed, it goes without saying that the decision of the New York court will implicate *res judicata* and collateral estoppel vis-à-vis the allegations in the instant Third Party Complaint. As in *Pacesetter*, "no purpose would be served by proceeding" with the Third Party Complaint. *Id.*

Just as this Court should not substitute its judgment for that of the Southern District of New York with respect to the LNC Parties' Motion to Amend or Transfer, it should not substitute its judgment for that of the Southern District of New York with respect to the merits of the LNC Parties' claims. Accordingly, this Court should dismiss the Third Party Complaint with prejudice.

### 3. The LNC Parties Have Improperly Filed a Third Party Complaint

The LNC Parties' Third Party Complaint also is inconsistent with Fed. R. Civ. P. 14(a).

> Rule 14(a) authorizes defendant to bring into a lawsuit any person "not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." . . . . A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant . . . . The secondary or derivative liability notion is central and it is irrelevant whether the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory. . . . <u>The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough</u>.

Wright Miller, 6 FPP § 1446 (internal citations omitted).

---

[7] Walgreen's motion for summary judgment in the New York litigation is seemingly also dispositive of the LNC Parties' Counterclaim against Atico.

The present Third Party Complaint does not meet these considerations. It does not attempt to transfer any liability from the LNC Parties to Walgreen. Therefore the Third Party Complaint is improper.

### C. Even If The Third Party Complaint Presents Additional Issues, It Is Barred By The Rule Against Claim Splitting.

As discussed above, the LNC Parties have taken the position that their proposed First Amended Complaint, and therefore their virtually identical Third Party Complaint, "simply provide[s] more detailed pleading as to the facts and elements of their existing claims." Kamenetsky Decl., Ex. B at 3. Even if the LNC Parties now take a contrary position and argue that the instant Third Party Complaint presents additional issues vis-à-vis their original Complaint in the New York litigation, this Court should dismiss the Third Party Complaint pursuant to the rule against claim-splitting.

Like the rule against duplicative litigation, the rule against claim-splitting "protects litigants from vexatious relitigation of claims that could have been brought together with other claims that arose from the same facts and circumstances." *Del Pino v. AT&T Information Sys., Inc.*, 921 F. Supp. 761, 766 (S.D. Fla. 1996). In both *Ameritox, Ltd. v. Aegis Sciences Corp.* and *Oxbow Energy, Inc. v. Koch Indus., Inc.*, the court dismissed, on claim-splitting grounds, claims that the plaintiffs were denied leave to add to earlier-filed complaints. *Ameritox, Ltd. v. Aegis Sciences Corp.*, 2009 WL 305874, at *5 (N.D. Tex. Feb. 9, 2009) ("[B]ecause it is apparent that Ameritox, in filing the present lawsuit, sought to circumvent the Southern District of Florida's decision to deny its motion for leave to file an amended complaint, dismissal pursuant to the rule against claim-splitting is particularly appropriate here."); *Oxbow Energy, Inc. v. Koch Indus., Inc.*, 686 F. Supp. 278, 282 (D. Kan. 1988) ("The fact that Judge Crow did not allow plaintiffs to

proceed on all claims is not a persuasive reason for granting plaintiffs the right to proceed in a second action.").

As in *Ameritox* and *Oxbow Energy*, the LNC Parties have presented claims before this Court that they sought leave to amend to add to the New York litigation, thereby circumventing the Federal Rules of Civil Procedure. Unlike *Ameritox* and *Oxbow Energy*, however, the LNC Parties did not even have the courtesy to wait for the New York court to rule on their Motion to Amend or Transfer or the parties' cross-motions for summary judgment. In this respect, what the LNC Parties hope to achieve through the Third Party Complaint is an even more egregious affront to the rule against claim-splitting than in *Ameritox* and *Oxbow Energy*. This Court should not countenance the LNC Parties' efforts to pull the rug out from under the New York court, and should dismiss the Third Party Complaint with prejudice.

## IV.   CONCLUSION

Based upon the foregoing, this Court should dismiss the LNC Parties' Third Party Complaint against Walgreen with prejudice as duplicative of the LNC Parties' claims in the New York litigation, violative of the rule against claim-splitting, and because of the improper filing of a Third Party Complaint. In the alternative, this Court should stay the Third Party Complaint pending resolution of the New York litigation. Walgreen further requests the Court grant its fees incurred in responding to this duplicative Third-Party Complaint.

Dated: July 9, 2009    By:    s/ Jeffrey H. Kamenetsky
Jeffrey H. Kamenetsky, Esq. (FL. Bar # 114571)
Email:  jkamenetsky@cwiplaw.com
Alan M. Weisberg, Esq. (FL. Bar # 047349)
CHRISTOPHER & WEISBERG, P.A.
200 East Las Olas Boulevard, Ste 2040
Fort Lauderdale, Florida 33301
Telephone: (954) 828-1488
Facsimile: (954) 828-9122

*Attorneys for Plaintiff Atico International USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2009, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system.

s/ Jeffrey H. Kamenetsky
Jeffrey H. Kamenetsky, Esq.

163184