# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 09-60397-CIV-COHN/SELTZER

ATICO INTERNATIONAL USA, INC.,
a Delaware corporation,

      Plaintiff,

  v.

LUV N' CARE, LTD., a Louisiana Corporation,
and ADMAR INTERNATIONAL, INC.,
a Delaware Corporation,

      Defendants.

_____/

LUV N' CARE, LTD., a Louisiana Corporation,
and ADMAR INTERNATIONAL, INC.,
a Delaware Corporation,

      Counterclaim and
      Third Party Plaintiffs,

  v.

ATICO INTERNATIONAL USA, INC.,
a Delaware Corporation, Counterclaim Defendant
and WALGREEN CO., an Illinois Corporation
Third Party Defendant.

_____/

### THIRD PARTY DEFENDANT WALGREEN CO.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, OR, IN THE ALTERNATIVE, STAY LUV N' CARE, LTD.'S AND ADMAR INTERNATIONAL, INC.'S THIRD PARTY COMPLAINT

Third Party Defendant Walgreen Co. ("Walgreen") provides this reply memorandum in

support of its motion to dismiss (or, in the alternative, stay Luv N' Care's and Admar

International's (collectively "LNC") Third Party Complaint). Docket No. (DE) 37, 39.

## I.    <u>INTRODUCTION</u>

When stripped of the irrelevant misrepresentations as to Walgreen, LNC raises no substantive opposition to the fact that LNC seeks to drag Walgreen into Court in Florida to re-litigate the exact same issues currently pending before the New York Court in which LNC initially chose to sue Walgreen.  The present dispute between Atico and LNC is a different action involving different products, and there is no just reason to subject Walgreen to duplicative litigation through a Third Party Complaint that LNC is pursuing against Walgreen in New York. Indeed, <u>LNC</u> itself previously argued to <u>this Court</u> that the issues between Walgreen and LNC should be decided by the New York Court.  *See* DE 12 at 9 ("This Court is well-aware that the doctrine of federal comity, otherwise known as the 'first-to-file' rule, counsels against taking jurisdiction of or proceeding with a second-filed action, let alone intruding into another court's management of the timing of discovery in a first-filed action." (citing Cohn, J. decisions)).  LNC also argued to the New York Court that issues between Walgreen and LNC should be decided by the New York Court.  *See, e.g.*, DE 12 at Ex. J n.2.[1]  LNC's double-speak demonstrates both the futility of their opposition to this motion to dismiss and the irrelevance of the arguments they do make (*e.g.*, their New York discovery-based argument) – the dispute between Walgreen and LNC is, and should remain, in New York where LNC initially sued Walgreen.

LNC's opposition makes the identical arguments <u>already pending</u> before the New York Court in the case LNC brought more than a year and a half ago.  LNC was the architect of the multi-jurisdictional strategy, not Walgreen.  Notably, in New York LNC refused to agree to consolidate another case it filed in Texas (and the manufacturer of the products at issue in this

---

[1]    In this submission to the New York Judge before fact discovery closed, LNC stated:  "That [Florida] second-filed action violates the fundamental first-filed rule and Luv n' care intends to move the Court in Florida to dismiss the later case.  According to the Eleventh Circuit, [i]n [sic: omitted citation] the absence of compelling circumstances, the court initially seized of a controversy should be the one to decide it.'  *Merryl Lunch v. Hadum*, 675 F.2d 1169, 1174 (11th Cir. 1982), *see also Supreme International Corp. v. Anheuser-Busch, Inc.*, 975 F. Supp 604[, no pin cite] (S.D. Fla. 1997)(granting motion to dismiss trademark infringement action under first-filed rule)."

and the NY case).  NY Action, DE 87 at ¶ 7-8 and Ex. B.  Now that LNC is unhappy with its

own handling of the New York action, it improperly seeks a "do-over" in this Court under the

ruse of trying to bring all parties to a single jurisdiction.

      Moreover, LNC improperly relies on settlement communications and settlement hearsay

statements (where Walgreen was not even party) in a clear attempt to distract the Court from the

substance of LNC's own failings in its opposition here and its prior inconsistent statements.  This

is at least the second time LNC has abused Federal Rule 408.  *See, e.g.*, NY Action, DE 77 at 3-4

(argument regarding settlement) and DE 75 at ¶ 2 (describing settlement discussion and

agreement)).  These inadmissible arguments are irrelevant red-herrings.  The present motion is

<u>not</u> about any alleged improper conduct by Walgreen (something Walgreen categorically

disputes and has documented in Walgreen's opposition to the duplicative proceedings LNC

brought in New York).  Rather, Walgreen's motion simply addresses LNC's improper attempts

to file this untimely "just-in-case" third party complaint as a back-up should the New York Court

deny the relief LNC seeks.  The dispute between LNC and Walgreen should be decided by the

New York Court, as LNC itself has previously requested of both this Court and the New York

Court.

      For these reasons, the Court should disregard LNC's attempt to waste this Court's

resources and dismiss LNC's third party complaint against Walgreen.

**II.**    <u>**ARGUMENT**</u>

    **A.**    <u>**LNC Simultaneously Seeks The *Exact* Result In New York That It Attempts To Achieve Through Its Improper Third Party Complaint.**</u>

      LNC cannot credibly dispute that it simultaneously seeks two different Courts to hear the

exact dispute.  Indeed, LNC – in a confusingly backward admission – acknowledges that the

New York Court should be permitted to resolve the "earlier-filed motion in the first-filed action."

*See* DE 42 at 13 ("LNC and Admar have already filed a motion to [for leave to amend the Complaint or] transfer with the New York court seeking a transfer of that action to this Court. The New York court should be permitted to decide that earlier-filed motion in the first-filed action."). On this point, Walgreen agrees. The New York Court should decide the issues in the Third Party Complaint, not this Court.

Tellingly, LNC's opposition completely ignores the factually analogous case of *Fawcett v. Ditkowsky*, 1992 WL 186065 (N.D. Ill. 1992) detailed in Walgreen's initial memorandum. DE 37 at 8-10. In a maneuver strikingly similar to the facts in *Fawcett*, LNC filed a motion for leave in New York seeking to amend its Complaint, or in the alternative, transfer the New York case to this Court <u>after the close of discovery</u>. In dismissing the Complaint, the court in *Fawcett* rightly determined such tactics to be a "<u>truly monumental waste of scarce judicial resources</u>." 1992 WL 186065 at *3 (emphasis added). The New York Court has jurisdiction over LNC's dispute with Walgreen (however unavailing). This Court should decline to allow LNC's instigation of monumentally-wasteful, plainly duplicative proceedings through their untimely filed third party complaint.[2]

**B.      <u>LNC Misstates Walgreen's Position Regarding LNC's Post-Discovery Attempt To Amend The New York Complaint And Bring A Third Party Complaint Against Walgreen In This Action.</u>**

Walgreen's position in New York is exactly the same as it is here. LNC must proceed against Walgreen in New York only, as that is where LNC chose to file its action. LNC wrongly states that Walgreen is taking contrary positions in New York and Florida. DE 46 at 8. Contrary to LNC's misstatements, Walgreen unambiguously explained that LNC's proposed <u>First</u>

---

[2]      As stated in Walgreen's initial memorandum, LNC's Third Party Complaint was filed together with its Answer and Counterclaims to Atico's <u>amended complaint</u> which cannot be considered an "original complaint" as contemplated by the Federal Rules of Civil Procedure. *See* DE 37 at 9 & n.5. LNC does not take issue with this distinction in its opposition.

4

Amended Complaint in New York (the subject of the motion for leave to amend) is virtually

identical to the Third Party Complaint in this action.  Walgreen's brief stated the following:

> "Indeed, for all intents and purposes, the allegations in the LNC Parties' proposed
> First Amended Complaint are identical to those in the instant Third Party
> Complaint, containing only inconsequential differences."

DE 37 at 6 (emphasis added).

This, of course, illustrates the duplicative issues raised by LNC that could and should

have been raised in the New York action when it sued Walgreen in the first instance.  LNC's

duplicative issues should be left to the New York Court's jurisdiction.  Indeed, the decision of

the New York Court would moot the need for the present Third Party Complaint.  Either way,

however, it is inappropriate for LNC to continue to litigate the same issues in New York and

Florida at the same time.  This is a waste of the Court's scarce resources and imposes an

improper and unfair burden on Walgreen.

## C.    LNC's New York-Discovery Arguments Are Irrelevant And Inconsistent With LNC's Prior Positions.

LNC's litany of irrelevant accusations concerning discovery issues in New York are not

just wrong but also of no consequence to the motion to dismiss.  *See generally* DE 46 (especially

pages 2-5 and 11-15).  Initially, LNC argued strenuously that "This Court is well-aware that the

doctrine of federal comity, otherwise known as the 'first-to-file' rule, counsels

against…intruding into another court's management of the timing and discovery of a first-filed

action."  DE 12 at 9 (citing *Colorall Techs. Int'l, Inc. v. Plait*, 2005 WL 4655380 at 6 (S.D. Fla.

2005) (Cohn, J.) and *Philibert v. Ethicon, Inc.*, 2005 WL 525330 at 1 (S.D. Fla. 2005) (Cohn, J.).

Their discovery complaints should be consistent with their own arguments to this Court.  They

are not.

More significantly, Walgreens has already faced and addressed LNC's incorrect and unfair allegations in New York three times, in (1) opposition to Walgreen's motion for summary judgment that LNC's trade dress is not protectable, (2) LNC's New York summary judgment motion, and (3) LNC's New York motion for leave to amend the Complaint (or transfer).  In each instance, Walgreen spent considerable resources parsing and refuting the inaccurate allegations LNC made about discovery there.  New York Action, DE 68, 70 and 89.  The New York Court will undoubtedly do the same with its resources.   This Court should not also have to expend its resources unnecessarily to address irrelevant allegations.  Walgreen will not waste the Court's time repeating the evidence that categorically disproves LNC's arguments here (and, if necessary, incorporates its presentations to the New York Court in DE 68, 70 and 89).[3]  The fact that these allegations have already been leveled in New York only further supports that dismissal is the appropriate result for the third party complaint.

### D.  The First-Filed Rule Applies To LNC's Claims Against Walgreen Under LNC's Own Arguments To Both This And The New York Court.

 LNC opted to sue multiple parties in multiple jurisdictions.  *See* DE 6 at 2-3 (discussing LNC's multi-jurisdictional attack against related parties).  As to LNC's claims against Walgreen, New York was LNC's jurisdiction of choice.  New York Action, DE 1.  As such, all of LNC's allegations and claims should be decided in New York.  Indeed, all of the present arguments are pending before the New York Court.  *See* Section B, *supra.*  LNC should not be permitted to engage in this duplicative litigation against Walgreen.

Significantly, LNC's allegation that it merely seeks to "bring all the parties into one proceeding" (DE 46 at 2) is disingenuous.  LNC previously took a <u>directly contrary</u> position in proceedings before this Court <u>and</u> the New York Court.  On April 3, 2009, LNC argued to this

---

[3]       Upon the Court's request, Walgreen would be happy to provide courtesy copies of the relevant documents pertaining to the alleged discovery issues.

Court that the "first-to-file rule, counsels against taking jurisdiction of a proceeding with a second filed action…." DE 12 at 9. Before that, on March 27, LNC argued to the New York court: "That [Florida] second-filed action violates the fundamental first-filed rule and Luv n' care intends to move the Court in Florida to dismiss the later case. According to the Eleventh Circuit, [i]n [sic: omitted citation] the absence of compelling circumstances, the court initially seized of a controversy should be the one to decide it.' *Merryl Lunch v. Hadum*, 675 F.2d 1169, 1174 (11th Cir. 1982), *see also Supreme International Corp. v. Anheuser-Busch, Inc.*, 975 F. Supp 604[, no pin cite] (S.D. Fla. 1997) (granting motion to dismiss trademark infringement action under first-filed rule)." DE 12 at Ex. J n.2. LNC's forum selection efforts and previous arguments to both this and the New York Court compel dismissal of their duplicitous and inefficient third party complaint against Walgreen.

### E.   **LNC, For The Second Time, Has Committed The Improper Act Of Attempting To Rely Upon Settlement Discussions That Walgreen Was Not Even Party To In An Attempt To Prejudice Walgreen.**

LNC cannot rely on settlement discussions and hearsay from non-parties to this action in an attempt to smear Walgreen. Federal Rule of Evidence 408(a)(1) forbids such use in Florida *and* New York, where defendants have attempted to establish liability (and therefore imply Walgreen is acting unreasonably) with settlement evidence.[4] Notably, this is at least the second time LNC improperly seeks to rely on inadmissible evidence in an attempt to prejudice Walgreen. LNC improperly raised settlement discussions in the New York action on two different occasions (in its opposition to Walgreen's motion for summary judgment and in its

---

[4]    *See e.g.*, *Zokaites v. Balistrert Realty, Inc.*, 2007 U.S. Dist. LEXIS 44262, at *11 (S.D. Fla. Jun. 19, 2007) (Cohn, J) (evidence of settlement offers is "not relevant as to questions of liability in consideration of a Motion for Summary Judgment"); *Barker v. Niles Bolton Assocs.*, 316 Fed. Appx. 933, 937 (11th Cir. 2009) ("Rule 408 bars settlements of offers to settle in order to prove liability for, invalidity of, or amount of a claim"); *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 293 (2d Cir. 1999) ("Rule 408 bars the use of settlement evidence to establish the validity or invalidity of a claim of trademark infringement"); *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 196 (S.D.N.Y. 2008) ("Rule 408 'embodies the strong federal policy favoring settlement of disputes by precluding the use of settlement-related materials as a means of establishing or disproving liability'").

reply for the motion for leave to amend the complaint).  *See* NY Action, DE 77 at 3-4, DE 75 at ¶ 2, DE 85 at 1-2.  Walgreen objected to this as improper.  NY Action, DE 89 at 7-8.  Nevertheless, LNC continues advancing these irrelevant, inadmissible arguments.

To be sure, there is no admissible evidence to support these allegations, other than declarations by LNC's officers referring to hearsay communications of which Walgreen was not even a party.  New York Action, DE 65 at ¶ 2.  These efforts are a transparent attempt to misguide the Court and confuse the issues, if not a bad-faith and sanctionable use of inadmissible evidence.[5]

### F.    LNC's New York Motion To Amend/Transfer Was Not Proper.

LNC's argument that its motion to amend, or in the alternative transfer, is proper is wrong.  The New York Court acknowledged in an Order that a motion to amend was not authorized, and further noted that it "would appear to be untimely."  *See* NY Action, DE 62.  Nevertheless, that is yet another issue for the New York Court to decide because LNC asked and the New York Court agreed to hear the request.  More importantly, for the present motion, it is wholly irrelevant to the issue of whether the third party complaint against Walgreen should be dismissed.

### G.    Walgreen Is Not Claim Splitting And Is Not A Necessary Party To The Present Action.

Walgreen is not a Plaintiff to the present dispute.  As such, there can be no credible argument that Walgreen is claim splitting.  The fact Walgreen was initially part of the suit is

---

[5]    Walgreen respectfully submits that this Court would be well within its discretion ordering LNC to show cause why sanctions, including attorneys' fees, should not be imposed for this repeated abuse of Rule 408.  A court has inherent power to impose sanctions when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Chambers v. Nasco, Inc.,* 501 U.S. 32, 45-46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). The court's "inherent power extends to a full range of litigation abuses." *Id.* at 46. This power is to "be exercised with restraint and discretion." *Id.* at 44. Nevertheless, "[a] primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44-45.

irrelevant.  LNC never objected to Walgreen's voluntary withdrawal.  Indeed, Walgreen was dismissed prior to LNC's original answer and counterclaim.  Tellingly, LNC did not attempt to add Walgreen at that time.

Walgreen is also not a necessary party to Atico's claims against LNC.  The present action is one brought by Atico to address different products than are at issue in New York.  The fact there may be overlap between any conduct by virtue of Atico's sales to Walgreen, or that Atico asserts causes of action that relate to its relationship with Walgreen does not amount to claim splitting, or Walgreen being considered a necessary party.

## III.    CONCLUSION

For the reasons stated above and in Walgreen's opening memorandum, this Court should dismiss LNC's Third Party Complaint against Walgreen with prejudice.  In the alternative, this Court should stay the Third Party Complaint pending resolution of the New York action.

Dated:  August 21, 2009                     Respectfully submitted,


Floyd Chapman                               /s/ Jeffrey H. Kamenetsky
Fla. Bar No.: 0982377                       Jeffrey H. Kamenetsky, Esq.
WILEY REIN LLP                              Florida Bar No:  114571
1776 K Street, N.W.                         jkamenetsky@cwiplaw.com
Washington, D.C.  20006                     Alan M. Weisberg, Esq.
Telephone:  202.719.7308                    Florida Bar No: 479349
Fax: 202.719.7049                           aweisberg@cwiplaw.com
fchapman@wileyrein.com                      CHRISTOPHER & WEISBERG, P.A.
                                            200 East Las Olas Boulevard, Suite 2040
                                            Fort Lauderdale, Florida 33301
                                            Telephone: (954) 828-1488
                                            Facsimile: (954) 828-9122
                                            ***Attorneys for Third Party Defendant***
                                            ***Walgreen Co.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2009, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to local counsel for defendants. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing. Same was served electronically and by U.S. mail on defendants' lead counsel:

/s/ Jeffrey H. Kamenetsky
Jeffrey H. Kamenetsky, Esq.

**SERVICE LIST**
*Atico International USA, Inc. v. Luv n' care, Ltd.*
CASE NO.: 09-60397-CIV-COHN/SELTZER
United States District Court, Southern District of Florida

James A. Gale, Esq.
Florida Bar Number 371726
jgale@feldmangale.com
Susan J. Latham, Esq.
Florida Bar Number 687391
slatham@feldmangale.com
FELDMAN GALE, P.A.
One Biscayne Tower, 30th Floor
2 South Biscayne Blvd
Miami, FL 33131

Todd M. Malynn, Esq.
California Bar Number 181595
tmalynn@feldmangale.com
FELDMAN GALE, P.A.
Promenade West
880 W First Street, Suite 315
Los Angeles, CA  90012

/s/ Jeffrey Kamenetsky_____
Jeffrey H. Kamenetsky, Esq.