UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-60397-CIV-COHN/SELTZER

ATICO INTERNATIONAL USA, INC.,
a Delaware corporation,

        **Plaintiff,**

v.

LUV N' CARE, LTD., a Louisiana corporation,
and ADMAR INTERNATIONAL, INC., a
Delaware corporation,

        **Defendants.**
_____/

LUV N' CARE, LTD., a Louisiana corporation,
and ADMAR INTERNATIONAL, INC., a
Delaware corporation,

        **Counterclaim and**
        **Third Party Plaintiffs,**

v.

ATICO INTERNATIONAL USA, INC.,
a Delaware corporation, Counterclaim Defendant
and WALGREEN CO., an Illinois corporation, Third
Party Defendant
_____/

## DEFENDANTS' MOTION FOR ENTRY OF A PROTECTIVE ORDER

Defendants and Third-party Plaintiffs Luv n' care, Ltd. ("Luv n' care" or "LNC") and Admar International ("Admar"), (hereinafter, collectively, the "Defendants"), hereby respectfully move for entry of a protective order pursuant to Fed.R.Civ.P. 26(c)(1). In support thereof, Defendants state as follows:

1.      The parties are currently engaged in discovery. Discovery requests in this action will require production of documents and information that one or more parties regard as sensitive, nonpublic business information, trade secrets, or otherwise confidential or proprietary information. The parties believe it is necessary to avoid disclosure of such information to competitors and the general public due to, *inter alia*, prejudicial impact such disclosure would have on their ability to compete in the marketplace.

2.      Accordingly, the parties have been working together to agree on a protective order. On August 10, 2009, Defendants proposed a draft protective order to Atico International USA, Inc. ("Atico") and Walgreen Co. ("Walgreen"). Eleven days later, on August 21, 2009, Atico and Walgreen made a counterproposal through a redlined draft. On August 24, 2009, the Defendants responded with their final revisions, including revisions to paragraphs 6 and 7. On August 27, 2009, Atico and Walgreen sent their final redline through which they accepted all of Defendants' revisions *except for* the revisions to paragraphs 6 and 7. On September 3, 2009, the Defendants addressed the parties' respective differences as to paragraphs 6 and 7 with Atico and Walgreen. However, since that date, the parties have been unable to reach an agreement.

3.      Attached hereto as Exhibits "1" is Defendants' final August 24, 2009 proposed draft protective order. Attached hereto as Exhibit "2" is Atico and Walgreen's final August 27, 2009 proposed draft protective order.[1]

4.      As may be seen in the attached, opposing drafts, the parties' inability to agree on a final stipulated protective order centers around paragraphs 6 and 7 of their drafts.

---

[1] The attached Exhibits "1" and "2" are in 'clean' form rather than in redline so as to provide for an easier, less confusing review by the Court. However, should the Court desire Microsoft Word versions of the attached documents, in either clean or redline form, the Defendants would be pleased to provide such.

5. Paragraph 6 of the opposing drafts addresses whether the parties may use discovered, confidential information in other actions between the parties.[2] Defendants' have proposed that confidential discovery material:

> shall be used only for the purpose of the prosecution, defense, or settlement of actions between Atico and/or Walgreen and/or Royal King on the one hand and LNC and/or Admar on the other hand, and for no other purpose. Except that: (a) any party may seek a determination by from any court that the material so designated is not Confidential Material and may be used for other purposes; and/or (b) the restrictions contained in this Paragraph no. 6 may be modified by written agreement between the parties, which agreement shall be enforceable as if incorporated herein. Nothing in this paragraph shall operate to bar motions in limine or similar motion to exclude the use of any document in any action between the Parties on any appropriate and available basis.

Exhibit "1" at ¶ 6.

Atico and Walgreen counter-proposed that confidential discovery material:

> shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose. Except that: (a) any party may seek a determination from this Court that the material so designated is not Confidential Material and may be used for other purposes; and/or (b) the restrictions contained in this Paragraph no. 6 may be modified by written agreement between the parties, which agreement shall be enforceable as if incorporated herein. Nothing in this paragraph shall operate to bar motions in limine or similar motion to exclude the use of any document in this action on any appropriate and available basis.

Exhibit "2" at ¶ 6.

---

[2] Luv n' care and Admar have been litigating against Walgreen in the U.S. District Court for the Southern District of New York, in case no. 08-civ-4457, over the same subject matter. However, Walgreen did not disclose the existence of Atico as a witness in that action until after they filed suit here. Moreover, Walgreen refused to produce any documents in response to Luv n' care and Admar's requests for production and refused to even respond with objections to those requests because it (incorrectly) alleges that the response date fell outside the discovery cutoff date. That issue is currently being disputed in the New York action. Similarly, Luv n' care had been litigating against Royal King (Walgreen and Atico's Thailand manufacturer) in the U.S. District Court for the Northern District of Texas in case no. 2:08-cv-00163. Royal King has since entered into a settlement agreement with Luv n' care and Admar in the Texas case.

6. The difference between the opposing draft paragraphs 6 is that Defendants are ***not*** attempting to per se allow the confidential material to be used in any cases besides this Florida action. Instead, the Defendants' draft paragraph 6 merely allows for the *possibility* of using the confidential material in other actions between the parties *while still preserving all grounds for its exclusion* which are available under the Federal Rules of Civil Procedure or the Federal Rules of Evidence.[3] Moreover, the only other cases where the possibility of such use would arise would be cases between Walgreen, Atico, Royal King, Luv n' care and/or Admar. On the other hand, Atico and Walgreen's draft paragraph 6 seeks to block all possibility of using the confidential material in other actions between the parties (*i.e*,, make non-use a certainty).

7. The parties' opposing paragraphs 7 have similar differences. *Compare* Ex. 1 at ¶ 7 and Ex. 2 at ¶ 7.

8. Despite good faith efforts, the parties have been unable to resolve these differences. Therefore, Defendants regrettably but respectfully seek the assistance of this Court and the exercise of its discretion to resolve the current disagreement as to the appropriate protective order.

9. This motion is made in good faith and to aid in the progress of discovery and not for any purpose of delay.

10. A proposed Order is attached as Exhibit "3" hereto and is consistent with the Defendants' August 24, 2009 final draft protective order (Ex. 1).

---

[3] Defendants explained this position to Atico and Walgreen on September 3, 2009; however, they have maintained their refusal to agree to such.

WHEREFORE, for the reasons stated above, the Defendants respectfully request that this Court enter the attached, proposed protective order (Ex. 3), or an otherwise appropriate protective order as the Court determines in its discretion.

Dated: September 18, 2009

Respectfully submitted,

**FELDMAN GALE, P.A.**
One Biscayne Tower, 30th Floor
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-358-5001
Facsimile: 305-358-3309

By: __/s_ *Susan J. Latham*_____
James A. Gale / Fla. Bar no. 371726
jgale@feldmangale.com
Susan J. Latham / Fla. Bar no. 0687391
slatham@feldmangale.com
*Attorneys for Defendants/Third-party Plaintiffs*

## CERTIFICATE OF COUNSEL

Pursuant to Local Rule 7.1, I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in this motion. As outlined in the motion, the parties conferred from August 10, 2009 through September 3, 2009 and have been unable to reach agreement on a stipulated protective order. However, the main issues remaining in dispute involve paragraphs 6 and 7 as detailed in the motion set forth above.

_____/s_ *Susan J. Latham*_____
SUSAN J. LATHAM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of September 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s_Susan J. Latham_____
SUSAN J. LATHAM

## SERVICE LIST
*Atico International USA, Inc. v. Luv N' Care, Ltd., et al.*
Case No. 09-60397-CIV-COHN/SELTZER
United States District Court, Southern District of Florida

Alan Weisberg
aweisberg@cwiplaw.com
Jeffrey H. Kamenetsky
jkamenetsky@cwiplaw.com
Christopher & Weisberg, P.A.
200 East Las Olas Blvd., Suite 2040
Ft. Lauderdale, FL 33301
Phone: 954-828-1488
Facsimile: 954-828-9122
***Counsel for Atico International USA, Inc. and Walgreen Co.***
*Via CM/ECF*