UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-60397-CIV-COHN/SELTZER

**ATICO INTERNATIONAL USA, INC.,**
a Delaware corporation,

        **Plaintiff,**

v.

**LUV N' CARE, LTD.,** a Louisiana corporation,
and **ADMAR INTERNATIONAL, INC.,** a
Delaware corporation,

        **Defendants.**
_____/

**LUV N' CARE, LTD.,** a Louisiana corporation,
and **ADMAR INTERNATIONAL, INC.,** a
Delaware corporation,

        **Counterclaim and**
        **Third Party Plaintiffs,**

v.

**ATICO INTERNATIONAL USA, INC.,**
a Delaware corporation, Counterclaim Defendant
and **WALGREEN CO.,** an Illinois corporation, Third
Party Defendant
_____/

**DEFENDANTS' MOTION TO EXCEED PAGE LIMIT WITHIN WHICH TO
MOVE TO COMPEL PLAINTIFF TO PRODUCE DOCUMENTS IN RESPONSE TO
DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

    Defendants and Third-party Plaintiffs Luv n' care, Ltd. ("Luv n' care" or "LNC") and Admar International, Inc. ("Admar"), (hereinafter, collectively, the "Defendants"), pursuant to Local Rule 7.1, hereby respectfully move this Court for entry of an order granting the Defendants an extension of the page limit within which to move to compel Plaintiff Atico International USA, Inc. ("Atico") to produce documents in response to Defendants' First Set of Requests for Production to Plaintiff. In support thereof, Defendants state as follows:

1. On June 25, 2009, Defendants served the Plaintiff with their First Set of Requests for Production, which was comprised of eighty-one (81) separate, specific requests and spanned approximately twenty-four pages in length.

2. On July 27, 2009, Plaintiff responded to those eighty-one requests for production with a myriad of unsupported objections. Plaintiff's response and objections consumed approximately forty-six pages.

3. Without court involvement, Defendants made substantial good faith efforts to resolve the issues that were caused by Atico's baseless objections, including a lengthy meet and confer letter, which provided Atico additional time, until August 26, 2009, to produce its privilege log and its non-privileged responsive documents. On August 26, 2009, Plaintiff failed to produce any documents in response to Defendants good faith effort to resolve this discovery dispute. To date, Plaintiff still has not produced a single document, has failed to withdraw a single objection and has failed to produce a privilege log. Thus, Defendants are forced to address Plaintiff's entire 46-page set of responses and objections, and to do so pursuant to the requirements of Local Rule 26.1.H.2, which requires verbatim recital of the request, the response, in addition to the movant's position. Defendants have attempted to draft the motion concisely and efficiently, while still complying with S.D.Fla. L.R. 26.1.H.2; however, Defendants have been unable to reduce the motion's length below forty-five pages, which includes the certificates of counsel and service.

4. Upon completion of its motion, Defendants inquired with Plaintiff as to whether it would agree to an extension of the page limit for Defendants to move to compel production of responsive documents by Atico. Plaintiff's counsel responded to the inquiry but did not agree to the requested extension of the page limit.

5. In light of the foregoing, Defendants seek an extension of the page limit within which to move this Court to compel Atico to produce documents in response to Defendants First Set of Request for Production to Plaintiff.

6. This Motion is made in good faith and not for the purposes of delay.

WHEREFORE, Defendants respectfully request that this Court grant Defendants leave to file a motion to compel Atico to produce documents in response to Defendants' First Set of Requests for Production to Plaintiff that has a total length not to exceed forty-five (45) pages.

Additionally, Defendants' respectfully request that the Court accept the motion to compel that Defendants filed concurrently herewith as pursuant to such leave once granted. A proposed Order is attached.

Dated: September 18, 2009    Respectfully submitted,

        **FELDMAN GALE, P.A.**
        One Biscayne Tower, 30th Floor
        2 South Biscayne Boulevard
        Miami, Florida 33131
        Telephone: 305-358-5001
        Facsimile: 305-358-3309

        By: /s _Susan J. Latham_____
          James A. Gale / Fla. Bar no. 371726
          jgale@feldmangale.com
          Susan J. Latham / Fla. Bar no. 0687391
          slatham@feldmangale.com
          *Attorneys for Defendants/Third-party Plaintiffs*

## **CERTIFICATE OF COUNSEL**

    Pursuant to Local Rule 7.1, I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in this motion. However, Plaintiff's counsel did not agree to the relief requested herein.

                /s _Susan J. Latham_____
                   SUSAN J. LATHAM

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of September 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s  Susan J. Latham
SUSAN J. LATHAM

**SERVICE LIST**
*Atico International USA, Inc. v. Luv N' Care, Ltd.,  et al.*
Case No. 09-60397-CIV-COHN/SELTZER
United States District Court, Southern District of Florida

Alan Weisberg
aweisberg@cwiplaw.com
Jeffrey H. Kamenetsky
jkamenetsky@cwiplaw.com
Christopher & Weisberg, P.A.
200 East Las Olas Blvd., Suite 2040
Ft. Lauderdale, FL 33301
Phone: 954-828-1488
Facsimile: 954-828-9122
**Counsel for Atico International USA, Inc. and Walgreen Co.**
*Via CM/ECF*