UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-60397-CIV-COHN/SELTZER

ATICO INTERNATIONAL USA, INC.,
a Delaware corporation,

     **Plaintiff,**

v.

LUV N' CARE, LTD., a Louisiana corporation,
and ADMAR INTERNATIONAL, INC., a
Delaware corporation,

     **Defendants.**
_____/

LUV N' CARE, LTD., a Louisiana corporation,
and ADMAR INTERNATIONAL, INC., a
Delaware corporation,

     **Counterclaim Plaintiffs,**

v.

ATICO INTERNATIONAL USA, INC.,
a Delaware corporation, and WALGREEN CO.,
an Illinois corporation,

     **Counterclaim Defendants**
_____/

<u>**DEFENDANTS'/COUNTERCLAIM PLAINTIFFS'**</u>
<u>**MOTION TO COMPEL ATICO INTERNATIONAL USA, INC.**</u>
<u>**TO PRODUCE DOCUMENTS**</u>

   Defendants and counter-plaintiffs Luv n' care, Ltd. ("Luv n' care" or "LNC") and Admar International ("Admar"), (hereinafter, collectively, the "Defendants"), pursuant to Federal Rule of Civil Procedure 37, respectfully move this Court for an Order compelling Atico International USA, Inc. ("Atico") to make full, complete and non-evasive disclosure in response to the first set of document requests that Defendants served upon it, and awarding the Defendants their reasonable expenses, including their attorneys' fees, in making this motion. In support thereof, Defendants state as follows:

## TABLE OF CONTENTS

I.   BACKGROUND.................................................................................................. 1

II.  LEGAL STANDARDS APPLICABLE TO ATICO'S OBJECTIONS .......................... 2

   A.   RELEVANCE. ............................................................................................... 2

   B.   VAGUE, AMBIGUOUS, UNDEFINED TERMS ........................................................ 3

   C.   CONFIDENTIAL, SENSITIVE BUSINESS INFORMATION ........................................ 4

   D.   ATTORNEY-CLIENT PRIVILEGE, WORK-PRODUCT IMMUNITY AND OTHER PRIVILEGES ....... 5

   E.   OVERBREADTH AND UNDUE BURDEN ............................................................... 6

   F.   EITHER PUBLICLY AVAILABLE, AVAILABLE FROM OTHER SOURCES, ALREADY IN

   DEFENDANTS' POSSESSION, OR NOT WITHIN ATICO'S POSSESSION, CUSTODY OR CONTROL...... 7

   G.   ATICO'S FAILURE TO INVESTIGATE AND ASSERTION THAT IT WILL SUPPLEMENT ITS ZERO

   AMOUNT OF PRODUCTION UPON COMPLETION OF AN INVESTIGATION. ...................................... 8

III. ATICO'S IMPROPER RESPONSES TO DEFENDANTS' REQUESTS FOR

     PRODUCTION..................................................................................................... 8

   A.   ATICO'S GENERAL RESPONSES AND OBJECTIONS ................................................ 9

   B.   ATICO'S SPECIFIC RESPONSES AND OBJECTIONS................................................. 12

IV.  CONCLUSION.................................................................................................... 44

# TABLE OF AUTHORITIES

## CASES

*Benavides v. Velocity IQ, Inc.*, 2006 WL 680656 (M.D. Fla.)------------------------------------------ 2

*Border Collie Rescue, Inc. v. Ryan*, 2005 WL 662724 *2 (M.D. Fla. March 15, 2005) ----------- 6

*Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998) --------------------------------- 3

*Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977) ------------------------------ 3, 8

*Donahay v. Palm Beach Tours & Transportation, Inc.*, 242 F.R.D. 685, 687 (S.D.Fla. 2007)- 3, 6

*Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323, 326 (S.D.Fla. 1985) --------------------------- 4

*F.T.C. v. Nationwide Connections, Inc*., 2007 WL 2462015, *1 (S.D.Fla.) (Ryskamp, J.) ----- 5, 6

*Federal Open Market Comm. v. Merrill*, 443 U.S. 340, 362 (1979)------------------------------------ 4

*Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000) ------------------------------------ 4

*Intex Recreation Corp. v. Team Worldwide Corp*., 471 F.Supp.2d 11, 16 (D.D.C. 2007) --------- 5

*Kaiser Aluminum & Chem. Corp. v. Phospate Eng'g and Constr. Co., Inc.*, 153 F.R.D. 686, 688
   (M.D. Fla. 1994)------------------------------------------------------------------------------------------ 4

*Lamoureux v. Genesis Pharmacy Svcs., Inc*., 226 F.R.D. 154, 158-59 (D.Conn. 2004)------------ 6

*McCoo v. Denny's Inc*., 192 F.R.D. 675, 694 (D.Kan. 2000)-------------------------------------------- 3

*OppenheimerFund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) -------------------------------------- 3

*Pacific Gas and Elec. Co. v. U.S.*, 69 Fed.Cl. 323, 325-26 (Fed.Cl. 2005)-------------------------- 6

*Panola Land Buyers Assn. v. Shuman*, 762 F.2d 1550, 1558-60 (11th Cir. 1985)------------------- 8

*Riddell Sports Inc. v. Brooks*, 158 F.R.D. 555, 557 (S.D.N.Y. 1994) -------------------------------- 7

## RULES

Fed.R.Civ.P. 26(a)(1) --------------------------------------------------------------------------------------- 1

Fed.R.Civ.P. 26(b)(1) --------------------------------------------------------------------------------------- 2

Fed.R.Civ.P. 26(b)(5)(A)------------------------------------------------------------------------------------ 5

Fed.R.Civ.P. 26(c)(7) --------------------------------------------------------------------------------------- 4

Fed.R.Civ.P. 34(b)(2)(C)--------------------------------------------------------------------------------- 2, 11

Fed.R.Civ.P. 37---------------------------------------------------------------------------------------------- 1, 3

Local Rule 26.1G(3) ----------------------------------------------------------------------------------------- 2

ii

S.D.Fla. Local Rule, Gen.App. IV.A(8) ------------------------------------------------------------- 3

S.D.Fla. Local Rule, App. A., at I.D.3 ------------------------------------------------------------- 2

S.D.Fla. Local Rule, Gen. App. A., at III.B.1.f. ------------------------------------------------- 5

**MEMORANDUM**

## I.     BACKGROUND

On March 13, 2009, Atico and Walgreen[1] filed this lawsuit against LNC and Admar. D.E.#1.  Prior to that date, Walgreen had ***never disclosed Atico in the New York action***,[2] which had been pending for approximately ten months.  Moreover, on November 21, 200<u>8</u>, Walgreen made its initial disclosures in the New York action and knowingly failed to disclose Atico as a witness therein.[3]  NY Dkt.#41, Ex. 4.  It was not until April 10, 2009, after Atico and Walgreen surprised LNC and Admar with this case and only a few weeks before the close of discovery in the New York action, that Walgreen finally disclosed Atico as a witness in the New York action.  NY Dkt.#41, Ex. 5.  Walgreen disregarded the rules of discovery in the New York action.  Likewise, Atico appears poised to engage in the same type subversion of the discovery rules before this Court.

On June 25, 2009, LNC and Admar served Atico with Defendants' First Set of Requests for Production to Plaintiff.  Exhibit "1."  On July 27, 2009, Atico served its Responses and Objections to Defendants' First Set of Requests for Production, which consisted of extensive boilerplate objections.  Exhibit "2."  Nevertheless, LNC and Admar attempted to resolve the parties' discovery dispute amicably.

On August 13, 2009, LNC and Admar served Atico with a detailed meet and confer letter outlining Defendants' position as to why they consider each of Atico's responses and objections improper, deficient and/or entirely non-responsive.  Exhibit "3."  LNC and Admar requested that Atico respond to that letter within 6 days (by August 19, 2009) and provide specific support for any objections Atico refused to withdraw.  *Id*.  Moreover, in the spirit of cooperation, LNC and Admar gave Atico another 13 days from the date of that letter, *i.e.*, until "the close of business on Wednesday, August 26, 2009," within which to produce Atico's responsive documents and its privilege log.  *Id*., at p. 41.

However, to date, Atico has failed to provide even a single document, a privilege log or any support for its objections.  Instead, Atico is willfully continuing its gamesmanship by

---

[1]   On April 2, 2009, Walgreen voluntarily withdrew its claims in this action.  D.E.#10.

[2]   The action referred to as the "New York action" is case no. 08-civ-4457, styled *Luv N' Care, Ltd. and Admar Int'l, Inc. v. Walgreen Co. and Kmart Corp*.  *See* D.E.# 1 and #33, Ex.s A.

[3]   Walgreen and Atico share the same counsel.  *See* NY Dkt.#12, p. 14, and D.E.#1.

maintaining disingenuous, unsupportable, and boilerplate objections without legal or factual support.  By doing so, Atico has made it clear that—even though ***it*** initiated this action (with Walgreen)—it refuses to engage in the discovery to which the LNC and Admar are entitled.  *At the very least*, it indicates that Atico intends to delay and burden the Defendants, and this Court, in the process of obtaining such discovery.

## II.   LEGAL STANDARDS APPLICABLE TO ATICO'S OBJECTIONS

Atico's objections lack any specificity but, rather, seem to contain mere boilerplate. Thus, Atico has failed to comply with Local Rule 26.1G(3)'s requirement that: ". . .the objection shall state with specificity all grounds."  S.D.Fla. L.R. 26.1G(3); *see also* S.D.Fla. L.R., App. A., at I.D.3.   Defendants requested that Atico either withdraw the objections or provide the specificity required by the Local Rules and applicable law.  However, Atico failed to do either.

Additionally, Atico also uses the phrase "to the extent that..." in its objections to nearly all of the requests.  However, Atico failed to provide any responsive documents to the rest of each request (*i.e.*, the parts of the request not affected by the language "to the extent that...").  Consequently, Atico violated Fed.R.Civ.P. 34(b)(2)(C), which provides that: "An objection to part of a request must specify the part and permit inspection of the rest."

Atico repetitively asserted many of the same objections throughout its response to Defendants' document requests.  Thus, to avoid repetition of the same legal argument against such objections throughout this memorandum, Defendants provide the following discussion which they will refer to and incorporate by reference where appropriate below.

### A.   Relevance.

Atico asserts that several requests seek irrelevant information.  However, "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). "[T]he party resisting discovery has the burden to show that the requested discovery is not relevant…." *Benavides v. Velocity IQ, Inc.*, 2006 WL 680656 (M.D. Fla.) (compelling production of documents provided to customers, potential customers and others).  Moreover, it is well established that the concept of relevancy under the Federal Rules is:

> construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the

2

> case…discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery is limited to the merits of case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits.

*OppenheimerFund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Donahay v. Palm Beach Tours & Transportation, Inc.*, 242 F.R.D. 685, 687 (S.D.Fla. 2007) ("Information is relevant if it is "germane, conceivably helpful to plaintiff, or reasonably calculated to lead to admissible evidence"). Indeed, "courts are required to accord discovery a broad and liberal scope in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement." *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998); *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977). If there is doubt regarding the relevancy of a discovery request, the court should permit discovery. *Coker*, 177 F.R.D. at 685. Here, Atico has not and cannot meet its burden to show that the requested discovery is not relevant nor calculated to lead to the discovery of admissible evidence. Consequently, its relevancy objections must fail.

### B. Vague, Ambiguous, Undefined Terms

Atico repetitively asserts the objection of "vague, ambiguous, undefined term" in regard to plain language having a clear meaning either within widely available English language dictionaries, in the trademark context, or in its own business practices. Notably, "the party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity." *McCoo v. Denny's Inc*., 192 F.R.D. 675, 694 (D.Kan. 2000). However, Atico failed to meet this burden throughout its multiple, naked claims of vagueness.

Pursuant to Fed.R.Civ.P. 37(a)(3), "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." *Dollar v. Long Mfg., N.C. Inc.*, 561 F.2d 613, 616 (5th Cir. 1977) (reservation of undisclosed objections is evasive and, thus, they were waived). Here, rather than exercising reason and common sense to attribute ordinary definitions to the terms or phrases utilized in the discovery requests, *see id*., Atico engaged in disingenuous word games. This behavior is evasive and appears aimed at providing incomplete disclosure. However, the Federal and Local Rules "require a good faith approach to discovery, not hyper-technical word games, and frown on 'evasive or incomplete answers' to discovery." *Donahay*, 242 F.R.D. at 688 (citing S.D.Fla. L.R. Gen.App. IV.A(8)).

Consequently, this Court should compel Atico to produce all responsive documents that it withheld on the basis of vagueness, ambiguity and lack of a definition.

### C. Confidential, Sensitive Business Information

Atico repeatedly asserts that requests seek confidential, sensitive business information. However, there is no absolute privilege that immunizes such information from discovery. *Federal Open Market Comm. v. Merrill*, 443 U.S. 340, 362 (1979); *Kaiser Aluminum & Chem. Corp. v. Phospate Eng'g and Constr. Co., Inc.*, 153 F.R.D. 686, 688 (M.D. Fla. 1994) (affirming the grant of a motion to compel production of information relating to contracts with third parties). To resist discovery of confidential and proprietary information, Atico must first establish that the information is indeed confidential, and then demonstrate that its disclosure may be harmful. *Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323, 326 (S.D.Fla. 1985); *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000) (ordering disclosure of plaintiff's social security number). Under Fed.R.Civ.P. 26(c)(7), Atico bears a "heavy burden of demonstrating that disclosure will work a clearly defined and very serious injury." *Empire of Carolina*, 108 F.R.D. at 326. Atico has not and cannot meet this heavy burden as to any of the specific Requests enumerated below.

Moreover, Atico does not couch its objection in the definitive but in the conditional. Indeed, it objects to the requests "to the extent" they seek confidential, sensitive business information. However, such a conditional "to the extent of" objection is akin to stating that documents responsive to the request ***may*** be confidential or may not be. Myriad information and/or documents *may be* or *could be* considered confidential; however, such conditional nature cannot justify Atico's unilateral decision to withhold untold amounts of information and/or documents from discovery. Accordingly, Atico's objection is unsupported, invalid, vague and improperly overbroad but Atico has failed to either withdraw or support it.

Finally, Atico objects "to the extent" the parties are without any Protective Order or similar assurance of protection for Atico's information. However, LNC and Admar have consistently offered to treat Atico's documents pursuant to their designation as Confidential or Confidential-Attorneys Eyes Only until such time as a formal protective order can be entered. Moreover, LNC and Admar provided Atico and Walgreen with draft of a stipulated protective

4

order, but the parties have thus far been unable to agree on certain terms.[4]  Accordingly, Atico should be compelled to immediately produce all information that it is withholding on this basis.

### D.  Attorney-Client Privilege, Work-Product Immunity and Other Privileges

Atico is asserting the attorney-client and work product privileges in response to requests where responsive documents would include documents dating back to times prior to this litigation.  However, pursuant to Local Rule 26.1.G.3.(c), communications between Atico and its attorney that occurred prior to commencement of this litigation are not exempt from the privilege log requirement.[5]  Thus, Atico must identify all pre-March 13, 2009 responsive attorney-client communications and work product on a privilege log[6] and produce such log to LNC and Admar so that the accuracy and/or veracity of Atico's assertion of privilege may be assessed.[7]

Atico has not expressly asserted a joint-defense privilege as required by Fed.R.Civ.P. 26(b)(5)(A).  However, to the extent that Atico now attempts to justify its assertions of attorney-client privilege and/or work-product immunity through claims of a joint defense agreement with Walgreen or any other entity that has been litigating against LNC and Admar, Atico must first establish that it had agreed to pursue a joint defense strategy with those entities.  *Intex Recreation Corp. v. Team Worldwide Corp.*, 471 F.Supp.2d 11, 16 (D.D.C. 2007).  To establish the existence of a joint defense privilege, Atico must show that: (1) the communications between it and its purported joint-litigants were made in the course of a joint defense effort, (2) the statements were designed to further the effort, and (3) the privilege has not been waived.  *Id.*  In essence, Atico must provide evidence of a "coordinated legal strategy" between itself and each party with whom it claims to share an attorney-client privilege.  *Id.*

---

[4]      Defendants are filing a motion for entry of a protective order concurrently herewith.

[5]      Local Rule 26.1G(3)(c), requires Atico to prepare and provide a privilege log with respect to all responsive documents and things that it is withholding on the basis of a claim of privilege or work product protection."  *See also* S.D.Fla. L.R., Gen. App. A., at III.B.1.f. ("Objections to the production of documents...based on generalized claims of privilege will be rejected.")

[6]      This Court has found that a privilege log is: "generally due at the time of the written discovery response."  *F.T.C. v. Nationwide Connections, Inc*., 2007 WL 2462015, *1 (S.D.Fla.) (Ryskamp, J.).

[7]      If any responsive documents are otherwise legitimately privileged, Atico's proper course of conduct would be to identify each such document on a privilege log according to Fed.R.Civ.P. 26(b)(5).  However, Atico failed to identify any other privilege in its objections and, thus, has waived all other claims of privilege in relation to the subject requests.  *See Dollar v. Long Mfg., N.C. Inc.*, 561 F.2d 613, 616 (5th Cir. 1977) (finding defendant's reservation of undisclosed objections to be evasive and incomplete and, thus, as having been waived).

Nevertheless, even if Atico could prove the existence of a joint-defense agreement between it and another entity, it must still demonstrate that the specific responsive documents at issue "were designed to facilitate a common legal interest; a business or commercial interest will not suffice." *Id.*

Finally, to the extent that Atico has asserted various unidentified privileges (*see* Atico's General Objection D), by failing to: expressly and specifically identify such "other privilege[s]", assert them in response to any specific request, and sufficiently identify the documents so privileged on a privilege log, Atico has waived them.

### E.  Overbreadth and Undue Burden

Atico often objects that certain requests are overbroad and either unduly burdensome or just plain burdensome.[8]  However, "parties cannot invoke the defense of oppressiveness or unfair burden without detailing the nature and extent thereof." *Border Collie Rescue, Inc. v. Ryan*, 2005 WL 662724 *2 (M.D. Fla. March 15, 2005).  Indeed, "the objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, the question is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Id.*; *F.T.C. v. Nationwide Connections, Inc.*, 2007 WL 2462015, *2 (S.D.Fla.) (Ryskamp, J.); *Donahay*, 242 F.R.D. at 687; *Pacific Gas and Elec. Co. v. U.S.*, 69 Fed.Cl. 323, 325-26 (Fed.Cl. 2005); *Lamoureux v. Genesis Pharmacy Svcs., Inc.*, 226 F.R.D. 154, 158-59 (D.Conn. 2004).  Moreover, "the party must also show that the burden or expense is unreasonable in light of the benefits to be secured from the discovery." *Border Collie*, 2005 WL 662724 at *2.

Atico has failed to make a specific showing as to how the requests are overbroad, and/or unduly burdensome, despite Defendants' requests for such a showing throughout their meet and confer communication.  Atico has not offered any affidavits or other evidence, and it has not shown how any overbreadth is unreasonable in light of the benefits of such discovery. Therefore, this Court should compel Atico to produce all responsive documents withheld based upon these baseless objections.

---

[8]      Since plain burden is not a proper ground for objection, where Atico has failed to assert and show "undue burden," Atico has waived the objection.

### F. Either Publicly Available, Available from Other Sources, Already in Defendants' Possession, or Not Within Atico's Possession, Custody or Control.

Finally, Atico often objects to the requests "to the extent" they seek information that is publicly available, already in Defendants' possession, or not within Atico's possession, custody or control.  However, the fact that information is publicly available does not place it beyond the bounds of a proper discovery request.  *Riddell Sports Inc. v. Brooks*, 158 F.R.D. 555, 557 (S.D.N.Y. 1994).

Moreover, Atico failed to identify any responsive document already in Defendants' possession through a specific description.   Atico also failed to specifically identify any responsive document that it contends is publicly available and the public location from which it may be retrieved.   As to responsive documents that Atico contends are available from sources more convenient, less burdensome, or less expensive, Atico failed to specifically identify the "other source" and the responsive documents that such "other source" possesses.   Atico even failed to explain why such "other source" would be the proper entity to produce the responsive documents to the exclusion of Atico.

Instead, Atico merely presumes certain unidentified, responsive documents are publicly available, are already in Defendants' possession and/or are available from sources more convenient, less burdensome, or less expensive to Atico.   Atico's tactic is evasive, vague and unsupported and, therefore, improper under Local Rule 26.1G(3) and its specificity requirement. Defendants are entitled to know what knowledge and information Atico has, regardless of what may, or may not be, available elsewhere.   Atico may not avoid discovery of responsive documents in its possession by boilerplate claims that the documents are available elsewhere.

Finally, Atico has failed to justify its claim that the responsive documents are not within its possession, custody, or control.  "If the producing party has the legal right or the practical ability to obtain the documents, then it is deemed to have "control," even if the documents are actually in the possession of a non-party." *Riddell Sports*, 158 F.R.D. at 558.  Moreover, where responsive documents were created by an employee or officer in connection with his or her functions as a corporate employee, the corporation has a proprietary interest in those documents and must produce them. *See Riddell Sports*,  158 F.R.D. at 559.

7

Accordingly, this Court should reject Atico's objection that the responsive documents are publicly available, already in Defendants' possession, or not within Atico's possession, custody or control and, thus, compel Atico to produce all documents it has withheld on such basis.

### G. Atico's Failure to Investigate and Assertion that it Will Supplement Its Zero Amount of Production Upon Completion of an Investigation.

Atico often asserts that subject to its objections, it "*is investigating* whether it has any non-privileged, responsive documents and will *supplement* this Response upon *completion* of its investigation." Atico was obligated to perform its investigation for responsive documents within the response period set by Fed.R.Civ.P. 34(b)(2). However, Atico failed to produce a privilege log, failed to provide any support for its boilerplate objections and failed to produce even a single document,[9] which shows that Atico failed to perform any investigation at all.

Moreover, Atico failed to even state when it expects to "complete" its investigation. Atico is attempting to re-write its discovery obligations under the Federal Rules to give itself an open-ended timetable and free reign to avoid discovery. Thereby, Atico has willfully violated Rule 34 and this Court should, at the very least, compel Atico to produce the requested documents and things.

## III.   ATICO'S IMPROPER RESPONSES TO DEFENDANTS' REQUESTS FOR PRODUCTION

A party cannot rest on mere boilerplate and blanket objections. *See Panola Land Buyers Assn. v. Shuman*, 762 F.2d 1550, 1558-60 (11th Cir. 1985); *see Dollar*, 561 F.2d at 616. Here, as shown below, through the use of boilerplate, unsupported (and unsupportable) objections, Atico is attempting to evade discovery or, at the very least, provide incomplete discovery to the Defendants that it dragged into this action. This Court should not allow Atico to do so. Despite LNC's efforts to meet and confer, Atico has failed to withdraw any of its objections, has failed to support them, and has failed to produce even a single document. Accordingly, this Court should compel Atico to produce responsive documents and declare Atico's objections unsupported, invalid and of no effect so as to prevent Atico from later "justifying" its withholding of responsive documents.

---

[9]      Which makes Atico's statement that it will "*supplement*" its response simply ridiculous.

### A.  ATICO'S GENERAL RESPONSES AND OBJECTIONS

Atico incorporated each of the following general objections into its specific response to each of LNC and Admar's specific requests.  Despite the Defendants' attempts to meet and confer, Atico has refused to support or withdraw any of the following general objections. Therefore, Defendants address each general objection below and hereby incorporate such discussions into the discussion of each of Atico's specific responses in Section III.B. below.

Atico's General Objection A:  Atico objects to Complainants' instructions and definitions as exceeding and expanding the scope of permissible discover, as seeking information not relevant to the claim or defense of any party, and as not reasonably calculated to lead to discovery of admissible evidence.  Atico does not consider itself bound by Complainants' instructions and definitions to the extent they exceed and expand discovery requirements in this action.

Defendants' Position:  The subject requests, definitions and/or instructions do not impose any obligations beyond those permitted by the Federal or Local Rules.  Atico has failed to show otherwise.  Thus, the Defendants request that the Court compel Atico to produce all documents it is withholding on the basis of such objection.  Additionally, Defendants incorporate by reference their discussion of relevance as set forth above in Section II.A.

Atico's General Objection B:  Atico objects to Complainants' requests to the extent they are duplicative and cumulative.

Defendants' Position:   This general objection is unsubstantiated and, thus, mere boilerplate.  Atico failed to identify any specific requests as duplicative or cumulative. Therefore, Atico has waived such objection as to each specific request.  Moreover, even if there were duplicative or cumulative specific requests among the discovery propounded, that circumstance alone is not grounds for objection or justification for Atico's failure to produce the requested documents.

Atico's General Objection C:  Atico objects to Complainants' requests where they are vague, ambiguous, unlimited in time and overly burdensome.

Defendants' Position:   Defendants incorporate by reference their discussions of vagueness, ambiguity, overbreadth and undue burden as set forth above in Sections II.B. and E. Additionally, Defendants note that, except for Request no. 1, Atico failed to identify any other specific requests that were unduly burdensome because they are purportedly unlimited in time. Therefore, Atico has waived such objection as to the remaining eighty specific requests.

Atico's General Objection D:  Atico objects to Complainants' requests to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work-product

9

doctrine, or by any other privilege or immunity from discovery under Federal or State Statute, Constitution or common law.  Any inadvertent responses or production of document or documents that contain information that is privileged, that was prepared in anticipation of litigation or for trial, or that is otherwise immune from discovery shall not constitute a waiver of any privilege or any ground for objection to discovery with respect to the statement or document, or the subject matter thereof, or of the right of Atico to object to the use of any document or information during any subsequent proceeding, hearing or trial.

Defendants' Position:  Defendants incorporate by reference their discussion of the attorney-client privilege, work-product immunity and any "other privilege" as set forth above in Section II.D.

Atico's General Objection E:  Atico objects to the requests to the extent there does not appear to be any Protective Order entered by the Court which could protect Atico's confidential business information.  It is unreasonable and uncustomary to expect production of confidential documents when you have failed to provide even the most basic of protections.

Defendants' Position:  Defendants incorporate by reference their discussions of confidential information and protective orders as set forth above in Section II.C.

Atico's General Objection F:  Atico objects to Complainants' requests to the extent that they purport to impose upon Atico a duty to search for or disclose information or documents that are not within Atico's knowledge, possession, custody, or control, or are not readily obtainable after a reasonable search.

Defendants' Position: Defendants incorporate by reference their discussion of possession, custody or control as set forth above in Section II.F.  The Federal Rules of Civil Procedure and the discovery rules therein *do* impose upon Atico a duty to search for responsive documents within its knowledge, possession, custody or control.  Atico failed to assert, and support any such assertion, that its duty to search has become unreasonable or has created an undue burden. Moreover, Atico failed to identify any specific request for which responsive information is not within its knowledge; thus, any subsequent claim of lack of knowledge must be rejected.

Atico's General Objection G:  Atico objects to Complainants' requests to the extent they seek information or materials that are already in defendant's possession, publicly available, or that are obtainable from other sources that are more convenient, less burdensome or less expensive than obtaining them from Atico.

Defendants' Position:  Defendants incorporate by reference their discussion of public availability, other sources, and possession, custody or control as set forth above in Section II.F.

Atico's General Objection H:  Atico objects to Complainants' requests as exceeding the scope of permissible discovery in this action.  Atico objects to the definition of "product at issue" to the extent if refers to products not subject of the present action and exceeding the scope of

10

permissible discovery.  The "products at issue" in the New York Complaint are different from the "products at issue" in the Florida action.

      Defendants' Position:  The products at issue in this action are not entirely different from the products at issue in the New York action.  Some of the products at issue in the New York action are also at issue here, along with additional products that Atico has placed in issue here.  Atico's complaint and amended complaint voluntarily placed Atico and Walgreen's allegedly infringing products from the New York action at issue in this action.[10]  Thus, Atico may not avoid discovery in this action relating to those products.  Atico has failed to provide any binding support for its contrary position.  Pursuant to Fed.R.Civ.P. 34(b)(2)(C), "[a]n objection to part of a request must specify the part and permit inspection of the rest."  Therefore, since the term "products at issue" also includes any *other* products that Atico and Walgreen put at issue in this Florida action, then—at the very least—Atico should have provided responsive documents and things regarding those additional products.  However, Atico failed to do so.

Atico's General Objection I:  Atico specifically reserves all objections as to the competency, relevancy, materiality and admissibility of its responses or documents or the subject matter thereof, all objections as to burdensomeness, vagueness, over breadth and ambiguity and all objections on any ground to the use of any response or document, or the subject matter at hearing or trial in this action.

      Defendants' Position:  Defendants deny that Atico has any right to assert further and additional objections to these requests.  Defendants request that the Court find that any such further and additional, undisclosed objections have been waived.  *See Dollar v. Long Mfg., N.C. Inc.*, 561 F.2d 613, 616 (5th Cir. 1977) (reservation of undisclosed objections is evasive and, thus, they were waived).  To the extent that Atico's general objection seeks to reserve a challenge to use of any discovered material at a hearing or at trial, the objection is a premature and inappropriate response to a discovery request.

Atico's General Objection K:  These answers are made solely for the purpose of this action.  The following responses are based on information and writings presently available to and located by Atico.  Atico has not completed its investigation of the facts relating to this matter, has not

---

[10]  Atico and Walgreen chose to initiate the Florida action, which they based primarily on the New York action and at least two allegedly infringing products at issue therein.  Indeed, Atico's original claims depended on and its amended claims continue to depend on the New York action and the facts from which that lawsuit arose.  *See* Amended Complaint, D.E.# 31, ¶¶ 5-6, 12, 19-21, 51-54, 59-60, 62, 64, 66, 76-77, 81, 84, 88, 91, 96, 100, and Ex. A; Complaint, D.E.# 1, ¶¶6, 7-9, 16, 35-36, 38, 41-42, 44-46, 48, 50-53, 55, 57-59, 64-72, 74, 78-80, 86, 91, and Ex. A.

completed its discovery in this matter, and has not completed its preparation for hearing or trial. Atico reserves the right to supplement its responses.

Defendants' Position: Atico's attempt to impose limits on the use of the material discovered in this action is inappropriate and without legal support. Moreover, to the extent that Atico is attempting to justify its failure to produce responsive documents, this objection must be rejected. Atico appears to be purposefully delaying its investigation of the facts relating to this matter to avoid discovery.

### B.  ATICO'S SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:**    Samples or representative specimens of all past (limited to the previous 5 years) and present advertisements in which any product at issue is shown, whether the advertisement has been used in commerce or not, including without limitation, those shown or developed to be shown on television, in movies, on radio, via the Internet, in print media including, newspapers, periodicals, brochures, direct mail pieces and flyers, and/or via in-store displays or specially manufactured racks.

Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request as overbroad and unduly burdensome, and specifically objects to the time period of "previous 5 years" as overbroad.  Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico.  Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

Defendants' Position:  Defendants incorporate by reference their discussions of overbreadth, undue burden, public availability, alternative sources and possession, custody or control as set forth above in Sections II.E and F.  Additionally, Defendants note that Atico has failed to show that the 5 year time period stated is overbroad.  Finally, Defendants incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 2:**    All documents indicating the number of times each distinct advertisement, which is responsive to Request No. 1 above, has been published, distributed, or displayed via any medium within the United States.

Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico.  Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

<u>Defendants' Position</u>:  Defendants incorporate by reference their discussion of public availability, alternative sources and possession, custody or control as set forth above in Section II.F.  Additionally, Defendants incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 3:**    All documents identifying the persons who have or have had ownership of the design for each product at issue, from the time of the first use of such product design by you or any of Your predecessor(s) in interest.

    <u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

    <u>Defendants' Position</u>:    Defendants incorporate by reference their discussion of confidentiality as set forth above in Section II.C.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 4:**    All consumer surveys that mention, refer to, discuss, compare or relate to any product at issue and/or any trademark that is associated with any such product.

    <u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico' s information.  Subject to the foregoing objections, Atico has no such documents in its possession, custody, or control.

    <u>Defendants' Position</u>:    Defendants incorporate by reference their discussions of confidentiality and possession, custody or control as set forth above in Sections II.C. and F.

**REQUEST NO. 5:**    All consumer surveys that mention, refer to, discuss, compare or relate to any baby product offered for distribution or sale by Plaintiff and/or Walgreen in connection with child care.

    <u>Atico's Response</u>:  Atico incorporates its general objections above. Atico objects to this request because "baby product" is a vague, ambiguous, undefined term.  Atico objects to this request related to "any baby product" as being overly broad and burdensome.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico' s information.   Subject to the foregoing objections, Atico has no such documents in its possession, custody, or control.

    <u>Defendants' Position</u>:    Defendants incorporate by reference their discussions of vagueness, ambiguity, overbreadth, burden and confidentiality as set forth above in Sections II.B., C. and E.  Given that: (a) Atico itself used the term 'baby products' in its Complaint (*e.g.*,

13

D.E.#1 at ¶20) and in its Amended Complaint (*e.g.*, D.E.# 31 at ¶23), and (b) such words are commonly found in English language dictionaries, Atico's vagueness and overbreadth objections are disingenuous and demonstrates gamesmanship, which is a rejected approach under the guidelines for discovery adopted by this Court. *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g.

**REQUEST NO. 6:**   All consumer surveys that mention, refer to, discuss, compare or relate to any baby product offered for distribution or sale by Defendants or third-parties in connection with child care.

Atico's Response:  Atico incorporates its general objections above. Atico objects to this request because "baby product" is a vague, ambiguous, undefined term.  Atico objects to this request related to "any baby product" as being overly broad and burdensome.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Subject to the foregoing objections, Atico has no such documents in its possession, custody, or control.

Defendants' Position:  Defendants incorporate by reference their discussions of vagueness, ambiguity, overbreadth, burden and confidentiality as set forth above in Sections II.B., C. and E.  Given that: (a) Atico itself used the term 'baby products' in its Complaint (*e.g.*, D.E.#1 at ¶20) and in its Amended Complaint (*e.g.*, D.E.# 31 at ¶23), and (b) such words are commonly found in English language dictionaries, Atico's vagueness and overbreadth objections are disingenuous and demonstrates gamesmanship, which is a rejected approach under the guidelines for discovery adopted by this Court. *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g.

**REQUEST NO. 7:**   All documents relating to the manufacturing of the products at issue that you offer for sale and/or distribution.

Atico's Response:  Atico incorporates its general objections above. Atico objects to this request because Atico's manufacturing is irrelevant to the claims at issue in this action.  Atico objects to this request as overbroad and unduly burdensome, for example, because the request could be construed to comprehend any and all documents and things anywhere in the world concerning any aspect of a manufacturing process.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico' s information.  Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

Defendants' Position:  Defendants incorporate by reference their discussions of relevance, overbreadth, undue burden and confidentiality as set forth above in Sections II.A., C. and E.  Atico's hypothetical, "for example" type argument cannot support its objections, especially since the request is tailored to the manufacturing of the products at issue, not "any aspect of *a* manufacturing process."  Moreover, Atico has not even disclosed at how many

14

locations throughout the world it manufactures the products at issue and how many responsive documents are at each such manufacturing location.   Finally, Defendants incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 8:**   All documents relating to the manufacturing of baby products that you offer for sale and/or distribution.

Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request because Atico's manufacturing is irrelevant to the claims at issue in this action.  Atico objects to this request as overbroad and unduly burdensome, for example, because the request could be construed to comprehend any and all documents and things anywhere in the world concerning any aspect of a manufacturing process.  Atico objects to this 'request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request because "baby products" is a vague, ambiguous, undefined term. Atico objects to this request related to "baby products" as being overly broad and burdensome.  Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

Defendants' Position:   Defendants incorporate by reference their discussions of relevance, vagueness, ambiguity, overbreadth, undue burden and confidentiality as set forth above in Sections II.A., B., C. and E.  Given that: (a) Atico itself used the term 'baby products' in its Complaint (*e.g.*, D.E.#1 at ¶20) and in its Amended Complaint (*e.g.*, D.E.# 31 at ¶23), and (b) such words are commonly found in English language dictionaries, Atico's vagueness and overbreadth objections are disingenuous and demonstrates gamesmanship, which is a rejected approach under the guidelines for discovery adopted by this Court.  *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g.  Moreover, Atico's hypothetical, "for example" type argument cannot support its objections, especially since the request is tailored to the manufacturing of the products at issue, not "any aspect of *a* manufacturing process."  Indeed, Atico has not even disclosed the number of locations throughout the world in which it manufactures the products at issue and how many responsive documents are at each such manufacturing location.  Finally, Defendants incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 9:**   All documents indicating the entities to whom you distribute and/or sell any of the products at issue.

Atico's Response:  Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any

Protective Order or similar assurance to protect Atico's information. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

    <u>Defendants' Position</u>:   Defendants incorporate by reference their discussion of confidentiality as set forth above in Section II.C.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 10:**  All documents indicating the entities to whom you distribute and/or sell baby products.

    <u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request because "baby products" is a vague, ambiguous, undefined term.  Atico objects to this request related to "baby products" as being overly broad and burdensome.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

    <u>Defendants' Position</u>:   Defendants incorporate by reference their discussions of vagueness, ambiguity, overbreadth, burden, and confidentiality as set forth above in Sections II.B., C. and E.  Given that: (a) Atico itself used the term 'baby products' in its Complaint (*e.g.*, D.E.#1 at ¶20) and in its Amended Complaint (*e.g.*, D.E.# 31 at ¶23), and (b) such words are commonly found in English language dictionaries, Atico's vagueness and overbreadth objections are disingenuous and demonstrates gamesmanship, which is a rejected approach under the guidelines for discovery adopted by this Court.  *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g.  Finally, Defendants incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 11:**  All documents indicating the geographic area wherein you advertise any baby product.

<u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request because "baby product" is a vague, ambiguous, undefined term.  Atico objects to this request related to "any baby product" as being overly broad and burdensome.  Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

    <u>Defendants' Position</u>:   Defendants incorporate by reference their discussions of vagueness, ambiguity, overbreadth, and burden as set forth above in Sections II.B. and E.  Given that: (a) Atico itself used the term 'baby products' in its Complaint (*e.g.*, D.E.#1 at ¶20) and in

16

its Amended Complaint (*e.g.*, D.E.# 31 at ¶23), and (b) such words are commonly found in English language dictionaries, Atico's vagueness and overbreadth objections are disingenuous and demonstrates gamesmanship, which is a rejected approach under the guidelines for discovery adopted by this Court. *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 12:**  All documents relating to the acquisition of secondary meaning (*i.e.*, acquired distinctiveness) by any product at issue.

    <u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

    <u>Defendants' Position</u>:   Defendants incorporate by reference their discussion of confidentiality as set forth above in Section II.C.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 13:**  All documents reflecting an agreement between you and any other person that includes the granting or transfer (*regardless of whether you are a grantor or grantee, or a transferor or transferee*) of a right to use any or all trademarks at issue in this action.

    <u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.  Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

    <u>Defendants' Position</u>:   Defendants incorporate by reference their discussions of confidentiality, attorney-client privilege and work product immunity as set forth above in Sections II.C. and D.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 14:**  All documents reflecting an agreement between you and any other person, including but not limited to Walgreen, relating to the manufacture, distribution and/or sale of any product at issue.

    <u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request

to the extent it seeks privileged attorney-client communications and/or attorney work product. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

      Defendants' Position:   Defendants incorporate by reference their discussions of confidentiality, attorney-client privilege and work product immunity as set forth above in Sections II.C. and D.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 15:**  All documents identifying the designer, manufacturer, or other producer of any packaging, including but not limited to any label, box, hang-tag, shrinkwrap, and/or other covering, that either you, Walgreen or Royal King use or have used in connection with any product at issue.

      Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

      Defendants' Position:   Defendants incorporate by reference their discussion of confidentiality as set forth above in Section II.C.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 16:**  All documents and things concerning the creation, development or adoption of any and all product at issue, and/or its packaging, including, but not limited to: (a) all communications between you and any consultant, design firm, marketing agency, advertising agency, media company, manufacturer, printer or other supplier connected with or consulted as to the development or adoption of such product and/or its packaging; (b) all case studies, reports, or market studies relating to any such product and/or its packaging; (c) all samples, specifications, mock-ups, prototypes or other examples of preliminary or intermediate designs of such product and/or its packaging; and (d) all agendas or records of meetings relating to the creation, development or adoption of such products and/or its packaging.

      Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

      Defendants' Position:   Defendants incorporate by reference their discussions of confidentiality, attorney-client privilege and work product immunity as set forth above in

Sections II.C. and D.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 17:**  All samples, specifications, mock-ups, prototypes or other examples of other sippy cups that you considered offering and/or did offer to Walgreen.

Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request because "sippy cups" is a vague, ambiguous, undefined term.  Atico objects to this request related to "sippy cups" as being overly broad and burdensome.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico' s information.  Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

Defendants' Position:  Defendants incorporate by reference their discussions of vagueness, ambiguity, overbreadth, burden, and confidentiality as set forth above in Sections II.B., C. and E.  The fact that Atico itself used the term "sippy cups" in its Complaint (D.E.#1, at ¶17) and in its Amended Complaint (*e.g*., D.E.# 31 at ¶20) shows that its vagueness and overbreadth objections are disingenuous and demonstrate gamesmanship, which is a rejected approach under the guidelines for discovery adopted by this Court.  *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g.  Finally, Defendants incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 18:**  All documents concerning any federal or state applications for trademark and/or trade dress registration filed, within the previous five (5) years, by or on behalf of Plaintiff relating to baby products and/or child care, including, but not limited to, modifications or amendments to such applications.

Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request because "baby products" and "child care" are vague, ambiguous, undefined terms.  Atico objects to this request related "baby products" and "child care" as being overly broad and burdensome.  Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.  Subject to the foregoing objections and to the extent responsive, non-privileged documents exist within Atico's possession, custody, or control, Atico will produce them.

Defendants' Position:  Defendants incorporate by reference their discussions of vagueness, ambiguity, overbreadth, burden, attorney-client privilege and work product immunity as set forth above in Sections II.B., D. and E.  Moreover, given that: (a) Atico itself used the term 'baby products' in its Complaint (*e.g*., D.E.#1 at ¶20) and in its Amended Complaint (*e.g.*, D.E.# 31 at ¶23), and (b) words such as "child" and "care" are commonly found in English language dictionaries, Atico's vagueness and overbreadth objections are disingenuous and demonstrates

19

gamesmanship, which is a rejected approach under the guidelines for discovery adopted by this Court. *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g.

**REQUEST NO. 19:**  All documents concerning the establishment and/or maintenance of an office by or for an Atico employee within or on the grounds of any place of business owned by, operated by or otherwise belonging to Walgreen.

    Atico's Response:  Atico incorporates its general objections above. Atico objects to this request because Atico's establishment and/or maintenance of an office is irrelevant to the claims at issue in this action.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

    Defendants' Position:  Defendants incorporate by reference their discussions of relevance and confidentiality as set forth above in Sections II.A. and C.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 20:**  All documents concerning the occupation of an office by an Atico employee within or on the grounds of any place of business owned by, operated by or otherwise belonging to Walgreen.

    Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request because Atico' s occupation of an office is irrelevant to the claims at issue in this action. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

    Defendants' Position:  Defendants incorporate by reference their discussions of relevance and confidentiality as set forth above in Sections II.A. and C.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 21:**  All documents relating to baby products that were generated by an Atico employee within any office located within or on any building owned by, operated by or otherwise belonging to Walgreen.

    Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request because "baby products" is a vague, ambiguous, undefined term.  Atico objects to this request related to "all baby products" as being overly broad and burdensome.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work

product.  Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

 <u>Defendants' Position</u>:   Defendants incorporate by reference their discussions of vagueness, ambiguity, overbreadth, burden, confidentiality, protective orders, attorney-client privilege and work product immunity as set forth above in Sections II.B., C., D. and E. Moreover, given that: (a) Atico itself used the term 'baby products' in its Complaint (*e.g.*, D.E.#1 at ¶20) and in its Amended Complaint (*e.g.*, D.E.# 31 at ¶23), and (b) such words are commonly found in English language dictionaries, Atico's vagueness and overbreadth objections are disingenuous and demonstrates gamesmanship, which is a rejected approach under the guidelines for discovery adopted by this Court.  *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g. Finally, Defendants incorporate by reference the discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 22:**  All documents relating to any product at issue that are or were kept by an Atico employee within files in any office he or she occupies or occupied in any building owned by, operated by or otherwise belonging to Walgreen.

 <u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

 <u>Defendants' Position</u>:   Defendants incorporate by reference their discussions of confidentiality, attorney-client privilege and work product immunity as set forth above in Sections II.C. and D.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 23:**  All documents showing an order by Walgreen for any product at issue.

 <u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

 <u>Defendants' Position</u>:   Defendants incorporate by reference their discussions of confidentiality, attorney-client privilege and work product immunity as set forth above in

Sections II.C. and D.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 24:**  All documents reflecting Plaintiff's first sale of each product at issue.

     <u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

     <u>Defendants' Position</u>:   Defendants incorporate by reference their discussions of confidentiality, attorney-client privilege and work product immunity as set forth above in Sections II.C. and D.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 25:**  All documents showing that the design of any product at issue is, *as a whole*, primarily functional.

     <u>Atico's Response</u>:  Atico incorporates its general objections above.   Atico objects to the term "primarily functional" as a vague, ambiguous, undefined term.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product. Subject to the foregoing objections and to the extent responsive, non-privileged documents exist within Atico's possession, custody, or control, Atico will produce them.

     <u>Defendants' Position</u>:   Defendants incorporate by reference their discussions of vagueness, ambiguity, confidentiality, attorney-client privilege and work product immunity as set forth above in Sections II.B., C. and D.  Atico itself relies on the term 'functional' and U.S. Supreme Court precedent defining that term in its Amended Complaint (*e.g.*, D.E.# 31 at ¶66-71, 91-95). Thus, Atico's vagueness and overbreadth objections are disingenuous and demonstrates gamesmanship, which is a rejected approach under the guidelines for discovery adopted by this Court. *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g.

**REQUEST NO. 26:**  All documents that reflect or describe the geographic locations where any product at issue has been sold and/or is currently being offered for sale by Plaintiff and/or Walgreen.

     <u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico' s information. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

<u>Defendants' Position</u>:   Defendants incorporate by reference their discussion of confidentiality as set forth above in Section II.C.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 27:**  All documents that list the location of any warehouse owned and/or operated by Plaintiff.

    <u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request because the location of any warehouse owned and/or operated by Atico is irrelevant to the claims at issue in this action.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

    <u>Defendants' Position</u>:  Defendants incorporate by reference their discussions of relevance and confidentiality as set forth above in Sections II.A. and C.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 28:**  All documents reflecting the location of any warehouse where Plaintiff has kept or is keeping any product at issue.

    <u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request because the location of any warehouse where Plaintiff has kept or is keeping any product at issue is irrelevant to the claims at issue in this action.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

    <u>Defendants' Position</u>:  Defendants incorporate by reference their discussions of relevance and confidentiality as set forth above in Sections II.A. and C.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 29:**  All documents reflecting the location of any warehouse where Plaintiff has delivered any product at issue.

    <u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request because the location of any warehouse where Plaintiff has delivered any product at issue is irrelevant to the claims at issue in this action.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico' s information. Subject to the foregoing objections, Atico is

investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

Defendants' Position:  Defendants incorporate by reference their discussions of relevance and confidentiality as set forth above in Sections II.A. and C.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 30:**  All communications between you and any manufacture of any product at issue.

Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request as nonsensical.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

Defendants' Position:   Defendants incorporate by reference their discussions of vagueness and confidentiality as set forth above in Sections II.B. and C.  Atico could have made "sense" of this request simply by correcting the typo of the missing "r" on the end of "manufacture."  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 31:**  All communications between Walgreen and any manufacture of any product at issue.

Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request as nonsensical. Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

Defendants' Position:   Defendants incorporate by reference their discussions of vagueness, confidentiality, public availability, alternative sources and possession, custody or control as set forth above in Sections II.B., C. and F.  Atico could have made "sense" of this request simply by correcting the typo of the missing "r" on the end of "manufacture." Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 32:**  All communications between you and any manufacture that you have used to manufacture a sippy cup.

Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request as nonsensical. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request because "sippy cup" is a vague, ambiguous, undefined term.  Atico objects to this request related to "sippy cup" as being overly broad and burdensome.  Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

Defendants' Position:   Defendants incorporate by reference their discussions of vagueness, ambiguity, overbreadth, burden, confidentiality, public availability, alternative sources and possession, custody or control as set forth above in Sections II.B., C., E. and F. Atico could have made "sense" of this request simply by correcting the typo of the missing "r" on the end of the first use of "manufacture."  Moreover, the fact that Atico itself used the term "sippy cup" in its Complaint (D.E.#1, at ¶17) and in its Amended Complaint (*e.g*., D.E.# 31 at ¶20) shows that its vagueness and overbreadth objections are disingenuous and demonstrate gamesmanship, which is a rejected approach under the guidelines for discovery adopted by this Court.  *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g.  Finally, Defendants incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 33:**  All communications between Walgreen and any manufacture that Walgreen has used to manufacture a sippy cup.

Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request as nonsensical.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request because "sippy cup" is a vague, ambiguous, undefined term.  Atico objects to this request related to "sippy cup" as being overly broad and burdensome.  Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico.  Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

Defendants' Position:   Defendants incorporate by reference their discussions of vagueness, ambiguity, overbreadth, burden, and confidentiality as set forth above in Sections II.B., C. and E.  Atico could have made "sense" of this request simply by correcting the typo of the missing "r" on the end of "manufacture."  Moreover, the fact that Atico itself used the term

"sippy cup" in its Complaint (D.E.#1, at ¶17) and in its Amended Complaint (*e.g.*, D.E.# 31 at ¶20) shows that its vagueness and overbreadth objections are disingenuous and demonstrate gamesmanship, which is a rejected approach under the guidelines for discovery adopted by this Court. *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g.  Finally, Defendants incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 34:**  All documents that show the address where any product at issue is currently being produced.
    Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.
    Defendants' Position:  Defendants incorporate by reference their discussion of confidentiality as set forth above in Section II.C.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 35:**  All order tickets or other documents reflecting requests for or orders by Walgreen of any product at issue.
    Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.
    Defendants' Position:  Defendants incorporate by reference their discussion of confidentiality as set forth above in Section II.C.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 36:**  All order tickets or other documents reflecting requests for or orders by any third-party of any product at issue.
    Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

26

<u>Defendants' Position</u>:  Defendants incorporate by reference their discussion of confidentiality as set forth above in Section II.C.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 37:**  All invoices reflecting the sale or distribution of any product at issue since January 1, 2004.

<u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

<u>Defendants' Position</u>:  Defendants incorporate by reference their discussion of confidentiality as set forth above in Section II.C.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 38:**  All documents reflecting, mentioning or discussing any agreements for indemnification between you and Walgreen that may be applicable to attorneys fees, costs and/or judgments arising out of the New York Suit.

<u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product. Atico objects to this request because the New York suit is irrelevant to the claims at issue in this action. Subject to the foregoing objections and to the extent responsive, non-privileged documents exist within Atico's possession, custody, or control, Atico will produce them.

<u>Defendants' Position</u>:  Defendants incorporate by reference their discussions of relevancy, confidentiality, attorney-client privilege and work product immunity as set forth above in Sections II.A., C. and D.  Furthermore, Atico's assertion that the New York action is irrelevant is ridiculous given Atico's own reliance on the New York action in its Amended Complaint. *See e.g.*, D.E.# 31, ¶¶ 5-6, 12, 19-21, 51-54, 59-60, 62, 64, 66, 76-77, 81, 84, 88, 91, 96, 100, and Ex. A.

**REQUEST NO. 39:**  All documents reflecting, mentioning or discussing any agreements for indemnification between you and Royal King that may be applicable to attorneys fees, costs and/or judgments arising out of the Texas Suit.

<u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any

Protective Order or similar assurance to protect Atico's information.  Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.  Atico objects to this request because the Texas suit is irrelevant to the claims at issue in this action. Subject to the foregoing objections, Atico has no such documents in its possession, custody, or control.

Defendants' Position:  Defendants incorporate by reference their discussions of relevancy, confidentiality, attorney-client privilege and work product immunity as set forth above in Sections II.A., C. and D.

**REQUEST NO. 40:**  All documents concerning any third party's use of a product design identical to the design of any product at issue.

Atico's Response:  Atico incorporates its general objections above.  Subject to the foregoing objections and to the extent responsive, non-privileged documents exist within Atico's possession, custody, or control, Atico will produce them.

Defendants' Position:  Defendants incorporate its discussions as set forth in Sections II.A thru F above.  Because Atico has failed to assert or support any specific objections to this Request, it has waived any and all objections to this Request.

**REQUEST NO. 41:**  All documents reflecting, mentioning or discussing an amount of gross sales, in units and/or in dollars, of any product at issue, from January 1, 2004 to the present date.

Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

Defendants' Position:  Defendants incorporate by reference their discussion of confidentiality as set forth above in Section II.C.  Defendants also incorporate their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth in Section II.G.

**REQUEST NO. 42:**  All documents reflecting, mentioning or discussing the net profit earned from any product at issue, from January 1, 2004 to the present date.

Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

Defendants' Position:  Defendants incorporate by reference their discussion of confidentiality as set forth above in Section II.C.  Defendants also incorporate their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth in Section II.G.

**REQUEST NO. 43:**  All documents reflecting, mentioning or discussing the gross revenue earned from any product at issue.

Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

Defendants' Position:  Defendants incorporate by reference their discussion of confidentiality as set forth above in Section II.C.  Defendants also incorporate their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth in Section II.G.

**REQUEST NO. 44:**  All documents  reflecting, mentioning or discussing predictions for or tracking of the sales of any product at issue, including, but not limited to, graphs or charts indicating sales growth, losses, or forecasts.

Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

Defendants' Position:  Defendants incorporate by reference their discussion of confidentiality as set forth above in Section II.C.  Defendants also incorporate their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth in Section II.G.

**REQUEST NO. 45:**  All agendas for and documents concerning meetings wherein the products at issue were mentioned or discussed.

Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

Defendants' Position:  Defendants incorporate by reference their discussions of confidentiality, attorney-client privilege and work product immunity as set forth above in Sections II.C. and D.  Defendants also incorporate their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth in Section II.G.

**REQUEST NO. 46:**  Samples or examples of each product at issue that Plaintiff has sold and/or distributed.

Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks samples or examples that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico. Subject to the foregoing

objections and to the extent responsive, non-privileged documents exist within Atico's possession, custody, or control, Atico will produce them.

    <u>Defendants' Position</u>:  Defendants incorporate by reference their discussion of public availability, alternative sources and possession, custody or control as set forth in Section II.F.

**REQUEST NO. 47:**  All documents indicating the total dollars that You have expended for all advertising you have conducted in the United States in connection with any product at issue.

    <u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

    <u>Defendants' Position</u>:  Defendants incorporate by reference their discussion of confidentiality as set forth above in Section II.C.  Defendants also incorporate their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth in Section II.G.

**REQUEST NO. 48:**  All documents that show the identity, or information sufficient to determine the identity of, each media entity or other person within the United States through which you have distributed and/or plan to distribute advertising wherein any product at issue is shown.

    <u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request as overbroad and unduly burdensome. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

    <u>Defendants' Position</u>:  Defendants incorporate by reference their discussions of confidentiality, overbreadth and undue burden as set forth above in Sections II.C. and E. Defendants also incorporate their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth in Section II.G.

**REQUEST NO. 49:**  All documents indicating the date(s) upon which you have distributed advertising within the United States wherein any product at issue is shown.

    <u>Atico's Response</u>:  Atico incorporates its general objections above.  Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

    <u>Defendants' Position</u>:  Defendants incorporate its discussions as set forth in Sections II.A thru F above.  Because Atico has failed to assert or support any specific objections to this Request, it has waived any and all objections to this Request.  Defendants also incorporate their

discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth in Section II.G.

**REQUEST NO. 50:**  All documents reflecting, mentioning or discussing the demographics or characteristics of consumers that any product at issue is or was intended to attract or appeal to.

 Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico' s information. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

 Defendants' Position:   Defendants incorporate by reference their discussion of confidentiality as set forth above in Section II.C.  Defendants also incorporate their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth in Section II.G.

**REQUEST NO. 51:**  All documents reflecting, mentioning or discussing the efficacy of any advertisement(s) showing any product at issue, whether relating to a specific advertisement or all advertisements.

 Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

 Defendants' Position:   Defendants incorporate by reference their discussion of confidentiality as set forth above in Section II.C.  Defendants also incorporate their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth in Section II.G.

**REQUEST NO. 52:**  All documents  reflecting, mentioning or discussing the channels of trade (including but not limited to distributors, wholesalers, retailers, and/or websites) through which you distribute, market or sell any product at issue.

 Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico' s information. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

 Defendants' Position:   Defendants incorporate by reference their discussion of confidentiality as set forth above in Section II.C.  Defendants also incorporate their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth in Section II.G.

**REQUEST NO. 53:**  All documents reflecting, mentioning or discussing any modification considered or made by or on behalf of Plaintiff to any sippy cup, including, but not limited to, all documents relating to the reason the modification was contemplated or made.

<u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request because "sippy cup" is a vague, ambiguous, undefined term.  Atico objects to this request related to "any sippy cup" as being overly broad and burdensome.  Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

<u>Defendants' Position</u>:   Defendants incorporate by reference their discussions of vagueness, ambiguity, overbreadth, burden, confidentiality, attorney-client privilege and work product immunity as set forth above in Sections II.B., C., D., and E.  The fact that Atico itself used the term "sippy cup" in its Complaint (D.E.#1, at ¶17) and in its Amended Complaint (*e.g*., D.E.# 31 at ¶20) shows that its vagueness and overbreadth objections are disingenuous and demonstrate gamesmanship, which is a rejected approach under the guidelines for discovery adopted by this Court.   *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g.   Finally, Defendants incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 54:**  All documents reflecting, mentioning or discussing any modification considered or made by or on behalf of Walgreen to any sippy cup, including, but not limited to, all documents relating to the reason the modification was contemplated or made.

<u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request because "sippy cup" is a vague, ambiguous, undefined term.  Atico objects to this request related to "any sippy cup" as being overly broad and burdensome.  Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.  Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the 'defendants' possession or are not within the possession, custody, or control of Atico.   Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

<u>Defendants' Position</u>:   Defendants incorporate by reference their discussions of vagueness, ambiguity, overbreadth, burden, confidentiality, attorney-client privilege, work product immunity, public availability, alternative sources and possession, custody or control as set forth above in Sections II.B., C., D., E. and F.  The fact that Atico itself used the term "sippy cup" in its Complaint (D.E.#1, at ¶17) and in its Amended Complaint (*e.g*., D.E.# 31 at ¶20) shows that its vagueness and overbreadth objections are disingenuous and demonstrate

gamesmanship, which is a rejected approach under the guidelines for discovery adopted by this Court.   *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g.   Finally, Defendants incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 55:**  All documents reflecting, mentioning or discussing any modification considered or made by or on behalf of Royal King to any sippy cup, including, but not limited to, all documents relating to the reason the modification was contemplated or made.

Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request because "sippy cup" is a vague, ambiguous, undefined term.  Atico objects to this request related to "any sippy cup" as being overly broad and burdensome.  Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.  Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico.  Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

Defendants' Position:  Defendants incorporate by reference their discussions of vagueness, ambiguity, overbreadth, burden, confidentiality, attorney-client privilege, work product immunity, public availability, alternative sources and possession, custody or control as set forth above in Sections II.B., C., D., E. and F.  The fact that Atico itself used the term "sippy cup" in its Complaint (D.E.#1, at ¶17) and in its Amended Complaint (*e.g.*, D.E.# 31 at ¶20) shows that its vagueness and overbreadth objections are disingenuous and demonstrate gamesmanship, which is a rejected approach under the guidelines for discovery adopted by this Court.   *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g.   Finally, Defendants incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 56:**  All documents indicating the date, facts, and/or circumstances under which you first placed an order for each product at issue.

Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request because "facts, and/or circumstances" is a vague, ambiguous, undefined term.  Atico objects to this request related to "facts, and/or circumstances" as being overly broad and burdensome.  Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

Defendants' Position: Defendants incorporate by reference their discussions of vagueness, ambiguity, overbreadth and burden as set forth above in Sections II.B. and E. One has to wonder how Atico managed to commence this action without knowing what the terms "facts" or "circumstances" mean. Nevertheless, given that the words "facts" and "circumstances" are commonly found in English language dictionaries, Atico's vagueness and overbreadth objections are disingenuous and demonstrate gamesmanship, which is a rejected approach under the guidelines for discovery adopted by this Court. *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g. Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 57:** All documents that indicate, reflect, mention or discuss any unfavorable comments, evaluations, information, criticism, and/or complaint about the quality or performance of any product at issue sold or distributed by You during the past five (5) years.

Atico's Response: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request because unfavorable comments, evaluations, information, criticism, and/or complaint about the quality or performance of any product at issue is irrelevant to the claims at issue in this action. Subject to the foregoing objections and to the extent responsive, non-privileged documents exist within Atico's possession, custody, or control, Atico will produce them.

Defendants' Position: Defendants incorporate by reference their discussions of relevance and confidentiality as set forth above in Sections II.A. and C.

**REQUEST NO. 58:** All documents provided by or on behalf of Plaintiff to any person from whom Plaintiff and/or Walgreen has sought advice or consultation concerning any product at issue.

Atico's Response: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product. Subject to the foregoing objections and to the extent responsive, non-privileged documents exist within Atico's possession, custody, or control, Atico will produce them.

Defendants' Position: Defendants incorporate by reference their discussion of attorney-client privilege and work product immunity as set forth above in Section II.D.

**REQUEST NO. 59:** All documents or other communications concerning use of the term "**Nuby**" and/or "Wagi" in connection with baby products.

Atico's Response: Atico incorporates its general objections above. Atico objects to this request because "baby products" is a vague, ambiguous, undefined term. Atico objects to this request related to "baby products" as being overly broad and burdensome. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request

to the extent it seeks privileged attorney-client communications and/or attorney work product. Subject to the foregoing objections and to the extent responsive, non-privileged documents exist within Atico's possession, custody, or control, Atico will produce them.

<u>Defendants' Position</u>:   Defendants incorporate by reference their discussions of vagueness, ambiguity, overbreadth, burden, confidentiality, attorney-client privilege and work product immunity as set forth above in Sections II.B., C., D. and E.  Given that: (a) Atico itself used the term 'baby products' in its Complaint (*e.g.*, D.E.#1 at ¶20) and in its Amended Complaint (*e.g.*, D.E.# 31 at ¶23), and (b) such words are commonly found in English language dictionaries, Atico's vagueness and overbreadth objections are disingenuous and demonstrate gamesmanship, which is a rejected approach under the guidelines for discovery adopted by this Court.  *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g.

**REQUEST NO. 60:**  All documents relating to the design of packaging for sippy cups to be sold by Walgreen.

<u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request because "sippy cups" is a vague, ambiguous, undefined term.  Atico objects to this request related to "sippy cups" as being overly broad and burdensome.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

<u>Defendants' Position</u>:   Defendants incorporate by reference their discussions of vagueness, ambiguity, overbreadth, burden, confidentiality, public availability, alternative sources and possession, custody or control as set forth above in Sections II.B., C., E. and F.  The fact that Atico itself used the term "sippy cup" in its Complaint (D.E.#1, at ¶17) and in its Amended Complaint (*e.g.*, D.E.# 31 at ¶20) shows that its vagueness and overbreadth objections are disingenuous and demonstrate gamesmanship, which is a rejected approach under the guidelines for discovery adopted by this Court.  *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g. Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 61:**  All documents relating to the design of packaging for sippy cups sold by Defendants.

<u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request because "sippy cups" is a vague, ambiguous, undefined term.  Atico objects to this

request related to "sippy cups" as being overly broad and burdensome.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico.  Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

  Defendants' Position:  Defendants incorporate by reference their discussions of vagueness, ambiguity, overbreadth, burden, confidentiality, public availability, alternative sources and possession, custody or control as set forth above in Sections II.B., C., E. and F.  The fact that Atico itself used the term "sippy cup" in its Complaint (D.E.#1, at ¶17) and in its Amended Complaint (*e.g.*, D.E.# 31 at ¶20) shows that its vagueness and overbreadth objections are disingenuous and demonstrate gamesmanship, which is a rejected approach under the guidelines for discovery adopted by this Court.  *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 62:**  All documents issued by any government agency to Plaintiff and/or Walgreen relating to any product at issue.

  Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico.  Subject to the foregoing objections, Atico has no such documents in its possession, custody, or control.

  Defendants' Position:  Defendants incorporate by reference their discussion of public availability, alternative sources and possession, custody or control as set forth in Section II.F.

**REQUEST NO. 63:**  All documents issued by any government agency to Plaintiff and/or Walgreen relating to the presence of lead in any product distributed and/or sold by Plaintiff.

  Atico's Response:   Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico.  Atico objects to this request because the presence of lead in any product distributed and/or sold by Plaintiff is irrelevant to the claims at issue in this action.  Subject to the foregoing objections, Atico has no such documents in its possession, custody, or control.

  Defendants' Position:   Defendants incorporate by reference their discussions of relevance, public availability, alternative sources and possession, custody or control as set forth in Sections II.A. and F.

**REQUEST NO. 64:**  All documents issued by any government agency to Royal King relating to any product at issue.

Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico. Subject to the foregoing objections, Atico has no such documents in its possession, custody, or control.

Defendants' Position:  Defendants incorporate by reference their discussion of public availability, alternative sources and possession, custody or control as set forth in Section II.F.

**REQUEST NO. 65:**  All documents issued by any government agency to Royal King relating to the presence of lead in any product distributed and/or sold by Plaintiff.

Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico.  Atico objects to this request because the presence of lead in any product distributed and/or sold by Plaintiff is irrelevant to the claims at issue in this action.  Subject to the foregoing objections, Atico has no such documents in its possession, custody, or control.

Defendants' Position:  Defendants incorporate by reference their discussions of relevance, public availability, alternative sources and possession, custody or control as set forth in Sections II.A. and F.

**REQUEST NO. 66:**  All organization charts or other documents from which the past and present organizational and operational structure of Plaintiff, from January 1, 2004 to the present, can be ascertained.

Atico's Response:  Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request because Atico's past and present organizational and operational structure is irrelevant to the claims at issue in this action.  Subject to the foregoing objections, Atico has no such documents in its possession, custody, or control.

Defendants' Position:  Defendants incorporate by reference their discussions of relevance and confidentiality as set forth in Sections II.A. and C.

**REQUEST NO. 67:**  All contracts between Plaintiff and (a) its distributors, (b) manufacturers, (c) wholesalers, and/or (d) retailers relating to any product at issue.

Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.  Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

37

<u>Defendants' Position</u>:   Defendants incorporate by reference their discussions of confidentiality, attorney-client privilege and work product immunity as set forth above in Sections II.C. and D.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 68:**  All documents that you relied upon or referred to in formulating your Complaint in this litigation.

<u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product. Subject to the foregoing objections and to the extent responsive, non-privileged documents exist within Atico's possession, custody, or control, Atico will produce them.

<u>Defendants' Position</u>:   Defendants incorporate by reference their discussions of confidentiality, attorney-client privilege and work product immunity as set forth above in Sections II.C. and D.

**REQUEST NO. 69:**  All documents that concern, comment upon, or reflect editorials, articles, or other media commentary about the Plaintiff, Walgreen, and/or any product at issue.

<u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico.  Atico objects to this request as overbroad and unduly burdensome, for example, because the request could be construed to comprehend any and all documents and things anywhere in the world concerning any aspect of Atico and/or Walgreens having nothing to do with the product at issue. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

<u>Defendants' Position</u>:   Defendants incorporate by reference their discussions of overbreadth, undue burden, public availability, alternative sources and possession, custody or control as set forth above in Sections II.E. and F.  Atico's hypothetical, "for example" type of argument cannot support its objections, especially since the request is tailored to media commentary about Atico, Walgreen and/or any of the products at issue.  Moreover, Atico has not even disclosed how many articles or editorials it has in its possession, custody or control that contain commentary about Atico, Walgreen or the products at issue—let alone why it would be unduly burdensome to produce them.  Finally, Defendants incorporate by reference their

38

discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth in Section II.G.

**REQUEST NO. 70:**  All studies, tests, reports and/or memoranda that mention, refer to, discuss or reference any product at issue.

<u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidentiality, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

<u>Defendants' Position</u>:  Defendants incorporate by reference their discussions of confidentiality, attorney-client privilege and work product immunity as set forth above in Sections II.C. and D.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 71:**  All studies, tests, reports and/or memoranda that mention, refer to, discuss or reference any sippy cup being offered for sale by any third-party in the United States.

<u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request because "sippy cup" is a vague, ambiguous, undefined term.  Atico objects to this request related to "sippy cup" as being overly broad and burdensome.  Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

<u>Defendants' Position</u>:  Defendants incorporate by reference their discussions of vagueness, ambiguity, overbreadth, burden, confidentiality, attorney-client privilege and work product immunity as set forth above in Sections II.B., C., D. and E.  The fact that Atico itself used the term "sippy cup" in its Complaint (D.E.#1, at ¶17) and in its Amended Complaint (*e.g.*, D.E.# 31 at ¶20) shows that its vagueness and overbreadth objections are disingenuous and demonstrate gamesmanship, which is a rejected approach under the guidelines for discovery adopted by this Court.  *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 72:**  All documents that mention, indicate, refer to, discuss or reference the sophistication of consumers of sippy cups.

Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request because "sippy cups" is a vague, ambiguous, undefined term.  Atico objects to this request related to "sippy cups" as being overly broad and burdensome.  Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.  Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

Defendants' Position:  Defendants incorporate by reference their discussions of vagueness, ambiguity, overbreadth, burden, confidentiality, attorney-client privilege and work product immunity as set forth above in Sections II.B., C., D. and E.  The fact that Atico itself used the term "sippy cup" in its Complaint (D.E.#1, at ¶17) and in its Amended Complaint (*e.g.*, D.E.# 31 at ¶20) shows that its vagueness and overbreadth objections are disingenuous and demonstrate gamesmanship, which is a rejected approach under the guidelines for discovery adopted by this Court.  *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 73:**  All documents that mention, indicate, refer to, discuss or reference the sophistication of consumers of baby products.

Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request because "baby products" is a vague, ambiguous, undefined term.  Atico objects to this request related to "baby products" as being overly broad and burdensome.  Atico objects to this request to the extent it seeks privileged attorney-c1ient communications and/or attorney work product.  Subject to the foregoing objections, Atico has no such documents in its possession, custody, or control.

Defendants' Position:  Defendants incorporate by reference their discussions of vagueness, ambiguity, overbreadth, burden, confidentiality, attorney-client privilege and work product immunity as set forth above in Sections II.B., C., D. and E.  Given that: (a) Atico itself used the term 'baby products' in its Complaint (*e.g.*, D.E.#1 at ¶20) and in its Amended Complaint (*e.g.*, D.E.# 31 at ¶23), and (b) such words are commonly found in English language dictionaries, Atico's vagueness and overbreadth objections are disingenuous and demonstrate gamesmanship, which is a rejected approach under the guidelines for discovery adopted by this Court.  *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g.

**REQUEST NO. 74:**  All documents relating to any and all trademark and/or trade dress infringement claims that Plaintiff has ever asserted, regardless of whether any such claims resulted in any litigation or other contested proceeding, including, without limitation, any and all cease and desist letters, pleadings, papers and settlement agreements relating to any such claims.

     Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks privileged attorney-c1ient communications and/or attorney work product.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Subject to the foregoing objections, Atico is investigating whether it has non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

     Defendants' Position:   Defendants incorporate by reference their discussions of confidentiality, attorney-client privilege and work product immunity as set forth above in Sections II.C. and D.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 75:**  All documents relating to any and all trademark infringement claims that have ever been asserted against Plaintiff, regardless of whether any such claims resulted in any litigation or other contested proceeding, including, without limitation, any and all cease and desist letters, pleadings, papers and settlement agreements relating to any such claims.

     Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

     Defendants' Position:   Defendants incorporate by reference their discussions of confidentiality, attorney-client privilege and work product immunity as set forth above in Sections II.C. and D.  Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 76:**  All documents that mention, refer to, discuss or reference any confusion between any baby product offered for sale under the Wagi trademark and any baby product offered for sale under the Nuby trademark.

     Atico's Response: Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this. request because '"baby product" is a vague, ambiguous, undefined term.  Atico objects to this request related to "any baby product" as being overly broad

and burdensome. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

    <u>Defendants' Position</u>:   Defendants incorporate by reference their discussions of vagueness, ambiguity, overbreadth, burden, confidentiality, attorney-client privilege and work product immunity as set forth above in Sections II.B., C., D. and E.   Given that: (a) Atico itself used the term 'baby products' in its Complaint (*e.g.*, D.E.#1 at ¶20) and in its Amended Complaint (*e.g.*, D.E.# 31 at ¶23), and (b) such words are commonly found in English language dictionaries, Atico's vagueness and overbreadth objections are disingenuous and demonstrate gamesmanship, which is a rejected approach under the guidelines for discovery adopted by this Court.   *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g.   Finally, Defendants incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 77:**  All documents that mention, refer to, discuss or reference any confusion between any sippy cup offered for sale under the Wagi trademark and any sippy cup offered for sale under the Nuby trademark.

    <u>Atico's Response</u>: Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.   Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request because "sippy cup" is a vague, ambiguous, undefined term.   Atico objects to this request related to "any sippy cup" as being overly broad and burdensome. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

    <u>Defendants' Position</u>:   Defendants incorporate by reference their discussions of vagueness, ambiguity, overbreadth, burden, confidentiality, attorney-client privilege and work product immunity as set forth above in Sections II.B., C., D. and E.   The fact that Atico itself used the term "sippy cup" in its Complaint (D.E.#1, at ¶17) and in its Amended Complaint (*e.g.*, D.E.# 31 at ¶20) shows that its vagueness and overbreadth objections are disingenuous and demonstrate gamesmanship, which is a rejected approach under the guidelines for discovery adopted by this Court.   *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g.   Defendants also incorporate by reference their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth above in Section II.G.

**REQUEST NO. 78:**  All documents evidencing monies paid to Atico by Walgreen in relation to the purchase of any product at issue.

    Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

    Defendants' Position:   Defendants incorporate by reference their discussions of confidentiality, public availability, alternative sources and possession, custody or control as set forth above in Sections II.C. and F.  Defendants also incorporate their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth in Section II.G.

**REQUEST NO. 79:**  All documents evidencing payment(s) being made on behalf of Walgreen to Royal King in relation to any product at issue.

    Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

    Defendants' Position:   Defendants incorporate by reference their discussions of confidentiality, public availability, alternative sources and possession, custody or control as set forth above in Sections II.C. and F.  Defendants also incorporate their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth in Section II.G.

**REQUEST NO. 80:**  All documents evidencing monies paid by Atico to Royal King in relation to any product at issue.

    Atico's Response:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.  Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico. Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

<u>Defendants' Position</u>:    Defendants  incorporate  by  reference  their  discussions  of confidentiality, public availability, alternative sources and possession, custody or control as set forth  above  in  Sections II.C. and F.   Defendants also incorporate their discussion of Atico's failure to investigate and ridiculous claim of supplementation as set forth in Section II.G.

**REQUEST NO. 81:**  All documents, not otherwise requested in the preceding Requests, that support Plaintiff's claims in this action.

<u>Atico's Response</u>:  Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.  Subject  to  the  foregoing  objections  and  to  the  extent  responsive,  non-privileged documents exist within Atico's possession, custody, or control, Atico will produce them.

<u>Defendants' Position</u>:  Defendants incorporate by reference their discussion of attorney-client privilege and work product immunity as set forth above in Sections II.D.

## IV.    CONCLUSION

Based  on  the  foregoing,  LNC  and  Admar  respectfully  request  that  this  Court  issue  an Order deeming Atico's objections unsupported and, thereby, invalid and of no effect, compelling Atico to make full, complete, specific and non-evasive disclosures of all responsive documents and  things,  and  awarding  Defendants  their  reasonable  expenses,  including  attorneys'  fees,  in making this Motion.

Dated: September 18, 2009              Respectfully submitted,

                                       **FELDMAN GALE, P.A.**
                                       One Biscayne Tower, 30th Floor
                                       2 South Biscayne Boulevard
                                       Miami, Florida 33131
                                       Telephone:  305-358-5001
                                       Facsimile:  305-358-3309

                                     By:   /s   *Susan J. Latham*_____
                                         James A. Gale / Fla. Bar no. 371726
                                       jgale@feldmangale.com
                                       Susan J. Latham / Fla. Bar no. 0687391
                                       slatham@feldmangale.com
                                       ***Attorneys for Defendants/Counter-plaintiffs***

44

**CERTIFICATE OF COUNSEL**

Pursuant to Local Rule 7.1, I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in this motion; however, the parties have been unable to resolve this discovery dispute.

By:   /s  Susan J. Latham_____
SUSAN J. LATHAM

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of September 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   /s  Susan J. Latham_____
SUSAN J. LATHAM

**SERVICE LIST**

*Atico International USA, Inc. v. Luv N' Care, Ltd.,  et al.*
Case No. 09-60397-CIV-COHN/SELTZER
United States District Court, Southern District of Florida

Alan Weisberg
aweisberg@cwiplaw.com
Jeffrey H. Kamenetsky
jkamenetsky@cwiplaw.com
Christopher & Weisberg, P.A.
200 East Las Olas Blvd., Suite 2040
Ft. Lauderdale, FL 33301
Phone: 954-828-1488
Facsimile: 954-828-9122
*Counsel for Atico International USA, Inc. and Walgreen Co.*
*Via CM/ECF*