# EXHIBIT "1"

*Defendants' First Set of Requests for Production to Plaintiff*
*served upon Atico on June 25, 2009*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-60397-CIV-COHN/SELTZER

ATICO INTERNATIONAL USA, INC.,
a Delaware corporation, and WALGREEN
CO., an Illinois corporation

                    Plaintiffs,

vs.

LUV N' CARE, LTD., a Louisiana corporation,
and ADMAR INTERNATIONAL, INC., a
Delaware corporation,

                    Defendants.
_____/

## DEFENDANTS' FIRST SET OF
## REQUESTS FOR PRODUCTION TO PLAINTIFF

Luv n' care, Ltd. ("Luv n' care") and Admar International ("Admar"),

(collectively, the "Defendants"), by and through their undersigned counsel, and pursuant

to Rule 34 of the Federal Rules of Civil Procedure, request that Plaintiff Atico

International USA, Inc. (hereinafter, "Atico") produce for inspection and copying the

documents and things requested herein, within the time provided under the Federal Rules

of Civil Procedure.

### DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

1.. "And" and "or", as well as the term "and/or" shall each be construed either

disjunctively or conjunctively as necessary to bring within the scope of the interrogatory

any information that might otherwise be construed to be outside of its scope.

2. "Any" shall include "all", and "all" shall include "any."

3.     "Communication" shall mean the act or fact of exchanging information between or among more than one person, and shall include, without limitation, face-to-face meetings, interviews, conversations, telephone calls, letters, memoranda, electronic mail transmissions and hard copies thereof, facsimile transmissions, telegrams, telexes, computerized communications and data transfers of all kinds, voice mail messages, and all other means by which information, data, language, or documents are transmitted, passed, or otherwise conveyed from one or more persons or entities to one or more other persons or entities.

4.     "Document" is used herein in its customarily broad sense as established in Fed.R.Civ.P., Rule 34(a)(1), and shall mean all writings or recordings of any kind, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, including without limitation the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies, any attachments to such copies, or otherwise, and including, but not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, facsimiles, checks, invoices, worksheets, desk calendars, day-planners, instant messages, bulletins, studies, analyses, contracts, agreements, projections, estimates, statistical statements, workpapers, analytical records, reports and/or summaries, opinions or reports of consultants, opinions or reports of accountants or other industry experts, other reports, trade letters, research and development reports, press releases, diaries, articles, pamphlets, forecasts, drawings, instructions, minutes or other memorializations of meetings and conferences, records of intra-office or inter-office telephone calls and messages, charts, graphs, photographs, films, audio and video tapes, computer tapes,

2

computer diskettes, data files, printouts, all other data compilations from which information can be obtained (translated, if necessary, by the responding party into usable form), together with any preliminary versions, drafts, annotated and otherwise non-identical copies of such documents. "Document" shall also include information stored in a computer memory, file or disk.

5.     "Including" shall be construed as "including but not limited to".

6.     "Person" shall refer to any natural person, corporate or other business entity, partnership, group, association, governmental entity, or any other legal or *de facto* organization, together with their officers, directors, employees, partners, agents or other entities acting on their behalf.

7.     The terms "Refer to" or "referring to" shall be construed, without limitation, to include analyzing, arising out of or in connection with, commenting upon, comprising, concerning, considering, constituting, containing, denying, describing, disclosing, discussing, evidencing, explaining, identifying, memorializing, mentioning, pertaining to, reflecting, relating to, representing, setting forth, showing, studying, substantiating, supporting, summarizing, underlying, or having any logical, legal or factual connection with the subject matter, whether in whole or in part.

8.     The terms "relating to" or "concerning" shall each mean, directly or indirectly, with respect to, referring to, mentioning, pertaining to, substantiating, supporting, denying, underlying, arising out of or in connection with, memorializing, commenting upon, showing, describing, reflecting, representing, or in any way legally, logically or factually connected with the subject matter discussed, whether in whole or in part.

3

9.     The terms "evidence" or "evidencing" shall be construed, without limitation, to include proving, evincing, showing, attesting to, confirming, corroborating, documenting, substantiating, validating, authenticating, identifying, verifying, illustrating, or otherwise providing support of the truth or accuracy of a claim or matter.

10.     The term "USPTO" shall mean the United States Patent and Trademark Office.

11.     The term "TTAB" shall mean the Trademark Trial and Appeals Board of the United States Patent and Trademark Office.

12.     The term "advertising" as used herein means all promotional activities, documents, communications, and/or other materials, including but not limited to brochures, press releases, pamphlets, flyers, hang tags, labels, menu, inserts or ad copy for placement in traditional print media, electronic mail ("e-mail"), information posted on the Internet, newsletters, booklets, pitch books, letters, questionnaires, mailings, and/or scripts or notes for oral statements made in person or over the telephone,.

13.     The term "advertisement" as used herein means each distinct promotional item, document or other material including, but not limited to, brochure, press release, pamphlet, flyer, hang tag, label, menu, insert or ad copy for placement in traditional print media, electronic mail ("e-mail"), posting on the Internet, newsletter, booklet, pitch book, letter, questionnaire, direct mailing, and/or script or note for oral statements made in person or over the telephone, regardless of whether such item is meant to appeal to retailers, wholesalers, and/or consumers.

14.     The term "secondary meaning" as used herein shall mean the connection in the minds of consumers between the trademark and the product's producer, whether

that producer is known or unknown to consumers.  This definition is well-established in Eleventh Circuit caselaw.  *E.g. Ferrellgas Partners, L.P. v. Barrow*, 143 Fed.Appx. 180, 2005 WL 1736276 (11th Cir. 2005); *Bauer Lamp Co., Inc. v. Shaffer*, 941 F.2d 1165 (11th Cir. 1991).

15.    The use of any masculine pronoun herein shall also include the feminine and the neuter.  Similarly, the use of any feminine pronoun shall also include the masculine and the neuter, and the use of any neuter pronoun shall also include the masculine and the feminine.

16.    The use of any singular construction shall also include the plural, and the use of the plural shall also include the singular.

17.    The term "identify" or "identifying" when used in reference to any natural person means showing his or her first and last name, present or last known address, and/or his or her present or last known employment position and business affiliation. When used in reference to a person other than an natural person, "identify" or "identifying" means showing the name of the entity, the type of entity it is, *e.g.* corporation, partnership, limited partnership, and/or the present or last known address of its principal place of business.

18.    The terms "Defendants," "Propounding Party," "Luv n' care and Admar" shall mean Luv n' care, Ltd. ("Luv n' care") and/or Admar International ("Admar"), their employees, principals, directors, managers, officers, owners, partners, agents, attorneys, or other representative, whether or not such person has remained and is currently associated with either Luv n' care and/or Admar; any and all predecessor companies, past or present divisions, subsidiaries, affiliates, past or present joint ventures, partnerships or

limited partnerships of which Luv n' care and/or Admar is a joint venturer or a limited partner, each such entity to include without limitation all past or present officers, directors, managers, owners, partners, employees, agents attorneys, accountants, auditors, consultants, investigators, or other person acting on behalf of, at the direction of or under the control of such entity.

19.     The terms "Plaintiff," "Responding Party," "Atico," or "you" mean Atico International USA, Inc., its employees, principals, directors, managers, officers, owners, partners, agents, attorneys, or other representative, whether or not such person has remained and is currently associated with Atico International USA, Inc.; any and all predecessor companies, past or present divisions, subsidiaries and/or affiliates whether foreign or domestic, past or present joint ventures, partnerships or limited partnerships of which Atico International USA, Inc. is a joint venturer or a limited partner, each such entity to include without limitation all past or present officers, directors, managers, owners, partners, employees, agents attorneys, accountants, auditors, consultants, investigators, or other person acting on behalf of, at the direction of or under the control of such entity.

20.     The terms "Walgreen" and "Walgreens" mean Walgreen Co., its employees, principals, directors, managers, officers, owners, partners, agents, attorneys, or other representative, whether or not such person has remained and is currently associated with Walgreen Co.; any and all predecessor companies, past or present divisions, subsidiaries and/or affiliates whether foreign or domestic, past or present joint ventures, partnerships or limited partnerships of which Walgreen Co. is a joint venturer or a limited partner, each such entity to include without limitation all past or present

officers, directors, managers, owners, partners, employees, agents attorneys, accountants, auditors, consultants, investigators, or other person acting on behalf of, at the direction of or under the control of such entity.

21.     The term "Royal King" means Royal King Baby Product Co., Ltd., its employees, principals, directors, managers, officers, owners, partners, agents, attorneys, or other representative, whether or not such person has remained and is currently associated with Royal King Baby Product Co., Ltd.; any and all predecessor companies, past or present divisions, subsidiaries and/or affiliates whether foreign or domestic, past or present joint ventures, partnerships or limited partnerships of which Royal King Baby Product Co., Ltd. is a joint venturer or a limited partner, each such entity to include without limitation all past or present officers, directors, managers, owners, partners, employees, agents attorneys, accountants, auditors, consultants, investigators, or other person acting on behalf of, at the direction of or under the control of such entity.

22.     The terms "this case", "this lawsuit" or "this action" shall refer to the matter in the above styled caption.

23.     The terms "the New York Suit," "the New York case," "the NY Suit," and "the NY case" shall refer to the matter pending before the United States District Court for the Southern District of New York, styled *Luv N' Care, Ltd. and Admar Int'l, Inc. v. Walgreen Co. and Kmart Corp.* and bearing case no. 08-civ-4457.

24.     The terms "the Texas Suit," and "the Texas case," shall refer to the matter pending before the United States District Court for the Eastern District of Texas, styled styled *Luv N' Care, Ltd. and Admar Int'l, Inc. v. Royal King Baby Product Co., Ltd.* and bearing case no. 2:08-cv-163.

25.    The term "product at issue" shall refer to any product that is the subject of any allegation(s) in this case, the New York Suit and/or the Texas Suit, and shall include, without limitation, those products reflected on Ex. 1 attached hereto.

## INSTRUCTIONS

As part of your obligations under the Federal Rules of Civil Procedure:

1. For every document withheld on a claim of privilege, furnish a privilege log identifying each document for which the privilege is claimed, together with the following information: date, author, recipient, persons to whom copies were furnished, job titles of each of these persons, subject matter of the documents, the basis on which the privilege is claimed, the paragraph or paragraphs of this Request to which the documents respond, and whether any non-privileged matter is discussed in this document. The privilege log must contain sufficient detail to allow Defendants and the Court to determine whether a privilege exists and the extent of coverage of any privilege.

2. If copies or drafts exist of any document requested to be produced, produce and submit for inspection and copying each and every copy and/or draft that differs in any way from the original document or from any other copy or draft.

3. If any document was, but is no longer in your possession or subject to your control or in existence, state whether:

        a.  It is missing or lost;

        b.  It has been destroyed;

        c.  It has been transferred, voluntarily or involuntarily, to another; or

        d.  It has been disposed of otherwise.

4.  In each instance listed in number 3 above, explain the circumstances surrounding such disposition and identify the person or person directing or authorizing the same and the date or dates thereof.  Identify each document by listing its author and his/her address, the type of document, date, subject matter, present location and custodian, and whether the document or copies are still in existence.

5.  Pursuant to Rule 34 of the Federal Rules of Civil Procedure, you are instructed to serve responses upon Propounding Party's counsel within thirty (30) days after service of these Requests.

6.  Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests shall be deemed continuing so as to require further and supplemental response by Defendant in the event Defendant or any person acting on its behalf, obtains or discovers additional documents or information that may augment or otherwise modify its responses hereto, between the time of initial response and the time of the close of discovery, and Defendant must promptly furnish such additional documents or information to Plaintiff.

7.  If, in responding to any of the following requests, Defendant reasonably perceives any ambiguity, Defendant shall set forth the matter reasonably deemed ambiguous and set forth the construction chosen or used in responding to the request.

8.  If you assert a privilege pursuant to the work product doctrine in response or in partial response to a Request, in addition to the information requested in Instruction Number 1 above, specifically identify: (a) the person or attorney who prepared the work product; (b) each person who heard or received the communication; (c) the date upon which the work product was prepared; and, (d) the litigation for which the work product was prepared.

9.  If a Request calls for documents or things relating to sales and promotion, unless otherwise stated, such Request only seeks documents and things relating to sales and promotion occurring within the United States.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**
Samples or representative specimens of all past (limited to the previous 5 years) and present advertisements in which any product at issue is shown, whether the advertisement has been used in commerce or not, including without limitation, those shown or developed to be shown on television, in movies, on radio, via the Internet, in print media including, newspapers, periodicals, brochures, direct mail pieces and flyers, and/or via in-store displays or specially manufactured racks.

**REQUEST NO. 2:**
All documents indicating the number of times each distinct advertisement, which is responsive to Request No. 1 above, has been published, distributed, or displayed via any medium within the United States.

**REQUEST NO. 3:**
All documents identifying the persons who have or have had ownership of the design for each product at issue, from the time of the first use of such product design by you or any of Your predecessor(s) in interest.

**REQUEST NO. 4:**
All consumer surveys that mention, refer to, discuss, compare or relate to any product at issue and/or any trademark that is associated with any such product.

10

**REQUEST NO. 5:**
All consumer surveys that mention, refer to, discuss, compare or relate to any baby product offered for distribution or sale by Plaintiff and/or Walgreen in connection with child care.

**REQUEST NO. 6:**
All consumer surveys that mention, refer to, discuss, compare or relate to any baby product offered for distribution or sale by Defendants or third-parties in connection with child care.

**REQUEST NO. 7:**
All documents relating to the manufacturing of the products at issue that you offer for sale and/or distribution.

**REQUEST NO. 8:**
All documents relating to the manufacturing of baby products that you offer for sale and/or distribution.

**REQUEST NO. 9:**
All documents indicating the entities to whom you distribute and/or sell any of the products at issue.

**REQUEST NO. 10:**
All documents indicating the entities to whom you distribute and/or sell baby products.

**REQUEST NO. 11:**
All documents indicating the geographic area wherein you advertise any baby product.

**REQUEST NO. 12:**
All documents relating to the acquisition of secondary meaning (*i.e.* acquired distinctiveness) by any product at issue.

**REQUEST NO. 13:**
All documents reflecting an agreement between you and any other person that includes the granting or transfer (*regardless of whether you are a grantor or grantee, or a transferor or transferee*) of a right to use any or all trademarks at issue in this action.

**REQUEST NO. 14:**
All documents reflecting an agreement between you and any other person, including but not limited to Walgreen, relating to the manufacture, distribution and/or sale of any product at issue.

**REQUEST NO. 15:**
All documents identifying the designer, manufacturer, or other producer of any packaging, including but not limited to any label, box, hang-tag, shrinkwrap, and/or other covering, that either you, Walgreen or Royal King use or have used in connection with any product at issue.

**REQUEST NO. 16:**
All documents and things concerning the creation, development or adoption of any and all product at issue, and/or its packaging, including, but not limited to: (a) all

communications between you and any consultant, design firm, marketing agency, advertising agency, media company, manufacturer, printer or other supplier connected with or consulted as to the development or adoption of such product and/or its packaging; (b) all case studies, reports, or market studies relating to any such product and/or its packaging; (c) all samples, specifications, mock-ups, prototypes or other examples of preliminary or intermediate designs of such product and/or its packaging; and (d) all agendas or records of meetings relating to the creation, development or adoption of such products and/or its packaging.

**REQUEST NO. 17:**
All samples, specifications, mock-ups, prototypes or other examples of other sippy cups that you considered offering and/or did offer to Walgreen.

**REQUEST NO. 18:**
All documents concerning any federal or state applications for trademark and/or trade dress registration filed, within the previous five (5) years, by or on behalf of Plaintiff relating to baby products and/or child care, including, but not limited to, modifications or amendments to such applications.

**REQUEST NO. 19:**
All documents concerning the establishment and/or maintenance of an office by or for an Atico employee within or on the grounds of any place of business owned by, operated by or otherwise belonging to Walgreen.

13

**REQUEST NO. 20:**
All documents concerning the occupation of an office by an Atico employee within or on

the grounds of any place of business owned by, operated by or otherwise belonging to

Walgreen.

**REQUEST NO. 21:**
All documents relating to baby products that were generated by an Atico employee

within any office located within or on any building owned by, operated by or otherwise

belonging to Walgreen.

**REQUEST NO. 22:**
All documents relating to any product at issue that are or were kept by an Atico employee

within files in any office he or she occupies or occupied in any building owned by,

operated by or otherwise belonging to Walgreen.

**REQUEST NO. 23:**
All documents showing an order by Walgreen for any product at issue.

**REQUEST NO. 24:**
All documents reflecting Plaintiff's first sale of each product at issue.

**REQUEST NO. 25:**
All documents showing that the design of any product at issue is, *as a whole*, primarily

functional.

14

**REQUEST NO. 26:**

All documents that reflect or describe the geographic locations where any product at issue has been sold and/or is currently being offered for sale by Plaintiff and/or Walgreen.

**REQUEST NO. 27:**

All documents that list the location of any warehouse owned and/or operated by Plaintiff.

**REQUEST NO. 28:**

All documents reflecting the location of any warehouse where Plaintiff has kept or is keeping any product at issue.

**REQUEST NO. 29:**

All documents reflecting the location of any warehouse where Plaintiff has delivered any product at issue.

**REQUEST NO. 30:**

All communications between you and any manufacture of any product at issue.

**REQUEST NO. 31:**

All communications between Walgreen and any manufacture of any product at issue.

**REQUEST NO. 32:**

All communications between you and any manufacture that you have used to manufacture a sippy cup.

15

**REQUEST NO. 33:**

All communications between Walgreen and any manufacture that Walgreen has used to manufacture a sippy cup.

**REQUEST NO. 34:**

All documents that show the address where any product at issue is currently being produced.

**REQUEST NO. 35:**

All order tickets or other documents reflecting requests for or orders by Walgreen of any product at issue.

**REQUEST NO. 36:**

All order tickets or other documents reflecting requests for or orders by any third-party of any product at issue.

**REQUEST NO. 37:**

All invoices reflecting the sale or distribution of any product at issue since January 1, 2004.

**REQUEST NO. 38:**

All documents reflecting, mentioning or discussing any agreements for indemnification between you and Walgreen that may be applicable to attorneys fees, costs and/or judgments arising out of the New York Suit.

16

**REQUEST NO. 39:**
All documents reflecting, mentioning or discussing any agreements for indemnification between you and Royal King that may be applicable to attorneys fees, costs and/or judgments arising out of the Texas Suit.

**REQUEST NO. 40:**
All documents concerning any third party's use of a product design identical to the design of any product at issue.

**REQUEST NO. 41:**
All documents reflecting, mentioning or discussing an amount of gross sales, in units and/or in dollars, of any product at issue, from January 1, 2004 to the present date.

**REQUEST NO. 42:**
All documents reflecting, mentioning or discussing the net profit earned from any product at issue, from January 1, 2004 to the present date.

**REQUEST NO. 43:**
All documents reflecting, mentioning or discussing the gross revenue earned from any product at issue.

**REQUEST NO. 44:**
All documents reflecting, mentioning or discussing predictions for or tracking of the sales of any product at issue, including, but not limited to, graphs or charts indicating sales growth, losses, or forecasts.

17

**REQUEST NO. 45:**

All agendas for and documents concerning meetings wherein the products at issue were

mentioned or discussed.

**REQUEST NO. 46:**

Samples or examples of each product at issue that Plaintiff has sold and/or distributed.

**REQUEST NO. 47:**

All documents indicating the total dollars that You have expended for all advertising you

have conducted in the United States in connection with any product at issue.

**REQUEST NO. 48:**

All documents that show the identity, or information sufficient to determine the identity

of, each media entity or other person within the United States through which you have

distributed and/or plan to distribute advertising wherein any product at issue is shown.

**REQUEST NO. 49:**

All documents indicating the date(s) upon which you have distributed advertising within

the United States wherein any product at issue is shown.

**REQUEST NO. 50:**

All documents reflecting, mentioning or discussing the demographics or characteristics of

consumers that any product at issue is or was intended to attract or appeal to.

18

**REQUEST NO. 51:**
All documents reflecting, mentioning or discussing the efficacy of any advertisement(s) showing any product at issue, whether relating to a specific advertisement or all advertisements.

**REQUEST NO. 52:**
All documents reflecting, mentioning or discussing the channels of trade (including but not limited to distributors, wholesalers, retailers, and/or websites) through which you distribute, market or sell any product at issue.

**REQUEST NO. 53:**
All documents reflecting, mentioning or discussing any modification considered or made by or on behalf of Plaintiff to any sippy cup, including, but not limited to, all documents relating to the reason the modification was contemplated or made.

**REQUEST NO. 54:**
All documents reflecting, mentioning or discussing any modification considered or made by or on behalf of Walgreen to any sippy cup, including, but not limited to, all documents relating to the reason the modification was contemplated or made.

**REQUEST NO. 55:**
All documents reflecting, mentioning or discussing any modification considered or made by or on behalf of Royal King to any sippy cup, including, but not limited to, all documents relating to the reason the modification was contemplated or made.

**REQUEST NO. 56:**
All documents indicating the date, facts, and/or circumstances under which you first placed an order for each product at issue.

**REQUEST NO. 57:**
All documents that indicate, reflect, mention or discuss any unfavorable comments, evaluations, information, criticism, and/or complaint about the quality or performance of any product at issue sold or distributed by You during the past five (5) years.

**REQUEST NO. 58:**
All documents provided by or on behalf of Plaintiff to any person from whom Plaintiff and/or Walgreen has sought advice or consultation concerning any product at issue.

**REQUEST NO. 59:**
All documents or other communications concerning use of the term **"Nuby"** and/or "Wagi" in connection with baby products.

**REQUEST NO. 60:**
All documents relating to the design of packaging for sippy cups to be sold by Walgreen.

**REQUEST NO. 61:**
All documents relating to the design of packaging for sippy cups sold by Defendants.

**REQUEST NO. 62:**
All documents issued by any government agency to Plaintiff and/or Walgreen relating to any product at issue.

**REQUEST NO. 63:**

All documents issued by any government agency to Plaintiff and/or Walgreen relating to

the presence of lead in any product distributed and/or sold by Plaintiff.


**REQUEST NO. 64:**

All documents issued by any government agency to Royal King relating to any product at

issue.


**REQUEST NO. 65:**

All documents issued by any government agency to Royal King relating to the presence

of lead in any product distributed and/or sold by Plaintiff.


**REQUEST NO. 66:**

All organization charts or other documents from which the past and present

organizational and operational structure of Plaintiff, from January 1, 2004 to the present,

can be ascertained.


**REQUEST NO. 67:**

All contracts between Plaintiff and (a) its distributors, (b) manufacturers, (c) wholesalers,

and/or (d) retailers relating to any product at issue.


**REQUEST NO. 68:**

All documents that you relied upon or referred to in formulating your Complaint in this

litigation.

21

**REQUEST NO. 69:**

All documents that concern, comment upon, or reflect editorials, articles, or other media commentary about the Plaintiff, Walgreen, and/or any product at issue.

**REQUEST NO. 70:**

All studies, tests, reports and/or memoranda that mention, refer to, discuss or reference any product at issue.

**REQUEST NO. 71:**

All studies, tests, reports and/or memoranda that mention, refer to, discuss or reference any sippy cup being offered for sale by any third-party in the United States.

**REQUEST NO. 72:**

All documents that mention, indicate, refer to, discuss or reference the sophistication of consumers of sippy cups.

**REQUEST NO. 73:**

All documents that mention, indicate, refer to, discuss or reference the sophistication of consumers of baby products.

**REQUEST NO. 74:**

All documents relating to any and all trademark and/or trade dress infringement claims that Plaintiff has ever asserted, regardless of whether any such claims resulted in any litigation or other contested proceeding, including, without limitation, any and all cease and desist letters, pleadings, papers and settlement agreements relating to any such claims.

22

**REQUEST NO. 75:**
All documents relating to any and all trademark infringement claims that have ever been asserted against Plaintiff, regardless of whether any such claims resulted in any litigation or other contested proceeding, including, without limitation, any and all cease and desist letters, pleadings, papers and settlement agreements relating to any such claims.

**REQUEST NO. 76:**
All documents that mention, refer to, discuss or reference any confusion between any baby product offered for sale under the Wagi trademark and any baby product offered for sale under the Nuby trademark.

**REQUEST NO. 77:**
All documents that mention, refer to, discuss or reference any confusion between any sippy cup offered for sale under the Wagi trademark and any sippy cup offered for sale under the Nuby trademark.

**REQUEST NO. 78:**
All documents evidencing monies paid to Atico by Walgreen in relation to the purchase of any product at issue.

**REQUEST NO. 79:**
All documents evidencing payment(s) being made on behalf of Walgreen to Royal King in relation to any product at issue.

**REQUEST NO. 80:**
All documents evidencing monies paid by Atico to Royal King in relation to any product

at issue.


**REQUEST NO. 81:**
All documents, not otherwise requested in the preceding Requests, that support Plaintiff's

claims in this action.

Dated:  June 25, 2009.

Respectfully submitted,
FELDMAN GALE, P.A.
One Biscayne Tower, 30th Floor
2 South Biscayne Boulevard
Miami, Florida 33131-4332
Telephone: 305-358-5001
Facsimile: 305-358-3309

By: _____
James A. Gale, Fla. Bar No. 371726
email: JGale@feldmangale.com
Susan J. Latham, FBN 687391
email: slatham@feldmangale.com
Christopher Demetriades, FBN 0112917
email: cdemetriades@feldmangale.com
*Attorneys for Defendants Luv N' Care,*
*Ltd. and Admar International, Inc.*


## CERTIFICATE OF SERVICE

I HEREBY certify that on this 25th day of June 2009, certify that the foregoing

document is being served this day on all counsel of record or pro se parties identified on

the service list below via U.S. Mail and electronic mail.

/s  *Christopher Demetriades*
CHRISTOPHER DEMETRIADES

**SERVICE LIST**

*Atico International USA, Inc. v. Luv N' Care, Ltd., et al.*
Case No. 09-60397-CIV-COHN/SELTZER
United States District Court, Southern District of Florida

Alan Weisberg
aweisberg@cwiplaw.com
Jeffrey H. Kamenetsky
jkamenetsky@cwiplaw.com
Jason Buratti, Esq.
jburatti@cwiplaw.com
Christopher & Weisberg, P.A.
200 East Las Olas Blvd., Suite 2040
Ft. Lauderdale, FL 33301
Phone: 954-828-1488
Facsimile: 954-828-9122
*Via CM/ECF.*

# EXHIBIT 1



EXHIBIT A
(Fig. 1)



**EXHIBIT A**
**(Fig. 2)**



**EXHIBIT A**
**(Fig. 3)**



EXHIBIT A
(Fig. 4)





**EXHIBIT B**
**(Fig. 1)**



# EXHIBIT B
## (Fig. 2)

EXHIBIT B
(Fig. 3)





**EXHIBIT B
(Fig. 4)**

**EXHIBIT C**





**EXHIBIT D**







EXHIBIT E
(Fig. 1)



**EXHIBIT E**
**(Fig. 2)**



**EXHIBIT F**





EXHIBIT I

Novi product picture recovered 03/26/08 www.4sgm.com



EXHIBIT I
Nuby Products



EXHIBIT J

Novi product picture recovered 03/26/08 www.4sgm.com

EXHIBIT J
Nuby Products









EXHIBIT K

Novi product picture recovered 03/26/08 www.4sgm.com



EXHIBIT K
Nuby Products



EXHIBIT L

Novi product picture recovered 03/26/08 www.4sgm.com

EXHIBIT L
Nuby Products





EXHIBIT M

Novi product picture recovered 03/26/08 www.4sgm.com

EXHIBIT M
Nuby/Luv n' Care Products









EXHIBIT N

Novi product picture recovered 03/26/08 www.4sgm.com

EXHIBIT N
Nuby Products

