# EXHIBIT "2"

*Atico's July 27, 2009 Responses and Objections*
*to Defendants' First Set of Requests for Production.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-60397-CIV-COHN/SELTZER

ATICO INTERNATIONAL USA, INC., a
Delaware corporation,

        Plaintiff,

v.

LUV N' CARE, LTD., a Louisiana corporation,
and ADMAR INTERNATIONAL, INC., a
Delaware corporation,

        Defendants.

_____/

LUV N' CARE, LTD., a Louisiana corporation,
and ADMAR INTERNATIONAL, INC., a
Delaware corporation,

        Counter-claim and
        Third Party Plaintiffs,

v.

ATICO INTERNATIONAL USA, INC. a
Delaware corporation, Counterclaim Defendant
and WALGREEN CO., an Illinois corporation,
Third Party Defendant.

_____

## ATICO'S RESPONSES AND OBJECTIONS TO
## DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

Plaintiff, Atico International USA, Inc. ("Atico") responds to Defendants' First Set of

Requests for Production to Plaintiff, in compliance with Fed. R. Civ. P. 34, as follows:

## GENERAL OBJECTIONS

Atico makes the following general objections that are incorporated into each specific response below:

A. Atico objects to Complainants' instructions and definitions as exceeding and expanding the scope of permissible discovery, as seeking information not relevant to the claim or defense of any party, and as not reasonably calculated to lead to discovery of admissible evidence. Atico does not consider itself bound by Complainants' instructions and definitions to the extent they exceed and expand discovery requirements in this action.

B. Atico objects to Complainants' requests to the extent they are duplicative and cumulative.

C. Atico objects to Complainants' requests where they are vague, ambiguous, unlimited in time and overly burdensome.

D. Atico objects to Complainants' requests to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or by any other privilege or immunity from discovery under Federal or State Statute, Constitution or common law. Any inadvertent responses or production of any document or documents that contain information that is privileged, that was prepared in anticipation of litigation or for trial, or that is otherwise immune from discovery shall not constitute a waiver of any privilege or any ground for objection to discovery with respect to the statement or document, or the subject matter thereof, or of the right of Atico to object to the use of any document or information during any subsequent proceeding, hearing or trial.

E. Atico objects to the requests to the extent there does not appear to be any Protective Order entered by the Court which could protect Atico's confidential business information. It is

unreasonable and uncustomary to expect production of confidential documents when you have failed to provide even the most basic of protections.

F. Atico objects to Complainants' requests to the extent that they purport to impose upon Atico a duty to search for or disclose information or documents that are not within Atico's knowledge, possession, custody, or control, or are not readily obtainable after a reasonable search.

G. Atico objects to Complainants' requests to the extent they seek information or materials that are already in defendant's possession, publicly available, or that are obtainable from other sources that are more convenient, less burdensome or less expensive than obtaining them from Atico.

H. Atico objects to Complainants' requests as exceeding the scope of permissible discovery in this action. Atico objects to the definition of "product at issue" to the extent it refers to products not subject of the present action and exceeding the scope of permissible discovery. The "products at issue" in the New York Complaint are different from the "products at issue" at issue in the Florida action.

I. Atico specifically reserves all objections as to the competency, relevancy, materiality and admissibility of its responses or documents or the subject matter thereof, all objections as to burdensomeness, vagueness, over breadth and ambiguity and all objections on any ground to the use of any response or document, or the subject matter at hearing or trial in this action.

J. Production of documents or information responsive to Complainants' requests should not be construed as: (a) an admission or stipulation that the documents or information is/are relevant; (b) a waiver by Atico of its General Objections or of the objections asserted in answers to specific requests; or (c) an agreement that requests for similar information will be treated in a similar manner.

3

K. These answers are made solely for the purpose of this action. The following responses are based on information and writings presently available to and located by Atico. Atico has not completed its investigation of the facts relating to this matter, has not completed its discovery in this matter, and has not completed its preparation for hearing or trial. Atico reserves the right to supplement its responses.

## REQUESTS FOR PRODUCTION

## REQUEST NO. 1

Samples of representative specimens of all past (limited to the previous 5 years) and present advertisements in which any product at issue is shown, whether the advertisement has been used in commerce or not, including without limitation, those shown or developed to be shown on television, in movies, on radio, via the Internet, in print media including, newspapers, periodicals, brochures direct mail pieces and flyers and/or via in-store displays or specially manufactured racks.

RESPONSE: Atico incorporates its general objections above.  Atico objects to this request as overbroad and unduly burdensome, and specifically objects to the time period of "previous 5 years" as overbroad.  Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

4

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 2

All documents indicating the number of times each distinct advertisement, which is responsive to Request No. 1 above, has been published, distributed, or displayed via any medium within the United States.

RESPONSE: Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 3

All documents identifying the persons who have or have had ownership of the design for each product at issue, from the time of the first use of such product design by you or any of Your predecessor(s) in interest.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 4

All consumer surveys that mention, refer to, discuss, compare or relate to any product at issue and/or any trademark that is associated with any such product.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico has no such documents in its possession, custody, or control.

## REQUEST NO. 5

All consumer surveys that mention, refer to, discuss, compare or relate to any baby product offered for distribution or sale by Plaintiff and/or Walgreen in connection with child care.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request because "baby product" is a vague, ambiguous, undefined term. Atico objects to this request related to "any baby product" as being overly broad and burdensome. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico has no such documents in its possession, custody, or control.

**REQUEST NO. 6**

All consumer surveys that mention, refer to discuss, compare or relate to any baby product offered for distribution or sale by Defendants or third-parties in connection with child care.

RESPONSE:  Atico incorporates its general objections above. Atico objects to this request because "baby product" is a vague, ambiguous, undefined term. Atico objects to this request related to "any baby product" as being overly broad and burdensome.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico has no such documents in its possession, custody, or control.

**REQUEST NO. 7**

All documents relating to the manufacturing of the products at issue that you offer for sale and/or distribution.

RESPONSE: Atico incorporates its general objections above.  Atico objects to this request because Atico's manufacturing is irrelevant to the claims at issue in this action. Atico objects to this request as overbroad and unduly burdensome, for example, because the request could be construed to comprehend any and all documents and things anywhere in the world concerning any aspect of a manufacturing process.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 8

All documents relating to the manufacturing of baby products that you offer for sale and/or distribution.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request because Atico's manufacturing is irrelevant to the claims at issue in this action. Atico objects to this request as overbroad and unduly burdensome, for example, because the request could be construed to comprehend any and all documents and things anywhere in the world concerning any aspect of a manufacturing process. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request because "baby products" is a vague, ambiguous, undefined term. Atico objects to this request related to "baby products" as being overly broad and burdensome.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 9

All documents indicating the entities to whom you distribute and/or sell any of the products at issue.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

**REQUEST NO. 10**

All documents indicating the entities to whom you distribute and/or sell baby products.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request because "baby products" is a vague, ambiguous, undefined term. Atico objects to this request related to "baby products" as being overly broad and burdensome. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

**REQUEST NO. 11**

All documents indicating the geographic area wherein you advertise any baby product.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request because "baby product" is a vague, ambiguous, undefined term. Atico objects to this request related to "any baby product" as being overly broad and burdensome.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

**REQUEST NO. 12**

All documents relating to the acquisition of secondary meaning (*i.e.* acquired distrinctiveness) by any product at issue.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

**REQUEST NO. 13**

All documents reflecting an agreement between you and any other person that includes the granting or transfer (*regardless of whether you are a grantor or grantee, or a transferor or transferee*) of a right to use any or all trademarks at issue in this action.

RESPONSE: Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.

10

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 14

All documents reflecting an agreement between you and any other person, including but not limited to Walgreen, relating to the manufacture, distribution and/or sale of any product at issue.

RESPONSE: Atico incorporates its general objections above.  Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 15

All documents identifying the designer, manufacturer, or other producer of any packaging, including but not limited to any label, box, hang-tag, shrinkwrap, and/or other covering, that either you, Walgreen or Royal King use or have used in connection with any product at issue.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

11

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 16

All documents and things concerning the creation, development or adoption of any and all product at issue, and/or its packaging, including but not limited to: (a) all communications between you and any consultant , design firm, marketing agency, advertising agency, media company, manufacturer, printer or other supplier connected with or consulted as to the development or adoption of such product and/or its packaging; (b) all case studies, reports, or market studies relating to any such product and/or its packaging; (c) all samples, specifications, mock-ups, prototypes or other examples of preliminary or intermediate designs of such product and/or its packaging; and (d) all agendas or records  of meetings relating to the creation, development or adoption of such products and/or its packaging.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

**REQUEST NO. 17**

All samples, specifications, mock-ups, prototypes or other examples of other sippy cups that you considered offering and/or did offer to Walgreens.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request because "sippy cups" is a vague, ambiguous, undefined term. Atico objects to this request related to "sippy cups" as being overly broad and burdensome. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

**REQUEST NO. 18**

All documents concerning any federal or state application for trademark and/or trade dress registration filed, within the previous (5) years, by or on behalf of Plaintiff relating to baby products and/or child care, including but not limited to, modifications or amendments to such applications.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request because "baby products" and "child care" are vague, ambiguous, undefined terms. Atico objects to this request related "baby products" and "child care" as being overly broad and burdensome. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.

Subject to the foregoing objections and to the extent responsive, non-privileged documents exist within Atico's possession, custody, or control, Atico will produce them.

## REQUEST NO. 19

All documents concerning the establishment and/or maintenance of an office by or for an Atico Employee within or on the grounds of any place of business owned by, operated by or otherwise belonging to Walgreen.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request because Atico's establishment and/or maintenance of an office is irrelevant to the claims at issue in this action. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 20

All documents concerning the occupation of an office by an Atico employee within or on the grounds of any place of business owned by, operated by or otherwise belonging to Walgreen.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request because Atico's occupation of an office is irrelevant to the claims at issue in this action. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

14

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 21

All documents relating to baby products that were generated by an Atico employee within any office located within or on any building owned by, operated by or otherwise belonging to Walgreen

RESPONSE: Atico incorporates its general objections above. Atico objects to this request because "baby products" is a vague, ambiguous, undefined term. Atico objects to this request related to "all baby products" as being overly broad and burdensome. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 22

All documents relating to any product at issue that were kept by an Atico employee within any office located within or on any building owned by, operated by or otherwise belonging to Walgreen.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

**REQUEST NO. 23**

All documents showing an order by Walgreen for any product at issue.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

**REQUEST NO. 24**

All documents reflecting Plaintiff's first sale of each product at issue.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any

16

Protective Order or similar assurance to protect Atico's information. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 25

All documents showing that the design of any product at issue is, *as a whole,* primarily functional.

RESPONSE: Atico incorporates its general objections above. Atico objects to the term "primarily functional" as a vague, ambiguous, undefined term. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.

Subject to the foregoing objections and to the extent responsive, non-privileged documents exist within Atico's possession, custody, or control, Atico will produce them.

## REQUEST NO. 26

All documents that reflect or describe the geographic locations where any product at issue has been sold and/or is currently being offered for sale by Plaintiff and/or Walgreen.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 27

All document that list the location of any warehouse owned and/or operated by Plaintiff.

RESPONSE: Atico incorporates its general objections above.  Atico objects to this request because the location of any warehouse owned and/or operated by Atico is irrelevant to the claims at issue in this action. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 28

All documents reflecting the location of any warehouse where Plaintiff has kept or is keeping any product at issue.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request because the location of any warehouse where Plaintiff has kept or is keeping any product at issue is irrelevant to the claims at issue in this action. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

**REQUEST NO. 29**

All documents reflecting the location of any warehouse where Plaintiff has delivered any product at issue.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request because the location of any warehouse where Plaintiff has delivered any product at issue is irrelevant to the claims at issue in this action. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

**REQUEST NO. 30**

All communications between you and any manufacture of any product at issue.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request as nonsensical. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 31

All communications between Walgreen and any manufacture of any product at issue.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request as nonsensical. Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 32

All communications between you and any manufacture that you have used to manufacture a sippy cup.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request as nonsensical. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's

information. Atico objects to this request because "sippy cup" is a vague, ambiguous, undefined term. Atico objects to this request related to "sippy cup" as being overly broad and burdensome.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

**REQUEST NO. 33**

All communications between Walgreen and any manufacture that Walgreen has used to manufacture a sippy cup.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request as nonsensical. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request because "sippy cup" is a vague, ambiguous, undefined term. Atico objects to this request related to "sippy cup" as being overly broad and burdensome. Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

**REQUEST NO. 34**

All documents that show the address where any product at issue is currently being produced.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 35

All order tickets or other documents reflecting requests for or order by Walgreen of any product at issue.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 36

All order tickets or other documents reflecting requests for or orders by any third-party of any product at issue.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 37

All invoices reflecting the sale or distribution of any product at issue since January 1, 2004.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 38

All documents reflecting, mentioning or discussing any agreement for indemnification between you and Walgreen that may be applicable to attorneys fees, costs and/or judgments arising out of the New York suit.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product. Atico objects to this request because the New York suit is irrelevant to the claims at issue in this action.

23

Subject to the foregoing objections and to the extent responsive, non-privileged documents exist within Atico's possession, custody, or control, Atico will produce them.

**REQUEST NO. 39**

All documents reflecting, mentioning or discussing any agreement for indemnification between you and Royal King that may be applicable to attorneys fees, costs and/or judgments arising out of the Texas Suit.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product. Atico objects to this request because the Texas suit is irrelevant to the claims at issue in this action.

Subject to the foregoing objections, Atico has no such documents in its possession, custody, or control.

**REQUEST NO. 40**

All documents concerning any third party's use of a product design identical to the design of any product at issue.

RESPONSE: Atico incorporates its general objections above. Subject to the foregoing objections and to the extent responsive, non-privileged documents exist within Atico's possession, custody, or control, Atico will produce them.

24

## REQUEST NO. 41

All documents reflecting, mentioning or discussing an amount of gross sales, in units and/or in dollars, of any product at issue, from January 1, 2004 to the present date.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 42

All documents reflecting, mentioning or discussing the net profit net profit earned from any product at issue, from January 1, 2004 to the present date.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 43

All documents reflecting, mentioning or discussing the gross revenue earned from any product at issue.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 44

All documents reflecting, mentioning or discussing predictions for or tracking of the sales of any product at issue, including, but not limited to, graphs or charts indicating sales growth, losses, or forecasts.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 45

All agendas for and documents concerning meetings wherein the products at issue were mentioned or discussed.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any

Protective Order or similar assurance to protect Atico's information. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 46

Samples or examples of each product at issue that Plaintiff has sold and/or distributed.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks samples or examples that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico.

Subject to the foregoing objections and to the extent responsive, non-privileged documents exist within Atico's possession, custody, or control, Atico will produce them.

## REQUEST NO. 47

All documents indicating the total dollars that You have expended for all advertising you have conducted in the Untied States in connection with any product at issue.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

27

**REQUEST NO. 48**

All documents that show the identity, or information sufficient to determine the identity of, each media entity or other person within the United States through which you have distributed and/or plan to distribute advertising wherein any product at issue is shown.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request as overbroad and unduly burdensome.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

**REQUEST NO. 49**

All documents indicating the date(s) upon which you have distributed advertising within the United States wherein any product at issue is shown.

RESPONSE: Atico incorporates its general objections above.  Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

**REQUEST NO. 50**

All documents reflecting, mentioning or discussing the demographics or characteristics of consumers that any product at issue is or was intended to attach or appeal to.

28

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 51

All documents reflecting, mentioning, or discussing the efficacy of any advertisement(s) showing any product at issue, whether relating to a specific advertisement or all advertisements.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 52

All documents reflecting, mentioning or discussing the channels of trade (including but not limited to distributors, wholesalers, retailers, and/or websites) through which you distribute, market or sell any product at issue.

29

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 53

All documents reflecting, mentioning or discussing any modification considered or made by or on behalf of Plaintiff to any sippy cup, including, but not limited to, all documents relating to the reason the modification was contemplated or made.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request because "sippy cup" is a vague, ambiguous, undefined term. Atico objects to this request related to "any sippy cup" as being overly broad and burdensome. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

**REQUEST NO. 54**

All documents reflecting, mentioning or discussing any modification considered or made by or on behalf of Walgreen to any sippy cup, including, but not limited to, all documents relating to the reason the modification was contemplated or made.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request because "sippy cup" is a vague, ambiguous, undefined term. Atico objects to this request related to "any sippy cup" as being overly broad and burdensome. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product. Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

**REQUEST NO. 55**

All documents reflecting, mentioning or discussing any modification considered or made by or on behalf of Royal King to any sippy cup, including, but not limited to all documents relating to the reason the modification was contemplated or made.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any

Protective Order or similar assurance to protect Atico's information. Atico objects to this request because "sippy cup" is a vague, ambiguous, undefined term. Atico objects to this request related to "any sippy cup" as being overly broad and burdensome. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product. Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.


## REQUEST NO. 56

All documents indicating the date, facts, and/or circumstances under which you first placed an order for each product at issue.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request because "facts, and/or circumstances" is a vague, ambiguous, undefined term. Atico objects to this request related to "facts, and/or circumstances" as being overly broad and burdensome.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

**REQUEST NO. 57**

All documents that indicate, reflect, mention or discuss any unfavorable comments, evaluations, information, criticism, and/or complaint about the quality or performance of any product at issue sold or distributed by You during the past five (5) years.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request because unfavorable comments, evaluations, information, criticism, and/or complaint about the quality or performance of any product at issue is irrelevant to the claims at issue in this action.

Subject to the foregoing objections and to the extent responsive, non-privileged documents exist within Atico's possession, custody, or control, Atico will produce them.

**REQUEST NO. 58**

All documents provided by or on behalf of Plaintiff to any person from whom Plaintiff and/or Walgreen has sought advice or consultation concerning any product at issue.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.

Subject to the foregoing objections and to the extent responsive, non-privileged documents exist within Atico's possession, custody, or control, Atico will produce them.

**REQUEST NO. 59**

All documents or other communications concerning use of the term "Nuby" and/or "Wagi" in connection with baby products.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request because "baby products" is a vague, ambiguous, undefined term. Atico objects to this request related to "baby products" as being overly broad and burdensome. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.

Subject to the foregoing objections and to the extent responsive, non-privileged documents exist within Atico's possession, custody, or control, Atico will produce them.

## REQUEST NO. 60

All documents relating to the design of packaging for sippy cups to be sold by Walgreens.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request because "sippy cups" is a vague, ambiguous, undefined term. Atico objects to this request related to "sippy cups" as being overly broad and burdensome. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

**REQUEST NO. 61**

All documents relating to the design of packaging for sippy cups sold by Defendants.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request because "sippy cups" is a vague, ambiguous, undefined term. Atico objects to this request related to "sippy cups" as being overly broad and burdensome. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

**REQUEST NO. 62**

All documents issued by any government agency to Plaintiff and/or Walgreen relating to any product at issue.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico.

Subject to the foregoing objections, Atico has no such documents in its possession, custody, or control.

**REQUEST NO. 63**

The documents issued by any government agency to Plaintiff and/or Walgreen relating to the presence of lead in any product distributed and/or sold by Plaintiff.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico. Atico objects to this request because the presence of lead in any product distributed and/or sold by Plaintiff is irrelevant to the claims at issue in this action.

Subject to the foregoing objections, Atico has no such documents in its possession, custody, or control.

**REQUEST NO. 64**

All documents issued by any government agency to Royal King relating to any product at issue.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico.

Subject to the foregoing objections, Atico has no such documents in its possession, custody, or control.

**REQUEST NO. 65**

All documents issued by any government agency to Royal King relating to the presence of lead in any product distributed and/or sold by Plaintiff.

36

<u>RESPONSE</u>: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico. Atico objects to this request because the presence of lead in any product distributed and/or sold by Plaintiff is irrelevant to the claims at issue in this action.

Subject to the foregoing objections, Atico has no such documents in its possession, custody, or control.

## REQUEST NO. 66

All organization charts or other documents form which the past and present organizational and operational structure of Plaintiff, from January 1, 2004 to the present can be ascertained.

<u>RESPONSE</u>: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request because Atico's past and present organizational and operational structure is irrelevant to the claims at issue in this action.

Subject to the foregoing objections, Atico has no such documents in its possession, custody, or control.

## REQUEST NO. 67

All contracts between Plaintiff and (a) its distributors, (b) manufacturers, (c) wholesalers, and/or (d) retailers relating to any product at issue.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 68

All documents that you relied upon or referred to in formulating your Complaint in this litigation.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.

Subject to the foregoing objections and to the extent responsive, non-privileged documents exist within Atico's possession, custody, or control, Atico will produce them.

## REQUEST NO. 69

All documents that concern, comment upon, or reflect editorials, articles or other media commentary about the Plaintiff, Walgreen, and/or any product at issue.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or

control of Atico. Atico objects to this request as overbroad and unduly burdensome, for example, because the request could be construed to comprehend any and all documents and things anywhere in the world concerning any aspect of Atico and/or Walgreens having nothing to do with the product at issue.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 70

All studies, tests, reports and/or memoranda that mention, refer to, discuss or reference any product at issue.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 71

All studies, tests, reports and/or memoranda that mention, refer to, discuss or reference any sippy cup being offered for sale by any third-party in the United States.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request because "sippy cup" is a vague, ambiguous, undefined term. Atico objects to this request related to "sippy cup" as being overly broad and burdensome. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 72

All documents that mention, indicate, refer to, discuss or reference the sophistication of consumers of sippy cups.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request because "sippy cups" is a vague, ambiguous, undefined term. Atico objects to this request related to "sippy cups" as being overly broad and burdensome. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

40

**REQUEST NO. 73**

All documents that mention, indicate, refer to, discuss or reference the sophistication of consumers of baby products.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request because "baby products" is a vague, ambiguous, undefined term. Atico objects to this request related to "baby products" as being overly broad and burdensome. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.

Subject to the foregoing objections, Atico has no such documents in its possession, custody, or control.

**REQUEST NO. 74**

All documents relating to any and all trademark and/or trade dress infringement claims that Plaintiff has ever asserted, regardless of whether any such claims resulted in any litigation or other contest proceeding, including without limitation, any and all cease and desist letters, pleadings, papers and settlement agreements relating to any such claims.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

41

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 75

All documents relating to any and all trademarks infringement claims that have ever been asserted against Plaintiff, regardless of whether any such claims resulted in any litigation or other contested proceeding, including, without limitation, any and all cease and desist letters, pleadings, papers and settlement agreements relating to any such claims.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 76

All documents that mention, refer to, discuss or reference any confusion between any baby product offered for sale under the Wagi trademark and any baby product offered for sale under the Nuby trademark.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.

Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request because "baby product" is a vague, ambiguous, undefined term. Atico objects to this request related to "any baby product" as being overly broad and burdensome.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 77

All documents that mention, refer to, discuss or reference any confusion between any sippy cup offered for sale under the Wagi trademark and any sippy cup offered for sale under the Nuby trademark.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request because "sippy cup" is a vague, ambiguous, undefined term. Atico objects to this request related to "any sippy cup" as being overly broad and burdensome.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

**REQUEST NO. 78**

All documents evidencing monies paid to Atico by Walgreen in relation to the purchase of any product at issue.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

**REQUEST NO. 79**

All documents evidencing payment(s) being made on behalf of Walgreen to Royal King in relation to any product at issue.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 80

All documents evidencing monies paid by Atico to Royal King in relation to any product at issue.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks confidential, sensitive business information from Atico without any Protective Order or similar assurance to protect Atico's information. Atico objects to this request to the extent it seeks information concerning documents, samples, and other things that are publicly available, in the defendants' possession or are not within the possession, custody, or control of Atico.

Subject to the foregoing objections, Atico is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation.

## REQUEST NO. 81

All documents, not otherwise requested in the preceding Requests, that support Plaintiff's claims in this action.

RESPONSE: Atico incorporates its general objections above. Atico objects to this request to the extent it seeks privileged attorney-client communications and/or attorney work product.

Subject to the foregoing objections and to the extent responsive, non-privileged documents exist within Atico's possession, custody, or control, Atico will produce them.

45

July 27, 2009        By:   <u>s/Jeffrey H. Kamenetsky</u>
Jeffrey H. Kamenetsky, Esq. (FL. Bar # 114571)
Email:  jkamenetsky@cwiplaw.com
Alan M. Weisberg, Esq. (FL. Bar # 047349)
Email: aweisberg@cwiplaw.com
CHRISTOPHER & WEISBERG, P.A.
200 East Las Olas Boulevard, Ste 2040
Fort Lauderdale, Florida 33301
Telephone: (954) 828-1488
Facsimile: (954) 828-9122

*Attorneys for Plaintiff Atico International USA, Inc.*

## CERTIFICATE OF SERVICE

I certify that on July 27, 2009 I sent Atico's Responses and Objections to Defendant's First Set of Requests for Production to Plaintiff to counsel of record identified on the attached Service List through the United States Post Office.

46

## SERVICE LIST
*Atico International USA, Inc. v. Luv n' care, Ltd.*
CASE NO.: 09-60397-CIV-COHN/SELTZER
United States District Court, Southern District of Florida

James A. Gale, Esq.
Florida Bar Number 371,726
jgale@feldmangale.com
Susan Latham, Esq.
Florida Bar Number 687,391
FELDMAN GALE, P.A.
One Biscayne Tower, 30th Floor
2 South Biscayne Blvd
Miami, FL 33131

s/Jeffrey Kamenetsky
Jeffrey H. kamenetsky, Esq.

165549

47