# EXHIBIT "3"

*LNC and Admar's August 13, 2009 meet and confer letter to Atico.*

## Susan J. Latham

| | |
|---|---|
| **From:** | Susan J. Latham |
| **Sent:** | Thursday, August 13, 2009 3:15 PM |
| **To:** | Jeff Kamenetsky |
| **Cc:** | 'Jason Buratti'; 'Alan M. Weisberg'; 'Ingrid Riera'; James A. Gale, Esq.; Todd Malynn; 'Joe D Guerriero'; 'Morris Cohen' |
| **Subject:** | Atico v. Luv n' care (FL) - Atico's responses to Defendants' first set of requests for production. |
| **Attachments:** | Letter to Kamenetsky - meet & confer re Atico's objections to document requests.pdf |

Jeff:

    Please find attached hereto a copy of Defendants' letter addressing, in an effort to resolve, Atico's recent objections to Defendants first set of requests for production.  The attached letter is also being placed in U.S. mail to you today.  Finally, please note that the protective order referenced in the letter was sent to you on August 10, 2009 via email and U.S. mail.

Kind regards,
Susan

9/17/2009

# FELDMAN GALE
### INTELLECTUAL PROPERTY LAW

ONE BISCAYNE TOWER, 30TH FLOOR
2 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131-4332
TEL: 305.358.5001
FAX: 305.358.3309

Toll Free: 800.489.9814
www.FeldmanGale.com

August 13, 2009

*VIA ELECTRONIC AND U.S. MAIL*
Jeffrey Kamenetsky, Esq.
CHRISTOPHER & WEISBERG, P.A.
200 East Las Olas Blvd., Suite 2040
Ft. Lauderdale, FL 33301

> *Re*:   *Atico Int'l USA, Inc. v. Luv n' care, Ltd., et al.;* U.S. Dist. Ct, S.D. Fla.
> case no. 0:09-cv-60397; Atico's Objections to Requests for Production.

Dear Jeff:

We have reviewed the objections that Atico served on July 27, 2009 in response to Defendants' first set of requests for production under Federal Rule of Civil Procedure 34. Atico's objections raised particular concerns, which we have outlined below. Please review the following and respond by the close of business on Wednesday, August 19, 2009. It is our sincere hope that the parties can resolve these issues among themselves. However, in the event the parties cannot resolve the issues addressed herein, Defendants are prepared to seek the assistance of the Court.

## I.     General Objections

In reviewing the general objections that Atico asserted, we noticed that, in each one, Atico referred to the Defendants as the "Complainants." We can only assume that you merely cut and pasted these general objections from some other matter wherein you were responding to a Complainant. This and the objections' lack of specificity or support demonstrate that Atico's general objections are mere boilerplate and should be withdrawn.

### General Objection A

Defendants' definitions and/or instructions do **not** impose any obligations beyond those permitted by the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") or the Local Rules. Atico has failed to show otherwise. Therefore, Defendants request that Atico either withdraw this objection or provide specific information to support it.

Additionally, Atico's sweeping general objection that the aforementioned instructions and definitions seek information that is not relevant and not reasonably calculated to lead to discovery of admissible evidence is improper. First, it is doubtful that a relevance objection can be applied to the instructions and definitions that are the

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 2.

subject of this General Objection A. Moreover, even it can be, Atico is obligated to support each "relevance" objection that it asserts, which it failed to do here. Therefore, please produce the documents that Atico has withheld on the basis of this "relevance" objection.

### General Objection B

Atico has failed to specify which requests it believes to be duplicative and/or cumulative. Thus, this general objection is mere boilerplate. Moreover, even if there were certain requests that were duplicative or cumulative, such occurrence would not be the proper basis for objection. Atico has not shown otherwise. Accordingly, Atico should withdraw this objection and provide all responsive documents.

### General Objection C

Atico has failed to specify which requests it believes to be "vague, ambiguous, unlimited in time and overly burdensome." Moreover, Atico has failed to describe why each such request is so characterized. Therefore, the objection is improper under Local Rule 26.1G(3) and its specificity requirement. The Defendants are entitled to know why Atico believes that each of the subject requests is "vague, ambiguous, unlimited in time and overly burdensome"—Atico may not force the Defendants to guess. By failing to inform the Defendants of the reasons for such objections, Atico demonstrates not only the disingenuous nature of the objections but also Atico's insincerity toward resolving the objections among the parties. In sum, Atico may not avoid discovery of responsive documents in its possession by boilerplate claims of vagueness, ambiguity and overbreadth. Thus, please withdraw General Objection C.

### General Objection D

Atico's sweeping general objection of attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from discovery is improper. Local Rule 26.1G(3)(c), requires Atico to prepare and provide a privilege log with respect to all responsive documents and things that it is withholding on the basis of a claim of privilege or work product protection." *See also* S.D.Fla. L.R., Gen. App. A., at III.B.1.f. Accordingly, Defendants request that Atico either immediately comply with the Local Rules of this Court by providing a privilege log appropriately detailing the documents that it has withheld based on a claim of privilege and/or work-product, or withdraw its generalized claims of privilege. Should Atico be inclined not to do so, it should note that pursuant to this Court's discovery guidelines, "Objections to the production of documents...based on generalized claims of privilege will be rejected." S.D.Fla. L.R., Gen. App. A., at III.B.1.f.

### General Objection E

Atico's statement is not a proper objection. As the Plaintiff, the responsibility for the current lack of a protective order is equally upon Atico's shoulders. Atico could have proposed a protective order at the parties' April 14, 2009 conference or at any point thereafter, but it failed to do so. Thus, to suggest that the Defendants' requests for production are unreasonable and uncustomary for lack of a protective order is ridiculous

2

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 3.

and evasive.  Therefore, please withdraw General Objection E.  On August 10, 2009, Defendants provided to Atico and Walgreen's counsel a proposed protective order for the parties to review and come to terms upon.  In light of this objection, we expect that Atico will review and respond to such proposed protective order expeditiously and in good faith.  Therefore, Atico should prepare any confidential documents for immediate production.

### General Objection F

This objection is improper and vague because it fails to affirmatively state whether the responsive documents exist or ever existed.  Moreover, Atico failed to specify which requests this general objection applies to.  Therefore, please specify each request to which this objection applies **and** explain whether responsive documents ever existed.  Additionally, if documents responsive to the requests existed but are no longer in Atico's possession, custody or control, please state the reason for such and their current location (*i.e.*, whose possession they are currently in).  If Atico believes that it has no obligation to do so, please provide the precedent upon which it relies for such contention.

### General Objection G

Atico's objection amounts to nothing more than boilerplate presumption.  Atico's self-serving presumption that certain unidentified documents are already in the Defendants' possession and/or are publicly available, and/or are available from sources more convenient, less burdensome, or less expensive than obtaining them from Atico is evasive, vague and unsupported and, therefore, improper under Local Rule 26.1G(3) and its specificity requirement.  Defendants are entitled to know *what is in Atico's possession, custody or control*, regardless of what may or may not be available elsewhere.  Atico may not avoid discovery of responsive documents in its possession by boilerplate claims that the documents are available from other unidentified sources.

As to responsive documents that Atico contends are already in Defendants' possession, Atico failed to identify any such document through a specific description.  As to responsive documents that Atico contends are publicly available, Atico failed to identify any such document and a public location from which it may be retrieved.  As to responsive documents that Atico contends are available from sources more convenient, less burdensome, or less expensive, Atico failed to provide the identity of any such source and the responsive documents that the source has in its possession.  The fact that Atico failed to provide any such information demonstrates the lack of merit in Atico's objection.  Therefore, please withdraw the objection.

### General Objection H

We disagree with Atico's position as to the permissible scope of discovery in this action and the definition of "products at issue."  Atico chose to initiate the Florida action, which it based primarily upon the New York action and at least two allegedly infringing products at issue therein.  Indeed, each of Atico's original claims in the Florida action depended upon the New York action and the facts from which that lawsuit arose.  *See*

3

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 4.

D.E.# 1, ¶¶6, 7-9, 16, 35-36, 38, 41-42, 44-46, 48, 50-53, 55, 57-59, 64-72, 74, 78-80, 86, 91-2, and Ex. A.

From its inception of the Florida action, Atico has been seeking a declaration that the accused products in the New York action, which it supplies to Walgreen, do not infringe Luv n' care and Admar's trade dress. Therefore, Atico has no basis to refuse to respond to discovery regarding such allegedly infringing products that its original complaint in this action put at issue.

Although Atico may desire some other definition for the term "products at issue," such a desire is not a proper basis for an objection. Defendants may define the terms they use in their discovery requests as it sees fit within the parameters of the applicable laws and rules. The discovery respondent's duty is to respond to the requests pursuant to the defined terms, not to argue for alternative definitions. Furthermore, Atico's complaint (D.E.#1) voluntarily placed the allegedly infringing products from the New York action at issue in this action; thus, Atico may not avoid discovery in this action relating to those products. Atico has failed to provide any binding support for its contrary position. Therefore, please provide responsive documents for each request on the basis of the provided definition. Should Atico not respond to discovery requests relating to the products at issue, then the Defendants will seek intervention by the Court.

Finally, regardless of this objection, Atico knows that the products at issue also include additional products that Atico and Walgreen put at issue in this Florida action. Therefore, pursuant to Fed.R.Civ.P 34(b)(2)(C), which provides that "[a]n objection to part of a request must specify the part and permit inspection of the rest," Atico must immediately provide responsive documents and things regarding the additional products that it and Walgreen have inserted into this action.

General Objection I

Defendants deny that Atico has any right to reserve and/or assert any further and additional objections related to its responses and documents or the subject matter thereof. Additionally, Defendants deny that Atico has any right to reserve and/or assert any further and additional objections as to the use of any response or the subject matter thereof. Finally, Defendants deny that Atico has any right to reserve and/or assert any further and additional objections in the nature of "burdensome, vagueness, over breadth and ambiguity" as to the use of any document.

General Objection J

Defendants deny that Atico has any right to dictate or otherwise mandate how its responses or production of documents may be or should be construed.

General Objection K

Defendants deny that Atico may dictate or limit the uses that may be made of its responses to this discovery request. Moreover, Defendants deny that Atico may condition its response or excuse any failure to properly respond based on its incomplete investigation of facts relating to this matter, its incomplete discovery in this matter, or incomplete preparation for hearing or trial of this matter. Atico had a duty to investigate

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 5.

prior to filing this litigation. Additionally, in preparing to respond to this set of discovery requests, Atico had a duty to search for responsive documents within its possession, custody or control. Furthermore, Defendants also point out that Atico is *required* to supplement its responses pursuant to Fed.R.Civ.P. 26(e); thus, it is not a right but a duty.

## II.    Specific Objections

Initially, we note that each of Atico's purportedly "specific" objections lack any specificity but, rather, seem to be mere boilerplate. Thus, Atico has failed to comply with Local Rule 26.1G(3)'s requirement that: ". . .the objection shall state with specificity all grounds." L.R. 26.1G(3); *see also* S.D.Fla. L.R., App. A., at I.D.3. Accordingly, Defendants request that Atico either withdraw the objections or provide the specificity required by the Local Rules and applicable law. If Atico contends that its objections comply with Local Rule 26.1G(3), then please provide references to binding precedent that supports that contention.

Secondly, we note that Atico uses the phrase "to the extent that..." in its response to nearly all of the requests. However, Atico failed to provide any responsive documents to the rest of each such Request (*i.e.*, the parts of the Request and responsive documents not affected by the language "to the extent that..."). Consequently, Atico violated Fed.R.Civ.P. 34(b)(2)(C), which provides that: "An objection to part of a request must specify the part and permit inspection of the rest." Because such violation is pervasive throughout Atico's objections, this paragraph is hereby incorporated into the discussion of each Request below.

Finally, because Atico improperly incorporated all of its General Objections into its response to each request—whether or not they were applicable, Defendants incorporate their discussions of Atico's General Objections A thru K (as set forth above in Section I) as if they were set forth fully in each discussion of the Requests below. Atico must either provide support for the applicability of each of its General Objections to each request below or withdraw them from each request where they cannot provide such support.

Request no. 1
Atico objects on the basis of overbreadth and undue burden. Please provide facts that specifically describe why and/or how this Request is overly broad and unduly burdensome—as a court would require Atico to do—to support your assertion of this objection. Otherwise, please withdraw the objection.

Atico also objects to the time period of the "previous 5 years" as overbroad but fails to provide any facts to support this objection. The time period specified covers the relevant time period for this action. Moreover, Atico failed to object to the same time period in Request no. 57 below, which demonstrates that its objection to the time period is selective and disingenuous. Therefore, please provide facts that specifically describe why and/or how this the time period is overbroad or withdraw this objection.

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 6.

Atico also objects by claiming it seeks documents and things that are publicly available or already in the Defendants possession. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection G.

Atico also objects by claiming that responsive documents are not within Atico's possession, custody or control. However, this objection is improper and vague because it fails to affirmatively state whether the responsive documents exist or ever existed. Therefore, please explain whether responsive documents ever existed. If documents responsive to this request existed but are no longer in Atico's possession, custody or control, please state the reason for such and their last known location, and their current location (*i.e.*, whose possession they are currently in, if known).

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." However, Atico had a duty to investigate whether it had responsive documents (whether privileged or not) *before* serving its response on July 27, 2009. Atico's admission that it had not done so demonstrates the lack of support for its objections and confirms that its objections are mere boilerplate. Atico may not establish its own timeline for investigating and responding to a discovery request. Moreover, Atico use of the term "supplement" is disingenuous and improper—for it cannot "supplement" what it has not given in the first place. Atico has failed to provide a single responsive document in response to this request or a privilege log to identify allegedly privileged, responsive documents. Thus, Atico's response appears only to feign responsiveness (*i.e.*, it is a pseudo-response). Please confirm whether Atico has completed its investigation for documents responsive to this Request and confirm the date upon which you will actually produce same.

<u>Request no. 2</u>

Atico objects by claiming it seeks documents and things that are publicly available or already in the Defendants possession. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection G.

Atico also objects by claiming that responsive documents are not within Atico's possession, custody or control. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of Request no. 1.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

<u>Request no. 3</u>

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 7.

objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 4
Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico states that "Subject to the foregoing objections, Atico has no such documents in its possession, custody or control." The Defendants remind Atico that it may not withhold the documents on the basis of its confidentiality objection. Additionally, should Atico come into possession, custody or control of documents responsive to this request, it must produce them pursuant to Fed.R.Civ.P. 26(e).

Request no. 5
Atico objects on the basis that the Defendants have not provided a definition for the term "baby product" and, therefore, the term is vague and ambiguous. However, given that: (a) Atico itself used this term in D.E.#1, at e.g., ¶16, 20 and in D.E.#31 at e.g., ¶19, 23, and (b) such words are commonly found in English language dictionaries, Atico should have taken the reasonable approach of applying common sense and ordinary dictionary definitions to clarify the meaning of the term "baby product" and respond to the Request as phrased. Atico's objection is disingenuous and demonstrates gamesmanship, which is ill-advised under the guidelines for discovery adopted by this Court. See S.D.Fla. L.R., Gen. App. A., at III.B.1.g. Therefore, please withdraw this objection.

Atico also objects by claiming that the term "baby product" causes this Request to be "overly broad and burdensome."[1] In regard to this objection, the Defendants incorporate the discussion regarding overbreadth and undue burden set forth above under the heading of Request no. 1.

Atico also objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico states that "Subject to the foregoing objections, Atico has no such documents in its possession, custody or control." The Defendants remind Atico that it

---

[1] Please also note that plain "burdensome" is not a proper ground for objection and by failing to assert "undue burden," Atico has waived the objection.

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 8.

may not withhold the documents on the basis of its confidentiality objection.
Additionally, should Atico come into possession, custody or control of documents
responsive to this request, it must produce them pursuant to Fed.R.Civ.P. 26(e).

### Request no. 6
Atico objects on the basis that the Defendants have not provided a definition for
the term "baby product" and, therefore, the term is vague and ambiguous. In regard to
this objection, the Defendants incorporate the discussion regarding the term "baby
product" set forth above under the heading of Request no. 5.

Atico also objects by claiming that the term "baby product" causes this Request to
be "overly broad and burdensome."[2]   In regard to this objection, the Defendants
incorporate the discussion regarding overbreadth and undue burden set forth above under
the heading of Request no. 1.

Atico also objects to this Request on the basis that it seeks confidential, sensitive
business information without any Protective Order being in place.  In regard to this
objection, the Defendants incorporate the discussion set forth above under the heading of
General Objection E.

Finally, Atico states that "Subject to the foregoing objections, Atico has no such
documents in its possession, custody or control."  The Defendants remind Atico that it
may not withhold the documents on the basis of its confidentiality objection.
Additionally, should Atico come into possession, custody or control of documents
responsive to this request, it must produce them pursuant to Fed.R.Civ.P. 26(e).

### Request no. 7
Atico objects to this Request by claiming Atico's manufacturing is irrelevant to
the claims in this litigation.  However, Atico itself has sought discovery regarding
"manufacturing."  Thus, if Atico genuinely believes that "manufacturing" is not relevant
to this action, then it should withdraw its own discovery requests that are aimed at
obtaining "manufacturing" information.  If Atico seeks to maintain this objection, then
Atico is obligated to provide specific support for it, which it failed to do here. Therefore,
please withdraw this objection and produce the documents that Atico has withheld on the
basis of this "relevance" objection.

Atico also objects by claiming this Request is "overbroad and unduly
burdensome."  In regard to this objection, the Defendants incorporate the discussion
regarding overbreadth and undue burden set forth above under the heading of Request
no. 1.  Atico's vague "for example" scenario is not sufficient to meet its obligation to
support this objection. Atico merely provided a "could be" hypothetical with no basis in
fact. Indeed, Atico failed to establish that it has documents and things spread out across
"anywhere in the world" – or even what parts of the world that would be and why it

---

[2]  Please also note that plain "burdensome" is not a proper ground for objection and by failing to assert
"undue burden," Atico has waived the objection.

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 9.

would be unduly burdensome to obtain documents from those locations. Therefore, please withdraw the objection and provide the responsive documents.

Atico also objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 8

Atico objects to this Request by claiming Atico's manufacturing is irrelevant to the claims in this litigation. However, Atico itself has sought discovery regarding "manufacturing." Thus, if Atico genuinely believes that "manufacturing" is not relevant to this action, then it should withdraw its own discovery requests that are aimed at obtaining "manufacturing" information. If Atico seeks to maintain this objection, then Atico is obligated to provide specific support for it, which it failed to do here. Therefore, please withdraw this objection and produce the documents that Atico has withheld on the basis of this "relevance" objection.

Atico also objects by claiming this Request is "overbroad and unduly burdensome." In regard to this objection, the Defendants incorporate the discussion regarding overbreadth and undue burden set forth above under the heading of Request no. 1. Atico's vague "for example" scenario is not sufficient to meet its obligation to support this objection. Atico merely provided a "could be" hypothetical with no basis in fact. Indeed, Atico failed to establish that it has documents and things spread out across "anywhere in the world" – or even what parts of the world that would be and why it would be unduly burdensome to obtain documents from those locations. Therefore, please withdraw the objection and provide the responsive documents.

Atico also objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico objects on the basis that the Defendants have not provided a definition for the term "baby product" and, therefore, the term is vague and ambiguous. In regard to this objection, the Defendants incorporate the discussion regarding the term "baby product" set forth above under the heading of Request no. 5.

Atico also objects by claiming that the term "baby product" causes this Request to be "overly broad and burdensome."[3] In regard to this objection, the Defendants

---

[3] Please also note that plain "burdensome" is not a proper ground for objection and by failing to assert "undue burden," Atico has waived the objection.

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 10.

incorporate the discussion regarding overbreadth and undue burden set forth above under the heading of Request no. 1.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 9
Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 10
Atico objects on the basis that the Defendants have not provided a definition for the term "baby products" and, therefore, the term is vague and ambiguous. In regard to this objection, the Defendants incorporate the discussion regarding the term "baby product" set forth above under the heading of Request no. 5.

Atico also objects by claiming that the term "baby products" causes this Request to be "overly broad and burdensome."[4] In regard to this objection, the Defendants incorporate the discussion regarding overbreadth and undue burden set forth above under the heading of Request no. 1.

Atico also objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

---

[4] Please also note that plain "burdensome" is not a proper ground for objection and by failing to assert "undue burden," Atico has waived the objection.

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 11.

Request no. 11
Atico objects on the basis that the Defendants have not provided a definition for the term "baby product" and, therefore, the term is vague and ambiguous. In regard to this objection, the Defendants incorporate the discussion regarding the term "baby product" set forth above under the heading of Request no. 5.

Atico also objects by claiming that the term "baby product" causes this Request to be "overly broad and burdensome."[5] In regard to this objection, the Defendants incorporate the discussion regarding overbreadth and undue burden set forth above under the heading of Request no. 1.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 12
Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 13
Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

---

[5] Please also note that plain "burdensome" is not a proper ground for objection and by failing to assert "undue burden," Atico has waived the objection.

11

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 12.

Request no. 14

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place.  In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product.  In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation."  In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 15

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place.  In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation."  In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 16

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place.  In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E..

Atico objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product.  In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation."  In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 17

Atico objects on the basis that the Defendants have not provided a definition for the term "sippy cups" and the term is, therefore, allegedly vague and ambiguous.

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 13.

However, the fact that Atico itself used this term in D.E.#1, at ¶17 and D.E.#31, at ¶20, demonstrates that Atico is not in need of further definition of the term "sippy cup" and could have applied common sense to clarify the meaning of the term "sippy cups" and responded to the Request as phrased. Atico's objection is disingenuous and demonstrates gamesmanship, which is ill-advised under the guidelines for discovery adopted by this Court. *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g. Therefore, please withdraw this objection.

Atico also objects by claiming that the term "sippy cups" causes this Request to be "overly broad and burdensome."[6]  In regard to this objection, the Defendants incorporate the discussion regarding overbreadth and undue burden set forth above under the heading of Request no. 1.

Atico also objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place.  In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 18
Atico objects on the basis that the Defendants have not provided a definition for the term "baby products" and, therefore, the term is vague and ambiguous. In regard to this objection, the Defendants incorporate the discussion regarding the term "baby product" set forth above under the heading of Request no. 5.

Atico also objects by claiming that the term "baby products" causes this Request to be "overly broad and burdensome."[7]  In regard to this objection, the Defendants incorporate the discussion regarding overbreadth and undue burden set forth above under the heading of Request no. 1.

Atico objects on the basis that the Defendants have not provided a definition for the term "child care" and, therefore, the term is vague and ambiguous. However, such words are commonly found in English language dictionaries.  Therefore, Atico should have taken the reasonable approach of applying common sense and ordinary dictionary definitions to clarify the meaning of the term "child care" and responded to the Request as phrased.  Moreover, the term child care was used in Requests 5 and 6 without any objection from Atico.  Atico's objection here is disingenuous and demonstrates gamesmanship, which is ill-advised under the guidelines for discovery adopted by this

[6]  Please also note that plain "burdensome" is not a proper ground for objection and by failing to assert "undue burden," Atico has waived the objection.
[7]  Please also note that plain "burdensome" is not a proper ground for objection and by failing to assert "undue burden," Atico has waived the objection.

13

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 14.

Court.  *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g.  Therefore, please withdraw this objection.

Atico also objects by claiming that the term "child care" causes this Request to be "overly broad and burdensome."[8]  In regard to this objection, the Defendants incorporate the discussion regarding overbreadth and undue burden set forth above under the heading of Request no. 1.

Finally, Atico objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product.  In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Request no. 19

Atico objects to this Request by claiming Atico's establishment and/or maintenance of an office within Walgreen's place of business is irrelevant to the claims in this litigation.  However, such information is relevant to the relationship between Walgreen and Atico and demonstration that those two entities acted in concert to accomplish the infringement.  Moreover, the information will likely lead to discoverable information and the identification of witnesses.  If Atico seeks to maintain this objection, then Atico is obligated to provide specific support for it, which it failed to do here.  Therefore, please withdraw this objection and produce the documents that Atico has withheld on the basis of this "relevance" objection.

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place.  In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation."  In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 20

Atico objects to this Request by claiming Atico's occupation of an office within Walgreen's place of business is irrelevant to the claims in this litigation.  However, such information is relevant to the relationship between Walgreen and Atico and demonstration that those two entities acted in concert to accomplish the infringement.  Moreover, the information will likely lead to discoverable information and the identification of witnesses.  If Atico seeks to maintain this objection, then Atico is obligated to provide specific support for it, which it failed to do here.  Therefore, please

---

[8]  Please also note that plain "burdensome" is not a proper ground for objection and by failing to assert "undue burden," Atico has waived the objection.

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 15.

withdraw this objection and produce the documents that Atico has withheld on the basis of this "relevance" objection.

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 21

Atico objects on the basis that the Defendants have not provided a definition for the term "baby products" and, therefore, the term is vague and ambiguous. In regard to this objection, the Defendants incorporate the discussion regarding the term "baby product" set forth above under the heading of Request no. 5.

Atico also objects by claiming that the term "baby products" causes this Request to be "overly broad and burdensome."[9] In regard to this objection, the Defendants incorporate the discussion regarding overbreadth and undue burden set forth above under the heading of Request no. 1.

Atico also objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 22

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

---

[9] Please also note that plain "burdensome" is not a proper ground for objection and by failing to assert "undue burden," Atico has waived the objection.

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 16.

Atico also objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 23
Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico also objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 24
Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico also objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 25
Atico objects on the basis that the Defendants have not provided a definition for the term "primarily functional" and, therefore, the term is vague and ambiguous. However, Atico brought this lawsuit and asserts a claim within its Amended Complaint

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 17.

that is entirely focused on the legal concept of functionality. Indeed, Count IV seeks a "Declaratory Judgment of Functionality." Additionally, several of Atico's allegations in the Amended Complaint use the term functional. D.E.#31, at e.g., ¶66-68, 70-71. Atico's objection is disingenuous and demonstrates gamesmanship, which is ill-advised under the guidelines for discovery adopted by this Court. *See* S.D.Fla. L.R., Gen. App. A., at III.B.1.g. Therefore, Atico should have responded to the Request as phrased, and withdraw this objection.

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico also objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Request no. 26
Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 27
Atico objects to this Request by claiming the location of any warehouses owned and/or operated is irrelevant. However, such information is relevant to issues such as distribution channels and will also likely lead to discoverable information and the identification of witnesses. If Atico seeks to maintain this objection, then Atico is obligated to provide specific support for it, which it failed to do here. Therefore, please withdraw this objection and produce the documents that Atico has withheld on the basis of this "relevance" objection.

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 18.

investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 28
Atico objects to this Request by claiming the location of any warehouses where Atico has kept or is keeping any of the products at issue is irrelevant. However, such information is relevant to issues such as distribution channels and will also likely lead to discoverable information and the identification of witnesses. If Atico seeks to maintain this objection, then Atico is obligated to provide specific support for it, which it failed to do here. Therefore, please withdraw this objection and produce the documents that Atico has withheld on the basis of this "relevance" objection.

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 29
Atico objects to this Request by claiming the location of any warehouses where Atico has delivered any of the products at issue is irrelevant. However, such information is relevant to issues such as distribution channels and will also likely lead to discoverable information and the identification of witnesses. If Atico seeks to maintain this objection, then Atico is obligated to provide specific support for it, which it failed to do here. Therefore, please withdraw this objection and produce the documents that Atico has withheld on the basis of this "relevance" objection.

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 30
Atico claims that this Request is "nonsensical." However, it fails to provide any support or reasoning for such claim. Nevertheless, 'nonsensical' is not a proper objection and by failing to assert valid objections, Atico has waived them. Therefore, please produce all responsive documents.

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 19.

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 31

Atico claims that this Request is "nonsensical." However, it fails to provide any support or reasoning for such claim. Nevertheless, 'nonsensical' is not a proper objection and by failing to assert valid objections, Atico has waived them. Therefore, please produce all responsive documents.

Atico also objects by claiming it seeks documents and things that are publicly available or already in the Defendants possession. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection G.

Atico also objects by claiming that responsive documents are not within Atico's possession, custody or control. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of Request no. 1.

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 32

Atico claims that this Request is "nonsensical." However, it fails to provide any support or reasoning for such claim. Nevertheless, 'nonsensical' is not a proper objection and by failing to assert valid objections, Atico has waived them. Therefore, please produce all responsive documents.

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico objects on the basis that the Defendants have not provided a definition for the term "sippy cups" and the term is, therefore, allegedly vague and ambiguous. In

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 20.

regard to this objection, the Defendants incorporate the discussion regarding this term set forth above under the heading of Request no. 17.

Atico also objects by claiming that the term "sippy cups" causes this Request to be "overly broad and burdensome."[10]   In regard to this objection, the Defendants incorporate the discussion regarding overbreadth and undue burden set forth above under the heading of Request no. 1.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

<u>Request no. 33</u>
Atico claims that this Request is "nonsensical." However, it fails to provide any support or reasoning for such claim.   Nevertheless, 'nonsensical' is not a proper objection and by failing to assert valid objections, Atico has waived them.   Therefore, please produce all responsive documents.

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place.   In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico objects on the basis that the Defendants have not provided a definition for the term "sippy cups" and the term is, therefore, allegedly vague and ambiguous.   In regard to this objection, the Defendants incorporate the discussion regarding this term set forth above under the heading of Request no. 17.

Atico also objects by claiming that the term "sippy cups" causes this Request to be "overly broad and burdensome."[11]   In regard to this objection, the Defendants incorporate the discussion regarding overbreadth and undue burden set forth above under the heading of Request no. 1.

Atico also objects by claiming it seeks documents and things that are publicly available or already in the Defendants possession.   In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection G.

Atico also objects by claiming that responsive documents are not within Atico's possession, custody or control. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of Request no. 1.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its

---

[10]   Please also note that plain "burdensome" is not a proper ground for objection and by failing to assert "undue burden," Atico has waived the objection.
[11]   Please also note that plain "burdensome" is not a proper ground for objection and by failing to assert "undue burden," Atico has waived the objection.

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 21.

investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 34

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 35

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 36

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 37

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 22.

investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

### Request no. 38

Atico objects by claiming "the New York suit is irrelevant to the claims at issue in this action." With all due respect, this claim is ridiculous in light of Atico and Walgreen's Complaint that initiated this action (D.E.#1) and Atico's Amended Complaint (D.E.#31). Allegations regarding the New York action are pervasive throughout both of the aforementioned pleadings. *See e.g.*, D.E.#1, at *e.g.*, ¶¶6, 7-9, 16, 35-36, 38, 41-42, 44-46, 48, 50-53, 55, 57-59, 64-72, 74, 78-80, 86, 91-2, and Ex. A, D.E.#31, at *e.g.*, ¶¶5-7, 9-12, 19, 21, 38-39, 51-54, 56, 59, 60-69, 71-78, 81, 84-85, 88, 91, 96-97, 100-101, 104, 111 and Ex. A. Atico's belief in being under a threat of suit and the reason for its initiation of this declaratory judgment action is based upon the New York action. Likewise, its claims for tortious interference are based primarily on the New York action. If Atico seeks to maintain this relevance objection, then Atico is obligated to provide specific support for it, which it has failed to do here. Moreover, if Atico seeks to maintain this objection, then it should withdraw its declaratory judgment claims because this objection is tantamount to an admission that Atico had no basis to bring or maintain the declaratory judgment claims.

Atico also objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

### Request no. 39

Atico objects by claiming "the Texas suit is irrelevant to the claims at issue in this action." With all due respect, this objection is ridiculous in light of Atico and Walgreen's arguments that the Texas action is a related case that amounts to multi-jurisdictional litigation of the claims. If Atico seeks to maintain this relevance objection, then Atico is obligated to provide specific support for it, which it has thus far failed to do.

Atico also objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 23.

Request no. 40

As mentioned at the outset of Section II, the Defendants incorporate their discussions of Atico's General Objections A thru K (as set forth above in Section I) as if they were set forth fully herein. Atico must either provide support for the applicability of each of its General Objections or withdraw them from this request.

Request no. 41

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 42

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 43

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 44

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 24.

objection, the Defendants incorporate the discussion set forth above under the heading of
General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged,
responsive documents and will supplement this Response upon completion of its
investigation." In regard to this statement, the Defendants incorporate the discussion of
same as set forth above under the heading of Request no. 1.

Request no. 45
Atico objects to this Request on the basis that it seeks confidential, sensitive
business information without any Protective Order being in place.  In regard to this
objection, the Defendants incorporate the discussion set forth above under the heading of
General Objection E.

Atico also objects to this Request on the basis that it seeks privileged attorney-
client communications and/or attorney work product.  In regard to this objection, the
Defendants incorporate the discussion set forth above under the heading of General
Objection D.

Finally, Atico claims that it "is investigating whether it has any non-privileged,
responsive documents and will supplement this Response upon completion of its
investigation." In regard to this statement, the Defendants incorporate the discussion of
same as set forth above under the heading of Request no. 1.

Request no. 46
Atico objects by claiming it seeks documents and things that are publicly
available or already in the Defendants possession.  In regard to this objection, the
Defendants incorporate the discussion set forth above under the heading of
General Objection G.

Atico also objects by claiming that responsive documents are not within Atico's
possession, custody or control.  In regard to this objection, the Defendants incorporate the
discussion set forth above under the heading of Request no. 1.

Request no. 47
Atico objects to this Request on the basis that it seeks confidential, sensitive
business information without any Protective Order being in place.  In regard to this
objection, the Defendants incorporate the discussion set forth above under the heading of
General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged,
responsive documents and will supplement this Response upon completion of its
investigation." In regard to this statement, the Defendants incorporate the discussion of
same as set forth above under the heading of Request no. 1.

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 25.

### Request no. 48

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place.  In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico also objects that this Request is purportedly "overbroad and unduly burdensome."  In regard to this objection, the Defendants incorporate the discussion regarding overbreadth and undue burden set forth above under the heading of Request no. 1.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

### Request no. 49

As mentioned at the outset of Section II, the Defendants incorporate their discussions of Atico's General Objections A thru K (as set forth above in Section I) as if they were set forth fully herein. Atico must either provide support for the applicability of each of its General Objections or withdraw them from this request.

Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

### Request no. 50

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place.  In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

### Request no. 51

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place.  In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its.

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 26.

investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

### Request no. 52

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

### Request no. 53

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico objects on the basis that the Defendants have not provided a definition for the term "sippy cup" and the term is, therefore, allegedly vague and ambiguous. In regard to this objection, the Defendants incorporate the discussion regarding this term set forth above under the heading of Request no. 17.

Atico also objects by claiming that the term "any sippy cup" causes this Request to be "overly broad and burdensome."[12] In regard to this objection, the Defendants incorporate the discussion regarding overbreadth and undue burden set forth above under the heading of Request no. 1.

Atico also objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

### Request no. 54

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this

---

[12] Please also note that plain "burdensome" is not a proper ground for objection and by failing to assert "undue burden," Atico has waived the objection.

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 27.

objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico objects on the basis that the Defendants have not provided a definition for the term "sippy cup" and the term is, therefore, allegedly vague and ambiguous. In regard to this objection, the Defendants incorporate the discussion regarding this term set forth above under the heading of Request no. 17.

Atico also objects by claiming that the term "any sippy cup" causes this Request to be "overly broad and burdensome."[13] In regard to this objection, the Defendants incorporate the discussion regarding overbreadth and undue burden set forth above under the heading of Request no. 1.

Atico also objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Atico also objects by claiming it seeks documents and things that are publicly available or already in the Defendants possession. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection G.

Atico also objects by claiming that responsive documents are not within Atico's possession, custody or control. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of Request no. 1.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.


Request no. 55
Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico objects on the basis that the Defendants have not provided a definition for the term "sippy cup" and the term is, therefore, allegedly vague and ambiguous. In regard to this objection, the Defendants incorporate the discussion regarding this term set forth above under the heading of Request no. 17.

Atico also objects by claiming that the term "any sippy cup" causes this Request to be "overly broad and burdensome."[14] In regard to this objection, the Defendants

---

[13] Please also note that plain "burdensome" is not a proper ground for objection and by failing to assert "undue burden," Atico has waived the objection.
[14] Please also note that plain "burdensome" is not a proper ground for objection and by failing to assert "undue burden," Atico has waived the objection.

27

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 28.

incorporate the discussion regarding overbreadth and undue burden set forth above under the heading of Request no. 1.

Atico also objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Atico also objects by claiming it seeks documents and things that are publicly available or already in the Defendants possession. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection G.

Atico also objects by claiming that responsive documents are not within Atico's possession, custody or control. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of Request no. 1.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 56

Atico objects on the basis that the Defendants have not provided a definition for the terms "facts, and/or circumstances" and, therefore, the term is vague and ambiguous. However, such words are commonly found in English language dictionaries, Atico should have taken the reasonable approach of applying common sense and ordinary dictionary definitions to clarify the meaning of the terms "facts, and/or circumstances" and responded to the Request as phrased. Atico's objection is disingenuous and demonstrates gamesmanship, which is ill-advised under the guidelines for discovery adopted by this Court. See S.D.Fla. L.R., Gen. App. A., at III.B.1.g. Therefore, please withdraw this objection.

Atico also objects by claiming that the terms "facts, and/or circumstances" cause this Request to be "overly broad and burdensome."[15] In regard to this objection, the Defendants incorporate the discussion regarding overbreadth and undue burden set forth above under the heading of Request no. 1.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

---

[15] Please also note that plain "burdensome" is not a proper ground for objection and by failing to assert "undue burden," Atico has waived the objection.

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 29.

### Request no. 57

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico also objects by claiming that "unfavorable comments, evaluations, information, criticism and/or complaint about the quality or performance of any product at issue" is irrelevant. However, such information is directly relevant to the irreparable harm that Atico and its knock-offs are causing to Defendants' good will. Moreover, the information will likely lead to discoverable information and the identification of witnesses. If Atico seeks to maintain this objection, then Atico is obligated to provide specific support for it, which it failed to do here. Therefore, please withdraw this objection and produce the documents that Atico has withheld on the basis of this "relevance" objection.

Finally, Atico states that "Subject to the foregoing objections,. . .Atico will produce them." The Defendants remind Atico that, to date, it has failed to produce *any* documents, and that Atico may not withhold the documents on the basis of its confidentiality objection or any of its other unsupported objections.

### Request no. 58

Atico objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Finally, Atico states that "Subject to the foregoing objections,. . .Atico will produce them." The Defendants remind Atico that, to date, it has failed to produce *any* documents, and that Atico may not withhold the documents on the basis of its confidentiality objection or any of its other unsupported objections.

### Request no. 59

Atico objects on the basis that the Defendants have not provided a definition for the term "baby product" and, therefore, the term is vague and ambiguous. In regard to this objection, the Defendants incorporate the discussion regarding the term "baby product" set forth above under the heading of Request no. 5.

Atico also objects by claiming that the term "baby product" causes this Request to be "overly broad and burdensome."[16] In regard to this objection, the Defendants

---

[16] Please also note that plain "burdensome" is not a proper ground for objection and by failing to assert "undue burden," Atico has waived the objection.

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 30.

incorporate the discussion regarding overbreadth and undue burden set forth above under the heading of Request no. 1.

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Finally, Atico states that "Subject to the foregoing objections,. . .Atico will produce them." The Defendants remind Atico that, to date, it has failed to produce *any* documents, and that Atico may not withhold the documents on the basis of its confidentiality objection or any of its other unsupported objections.

### Request no. 60

Atico objects on the basis that the Defendants have not provided a definition for the term "sippy cups" and the term is, therefore, allegedly vague and ambiguous. In regard to this objection, the Defendants incorporate the discussion regarding this term set forth above under the heading of Request no. 17.

Atico also objects by claiming that the term "sippy cups" causes this Request to be "overly broad and burdensome."[17] In regard to this objection, the Defendants incorporate the discussion regarding overbreadth and undue burden set forth above under the heading of Request no. 1.

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Atico also objects by claiming it seeks documents and things that are publicly available or already in the Defendants possession. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection G.

---

[17] Please also note that plain "burdensome" is not a proper ground for objection and by failing to assert "undue burden," Atico has waived the objection.

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 31.

Atico also objects by claiming that responsive documents are not within Atico's possession, custody or control. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of Request no. 1.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 61
Atico objects on the basis that the Defendants have not provided a definition for the term "sippy cups" and the term is, therefore, allegedly vague and ambiguous. In regard to this objection, the Defendants incorporate the discussion regarding this term set forth above under the heading of Request no. 17.

Atico also objects by claiming that the term "sippy cups" causes this Request to be "overly broad and burdensome."[18] In regard to this objection, the Defendants incorporate the discussion regarding overbreadth and undue burden set forth above under the heading of Request no. 1.

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico also objects by claiming it seeks documents and things that are publicly available or already in the Defendants possession. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection G.

Atico also objects by claiming that responsive documents are not within Atico's possession, custody or control. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of Request no. 1.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 62
As mentioned at the outset of Section II, the Defendants incorporate their discussions of Atico's General Objections A thru K (as set forth above in Section I) as if they were set forth fully herein. Atico must either provide support for the applicability of each of its General Objections or withdraw them from this request.

---

[18] Please also note that plain "burdensome" is not a proper ground for objection and by failing to assert "undue burden," Atico has waived the objection.

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 32.

Atico also objects by claiming it seeks documents and things that are publicly available or already in the Defendants possession. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection G.

Atico also objects by claiming that responsive documents are not within Atico's possession, custody or control. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of Request no. 1.

Finally, Atico states that "Subject to the foregoing objections, Atico has no such documents in its possession, custody or control." The Defendants remind Atico that it may not withhold responsive documents on the basis of its confidentiality objection or any of its other unsupported objections. Additionally, should Atico come into possession, custody or control of documents responsive to this request, it must produce them pursuant to Fed.R.Civ.P. 26(e).

Request no. 63

As mentioned at the outset of Section II, the Defendants incorporate their discussions of Atico's General Objections A thru K (as set forth above in Section I) as if they were set forth fully herein. Atico must either provide support for the applicability of each of its General Objections or withdraw them from this request.

Atico objects by claiming it seeks documents and things that are publicly available or already in the Defendants possession. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection G.

Atico also objects by claiming that responsive documents are not within Atico's possession, custody or control. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of Request no. 1.

Atico also objects by claiming that "the presence of lead in any product distributed and/or sold by Plaintiff [Atico]" is irrelevant. However, such information is directly relevant to the irreparable harm that Atico and its knock-offs are causing to Defendants' good will. If Atico seeks to maintain this objection, then Atico is obligated to provide specific support for it, which it failed to do here. Therefore, please withdraw this objection and produce the documents that Atico has withheld on the basis of this "relevance" objection.

Finally, Atico states that "Subject to the foregoing objections, Atico has no such documents in its possession, custody or control." The Defendants remind Atico that it may not withhold responsive documents on the basis of its unsupported objections. Likewise, Atico may not refuse to produce documents on the basis of its mere belief that certain unidentified documents are publicly available or already in Defendants' possession. Atico has waived all other objections.

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 33.

### Request no. 64

Atico objects by claiming it seeks documents and things that are publicly available or already in the Defendants possession. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection G.

Atico also objects by claiming that responsive documents are not within Atico's possession, custody or control. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of Request no. 1.

Finally, Atico states that "Subject to the foregoing objections, Atico has no such documents in its possession, custody or control." The Defendants remind Atico that it may not withhold responsive documents on the basis of its unsupported objections. Likewise, Atico may not refuse to produce documents on the basis of its mere belief that certain unidentified documents are publicly available or already in Defendants' possession. Atico has waived all other objections.

### Request no. 65

Atico objects by claiming it seeks documents and things that are publicly available or already in the Defendants possession. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection G.

Atico also objects by claiming that responsive documents are not within Atico's possession, custody or control. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of Request no. 1.

Atico also objects by claiming that "the presence of lead in any product distributed and/or sold by Plaintiff [Atico]" is irrelevant. However, such information is directly relevant to the irreparable harm that Atico and its knock-offs are causing to Defendants' good will. If Atico seeks to maintain this objection, then Atico is obligated to provide specific support for it, which it failed to do here. Therefore, please withdraw this objection and produce the documents that Atico has withheld on the basis of this "relevance" objection.

Finally, Atico states that "Subject to the foregoing objections, Atico has no such documents in its possession, custody or control." The Defendants remind Atico that it may not withhold responsive documents on the basis of its unsupported objections. Likewise, Atico may not refuse to produce documents on the basis of its mere belief that certain unidentified documents are publicly available or already in Defendants' possession. Atico has waived all other objections.

### Request no. 66

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 34.

objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico objects to this Request by claiming Atico's organizational and operational structure is irrelevant to the claims in this litigation. However, *inter alia*, such information is likely lead to discoverable information and the identification of witnesses regarding the person(s) within Atico who directed the alleged infringement and those who were involved in designing or obtaining the infringing products and packaging. If Atico seeks to maintain this objection, then Atico is obligated to provide specific support for it, which it failed to do here. Therefore, please withdraw this objection and produce the documents that Atico has withheld on the basis of this "relevance" objection.

Finally, Atico states that "Subject to the foregoing objections, Atico has no such documents in its possession, custody or control." The Defendants remind Atico that it may not withhold responsive documents on the basis of its confidentiality objection or any of its unsupported general objections. Additionally, should Atico come into possession, custody or control of documents responsive to this request, it must produce them pursuant to Fed.R.Civ.P. 26(e).

### Request no. 67

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

### Request no. 68

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 35.

Finally, Atico states that "Subject to the foregoing objections,. . .Atico will produce them." The Defendants remind Atico that, to date, it has failed to produce *any* documents—or even a privilege log, and that Atico may not withhold the documents on the basis of its confidentiality objection or any of its other unsupported objections.

### Request no. 69

Atico objects by claiming it seeks documents and things that are publicly available or already in the Defendants possession. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection G.

Atico also objects by claiming that responsive documents are not within Atico's possession, custody or control. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of Request no. 1.

As for Atico's overbreadth and undue burden objection, while Defendants disagree with the objection, the Defendants will in good faith agree that this Request should be limited to all documents that concern, comment upon, or reflect editorials, articles or other media commentary about "Plaintiff and/or Walgreen <u>and</u> any product at issue."

### Request no. 70

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

### Request no. 71

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico objects on the basis that the Defendants have not provided a definition for the term "sippy cups" and the term is, therefore, allegedly vague and ambiguous. In

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 36.

regard to this objection, the Defendants incorporate the discussion regarding this term set forth above under the heading of Request no. 17.

Atico also objects by claiming that the term "sippy cups" causes this Request to be "overly broad and burdensome."[19]   In regard to this objection, the Defendants incorporate the discussion regarding overbreadth and undue burden set forth above under the heading of Request no. 1.

Atico objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product.   In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 72
Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place.   In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico objects on the basis that the Defendants have not provided a definition for the term "sippy cups" and the term is, therefore, allegedly vague and ambiguous.   In regard to this objection, the Defendants incorporate the discussion regarding this term set forth above under the heading of Request no. 17.

Atico also objects by claiming that the term "sippy cups" causes this Request to be "overly broad and burdensome."[20]   In regard to this objection, the Defendants incorporate the discussion regarding overbreadth and undue burden set forth above under the heading of Request no. 1.

Atico objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product.   In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

---

[19]   Please also note that plain "burdensome" is not a proper ground for objection and by failing to assert "undue burden," Atico has waived the objection.
[20]   Please also note that plain "burdensome" is not a proper ground for objection and by failing to assert "undue burden," Atico has waived the objection.

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 37.

Request no. 73

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico objects on the basis that the Defendants have not provided a definition for the term "baby products" and, therefore, the term is vague and ambiguous. In regard to this objection, the Defendants incorporate the discussion regarding the term "baby product" set forth above under the heading of Request no. 5.

Atico also objects by claiming that the term "baby products" causes this Request to be "overly broad and burdensome."[21] In regard to this objection, the Defendants incorporate the discussion regarding overbreadth and undue burden set forth above under the heading of Request no. 1.

Atico objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Finally, Atico states that "Subject to the foregoing objections, Atico has no such documents in its possession, custody or control." The Defendants remind Atico that it may not withhold responsive documents on the basis of its confidentiality objection or any of its unsupported objections. Moreover, Atico has not yet but is required to provide a privilege log as to its claim of privilege. Additionally, should Atico come into possession, custody or control of documents responsive to this request, it must produce them pursuant to Fed.R.Civ.P. 26(e).

Request no. 74

Atico objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its

---

[21] Please also note that plain "burdensome" is not a proper ground for objection and by failing to assert "undue burden," Atico has waived the objection.

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 38.

investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 75

Atico objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 76

Atico objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico objects on the basis that the Defendants have not provided a definition for the term "baby product" and, therefore, the term is vague and ambiguous. In regard to this objection, the Defendants incorporate the discussion regarding the term "baby product" set forth above under the heading of Request no. 5.

Atico also objects by claiming that the term "any baby product" causes this Request to be "overly broad and burdensome."[22] In regard to this objection, the Defendants incorporate the discussion regarding overbreadth and undue burden set forth above under the heading of Request no. 1.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

---

[22]  Please also note that plain "burdensome" is not a proper ground for objection and by failing to assert "undue burden," Atico has waived the objection.

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 39.

Request no. 77

Atico objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico objects on the basis that the Defendants have not provided a definition for the term "sippy cup" and the term is, therefore, allegedly vague and ambiguous. In regard to this objection, the Defendants incorporate the discussion regarding this term set forth above under the heading of Request no. 17.

Atico also objects by claiming that the term "any sippy cup" causes this Request to be "overly broad and burdensome."[23] In regard to this objection, the Defendants incorporate the discussion regarding overbreadth and undue burden set forth above under the heading of Request no. 1.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

Request no. 78

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico also objects by claiming it seeks documents and things that are publicly available or already in the Defendants possession. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection G.

Atico also objects by claiming that responsive documents are not within Atico's possession, custody or control. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of Request no. 1.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

---

[23] Please also note that plain "burdensome" is not a proper ground for objection and by failing to assert "undue burden," Atico has waived the objection.

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 40.

### Request no. 79

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico also objects by claiming it seeks documents and things that are publicly available or already in the Defendants possession. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection G.

Atico also objects by claiming that responsive documents are not within Atico's possession, custody or control. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of Request no. 1.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

### Request no. 80

Atico objects to this Request on the basis that it seeks confidential, sensitive business information without any Protective Order being in place. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection E.

Atico also objects by claiming it seeks documents and things that are publicly available or already in the Defendants possession. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection G.

Atico also objects by claiming that responsive documents are not within Atico's possession, custody or control. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of Request no. 1.

Finally, Atico claims that it "is investigating whether it has any non-privileged, responsive documents and will supplement this Response upon completion of its investigation." In regard to this statement, the Defendants incorporate the discussion of same as set forth above under the heading of Request no. 1.

### Request no. 81

Atico objects to this Request on the basis that it seeks privileged attorney-client communications and/or attorney work product. In regard to this objection, the Defendants incorporate the discussion set forth above under the heading of General Objection D.

Finally, Atico states that "Subject to the foregoing objections,. . .Atico will produce them." The Defendants remind Atico that, to date, it has failed to produce *any*

Jeffrey Kamenetsky, Esq.
August 13, 2009
Page 41.

documents, and that Atico may not withhold the documents on the basis of any of its unsupported, general objections. Moreover, Atico must provide a privilege log in support of its stated attorney-client communications and work product claims of privilege.

## III.    Conclusion

In sum, Atico has provided no specific or legitimate basis for Defendants to narrow or otherwise alter the requests for production at issue. Atico has provided nothing but generalized, boilerplate objections lacking any specificity or support. Therefore, any demands for alteration of Defendants' requests are rejected.

Nevertheless, Defendants are cooperating toward the entry of an appropriate protective order and has already sent Atico and Walgreen a proposed protective order for their consideration and agreement. We request that Atico cooperate in good faith toward an expeditious agreement and motion to the Court regarding entry of same.

Please review the above and respond by the close of business on Wednesday, August 19, 2009. Please note, however, that if Atico's response to this letter does not include an unconditional, express agreement to produce all responsive documents and a privilege log (for any purportedly privileged documents that Atico is withholding) by the close of business on Wednesday, August 26, 2009, Luv n' care will seek the assistance of the Court via a motion to compel, which will include a request that the Court award Luv n' care its attorneys fees and costs that Atico's resistance to the discovery has caused it to incur.

Sincerely,

Susan J. Latham

Susan J. Latham

cc:  Christopher & Weisberg, P.A.
     Alan Weisberg, Jason Buratti, and Ingrid Riera

41