## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-60397-CIV-COHN/SELTZER

**ATICO INTERNATIONAL USA, INC.,**
**a Delaware corporation,**

**Plaintiff,**

**v.**

**LUV N' CARE, LTD., a Louisiana corporation,**
**and ADMAR INTERNATIONAL, INC., a**
**Delaware corporation,**

**Defendants.**
_____/

**LUV N' CARE, LTD., a Louisiana corporation,**
**and ADMAR INTERNATIONAL, INC., a**
**Delaware corporation,**

**Counterclaim and**
**Third Party Plaintiffs,**

**v.**

**ATICO INTERNATIONAL USA, INC.,**
**a Delaware corporation, Counterclaim Defendant**
**and WALGREEN CO., an Illinois corporation, Third**
**Party Defendant**
_____/

### DEFENDANTS' MOTION TO EXCEED PAGE LIMIT WITHIN WHICH TO MOVE TO COMPEL WALGREEN TO PRODUCE DOCUMENTS IN RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants and Counterplaintiffs Luv n' care, Ltd. ("Luv n' care" or "LNC") and Admar International, Inc. ("Admar"), (hereinafter, collectively, the "Defendants"), pursuant to Local Rule 7.1, hereby respectfully move this Court for entry of an order granting the Defendants an extension of the page limit within which to move to compel Walgreen Co. ("Walgreen") to produce documents in response to Defendants' Requests for Production to Walgreen.   In support thereof, Defendants state as follows:

1.    Defendants served Walgreen with a set of Requests for Production that was comprised of one hundred and six (106) separate, specific requests.

2.    Walgreen objected to each of those one hundred and six (106) requests for production with a myriad of unsupported objections.  Walgreen's objections alone consumed approximately twenty-three pages.

3.    Without court involvement, Defendants made substantial good faith efforts to resolve the issues that were caused by Walgreen's baseless objections, including a forty-one (41) page meet and confer letter, which gave Walgreen additional time, until August 24, 2009, to produce its privilege log and its non-privileged, responsive documents.

4.    On August 28, 2009, Walgreen produced approximately 400 unorganized pages in response to Defendants good faith effort to resolve this discovery dispute.  However, Walgreen's letter accompanying those documents demanded that Defendants' undersigned counsel could ***not*** disclose any of Walgreen's 'confidential' or 'confidential attorneys eyes only' documents to Defendants' New York counsel Morris Cohen or Joe D. Guerriero, which effectively prohibited Feldman Gale from determining the responsiveness of Walgreen's limited production because, out of the approximately 400 unorganized pages, only 59 pages were non-confidential pages that could be shared with the client and/or New York counsel (Morris Cohen and Joe D. Guerriero) who have the most experience with the subject matter at issue between the parties.

5.    To date, Walgreen has failed to comply with Fed.R.Civ.P. 34(b)(2)(E)(i) by organizing and labeling its produced documents to correspond with the categories in the request.  Moreover, Walgreen still has ***not*** produced a privilege log and has failed to withdraw a single objection.  Therefore, Defendants are forced to address Walgreen's entire set of 106 responses and objections, and to do so pursuant to the requirements of Local Rule 26.1.H.2, which requires verbatim recital of the request, the response, in addition to the movant's position.  Defendants have attempted to draft the motion concisely and efficiently, while still complying with S.D.Fla. L.R. 26.1.H.2; however, the Defendants have been unable to reduce the motion's length below fifty-five (55) pages.

6.    Upon completion of its motion, Defendants inquired with Walgreen as to whether it would agree to an extension of the page limit for Defendants to move to compel production of

responsive documents by Walgreen.  Walgreen's counsel responded to the inquiry but objected to the requested extension of the page limit.

7.    In light of the foregoing, Defendants seek an extension of the page limit within which to move this Court to compel Walgreen to produce documents in response to Defendants Set of Request for Production to Walgreen.

8.    This Motion is made in good faith and not for the purposes of delay.[1]

WHEREFORE, Defendants respectfully request that this Court grant Defendants leave to file a motion to compel Walgreen to produce documents in response to Defendants' Requests for Production to Walgreen that has a total length not to exceed fifty-five (55) pages.  Additionally, Defendants' respectfully request that the Court accept the motion to compel that Defendants filed concurrently herewith as pursuant to such leave once granted.  A proposed Order is attached.

Dated: September 28, 2009              Respectfully submitted,

                                       **FELDMAN GALE, P.A.**
                                       One Biscayne Tower, 30th Floor
                                       2 South Biscayne Boulevard
                                       Miami, Florida 33131
                                       Telephone:  305-358-5001
                                       Facsimile:  305-358-3309

                                       By:  _/s  Susan J. Latham_____
                                         James A. Gale / Fla. Bar no. 371726
                                         jgale@feldmangale.com
                                         Susan J. Latham / Fla. Bar no. 0687391
                                         slatham@feldmangale.com
                                         *Attorneys for Defendants/Third-party Plaintiffs*

---

[1]  When inquiring with Walgreen's counsel as to whether Walgreen would agree to the relief sought herein, undersigned counsel for LNC and Admar informed Walgreen's counsel that, despite the necessary filing of the motion to compel to preserve their rights, LNC and Admar do remain willing to engage in a further meet and confer with Walgreen in order to reduce the burden on the Court and narrow the issues in dispute.

## CERTIFICATE OF COUNSEL

Pursuant to Local Rule 7.1, I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in this motion. However, Plaintiff's counsel objected to the relief requested herein.

_____/s  Susan J. Latham_____
SUSAN J. LATHAM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of September 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: _/s _Susan J. Latham_____
SUSAN J. LATHAM

### SERVICE LIST

*Atico International USA, Inc. v. Luv N' Care, Ltd.,  et al.*
S.D.Fla. Case no. 09-60397-CIV-COHN/SELTZER

Alan Weisberg
aweisberg@cwiplaw.com
Jason Buratti
jburatti@cwiplaw.com
Jeffrey H. Kamenetsky
jkamenetsky@cwiplaw.com
Christopher & Weisberg, P.A.
200 East Las Olas Blvd., Suite 2040
Ft. Lauderdale, FL 33301
Phone: 954-828-1488
Facsimile: 954-828-9122
*Counsel for Walgreen Co. and Atico Int'l USA, Inc.*
*Via CM/ECF*

Floyd B. Chapman
Wiley Rein LLP
1776 K Street, NW
Washington, DC  20006
Email: fchapman@wileyrein.com
Phone: 202.719.7308
Facsimile: 202.719.7049
*Co-counsel for Atico International USA, Inc. and Walgreen Co.*
*Via CM/ECF*

4