# EXHIBIT "5"

*Defendants' August 24th redline*

Case 0:09-cv-60397-JIC   Document 73-3   Entered on FLSD Docket 10/01/2009   Page 1 of 17

## Susan J. Latham

| | |
|---|---|
| From: | Susan J. Latham |
| Sent: | Monday, August 24, 2009 6:24 PM |
| To: | 'Jeff Kamenetsky' |
| Cc: | 'Jason Buratti'; Morris Cohen |
| Subject: | RE: Atico v. LNC et al. - Walgreen discovery and case correspondence re new exhibit |
| Attachments: | Draft Protective Order - LNC counter-redline.DOC |

Jeff:

Attached is our counter-redline. In addition to our few redline changes, all of your redlines also remain visible except for your redlines regarding the additional designation of "highly confidential" because instead of redlining your redline and making things more confusing, I simply rejected that redline. We oppose adding a third category or designation. I did not remove any of your other redlines, but if you would like me to send a compare copy btw what I have attached here and what you sent me on Friday, I would be happy to do so.

Sincerely,
Susan

---

**From:** Jeff Kamenetsky [mailto:jkamenetsky@cwiplaw.com]
**Sent:** Friday, August 21, 2009 3:03 PM
**To:** Susan J. Latham
**Subject:** RE: Atico v. LNC et al. - Walgreen discovery and case correspondence re new exhibit

Susan, attached is a copy of the revised protective order, which includes our proposed additions.

Thank you. Have a good weekend.

Best Regards,
**Jeffrey Kamenetsky***

CHRISTOPHER & WEISBERG, P.A.
An Intellectual Property Boutique
Offices in Florida and Washington, D.C.

200 East Las Olas Boulevard, Suite 2040
Fort Lauderdale, Florida 33301
Phone: 954.828.1488 | Fax: 954.828.9122
jkamenetsky@cwiplaw.com | www.cwiplaw.com

* Admitted to Practice before the United States Patent & Trademark Office

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

---

**From:** Susan J. Latham [mailto:slatham@FeldmanGale.com]
**Sent:** Friday, August 14, 2009 10:41 AM
**To:** Jeff Kamenetsky
**Subject:** RE: Atico v. LNC et al. - Walgreen discovery and case correspondence re new exhibit

10/1/2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-60397-CIV-COHN/SELTZER

ATICO INTERNATIONAL USA, INC.,
a Delaware corporation,

       Plaintiff,

v.

LUV N' CARE, LTD., a Louisiana corporation,
and ADMAR INTERNATIONAL, INC., a
Delaware corporation,

       Defendants.
_____/

LUV N' CARE, LTD., a Louisiana corporation,
and ADMAR INTERNATIONAL, INC., a
Delaware corporation,

       Counterclaim and
       Third Party Plaintiffs,

v.

ATICO INTERNATIONAL USA, INC.,
a Delaware corporation, Counterclaim Defendant
and WALGREEN CO., an Illinois corporation, Third
Party Defendant
_____/

**STIPULATED PROTECTIVE ORDER GOVERNING
DISCLOSURE OF CONFIDENTIAL INFORMATION**

> **Deleted:** Third Party Defendant

WHEREAS, Plaintiff, ATICO INTERNATIONAL USA, INC. ("Atico"), and WALGREEN

CO. ("Walgreen"), and Defendants LUV N' CARE, LTD. ("Luv n' care" or "LNC") and ADMAR

INTERNATIONAL, INC. ("Admar"), (all of the above being, collectively, the "Parties) believe that

in the course of this action certain information, documents, and testimony likely to be disclosed and

produced through discovery may constitute or incorporate confidential commercial information,

research or development and/or trade secrets within the meaning of Federal Rule of Civil Procedure 26(c);

WHEREAS, WALGREEN CO. ("Walgreens") shall be designated a "party" and will comply with the terms of this Protective Order as it applies to designated parties only if its currently pending Motion to Dismiss LNC's Third Party Complaint is denied. If the Court rejects LNC and Admar's effort to join Walgreen back into this action as a party, then Walgreen shall be designated a "non-party" and subject to only the non-party provisions of this Protective Order; and

> Deleted: Otherwise
>
> Deleted: s

WHEREAS, the Parties believe that entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c) would best protect their interests while facilitating discovery in this action; and

WHEREAS, the Court finds good cause exists for the entry of this protective order in this action pursuant to Federal Rule of Civil Procedure 26(c) in order to protect confidential commercial information, research and development, and/or trade secrets.

IT IS HEREBY ORDERED, pursuant to Federal Rule of Civil Procedure 26(c), that this Stipulated Protective Order shall govern the treatment and handling of any information produced or disclosed by any party or non-party ("the Producing Party") to this action, including without limitation, Rule 26 disclosures, documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, and testimony (such information and/or documents shall hereinafter be referred to as "Confidential Material") provided it is designated (or, within the appropriate time limitation, is pending designation) as being Confidential Material as required by this Order.

Subject to the approval of this Court, the Parties have STIPULATED AND AGREED, through their respective counsel of record, as follows:

1.  Any Producing Party may designate any Confidential Material as "CONFIDENTIAL"

2

if such producing party in good faith believes that such Confidential Material contains confidential or proprietary information, including information in written, oral, electronic, graphic, pictorial, audiovisual, or other form, whether it is a document,[1] information contained in a document, item produced for inspection, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

2. Any Producing Party may designate any Confidential Material as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" if such producing party in good faith believes that such Confidential Material contains confidential, commercially sensitive, or proprietary information related to any of the following: technical data, research and development information, marketing or other business plans, product or service information, customer information, trade secrets, competitive information, or financial information of the Producing Party, including, without limitation, sales and cost information or any other information of such sensitivity to warrant "Confidential—Attorneys' Eyes Only" treatment, including, information in written, oral, electronic, graphic, pictorial, audiovisual, or other form, whether it is a document, information contained in a document, item produced for inspection, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

3. A Producing Party may designate any document or other tangible information or thing as "Confidential" or "Confidential—Attorneys' Eyes Only" by stamping a conspicuous place thereof with the legend CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY, respectively. For example, in the case of a document, a producing party may so mark the first page of a multipage document and each page thereafter that actually contains Confidential Material. In the

---

[1] The term "document" shall be synonymous in meaning and equal in scope to the usage of that term in Rule 34 of the Federal Rules of Civil Procedure, and shall include every writing and recording

case of other tangible items, a producing party may so mark any appropriate location. For example, in the case of a computer disk, a producing party may so mark the disk cover.

    4.    The terms of this Stipulated Protective Order are applicable to Confidential Material produced by a non-party and designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS EYES ONLY" only when the producing non-party has a proprietary interest or other right in such Confidential Material, or where the producing non-party is contractually obligated to maintain the confidentiality of such Confidential Material.

A producing party may designate documents, information, or things disclosed at a deposition of a producing party or one of its present or former officers, directors, employees, agents, or independent experts retained for purposes of this litigation as "Confidential" or "Confidential—Attorneys' Eyes Only" on the record during the deposition; or by notifying all parties in writing of the specific item so designated, within <u>twenty one (21)</u> days of receiving a copy of the deposition transcript, of the specific exhibits or lines and pages of the transcript that are <u>believed in good faith to contain Confidential Material</u>.

    a.    If a producing party designates such materials as "Confidential" or "Confidential—Attorneys' Eyes Only" on the record, the court reporter shall indicate on the cover page of the transcript that the transcript includes Confidential or Confidential—Attorneys' Eyes Only information, shall list the pages and lines numbers and/or exhibits of the transcript on or in which such information is contained, and shall bind the transcript in separate portions containing Confidential, Confidential—Attorneys' Eyes Only, and non-Confidential material. Further, during the period in which such Confidential or Confidential—Attorneys' Eyes Only information is

**Margin comments (Deleted):**
- However, a party may designate any document, information, or thing produced by a non-party during the course of this litigation, not already designated Confidential Material, as "Confidential" or "Confidential—Attorneys' Eyes Only" as if it were the producing party. The non-producing party shall accomplish such designation: (a) within fourteen (14) business days from the date that party receives notice that the material it wishes to designate as Confidential Material has been produced, during which period said items shall be presumed Confidential; (b) by providing notice to all parties in writing, identifying with particularity the designated Confidential Material; and (c) the basis for claiming a proprietary interest or other right in the Confidential Material. At the end of this fourteen (14) day period, such documents, information, or things not designated as Confidential or Confidential—Attorneys' Eyes Only shall automatically revert to non-Confidential status.
- fourteen (14)
- Information
- in accordance with the "Confidential", "Confidential-Attorneys' Eyes Only" or "Highly Confidentiall—Attorneys' Eyes Only." labels above

---

within the meaning given those terms in Rule 1001 of the Federal Rules of Evidence.

discussed during the deposition, any person present during the deposition who is not a Qualified Person, as defined below, or the court reporter, shall be excluded from that portion of the deposition.

   b. A deposition transcript and the exhibits thereto shall be presumed Confidential—Attorneys' Eyes Only in their entirety until twenty one (21) days after receipt of the transcript by the producing party. If, after the deposition is taken, the producing party designates any portion of the deposition transcript or exhibits as Confidential or Confidential—Attorneys' Eyes Only by giving written notice as described above, all persons receiving notice of such designation shall affix the same to the face of their copy or copies of the transcript. At the expiration of the twenty one (21) day period, the transcript and exhibits shall automatically revert to non-Confidential status, except those portions that have been designated on the record or in writing as Confidential or Confidential—Attorneys' Eyes Only.

   c. A non-producing party may designate documents, information, or things disclosed at a deposition as Confidential or Confidential—Attorneys' Eyes Only in the same manner as a producing party if it has a good faith basis for claiming a proprietary interest or other right in the Confidential Material.

   6. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of actions between Atico and/or Walgreen and/or Royal King on the one hand and LNC and/or Admar on the other hand, and for no other purpose. Except that: (a) any party may seek a determination by from any court that the material so designated is not Confidential Material and may be used for other purposes; and/or (b) the restrictions contained in this Paragraph no. 6 may be modified by written agreement between the parties, which agreement

[margin annotations:
Deleted: fourteen (14
Deleted: fourteen (14
Deleted: this
Deleted: ;
Deleted: ,
Deleted: ,
Deleted:
Deleted: T
Deleted: N
Deleted: of]

5

shall be enforceable as if incorporated herein. Nothing in this paragraph shall operate to bar motions in limine or similar motion to exclude the use of any document in any action between the Parties on any appropriate and available basis.

7. Confidential Material produced pursuant to this Order may be disclosed or made available only to courts hearing actions between Atico and/or Walgreen on the one hand and LNC and/or Admar on the other hand, to outside counsel for a party retained for the cases currently pending between the Parties (including the paralegal, clerical, and secretarial staff employed by such counsel) and one (1) in-house counsel with responsibility for this litigation, and to the "qualified persons" designated below:

(a) two officers or directors of a party, or a full-time employee designated in writing as a representative of a party who has supervisory responsibility for this matter and is necessary to the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action

(c) independent outside photocopying, imaging, data base, graphics or design services retained by outside counsel in connection with this Action;

(d) court reporter(s) employed in this action; and

(e) any other person as to whom the parties agree in writing.

Prior to receiving any Confidential Material, each "qualified person" defined in (a), (b) and (e) above shall be provided with a copy of this Order and shall execute and be bound by this Order by signing a nondisclosure agreement in the form annexed hereto as Exhibit A, a copy of which shall be provided forthwith to counsel for each other party.

8. Depositions may be taken in the presence of any persons, but any party may request

6

that non-qualified persons leave the room for responses containing Confidential information.

9. Material designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" and the information contained therein, shall be disclosed only to the Court, to <u>in-house and/or outside</u> counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel) and to the "qualified persons" listed in subparagraphs <u>7(b)-7(e)</u> above, and shall **not** be disclosed to a party, or to an officer, director or employee of a party, except <u>in-house counsel or as</u> provided above or unless otherwise agreed in writing or ordered by the Court. If disclosure of Confidential--Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

<div style="margin-left:auto; width:200px;">
Deleted: d
Deleted: 7(ba) through (dc)
Deleted: but
Formatted: Font: Bold, Underline
Deleted: r
Deleted: .
</div>

10. Copies of Confidential or Confidential—Attorneys' Eyes Only material may be submitted to the Court in connection with any proceedings, motions or hearings, provided that such materials are filed under seal. The Court's adoption of this Stipulation as an order of the Court shall be sufficient pursuant to Local Rule 5.4.A. to permit the parties to file confidential material under seal. In accordance with Local Rule 5.4.B.3., a party filing material under seal shall submit to the Court an "Order Re: Sealed Filing" that provides that the matter will remain sealed until the conclusion of direct appeal and that, when the sealed period expires, the filed matter should be returned to the party or counsel for the party filing the material under seal. To the extent possible, only those portions of a filing with the Court that contain material designated as Confidential or Confidential—Attorneys' Eyes Only shall be filed under seal. To the extent that no Confidential or Confidential—Attorneys' Eyes Only information is disclosed, the parties may refer to, and quote from, documents designated as Confidential or Confidential—Attorneys' Eyes Only in pleadings, motions, briefs, affidavits, or exhibits filed with the Court, without the need to file such pleadings, motions, briefs, affidavits, or exhibits under seal.

11. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such material shall take all steps reasonably available to protect its confidentiality during such use.

12. At any stage of these proceedings, should any party object to a designation of any information, documents, or things as "Confidential" or "Confidential—Attorneys' Eyes Only," the party shall provide written notice of its objection with the designation. The parties and/or the producing party shall first attempt to resolve such objection in good faith on informal basis. If the objection is not thereby resolved, the objecting party may apply for a ruling from the Court determining whether the materials in question are properly designated under the terms of this Stipulated Protective Order. Until the Court makes such determination, all material designated as "Confidential" or "Confidential—Attorneys' Eyes Only" shall be treated as such.

13. Nothing in this Stipulation shall preclude a party from refusing to produce or disclose material containing trade secrets or other such confidential information based on a determination that the highly confidential and proprietary nature of such material will not be adequately protected through the designation of Confidential or Confidential—Attorneys' Eyes Only as described herein., <u>provided however, that the party withholding such information shall provide notice to the other party describing the nature of the information being withheld and explaining why the protections are viewed as not being adequate.</u> In the event that the requesting party nevertheless deems such material to be discoverable, that party may move the Court to compel production and the Court shall determine whether the subject material must be produced and, if so, the conditions of such production. Moreover, nothing in this Stipulation shall preclude any party hereto from applying to the Court for additional or different protective provisions in respect to specific material if the need should arise during this action.

8

14. Nothing in this Order shall preclude any party to the lawsuit or their attorneys from:

   a. Showing materials designated as Confidential or Confidential—Attorneys' Eyes Only to an individual who either prepared or reviewed the document prior to the filing of this action, or is shown by the document to have received the document;

   b. Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files that the party itself designated as Confidential or Confidential—Attorneys' Eyes Only;

   c. Disclosing or using, in any manner or for any purpose, any information, documents, or things that were obtained from a source other than discovery or to which a party has a right of access independent of discovery, or that were already known to such party by lawful means, prior to obtaining from or disclosure by, the other party in the action, provided, however, that the alternate source of such information, documents or things was not under an obligation of confidentiality (as evidenced by a writing) to a Party in the litigation at the time such information, documents or things were obtained;

   d. Disclosing or using, in any manner or for any purpose, any information, document, or thing that is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, generally available to the relevant public through publication or otherwise or is already rightfully in the possession of the receiving party at the time of production; or

15. If either party is served with a subpoena or similar process, from any entity whatsoever, directing that party to produce any materials designated as "Confidential" or "Confidential—Attorneys' Eyes Only" not so designated by that party, the counsel for that party shall immediately give counsel for the designating party written notice, by hand delivery or facsimile

transmission, of the fact of such service so that the designating party may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

16. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

17. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Within sixty (60) days of the conclusion of this action, including any appeals, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

18. The inadvertent or unintentional disclosure by the Producing Party of attorney-client privileged information or attorney work-product, either by way of document production or deposition testimony, shall not be deemed a waiver of privilege for such information, provided that the Producing Party promptly makes a good-faith representation that such production was inadvertent or mistaken and takes prompt remedial action to withdraw the disclosure. Within three (3) business days of receiving a written request to do so from the Producing Party, the Receiving Party shall return to the Producing Party any documents or tangible items that the Producing Party represents are covered by a claim of attorney-client privilege or work product immunity and were inadvertently or mistakenly produced. The receiving party shall also destroy any extra copies or summaries of, or

notes relating to, any such inadvertently or mistakenly produced information, and certifying compliance with this provision; provided, however, that this Protective Order shall not preclude the party returning such information from making a motion to compel production of the returned information. The Producing Party shall retain copies of all returned documents and tangible items for further disposition and, if such a motion is filed, shall provide copies to the Court of the documents, item or information which is the subject of the motion. In the event that a Producing Party discovers in a deposition, inadvertently or unintentionally disclosed documents containing attorney-client privileged information or attorney work-product, the Producing Party may make a request on the record for the receiving party to return the documents or tangible items that the Producing Party represents 1) are covered by a claim of attorney-client privilege or work product immunity and 2) were inadvertently or mistakenly produced; in which event, the receiving party shall be precluded from deposing a witness with respect to such inadvertently or mistakenly produced documents, other than to explore the basis for a claim of privilege or work product.

19. The inadvertent or unintentional disclosure by the Producing Party of "CONFIDENTIAL", and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY", information either by way of document production or deposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to the information disclosed. Any such inadvertently or unintentionally disclosed "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY", information, not designated as such pursuant to paragraph 1 or 2, shall be designated as "CONFIDENTIAL", or "CONFIDENTIAL-ATTORNEYS' EYES ONLY", as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure and provides written notice to the Receiving Parties. The Receiving Party shall thereafter mark and treat

11

the materials as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" as appropriate, and such materials shall be fully subject to this Order as if they had been initially so designated.

> **Deleted:** ,
> **Deleted:** ,
> **Deleted:** or "HIGHLY CONFIDENTIAL" "CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY, OR HIGHLY CONFIDENTIAL" "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY"

**DONE AND ORDERED** in Chambers at Miami, Florida this ____ day of August, 2009.

_____
UNITED STATES DISTRICT JUDGE

SO STIPULATED:

Dated: August ___, 2009          By: _s/_____
Fort Lauderdale, FL              Alan Weisberg
                                 E-mail: aweisberg@cwiplaw.com
                                 Jason R. Buratti
                                 Email: jburatti@cwiplaw.com
                                 Jeffrey H. Kamenetsky
                                 E-mail: jkamenetsky@cwiplaw.com
                                 Christopher & Weisberg, P.A.
                                 200 East Las Olas Blvd., Suite 2040
                                 Ft. Lauderdale, FL 33301
                                 Phone: 954-828-1488
                                 Facsimile: 954-828-9122
                                 *Attorneys for Atico Int'l USA, Inc. and Walgreen Co.*

Dated: August ___, 2009          By: /s_____
Miami, Florida                   James A. Gale / 371726
                                 E-mail: JGale@FeldmanGale.com
                                 Susan J. Latham / 687391
                                 E-mail: SLatham@FeldmanGale.com
                                 FELDMAN GALE, P.A.
                                 One Biscayne Tower, 30th Floor
                                 2 South Biscayne Boulevard
                                 Miami, Florida 33131
                                 Telephone: 305-358-5001
                                 Facsimile: 305-358-3309
                                 *Attorneys for Luv n' Care and Admar*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ____ day of August, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s_____
SUSAN J. LATHAM

### SERVICE LIST
*Atico International USA, Inc. v. Luv N' Care, Ltd., et al.*
Case No. 09-60397-CIV-COHN/SELTZER
United States District Court, Southern District of Florida

Alan Weisberg
aweisberg@cwiplaw.com
Jason R. Buratti
jburatti@cwiplaw.com
Jeffrey H. Kamenetsky
jkamenetsky@cwiplaw.com
Christopher & Weisberg, P.A.
200 East Las Olas Blvd., Suite 2040
Ft. Lauderdale, FL 33301
Phone: 954-828-1488
Facsimile: 954-828-9122
*Counsel for Atico International USA, Inc. and Walgreen Co.*
*Via CM/ECF*

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-60397-CIV-COHN/SELTZER

ATICO INTERNATIONAL USA, INC.,
a Delaware corporation,

        Plaintiff,

v.

LUV N' CARE, LTD., a Louisiana corporation,
and ADMAR INTERNATIONAL, INC., a
Delaware corporation,

        Defendants.
_____/

LUV N' CARE, LTD., a Louisiana corporation,
and ADMAR INTERNATIONAL, INC., a
Delaware corporation,

        Counterclaim and
        Third Party Plaintiffs,

v.

ATICO INTERNATIONAL USA, INC.,
a Delaware corporation, Counterclaim Defendant
and WALGREEN CO., an Illinois corporation, Third
Party Defendant
_____/

## DECLARATION

I, _____, declare:

1.    I reside at _____

I am employed as [state position] _____ by [name and address of

employer]_____  _____

_____

14

2. I am aware that a Protective Order dated _____, 2009 has been entered in this case in the United States District Court for the Southern District of Florida. A copy of that Order has been given to me.

3. I hereby certify that I am one of the persons allowed under paragraphs 7 or 9 of the Stipulated Protective Order to receive access to information, documents, or things designated "Confidential" or "Confidential—Attorneys' Eyes Only," respectively. I also agree to be bound by the terms of the Stipulated Protective Order, specifically including the requirement that information, documents, and things I may receive that are designated as "Confidential" and/or "Confidential—Attorneys' Eyes Only," and all copies, notes, summaries, and other records made regarding such information, documents, and things, shall be disclosed to no one other than persons specifically allowed by paragraphs 7 or 9 of the Stipulated Protective Order, respectively, to have access to such information.

5. I agree to act in good faith in carrying out my duties under that Protective Order.

6. I understand that any use or disclosure by me which is contrary to my undertakings in this declaration will constitute a violation of that Order and may subject me to sanctions by the Court for contempt.

7. I hereby consent the Court's continuing exercise of jurisdiction over me for the purpose of enforcing the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

_____

Dated: _____, 2009

15