UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-60397-CIV-COHN/SELTZER

**ATICO INTERNATIONAL USA, INC.,**
a Delaware corporation,

    **Plaintiff,**

v.

**LUV N' CARE, LTD.,** a Louisiana corporation,
and **ADMAR INTERNATIONAL, INC.,** a
Delaware corporation,

    **Defendants.**
_____/

**LUV N' CARE, LTD.,** a Louisiana corporation,
and **ADMAR INTERNATIONAL, INC.,** a
Delaware corporation,

    **Counterclaim and**
    **Third Party Plaintiffs,**

v.

**ATICO INTERNATIONAL USA, INC.,**
a Delaware corporation, Counterclaim Defendant
and **WALGREEN CO.,** an Illinois corporation, Third
Party Defendant
_____/

**JOINT STATUS REPORT ON DEFENDANTS' AND PLAINTIFF'S**
**MEET AND CONFER REGARDING DEFENDANTS' MOTION**
**TO COMPEL ATICO TO PRODUCE DOCUMENTS**

  Pursuant to this Court's Order (D.E.# 72) of October 1, 2009, Defendants Luv n' care,

Ltd. ("Luv n' care" or "LNC") and Admar International ("Admar") jointly with Plaintiff Atico

International USA, Inc. ("Atico"), (collectively, the "Parties"), respectfully submit this joint

status report of the progress and outcome of the meet and confer the Parties conducted on Friday, September 25, 2009 and state as follows:

1.      Counsel for the Parties met on Friday, September 25, 2009 at 10:00 a.m. at the offices of Defendants' (local) counsel, Feldman Gale, P.A.  At such time, both Atico's local (Christopher & Weisberg, P.A.) and non-local counsel (Floyd Chapman of Wiley Rein LLP) appeared to participate in the scheduled meet and confer.

2.      As to the timing of its production of non-privileged documents, Atico stated that it would begin producing documents on Tuesday, September 29, 2009.  On Wednesday afternoon, September 30, 2009, Defendants received by overnight courier from Atico a CD-ROM with approximately 2,100 documents on it, of which at least 136 pages were marked as having been intentionally left blank.  On Monday, October 5, 2009, Defendants received another CD-ROM from Atico, which contained approximately 680 documents.

**Defendants' statement as to a Fed.R.Civ.P. 34(b)(2)(e)(i) issue:**  Defendants contend that none of the documents that Atico placed on either disc were organized and labeled in accordance with Fed.R.Civ.P. 34(b)(2)(E)(i), which states that: "A party must produce documents as they are kept in the usual course of business **or must organize and label them to correspond to the categories in the request."**  Thus, Defendants contend that Atico's non-compliance with Fed.R.Civ.P. 34(b)(2)(E)(i) **is an issue that needs to be resolved by the Court.**

**Atico's statement on the Fed.R.Civ.P. 34(b)(2)(e)(i) issue:**  Atico contends that it has collected and produced documents as they were maintained in the ordinary course of business, and further, that it produced the documents electronically so that they could be uploaded to an

2

litigation management system. According, Atico contends that this it has complied with the Federal Rules, and that this is not an issue to be resolved by the Court.

3. **Defendants' statement as to the privilege log issue**: Atico's counsel did not bring Atico's privilege log despite a prior request that it do so. Instead, although Atico is not a party to the New York action, Atico proposed that the parties reach an agreement as to what documents should be excluded from the privilege log requirement because of the three litigations[1] involving overlapping products so as to avoid having to produce communications and work product that occurred before it filed this Florida action. Defendants declined to discuss a bilateral agreement on this issue because the meeting was ordered to discuss Atico's failure to provide a privilege log and documents, and was not a meeting as to Atico's motion to compel Defendants' discovery (*of which there is none*). Defendants requested that Atico comply with the Federal Rules of Civil Procedure in composing their privilege log. Atico agreed to follow up on the privilege log by Friday October 2 and would consider producing a partial privilege log at that time. To date, Atico has not produced any privilege log.

**Atico's statement as to the privilege log issue:** Atico contends that the parties disagree as to the content of the privilege logs, and further that neither side had produced a privilege log in this case. Atico offered to discuss reasonable limitations to minimize the burden on the parties to prepare privilege logs because with three litigations involving overlapping products, it would be overly burdensome to require all parties to log all privileged communications that predate the Florida litigation. Atico further proposed that the parties exchange privilege logs simultaneously since the discovery was due from Atico and Defendants on or about the same day. Atico intends

---

[1] Atico is referring to the pending New York action between the Defendants and Walgreen, and the settled Texas action between the Defendants and Royal King.

3

to brief this in greater detail in its opposition brief in hopes that the Court will assist resolve this issue. **Thus, this is an issue that will need to be resolved by the Court**.

4.      Defendants' counsel disagreed that in-house counsel should be excluded from viewing "highly confidential" documents or that the Parties should be absolutely barred from using any such documents in other cases involving the litigants but, nevertheless, agreed to treat any such designated documents as outside counsel only and only for this Florida case *until such time as a protective order is entered*.  Thus, leaving it to the Court to decide the proper scope of the protective order as to the Parties' "Highly Confidential" documents.  **This issue will need to be resolved by the Court, and is currently pending for resolution with the Court.  *See* D.E.# 56 and D.E.# 73**.

5.      Atico declined to expressly state that it was withdrawing any objections, and on Tuesday evening, September 29, 2009, Atico expressly stated in writing that its production of documents cannot be considered a waiver of Atico's objections.  Thus, **Defendants contend** that so long as Atico is maintaining its objections and, thereby, may rely on such in the future as an excuse for any later discovered deficiency in its production, then Atico's objections remain an issue to be resolved by the Court.  **Atico contends** that the parties reached compromise positions on almost all document requests, and because the parties agreed on a scope for production, there is no issue remaining to be address by the Court.

6.      The Parties have been successful in narrowing the issues for this Court's consideration.  However, issues remain for resolution by the Court regarding Requests no.s**:** 21; 27; 30-33; 46; 74-75.   Additionally, as stated above, Atico's non-compliance with Fed.R.Civ.P. 34(b)(2)(E)(i) is also an issue to be resolved by the Court.

7.      The points of discussion for the remaining requests were as follows:

**Request No. 21:**     Defendants agreed to limit the definition of "baby products" pursuant to, and by providing, a list of the types of baby products that the Defendants sell. Defendants also agreed to limit the scope of time for this request to documents dating back to January 2004. Atico requested that this request be limited to the products at issue. Defendants acknowledged that Atico may need additional leeway as to time on this Request. Having reviewed the list of "baby products" provided by the Defendants on September 29, 2009, Atico continues to believe it is overly burdensome by requiring Atico to produce all documents related to numerous products not at issue in this litigation. Atico has agreed to produce non-privileged responsive documents relating to the products at issue but still refuses to produce documents as to baby products as narrowed. **Therefore, this issue needs to be resolved by the Court.**

**Request No. 27:**     Defendants seek documents related to any Atico warehouse, regardless of the products stored there. Atico wants to limit the documents to warehouses that store any products at issue. Defendants contend that they have a right to know where else Atico has warehousing capability in case Defendants need to surveil or inspect. **This issue needs to be resolved by the Court.**

**Request No. 30:**     Defendants agreed that this request does not call for any communications about *non*-listed "baby products" (per narrow list provided to define that term) between Atico and manufacturer but does include general communications between Walgreens and the manufacturers. Atico contends that the request calls for "all communications" regardless of subject matter. Atico contends that the communications should have some bearing to a product at issue. Defendants contend that they are entitled to communications, not only about

products being manufactured but also regarding the relationship between or contemplated relationship between Atico, Walgreen and the manufacturers including but not limited to financial arrangements, payments, initial introduction to the manufacturer, types of products, the intent or purpose of the relationship, and that this Request should not be limited to communications involving discussions of a particular products. Atico agreed to produce non-privileged communications regarding the products at issue and for "baby products" as narrowed above. The only issue remaining is whether Atico must produce communications with manufacturers, where the communications are not related to products at issue, baby products or any other product). **This issue needs to be resolved by the Court.**

**Request No. 31:** This request involves the same issues as Request no. 30. Thus, t**his Request also needs to be resolved by the Court.**

**Request No. 32:** Defendants declined to limit this request to documents relating only to the specific products at issue. However, Defendants agreed that this request does not call for any communications about *non*-listed "baby products" (per narrowed definition of that term) between Atico and manufacturer but does include general communications between Walgreens and the manufacturer. Since the meet and confer concluded, Atico agreed to "make a reasonable effort to produce non-privileged, responsive documents relating to sippy cups." Defendants requested that Atico check and respond as to whether Atico uses any other manufacturer other than Royal King to manufacture sippy cups. To date, Atico has not provided an answer to that question. Atico contends that the answer does not resolve this dispute. **These issues need to be resolved by the Court.**

**Request No. 33:**     This request involves the same issues as Request no. 32.  **These issues need to be resolved by the Court.**

**Request No. 46:**     Atico agreed to produce samples of the products at issue, including their various packaging, to the extent Atico can get them.  Defendants requested that Atico check into it and clarify which samples will take longer to get and clarify whether there are any samples that Atico cannot get its hands on.  To date, Atico has not made any such clarification.  Atico contends that this request is not in dispute; however, Atico has declined to provide the requested clarification.  **Thus, unless Atico provides the clarification as to which samples it is unable to get and why, this issue *may* need to be resolved by the Court.**

**Request No. 74:**     The Parties have not resolved their differences as to this request, except for the understanding that this request does not call for documents relating to claims against LNC and/or Admar.  Atico wants Defendants to limit this request to claims relating to any product at issue.  Defendants have declined to so limit this request.  **This Request needs to be resolved by the Court.**

**Request No. 75:**     This request involves the same issues as Request no. 74.  **These issues need to be resolved by the Court.**

## CONCLUSION

In light of the above, the Parties request that the Court resolve their dispute as to Requests no.s: 21; 27; 30-33; 46; 74-75.

Dated: October 8, 2009                                          Respectfully submitted,

By:   /s *Susan J. Latham*                                       By:  /s *Floyd Chapman* _____
James A. Gale / Fla. Bar no. 371726               Floyd Chapman/Fla Bar no. 0982377
jgale@feldmangale.com                                   FChapman@wileyrein.com
Susan J. Latham / Fla. Bar no. 0687391        **WILEY REIN, LLP**

| | |
|---|---|
| slatham@feldmangale.com<br>**FELDMAN GALE, P.A.**<br>One Biscayne Tower, 30th Floor<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone:  305-358-5001<br>Facsimile:  305-358-3309<br>*Counsel for Luv n' care Ltd. and Admar International, Inc.* | 1776 K Street, N.W.<br>Washington, D.C. 20006<br>Telephone: 202-719-7308<br>Jeffrey H. Kamenetsky<br>jkamenetsky@cwiplaw.com<br>**CHRISTOPHER & WEISBERG, P.A.**<br>200 East Las Olas Blvd., Suite 2040<br>Ft. Lauderdale, FL 33301<br>Telephone: 954-828-1488<br>Facsimile: 954-828-9122<br>*Counsel for Atico International USA, Inc. and Walgreen Co.* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of October 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  /s  *Susan J. Latham*
              SUSAN J. LATHAM

**SERVICE LIST**
*Atico International USA, Inc. v. Luv N' Care, Ltd., et al.*
Case No. 09-60397-CIV-COHN/SELTZER
United States District Court, Southern District of Florida

Alan Weisberg
aweisberg@cwiplaw.com
Jeffrey H. Kamenetsky
jkamenetsky@cwiplaw.com
Christopher & Weisberg, P.A.
200 East Las Olas Blvd., Suite 2040
Ft. Lauderdale, FL 33301
Phone: 954-828-1488
Facsimile: 954-828-9122
*Counsel for Atico International USA, Inc. and Walgreen Co.*
*Via CM/ECF*

Floyd B. Chapman
Wiley Rein, LLP
1776 K Street, N.W.
Washington, DC  20006
Email: fchapman@wileyrein.com
Phone: 202-719-7308.
Facsimile: 202-719-7049.
*Co-counsel for Atico International USA, Inc. and Walgreen Co.*
*Via CM/ECF*